The Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

   Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,

   Defendants.

NO. 2:25-cv-00255-JNW

STATES' MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF ON BEHALF OF THE STATE OF WASHINGTON, THE COMMONWEALTH OF MASSACHUSETTS, AND THE STATES OF ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, HAWAI'I, ILLINOIS, MAINE, MARYLAND, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, NEW YORK, RHODE ISLAND, VERMONT, AND WISCONSIN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

STATES' MOTION FOR LEAVE
TO FILE AMICI CURIAE BRIEF
NO. 2: 2:25-cv-00255-JNW

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

I.       INTRODUCTION

The State of Washington, the Commonwealth of Massachusetts, and the States of Arizona, California, Colorado, Connecticut, Delaware, Hawai'i, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New York, Rhode Island, Vermont, and Wisconsin (proposed Amici States) request leave to file an amici curiae brief in support of Plaintiffs' Motion for Preliminary Injunction (Dkt. #14). Plaintiffs seek to enjoin the enforcement of the Executive Order titled "Realigning the United States Refugee Admissions Program"; the implementation of that order, which indefinitely suspended entry and application processing for refugees under the U.S. Refugee Admissions Program; and the funding suspension for resettlement agencies that followed. Counsel for Plaintiffs have consented to the filing of this brief, and counsel for Defendants take no position.

The challenged federal actions—which rely largely on the purported interests of States, including two of the Amici States referenced specifically in the Executive Order—have already had an immediate and harmful impact on proposed Amici States and the refugee communities and resettlement agencies therein. Given the federal government's reliance on the purported interests of States and localities, this Court would benefit from hearing proposed Amici States' perspective that the challenged actions are unlawful, that they are not in our States' interests, and that they run counter to the interests purportedly served by the Refugee Ban. For example, the Executive Order purports to further the goal of preserving the ability to integrate migrants into our communities. But the challenged federal actions have undermined that goal by suspending federal funding for the resettlement agencies that perform this vital work for people who are already in our country, a decision that will significantly harm the integration of refugees into Amici States. Proposed Amici States request that the Court grant leave to file the attached amicus brief detailing these arguments.

STATES' MOTION FOR LEAVE
TO FILE AMICI CURIAE BRIEF
NO. 2: 2:25-cv-00255-JNW

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## II. IDENTITIES AND INTERESTS OF PROPOSED AMICI

Proposed Amici States respectfully submit this brief as *amici curiae* in support of Plaintiffs' Motion for Preliminary Injunction. Proposed Amici States collectively have resettled 44.87 percent of the total refugees entering the United States in fiscal year 2024, and many consistently rank in the top ten refugee receiving states.[1] For example, in fiscal year 2023, New York resettled 6.42% of all arriving refugees, California resettled 6.11%, Arizona resettled 4.34%, Michigan resettled 4.08%, and Washington resettled 4.04%.[2] Proposed Amici States have created highly effective resettlement systems that welcome refugees into our communities and support refugees as they build new lives in the United States.

Proposed Amici States have an interest in ensuring that their voices are heard when this Court considers the lawfulness of federal action that largely relies on purported State interests as its justification. To that end, proposed Amici States submit this brief to confirm that refugees are a benefit to our States, not a "burden" as asserted in the Executive Order, and contribute both socially and economically. Proposed Amici States also have an interest in ensuring the economic self-sufficiency and successful resettlement of refugees in our communities. Proposed Amici States submit this brief to detail how the challenged federal actions are unlawful, run counter to the interests they purport to serve, and will harm our States and refugee communities.

## III. ARGUMENT

The district court has broad discretion to appoint amicus curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The classic role of amicus curiae is "assisting in a case of general public interest,

---

[1] *Refugee Arrivals by State and Nationality Fiscal Year 2024*, Refugee Processing Center (Nov. 13, 2024), https://www.wrapsnet.org/documents/FY%202024%20Arrivals%20by%20State%20and%20Nationality%20as%20of%2030%20Oct%202024_updated.pdf (data provided by the U.S. Department of State Bureau of Population, Refugees and Migration).

[2] *U.S. Dep't of State*, Proposed Refugee Admissions for Fiscal Year 2025, Report to the Congress, 53-54, https://2021-2025.state.gov/wp-content/uploads/2024/10/Report-Proposed-Refugee-Admissions-for-FY25.pdf.

STATES' MOTION FOR LEAVE
TO FILE AMICI CURIAE BRIEF
NO. 2: 2:25-cv-00255-JNW

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). An amicus may not present a "highly partisan" account of the facts but may take a legal position and present legal arguments in support of that position. *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (denying motion to strike amicus briefing by States of Washington and New Jersey in case involving proper application of Administrative Procedure Act to agency regulation of intrastate motor carrier services). "An amicus brief should normally be allowed when . . . the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide . . . ." *Int'l Partners for Ethical Care Inc. v. Inslee*, No. 3:23-CV-05736-DGE, 2024 WL 416859, at *1 (W.D. Wash. Feb. 5, 2024)) (internal citation omitted).

This Court should grant leave for the proposed Amici States to file an amicus brief in support of Plaintiffs' motion for a preliminary injunction. Proposed Amici States offer a unique perspective and seek to provide the Court with their position on the lawfulness of the challenged federal actions and the harms they would inflict on the States. As the proposed amici brief details, the Refugee Ban's stated justification—and its reliance on State interests generally, and states of emergencies declared in New York and Massachusetts specifically—do not support a finding that the entry of refugees is "detrimental to the interests of the United States" as required by Section 212(f) of the Immigration and Nationality Act; the Refugee Ban ignores the States' existing role in the distribution of refugees before their placement as required by 8 U.S.C. § 1522(a)(2); and the Refugee Funding Suspension is unlawful under the Refugee Act and the Administrative Procedure Act because it is arbitrary, capricious, and contrary to law. The proposed amicus brief details the harms that have occurred and are occurring to proposed Amici States from the challenged actions, which include depriving the States of the social and economic benefits of refugees; disrupting resettlement and the integration of refugees who are already

STATES' MOTION FOR LEAVE
TO FILE AMICI CURIAE BRIEF
NO. 2: 2:25-cv-00255-JNW

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

present within Amici States; and gutting the formerly robust infrastructure that provided those resettlement services for the crucial first 90-day period after entry.

Because this case indisputably involves issues of public interest and proposed Amici States would provide unique information or perspective to assist the Court, the Court should exercise its discretion and allow the proposed Amici States to file the attached amicus brief.

### IV.   CONCLUSION

Proposed Amici States respectfully request that this Court grant leave for Amici States to submit their proposed amicus brief.

RESPECTFULLY SUBMITTED this 18th day of February 2025.

I certify that this memorandum contains 1057 words, in compliance with the Local Civil Rules.

NICHOLAS W. BROWN
 *Attorney General*

*s/ Emma Grunberg*
EMMA GRUNBERG, WSBA 54659
KELLY A. PARADIS, WSBA 47175
CRISTINA SEPE, WSBA 53609
 *Deputy Solicitors General*
1125 Washington Street SE
Olympia, WA  98504-0100
Emma.Grunberg@atg.wa.gov
Kelly.Paradis@atg.wa.gov
Cristina.Sepe@atg.wa.gov
360-753-6200

STATES' MOTION FOR LEAVE
TO FILE AMICI CURIAE BRIEF
NO. 2: 2:25-cv-00255-JNW

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200