THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>*Defendants*. | Case No. C25-255 JNW<br><br>**PLAINTIFFS' MOTION FOR EMERGENCY CONFERENCE OR SHOW CAUSE HEARING TO ADDRESS DEFENDANTS' FEBRUARY 26, 2025 TERMINATION OF USRAP COOPERATIVE AGREEMENTS**<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 27, 2025 |

Plaintiffs respectfully request an emergency conference or show cause hearing to address the State Department's February 26, 2025 "Termination Notices," which are the latest iteration of Defendants' unlawful attempt to dismantle the U.S. Refugee Admissions Program ("USRAP") by circumventing—within twenty-four hours and without advance notice to Plaintiffs, their counsel, or the Court—this Court's oral ruling issued February 25, 2025. The Termination Notices can be

PLS.' MOT. FOR EMERGENCY CONF. – 1
(No. C25-255 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

understood only as a deliberate effort to preempt the Court's forthcoming written order on Plaintiffs' motion for preliminary injunction, Dkt. # 14, and make a nullity of the Court's stated intention to grant injunctive relief, Dkt. # 39.

Plaintiffs have argued throughout these proceedings that Defendants' defunding of the USRAP was effectively a termination. Now it is plainly so. As of today (February 27), the State Department has terminated numerous cooperative agreements to resettlement agencies, including Plaintiffs HIAS, Inc. ("HIAS") and Church World Service, Inc. ("CWS"). Exs. 1–4.* These Termination Notices, which purport to stop funding for the USRAP as well as for services to Special Immigrant Visa ("SIV") holders, were issued just one day after the preliminary injunction hearing before this Court. During that hearing, Defendants' counsel characterized the Refugee Funding Suspension as an innocent "temporary pause in funding" or a "payment pause." Tr. of Feb. 25, 2025 Prelim. Inj. Hr'g ("Tr.") 18:16, 29:8. Laying bare that mischaracterization, Defendant Rubio and the State Department have now revealed their true intention, which is exactly what Plaintiffs have said all along: Defendants seek to shut down the entirety of the USRAP immediately and permanently, in blatant violation of the Refugee Act, the Administrative Procedure Act ("APA"), and this Court's ruling of February 25, 2025.

If not restrained, Defendants' Termination Notices will accomplish an end-run around the Court's express finding that the federal agencies' implementation of Executive Order 14163 (the "Refugee Ban EO") "likely violates bedrock principles of administrative law by vastly expanding the scope of the order with no reasoned explanation, no advance notice, and no APA-compliant procedure." Tr. 36:19–25. Absent immediate judicial relief, the Termination Notices will render meaningless the Court's enjoining of Sections 3(a), (b), and (c) of the Refugee Ban EO because, as Plaintiffs have argued, Dkt. # 14 at 7–13, 19–25; Dkt. # 36 at 4–6, without USRAP funding, refugees have no pathway to complete processing, enter the United States, and receive initial

---

* Exhibits are attached to the declaration of Linda B. Evarts, filed concurrently with this motion.

PLS.' MOT. FOR EMERGENCY CONF. – 2
(No. C25-255 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

resettlement services as provided for by Congress. The Court should restrain this flagrant attempt to evade the judicial branch's constitutional responsibility to implement the relief announced just two days ago.

Defendants are continuing to implement their defunding of the USRAP, and an emergency hearing is necessary to ensure that Defendants are not permitted to evade this Court's bench ruling and the forthcoming written order with antics designed to confuse the state of play. On February 26, 2025, Plaintiffs HIAS and CWS received, via electronic mail, Termination Notices that identified cooperative agreements that fund USRAP activities and stated that these agreements were "being terminated for the *convenience* of the U.S. Government pursuant to a directive from U.S. Secretary of State Marco Rubio for alignment with Agency priorities and the national interest." Exs. 1, 3 (emphasis added). These curt Termination Notices purport to be effective immediately, and the only reason provided is that the awards "no longer effectuate[] agency priorities." *Id*. Upon information and belief, all ten resettlement agencies who provide Reception and Placement services received near-identical notices. By their plain language, these Termination Notices appear to supersede the Notices of Suspension to the resettlement agencies issued on January 24, 2025, and effectively make permanent the allegedly temporary—albeit "catastrophic"—suspension of millions of dollars in funding to the USRAP. Dkt. # 15-24 ¶ 41.

On the same day these Termination Notices were issued, the State Department submitted a related declaration in U.S. District Court for the District of Columbia in *AIDS Vaccine Advocacy Coalition v. United States*, Nos. 25-00400 (AHA), 25-00402 (AHA) (D.D.C. Feb. 26, 2025), Dkt. # 41-1. Ex. 5. This declaration makes clear that the Termination Notices represented a "*final* decision with respect to each award." *Id*. ¶ 2 (emphasis added). These notices were issued abruptly, no doubt in haste to avoid the rulings issued and otherwise imminent by the courts. *Id*. (stating that State Department was processing termination notices for 4,100 contracts "over the next 24-48 hours"). Taken twenty-four hours after a preliminary injunction hearing in this case took place,

PLS.' MOT. FOR EMERGENCY CONF. – 3
(No. C25-255 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

where the Court made clear its intention to "preserve the status quo" prior to January 20, 2025, Tr. 37:1-2, these actions violate the Refugee Act, the APA, and regulatory requirements.

The only authority Defendants cite for their immediate Termination Notices is "the U.S. Department of State Standard Terms and Conditions, 2 CFR §200.340, and/or Award Provisions as applicable." Exs. 2, 4. But those regulations permit termination of contracts "if an award no longer effectuates the program goals or agency priorities" *only* "to the extent authorized by law." 2 C.F.R. § 200.340. These Termination Notices—a re-labeling of the Suspension Notices the Court already addressed—cannot be authorized by law because they conflict with the Refugee Act, violate bedrock principles of the APA, and, as the Court has recognized, represent a "nullification of congressional will." Tr. 36:18–25; *see also* Dkt. # 14 at 19–26; Dkt. # 36 at 3–11. Simply put, termination of funding based on purported "alignment with Agency priorities" cannot be justified if agency action is unlawful. As Plaintiffs have shown and the Court recognized in its oral ruling, the Refugee Funding Suspension, which threatens the Plaintiff organizations' very existence, effectively shuts down the USRAP and causes plainly irreparable harm. The same is necessarily true of the Termination Notices.

*       *       *

Plaintiffs respectfully ask the Court for an emergency conference or show cause hearing to address the Termination Notices and their impact on the Court's crafting of injunctive relief against Defendants. Effective relief cannot be provided—or permanent and irreparable harm avoided, or the status quo maintained—unless the Court's preliminary injunction expressly extends to the Termination Notices.

Counsel for Plaintiffs contacted counsel for Defendants to seek their position on this request for an emergency conference but did not receive a response by the time of this filing.

Because lead counsel for Plaintiffs are currently on the East Coast, Plaintiffs also respectfully request that this emergency conference be conducted remotely as time is of the essence.

PLS.' MOT. FOR EMERGENCY CONF. – 4
(No. C25-255 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

\* \* \*

The undersigned certifies that this motion contains 1,086 words, in compliance with the Local Civil Rules.

PLS.' MOT. FOR EMERGENCY CONF. – 5
(No. C25-255 JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | | |
|---|---|---|
| 1 | Dated: February 27, 2025 | By: s/ *Harry H. Schneider, Jr.* |
| 2 | | Harry H. Schneider, Jr., WSBA No. 9404 |
| | Deepa Alagesan* | Jonathan P. Hawley, WSBA No. 56297 |
| 3 | Mevlüde Akay Alp* | Shireen Lankarani, WSBA No. 61792 |
| | Linda Evarts* | Esmé L. Aston, WSBA No. 62545 |

Dated: February 27, 2025

Deepa Alagesan*
Mevlüde Akay Alp*
Linda Evarts*
Ghita Schwarz*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
dalagesan@refugeerights.org
makayalp@refugeerights.org
levarts@refugeerights.org
gschwarz@refugeerights.org

Melissa Keaney*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
P.O. Box 2291
Fair Oaks, California 95628
Telephone: (646) 939-9169
mkeaney@refugeerights.org

By: s/ *Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Shireen Lankarani, WSBA No. 61792
Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
SLankarani@perkinscoie.com
EAston@perkinscoie.com

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

Nicholas J. Surprise*
**PERKINS COIE LLP**
33 East Main Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
NSurprise@perkinscoie.com

*Counsel for Plaintiffs*

* *Admitted pro hac vice*

PLS.' MOT. FOR EMERGENCY CONF. – 6
(No. C25-255 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on February 27, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: February 27, 2025

*s/ Harry H. Schneider, Jr.*
Harry H. Schneider, Jr.

CERTIFICATE OF SERVICE
(No. C25-255 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000