District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State, KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services,

*Defendants*.

CASE NO. 2:25-cv-00255

RESPONSE TO PLAINTIFFS' MOTION FOR EMERGENCY CONFERENCE OR SHOW CAUSE HEARING

MOTION CALENDAR: MARCH 4, 2025

Response to Plaintiffs' Motion for Emergency Conference

No. 2:25-cv-00255-JNW

United States Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

# INTRODUCTION

Defendants submit this response to Plaintiffs' Motion for Emergency Conference or Show Cause Hearing ("Motion"). ECF No. 43. The Court has already scheduled a hearing for Tuesday, March 4, 2025.[1] *See* ECF No. 45 at 11 n. 2 (noting that a "separate hearing to address the termination notices" has been set to "address subsequent developments"). Defendants propose that Plaintiffs file an amended complaint relating to termination of their contracts (together with any request for relief), and Defendants stand ready to work with Plaintiffs on a reasonable schedule. In a similar case filed in the U.S. District Court for the District of Columbia, the court authorized an amendment of the complaint and supplemental preliminary injunction briefing to address the termination of the cooperative agreements for a different refugee resettlement agency. *See U.S. Conf. of Catholic Bishops v. Dep't of State*, No. 25-0465 (minute order). Defendants also believe the parties and the Court should be mindful of ongoing litigation in the U.S. District Court for the District of Columbia, in which there are ongoing proceedings in the Supreme Court – including an administrative stay that has been issued and that may govern the cooperative agreements at issue here.

Defendants stress that the Department of State's termination of individual cooperative agreements with Plaintiffs HIAS, Inc. ("HIAS") and Church World Services, Inc. ("CWS") does not violate this Court's oral ruling issued on February 25, 2025, or any other court order. As this Court noted, further proceedings would be needed to address those terminations. ECF No. 45 at 11 n.2. Defendants believe those proceedings would necessitate an amended complaint and a new request for preliminary relief. Plaintiffs' allegations concerning these

---

[1] On March 2, 2025, Defendants' counsel contacted counsel for Plaintiffs and proposed that the parties agree to the filing of an amended complaint and supplemental preliminary injunction and stipulate to removing the March 4, 2025 hearing from the calendar. Plaintiffs' counsel responded, on March 3, 2025, that they strongly opposed Defendants' request to take the hearing off the calendar, but that they were "prepared to file a supplemental pleading should the Court indicate at tomorrow's hearing that it would find that helpful."

| | |
|---|---|
| Response to Plaintiffs' Motion for Emergency Conference | United States Department of Justice |
| | Civil Division, Office of Immigration Litigation |
| | P.O. Box 878, Ben Franklin Station |
| No. 2:24-cv-00255-JNW | Washington, DC 20044 |
| | (202) 305-7234 |

1

award terminations — which had not occurred at the time they filed the Complaint and thus could not have been challenged in the Complaint — constitutes new agency action that is not properly before the Court. ECF No. 1.

# BACKGROUND

## I. Relevant Procedural Background

On February 11, 2025, Plaintiffs filed a Motion for Preliminary Injunction, in which they asked the Court to enjoin "the enforcement of the Refugee Ban EO, the Agency Suspension, and the Refugee Funding Suspension in their entirety." ECF No. 14 at 28.

Meanwhile, on February 13, 2025, the U.S. District Court for the District of Columbia issued a Temporary Restraining Order ("TRO") in *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State.,* Nos. CV 25-00400 (AHA), 25-00402 (AHA), 2025 WL 485324, at * 6-7 (D.D.C. Feb. 13, 2025) ("*AIDS Vaccine I*"), restraining Defendants Marco Rubio, Peter Marocco, Russell Vought, the U.S. Department of State ("State Department"), the U.S. Agency for International Development ("USAID"), and Office of Management and Budget ("OMB") from:

> "[E[nforcing or giving effect to Sections 1, 5, 7, 8, and 9, of Dep't of State, Memorandum 25 STATE 6828 (Jan. 24, 2025) and any other directives that implement Sections 3(a) and 3(c) of Executive Order 14169 . . . including by suspending, pausing, or otherwise preventing the obligation or disbursement of appropriated foreign-assistance funds in connection with any contracts, grants, cooperative agreements, loans, or other federal foreign assistance award that was in existence as of January 19, 2025; or issuing, implementing, enforcing, or otherwise giving effect to terminations, suspensions, or stopwork orders in connection with any contracts, grants, cooperative agreements, loans, or other federal foreign assistance award that was in existence as of January 19, 2025."

In so doing, the Court acknowledged defendants' representation "that some contracts at issue may include terms that allow them to be modified or terminated in certain circumstances," and concluded that "it would be overbroad to enjoin Defendants from taking action to enforce the terms of particular contracts, including with respect to expirations, modifications, or

Response to Plaintiffs' Motion for Emergency Conference

No. 2:24-cv-00255-JNW

United States Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

2

terminations pursuant to contractual provisions." *Id.* As such, the TRO expressly "ORDERED that nothing in this order shall prohibit the Restrained Defendants from enforcing the terms of contracts or grants." *Id.* at * 6-7.

On February 20, 2025, the *AIDS Vaccine* court clarified that while defendants could not undertake a "blanket suspension of congressionally appropriated foreign aid," they *could* engage in "a good-faith, individualized assessment of a contract or grant and, where the terms or authority under law allows, tak[e] action with respect to that particular agreement consistent with any procedures required (including, for example, notice to contracting parties. *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State.,* Nos. CV 25-00400 (AHA), 25-00402 (AHA), 2025 WL 569381 at * 3 (D.D.C. Feb. 20, 2025) ("*AIDS Vaccine II"*).

On February 25, 2025, this Court held a hearing on Plaintiffs' Motion for Preliminary Injunction. At the hearing, Plaintiffs clarified that they were challenging *only* the USRAP Order, and that they were "seeking [] an injunction against the agencies from enforcing their suspension of funding to the resettlement partners for discharging their responsibilities under the USRAP." Tr. of Feb. 25, 2025 Prelim. Inj. Hr'g ("Tr.") 15: 5-12. At the conclusion of the hearing, the Court defined the parameters of the relief Plaintiffs sought and issued a ruling from the bench:

> I don't understand their request to be to enjoin three orders. I understand it to be purely as it relates to the USRAP executive order…[t]he order to follow will define the precise scope of the preliminary injunction as it relates to agency – the agency suspension and agency funding suspension issues.

Tr. 30:3-5, 37:4-11. The Court's subsequent minute order provided that "[i]mplementation of Sections 3(a), (b), and (c), and Section 4 of Executive Order 14163 is enjoined. A written order will follow." ECF No. 39.

Response to Plaintiffs' Motion for Emergency Conference

No. 2:24-cv-00255-JNW

United States Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

3

|    |    |
|---|---|
| 1  | In the meantime, the individual review of State Department contracts was completed |
| 2  | and the Secretary "made a final decision with respect to each . . . award, affirmatively |
| 3  | electing to either retain the award or terminate as inconsistent with the national interests and |
| 4  | foreign policy of the United States." February 26, 2025 Supplemental Declaration of Pete |
| 5  | Marocco, *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State.*, Nos. CV 25-00400 (AHA), 25- |
| 6  | 00402 (AHA), ECF No. 41-1, (Ex. 1) ¶ 2. In total "approximately 4,100 awards were |
| 7  | terminated, and approximately 2,700 awards were retained." *Id.* |
| 8  | As a result of that review, on February 26, 2025, the Department of State issued |
| 9  | Notices of Termination, terminating cooperative agreements to Plaintiffs HIAS and CWS. |
| 10 | *See* ECF No. 44, Exs. 1-4. These awards were terminated following the individual review of |
| 11 | outstanding State Department grants. March 4, 2025 Declaration of Adam Zerbinopoulos |
| 12 | (Ex. 2) ¶ 4 ("The Secretary of State made a final decision with respect to each such award, |
| 13 | affirmatively electing to either retain the award or terminate as inconsistent with the national |
| 14 | interests and foreign policy of the United States."). These termination notices were |
| 15 | "[e]ffective immediately upon receipt" and commanded that "the Recipient must stop all |
| 16 | work on the program and not incur any new costs after the effective date cited above." *See* |
| 17 | ECF No. 44, Exs. 1-4; Ex. 2 ¶ 7. Not all awards relating to refugee assistance were |
| 18 | terminated, however. Ex. 2 ¶ 6 ("Over 100 PRM awards were retained following this |
| 19 | individualized review, including USRAP-related grants to the International Organization for Migration and Church World Services."). Indeed, an award to CWS was retained. *Id.*. |
| 20 | Plaintiffs' instant Motion was filed on February 27, 2025. ECF No. 43. |

## **ARGUMENT**

The Department of State did not violate the Court's February 25 ruling, or any other order, in terminating HIAS and CWS's cooperative agreements. The Court's February 25 Order enjoined the agencies from implementing "Sections 3(a), (b), and (c), and Section 4 of

Response to Plaintiffs' Motion for Emergency Conference

No. 2:24-cv-00255-JNW

United States Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

4

Executive Order 14163." ECF No. 39. Plaintiffs now, however, seek to expand the Court's injunction to prohibit Defendants from conducting independent individualized assessments to continue or terminate existing grants based on their terms.

In *AIDS Vaccine*, the Court expressly noted that while the issued TRO prohibited defendants from "directives to suspend aid, it would be overbroad to enjoin [d]efendants from taking action to enforce the terms of particular contracts, including with respect to expiration, modifications, or terminations pursuant to contractual provisions.'" *AIDS Vaccine II*, 2025 WL 569381, at * 2. As such, "nothing in the TRO limits the agencies from conducting an individualized review of agreements and taking action as to a particular agreement where the agency determines that it has lawful authority to do so." *Id.*

As in *AIDS Vaccine*, the Court's February 25, 2025 order did not prohibit Defendants from taking independent action to review and terminate the cooperative agreements. This Court enjoined the "suspension of USRAP funds, including implementing the Suspension Notices sent . . . on January 24, 2025." ECF No. 45 at 61. But, as in *AIDS Vaccine*, this Court's order did not address, nor did it "restrain Defendants from taking action with respect to agreements based on their 'exercise of authorities under statutes, regulations, and other legal authorities.'" *AIDS Vaccine II*, 2025 WL 569381, at * 2.

Finally, as noted in Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction, ECF No. 31 at 25, the District Court for the District of Columbia is overseeing termination of funding following issuance of Executive Order No. 14,169, *Reevaluating and Realigning United States Foreign Aid*, 90 Fed. Reg. 8,610 (Jan. 20, 2025), *AIDS Vaccine I*, 2025 WL 485324, at *5. To the extent the challenged termination of cooperative agreements here falls within the purview of the *AIDS Vaccine* litigation, a second, overlapping injunction poses a significant risk of imposing on Defendants inconsistent and competing obligations. For example, the Supreme Court has now stayed obligations to pay certain contracts that were

Response to Plaintiffs' Motion for Emergency Conference

No. 2:24-cv-00255-JNW

United States Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

5

incurred prior to February 13, 2025. See *Dep't of State v. AIDS Vaccine Advoc. Coal.*, No. 24A831, --- S.Ct. ---, 2025 WL 618071, at * 1 (Feb. 25, 2025). That stay ruling may be in tension with this Court's orders to the extent it relates to reimbursements prior to February 13, 2025, particularly to the extent this Court's order extends beyond the two organizations before this Court that have cooperative agreements with the United States.

Plaintiffs' assertion that Defendants are in "blatant violation of…this Court's ruling of February 25, 2025" should be rejected by the Court. ECF No. 43 at 2.

Finally, to the extent Plaintiffs seek to challenge those terminations, they must file a new complaint. Indeed, on February 28, 2025, the District Court for the District of Columbia, in *U.S. Conf. of Catholic Bishops v. U.S. Dep't of State*, No. 1:25-00465-TNM, ordered Plaintiffs to file an Amended Complaint and Amended Preliminary Injunction following a similar change of material facts. ECF No. 27; *see also* Court's February 28, 2025 Order.

DATED this 4th day of March, 2025.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

AUGUST FLENTJE
Acting Director
Office of Immigration Litigation

*/s/Nancy K. Canter*
NANCY K. CANTER
(CA Bar No. 263198)
Senior Litigation Counsel

LINDSAY ZIMLIKI
JOSEPH MCCARTER
ALEXANDRA YEATTS
Trial Attorneys
U.S. Department of Justice

Response to Plaintiffs' Motion for Emergency Conference

No. 2:24-cv-00255-JNW

United States Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24

Civil Division
Office of Immigration Litigation
Washington, DC 20005
Phone: 202-305-7234
Email: nancy.k.canter@usdoj.gov

*Attorneys for Defendants*

Response to Plaintiffs' Motion for Emergency Conference

No. 2:24-cv-00255-JNW

United States Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

7