UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC., and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>Defendants. | CASE NO. 2:25-cv-255-JNW<br><br>ORDER |

On February 25, 2025, the Court granted Plaintiffs' motion for a preliminary injunction in an oral ruling from the bench, enjoining the implementation of

ORDER - 1

Sections 3(a), (b), and (c), and Section 4 of Executive Order 14163. Dkt. No. 39; *see* Dkt. No. 45 (Findings of Fact, Conclusions of Law, and Order Issuing Preliminary Injunction). The next day, the Department of State (DOS) sent Termination Notices to Organizational Plaintiffs HIAS, Inc., and Church World Services, Inc., purporting to terminate their cooperative agreements with DOS effective immediately. *See* Dkt. Nos. 44-1–44-6; 44-7 at ¶¶ 1, 2.

In response, Plaintiffs moved for an emergency status conference. *See* Dkt. No. 43. They argue that the Termination Notices are "the latest iteration of Defendants' unlawful attempt to dismantle the U.S. Refugee Admissions Program ("USRAP") by circumventing… this Court's oral ruling issued February 25, 2025." *Id.* at 1.  Defendants claim the opposite: "the Department of State's termination of individual cooperative agreements with Plaintiffs HIAS, Inc. ("HIAS") and Church World Services, Inc. ("CWS") does not violate this Court's oral ruling." Dkt. No. 49 at 2. They also "propose that Plaintiffs file an amended complaint relating to termination of their contracts (together with any request for relief)[.]" *Id.*

The court has reviewed all documents submitted in support of, and in response to, Plaintiffs' motion, and heard argument from the parties on March 4, 2025. For the reasons expressed at the hearing, the Court agrees that updated pleadings and a supplemental request for injunctive relief are the best course here.

Accordingly, the Court ORDERS as follows:

1. The Court GRANTS Plaintiffs' motion for an emergency status conference, Dkt. No. 43.

ORDER - 2

2. The Court GRANTS Plaintiffs leave to file an amended complaint and a second motion for preliminary relief to address the Termination Notices. The deadline for these new filings is March 5, 2025. Defendants' response is due on March 7, 2025, and Plaintiffs reply is due no later than March 11. All briefs, not updated pleadings, are limited to eight pages.

3. The Court ORDERS Defendants to submit a status report by Monday, March 10, 2025, detailing their efforts to resume USRAP consistent with the Court's injunction. This report must describe, at minimum:

   a. Measures that have been taken, or planned, to resume USRAP case processing and adjudication overseas;

   b. Measures that have been taken, or planned, to facilitate the travel into the United States of individuals who have already been conditionally approved for refugee status by the United States Citizenship and Immigration Services (USCIS), including individual Plaintiffs;

   c. Measures that have been taken, or planned, to ensure that arriving refugees will receive resettlement support services upon arrival—in particular, addressing the effect of the Termination Notices on the Government's ability to meet its statutory obligations to provide resettlement support services, *see* Dkt. No. 45 at 42;

   d. Measures that have been taken, or planned, to reimburse organizational Plaintiffs for expenses already incurred subject to cooperative agreements.

4. By March 14, 2025, the Parties must submit a joint status report on the steps taken to comply with the Court's preliminary injunction.

5. The Court's preliminary injunction remains in effect.

Dated this 4th day of March, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 4