|   |   |
|---|---|
|   | District Judge Jamal N. Whitehead |

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

    *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State, KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services,

    *Defendants*.

CASE NO. 2:25-cv-00255

STATUS REPORT REGARDING PRELIMINARY INJUNCTION COMPLIANCE

Status Report

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

On February 25, 2025, the Court granted Plaintiffs' motion for a preliminary injunction in an oral ruling from the bench, enjoining the implementation of Sections 3(a), (b), and (c), and Section 4 of Executive Order 14163, "*Realigning the United States Refugee Admissions Program.*" Dkt. No. 39; *see* Exec. Order No. 14163, 90 Fed. Reg. 8459 (Jan. 20, 2025) (USRAP EO). Three days later, on February 28, 2025, the Court issued a written order to this effect, prohibiting Defendants from suspending or implementing the suspension of refugee processing, decisions, and admissions; suspending or implementing the suspension of USRAP funds; and withholding reimbursements to resettlement partners for USRAP-related work performed pursuant to cooperative agreements prior to January 20, 2025. Dkt. No. 45 at 61. The Court required that notice of that Order be provided "to all Defendants and agencies, including President Trump, and to Defendants' employees, contractors, and grantees by March 7, 2025, at 5:00 p.m. (Pacific Standard Time)." *Id.*

On March 4, 2025, the Court also ordered that Defendants submit a status report by March 10, 2025, detailing their efforts to resume the USRAP "consistent with the Court's injunction." Dkt. No. 51 at 3. The Court directed that the status report describe:

(a) measures taken, or planned, to resume USRAP case processing and adjudication overseas;

(b) measures taken, or planned, to facilitate the travel into the United States of individuals who have already been conditionally approved for refugee status by the United States Citizenship and Immigration Services (USCIS), including individual Plaintiffs;

(c) measures taken, or planned, to ensure that arriving refugees will receive resettlement support services upon arrival—in particular, addressing the effect of the Termination Notices on the Government's ability to meet its statutory obligations to provide resettlement support services; and

Status Report

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

(d) measures taken, or planned, to reimburse organizational Plaintiffs for expenses already incurred subject to cooperative agreements. *Id*.

I. **Measures that have been taken, or planned, to resume USRAP case processing and adjudication overseas.**

As an initial matter, Defendants' attorneys have provided the notice that this Court required by March 7, 2025 to each of the Defendants and agencies. Even before that time, Defendants worked diligently to comply with the Court's orders. To facilitate the processing and travel of potential refugees, the Department of State notified the International Organization for Migration (IOM) and Church World Service (CWS) that USRAP operations using their services would resume subject to compliance with Executive Order 14151 "*Ending Radical and Wasteful Government DEI Programs and Preferencing*," Executive Order 14148 "*Initial Recissions of Harmful Executive Orders and Actions*," and Executive Order 14168 "*Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*." Following IOM and CWS concurrence with the above, IOM and CWS may resume operations for Resettlement Support Centers, and IOM may resume operations to provide global resettlement logistical support, including issuance of documents and facilitation of medical examinations and refugee travel. However, in the nearly seven weeks since refugee resettlement was suspended and stop-work orders were issued, there has been significant deterioration of functions throughout the USRAP. The Department of State is working to ascertain how long it will take to restore the USRAP to operational status, *i.e.*, how long it will take IOM and CWS to rehire furloughed workers. As USRAP functions restart, additional areas that require remediation will likely be identified.

The State Department has also begun administrative preparations to unfreeze additional funding disbursements to IOM for resettlement operations should IOM request additional funding to complete its work.

Status Report

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

2

In addition to the USRAP Order, the President has issued other executive orders that bear on refugee admissions into the United States, in particular, Executive Order 14161, "*Protecting the United States from Foreign Terrorists and Other National Security and Public Safety Threats*." Section 3(b) of Executive Order 14161 requires the Secretary of State, in consultation with the Attorney General, the Secretary of Homeland Security, and the Director of National Intelligence, to "[e]nsure that sufficient safeguards are in place to prevent any refugee[s] … from being admitted to the United States without undergoing stringent identification verification beyond that required of any other alien seeking admission or entry to the United States." The Secretary of State submitted a report on this requirement on or about February 19, 2025, and policy decisions formulating new vetting guidelines for refugees consistent with this executive order are pending. The Department of State will apply these formulated heightened standards to all refugee arrivals going forward.

On March 1, 2025, Brandon Prelogar, Chief of USCIS's International and Refugee Affairs Division (IRAD), sent guidance directing IRAD staff to resume rendering decisions on Form I-590 refugee applications, Requests for Review (RFRs), Form I-730 Follow-to-Join refugee petitions (FTJ-Rs), and Form I-290B Notices of Appeal or Motion relating to Form I-730 FTJ-Rs. Subsequently, between March 1, 2025 and March 7, 2025, IRAD processed 574 Form I-590 refugee applications, approving 478 cases (673 individuals), denying 76 cases (187 individuals), and closing 20 cases (29 individuals). During that window, IRAD also reviewed 4 RFRs, upholding a denial in 3 cases (9 individuals), and overturning a denial in 1 case (6 individuals). Finally, IRAD processed 160 Form I-730 (FTJ-R) cases, approving 116 cases (116 individuals), and denying 44 cases (44 individuals). USCIS has resumed mailing decisions on Form I-730 FTJ-R petitions to petitioners.

Additionally, USCIS has ceased all efforts on Section 4 of the USRAP Order relating to submission of the 90-day report.

Status Report

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

3

On March 10, 2025, the Department of State released 25 State 19890, an "All Diplomatic and Consular Posts" (ALDAC) cable, directing all diplomatic and consular posts to resume processing for beneficiaries of approved Form I-730 Follow-to-Join relative petitions. The State Department has instructed consular sections to resume processing any FTJ-R application for which the FTJ-R beneficiary has already been interviewed and has directed the National Visa Center to resume shipping case files to embassies and consulates. The Department of State will also communicate directly with beneficiaries whose appointments were cancelled to reschedule those interviews. Individuals with approved FTJ-R applications may receive a document permitting their independent travel to the United States.

**II.    Measures that have been taken, or planned, to facilitate the travel into the United States of individuals who have already been conditionally approved for refugee status by the United States Citizenship and Immigration Services (USCIS), including individual Plaintiffs.**

To facilitate travel into the United States for individuals who have been conditionally approved for refugee status, the Department of State has noticed IOM that USRAP operations under its award will resume subject to compliance with listed executive orders. IOM's USRAP operations are necessary for refugee travel to the United States, as well as for medical clearance exams to be conducted as necessary for those approved for refugee status by USCIS.

In an effort to comply with the Court's order, Defendants' counsel reached out to Plaintiffs' counsel on March 6, 2025, to request the identity of individual Plaintiffs in order for defendant agencies to confirm the status of their individual applications. Following a phone conversation on March 7, 2025, Plaintiffs' counsel shared a proposed stipulated protective order with Defendants' counsel on Sunday, March 9, 2025. Defendants' counsel is currently reviewing the proposed protective order. Once Defendants can confirm the identies

Status Report

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

4

of the individual Plaintiffs, Defendants will be able to provide further information regarding measures to be taken or planned to facilitate their travel into the United States.

**III. Measures that have been taken, or planned, to ensure that arriving refugees will receive resettlement support services upon arrival—in particular, addressing the effect of the Termination Notices on the Government's ability to meet its statutory obligations to provide resettlement support services.**

Initial reception and placement benefits provided by the Department of State through grants and contracts under section 412(b) of the INA, 8 U.S.C. §1522(b), are not required by law, and all existing agreements with domestic reception and placement agencies have been terminated. The Department of State is actively preparing a request for proposals for a new resettlement agency that could provide reception and placement services for resettled refugees. The solicitation process is expected to take at least three months. The Department of State is also exploring alternatives to the traditional reception and placement program but cannot provide additional information without waiving deliberative process privileges.

**IV. Measures that have been taken, or planned, to reimburse organizational Plaintiffs for expenses already incurred subject to cooperative agreements.**

On February 26, 2025, the Department of State disbursed $2,967,046.07 in payments to HIAS. On March 6, 2025, the Department of State disbursed $2,349,782.92 in payments to HIAS.

The Department of State is reviewing pending payment requests from Plaintiff organizations for expenses already incurred and will pay legitimate requests in due course.

With respect to Office of Refugee Resettlement (ORR) funding, ORR has confirmed that organizational Plaintiffs HIAS and Church World Service have not had their payments suspended. ORR believes Lutheran Community Services Northwest (LCSNW) to be a

Status Report

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

subgrantee of Global Refuge, which has had its payments paused. On March 10, 2025, ORR directed the Department of Health & Human Services' Pay Management System (PMS)—a cross-departmental funding disbursement platform—to release payment for all refugee grant services that occurred prior to January 20, 2025. While the agency has scrutinized available information, given the aggregated format in which payment request are made by the recipients and PMS' limitations to inform on itemized accounting, ORR will contact the impacted grantees and request they submit new draw requests to PMS for the relevant amounts, which will be paid forthwith.

DATED this 10th day of March, 2025.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General

AUGUST FLENTJE
Acting Director

*/s/ Nancy K. Canter*
NANCY K. CANTER
(CA Bar No. 263198)
Senior Litigation Counsel

JOSEPH MCCARTER
ALEXANDRA YEATTS
Trial Attorneys
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
Washington, DC 20005
Phone: 202-305-7234
Email: nancy.k.canter@usdoj.gov

*Attorneys for Defendants*

Status Report

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234