District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State, KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services,

*Defendants*.

CASE NO. 2:25-cv-00255

MOTION TO ISSUE PRELIMINARY INJUNCTION BOND PURSUANT TO FED. R. CIV. P. 65(c)

NOTE ON MOTION CALENDAR: APRIL 1, 2025

---

Motion for Bond

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

## INTRODUCTION

Defendants hereby respectfully move the Court for an order, directing Plaintiffs to post a bond, so that Defendants may be compensated if it is later determined to have been wrongfully enjoined.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order *only* if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c) (emphasis added). A bond posted for a preliminary injunction is viewed as a contract in which "the court and plaintiff 'agree' to the bond amount as the 'price' of a wrongful injunction." *The Continuum Co., Inc. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989). As a result of the posting of the bond, a presumption arises that damages will be award from those posted bond amounts in order for defendants "to receive compensation for their damages in cases where it is later determined that a party was wrongfully enjoined." *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994).

Here, Plaintiffs have sought an injunction commanding Defendants to disburse funds pursuant to cooperative agreements which have terminated pursuant to the express terms of the agreements. *See* ECF Nos. 57 at 8, 61 at 7. As set forth in Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction on Supplemental Pleading, this Court lacks jurisdiction over these claims, ECF No. 61 at 1-4, and any order requiring Defendants to disburse funds notwithstanding termination of the cooperative agreements will necessarily require the disbursement of significant taxpayer funds. As such, Defendants respectfully request that to the extent the Court grants relief to Plaintiffs, that the Court require Plaintiffs

Motion for Bond

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

1

to post security for any taxpayer funds distributed during the pendency of the Court's Order, in the event it is later determined that Defendants were wrongfully enjoined. The risk of harm here is not insubstantial as Congress has appropriated nearly $4 billion dollars to refugee funding. *See* Div. F, Title III of P.L. 118-47 (138 Stat. 744 (providing $3,928,000,000 for "necessary expenses not otherwise provide for…and other activities to meet refugee and migration needs…"). This underscores the need to limit relief to named Plaintiffs, such that Plaintiffs would only need to provide a security bond for the specific complained about cooperative agreements for which they seek specific performance. *See* ECF Nos. 58-2 ("These four cooperative agreements provide HIAS with $36,943,648 in revenue."), 58-3 ("These five cooperative agreements provide CWS with $98,128,461 in revenue, approximately 35% of CWS's annual revenue."). A bond is important given that Plaintiffs have asserted that their continuing existence is threatened. ECF No. 57, at 57 ("As for the organizational Plaintiffs, their very existence is threatened—and they operate in every circuit.").

## CONCLUSION

The Court should require Plaintiffs to post security as required under Fed. R. Civ. P. 56(c).

DATED this 11th day of March, 2025.

    Respectfully submitted,

    YAAKOV M. ROTH
    Acting Assistant Attorney General
    Civil Division

    DREW ENSIGN
    Deputy Assistant Attorney General

Motion for Bond

No. 2:25-cv-00255-JNW

    U.S. Department of Justice
    Civil Division, Office of Immigration Litigation
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    (202) 305-7234

AUGUST FLENTJE
Acting Director

*/s/ Nancy K. Canter*
NANCY K. CANTER
(CA Bar No. 263198)
Senior Litigation Counsel

JOSEPH MCCARTER
ALEXANDRA YEATTS
Trial Attorneys
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
Washington, DC 20005
Phone: 202-305-7234
Email: nancy.k.canter@usdoj.gov

*Attorneys for Defendants*

Motion for Bond

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

3