District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF
ESTHER; PLAINTIFF JOSEPHINE;
PLAINTIFF SARA; PLAINTIFF ALYAS;
PLAINTIFF MARCOS; PLAINTIFF
AHMED; PLAINTIFF RACHEL;
PLAINTIFF ALI; HIAS, INC.; CHURCH
WORLD SERVICE, INC.; and
LUTHERAN COMMUNITY SERVICES
NORTHWEST,

         *Plaintiffs*,

      v.

DONALD J. TRUMP, in his official
capacity as President of the United States,
MARCO RUBIO, in his official capacity
as Secretary of State, KRISTI NOEM, in
her official capacity as Secretary of
Homeland Security; DOROTHY A. FINK,
in her official capacity as Acting Secretary
of Health and Human Services,

         *Defendants*.

CASE NO. 2:25-cv-00255

REPLY IN SUPPORT OF MOTION TO
STAY PRELIMINARY INJUNCTION
PENDING APPEAL

NOTED ON MOTION CALENDAR:
MARCH 24, 2025

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

## **INTRODUCTION**

Defendants moved this Court to stay its preliminary injunction during the pendency of Defendants' appeal to the Ninth Circuit. ECF No. 48 ("Stay Motion"); *see* ECF Nos. 39 and 45 (collectively enjoining: §§ 3(a), (b), (c), and 4 of Executive Order 14163, *Realigning the United States Refugee Admissions Program* (Jan. 20, 2025) ("USRAP Order"); and the suspension of USRAP funds pursuant to Executive Order 14169, *Reevaluating and Realigning United States Foreign Aid* (Jan. 20, 2025) ("Foreign Aid Order")). Plaintiffs' Opposition, ECF No. 60 ("Opposition"), fails to overcome that: Defendants are likely to succeed on the merits of their appeal; that Defendants will suffer irreparable harm absent a stay; the balance of equities weighs strongly in favor of a stay; and the injunction should be stayed as to non-parties, *see* Stay Motion at 1.

## **ARGUMENT**

### I.    **Defendants Are Likely to Prevail on the Merits**

Defendants are likely to succeed on appeal because the Court erred in its overly narrow interpretation of the President's broad discretionary authority under 8 U.S.C. § 1182(f), which directly conflicts with the Supreme Court's ruling in *Trump v. Hawaii*, 585 U.S. 667, 683-97 (2018). Stay Motion at 2-6. Defendants are also likely to succeed on appeal because the Court erred in rejecting Defendants' position that: the Court lacks APA jurisdiction because the Tucker Act provides an adequate remedy for the pause and termination of organizational Plaintiffs' funding; and, assuming jurisdiction, Plaintiffs' APA claims lack merit because the agency has wide discretion to operate the statutes governing refugee admissions program and its many components, including partnerships with nonprofit agencies and international organizations, in a manner it sees fit, including pausing expenditures to consider whether those agreements are efficient and are consistent with administration priorities. Stay Motion at 6-8. Plaintiffs fail to meaningfully respond to these

Reply in Support of Motion to Stay
Preliminary Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

1

arguments; rather, Plaintiffs simply repeat the Court's holdings from its preliminary injunction order. Opposition at 2-3.

Furthermore, since the filing of Plaintiffs' Opposition, the U.S. District Court for the District of Columbia in *U.S. Conference of Catholic Bishops v. U.S. Dep't of State*, No. 25-465, 2025 WL 763738 (D.D.C. Mar. 11, 2025) (McFadden, J.), held that it lacks jurisdiction over plaintiffs' APA claims challenging the pause and termination of cooperative agreements for reception and placement services pursuant to the Secretary of State's Memorandum, 25 STATE 6828 (Jan. 24, 2025), and the Foreign Aid Order. *See* ECF No. 66. Here, as in *Catholic Bishops*, the Court lacks jurisdiction over Plaintiffs' claims which sound in contract and must be heard in the Court of Federal Claims. Stay Motion at 7-8.

## II. The Injunction Is Overbroad and the Balance of Equities, Including the Irreparable Harm Defendants Will Suffer, Favors a Stay

Failure to stay the injunction in whole or in part will irreparably harm Defendants and Plaintiffs' arguments to the contrary are unavailing. Stay Motion at 8-9.

*First*, by controlling entry into the United States in a manner inconsistent with the President's national interests determination under 8 U.S.C. § 1182(f), *see* 90 Fed. Reg. 8459 (Jan. 20, 2025), this Court's ruling damages those interests, and that injury will grow every day the injunction remains in place. Plaintiffs only response is that the action is not lawful, but that fails to acknowledge the President's ultimate responsibility to assess the national interests and determine whether the entry of certain aliens would be detrimental to those interests. Stay Motion 2-8; *cf. Poursina v. USCIS*, 936 F.3d 868, 874 (9th Cir. 2019) (observing, in relation to another Immigration and Nationality Act provision, "that the 'national interest' standard invokes broader economic and national-security considerations, and such determinations are firmly committed to the discretion of the Executive Branch—not to federal courts" (citing *Hawaii*, 585 U.S. at 684-86)). Moreover, Plaintiffs' reliance on

Reply in Support of Motion to Stay
Preliminary Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

2

merits arguments to argue the absence of irreparable harm effectively concedes the existence of irreparable harm if Defendants are correct on the merits.

*Second*, the strain on American communities that the refugee suspension was designed to alleviate will continue. USRAP Order § 1. Thus Plaintiffs are wrong in contending that the entry of refugees cases no harm.  Opposition at 4-5. The injunction exacerbates this strain, and the harms flowing from it cannot be undone even if the Court's order is ultimately reversed. Stay Motion at 8. Indeed, the USRAP Order cannot be applied after entry if the preliminary injunction is later overturned. *Id.*

*Third*, Plaintiffs assert that the ongoing damage the injunction inflicts on the President's foreign policy is not irreparable because Defendants are free to vindicate their rights on appeal. Opposition at 5 (citing *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 778 (9th Cir. 2018), which in turn quotes *Washington v. Trump*, 847 F.3d 1151, 1168 (9th Cir. 2017)). But *Washington* was superseded by the *Hawaii* litigation, considered only the "institutional injury" caused by "erosion of separation of powers," and found that such an injury could be vindicated on appeal. 847 F.3d at 1168. Here, the injunction prevents the President from exercising his core authorities, is inconsistent with his national interests judgment, and is "itself an irreparable injury." *Doe #1 v. Trump*, 957 F.3d 1050, 1084 (9th Cir. 2020) (Bress, J., dissenting) (citing *Maryland v. King*, 567 U.S. 1031, 1303 (2012) (Roberts, C.J., in chambers)). That, along with the President's inability to fully implement his foreign policy goals while the injunction is in effect, are not merely a general separation-of-powers concern.

*Fourth*, Plaintiffs claim that the injunction is not overbroad even though it applies to resettlement agencies providing reception and placement services who are not parties to this action and enjoins the refugee suspension worldwide despite it only impacting a handful of actual Plaintiffs. Opposition at 5-7. Plaintiffs claim that limiting the injunction to the

Reply in Support of Motion to Stay
Preliminary Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

3

organizational Plaintiffs here would cause an "administrative nightmare." *Id.* at 6 (quoting ECF No. 45 at 59). But Plaintiffs fail to explain why the alleged administrative difficulties are sufficient to overcome the irreparable harm that the government would suffer if compelled to disburse funds to *all* resettlement agencies (including non-parties), particularly where the risk of harm is not insubstantial. *See* ECF No. 63 at 2; Div. F, Title III of Pub. L. No. 118-47, 138 Stat. 744 (providing $3,928,000,000 for "necessary expenses not otherwise provide for … and other activities to meet refugee and migration needs…"). And Plaintiffs' insistence on maximalist scope of relief notwithstanding the paucity of actual parties further underscores why a bond is appropriate here—so that Plaintiffs too bear some of the risk of burdens imposed by judicial errors. *See* ECF No. 65.

*Lastly*, Plaintiffs contend the injunction should not be stayed because it serves the public interest. Opposition at 8. But Plaintiffs again base this contention on their erroneous conclusion that the suspension of refugee admissions and funding for reception and placement services is unlawful, *id.*, which it is not, Stay Motion at 2-8.

## **CONCLUSION**

For the reasons stated above and in the Stay Motion, the Court should stay the preliminary injunction pending appeal.

Reply in Support of Motion to Stay
Preliminary Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

DATED this 14th day of March, 2025.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

AUGUST FLENTJE
Acting Director

NANCY K. CANTER
Senior Litigation Counsel

*/s/ Joseph McCarter*
JOSEPH MCCARTER
Md. Bar No. 2311290014
LINDSAY ZIMLIKI
ALEXANDRA YEATTS
Trial Attorneys
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
Washington, DC 20005
Phone: 202-746-8537
Email: Joseph.A.McCarter@usdoj.gov

*Attorneys for Defendants*

I certify that this memorandum contains 1,158 words, in compliance with the Local Civil Rules.

Reply in Support of Motion to Stay
Preliminary Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

5