THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER;
PLAINTIFF JOSEPHINE; PLAINTIFF SARA;
PLAINTIFF ALYAS; PLAINTIFF MARCOS;
PLAINTIFF AHMED; PLAINTIFF RACHEL;
PLAINTIFF ALI; HIAS, INC., CHURCH
WORLD SERVICE, INC., GLOBAL REFUGE,
and LUTHERAN COMMUNITY SERVICES
NORTHWEST,

                *Plaintiffs*,

       v.

DONALD J. TRUMP, in his official capacity as
President of the United States; MARCO RUBIO,
in his official capacity as Secretary of State;
KRISTI NOEM, in her official capacity as
Secretary of Homeland Security; ROBERT F.
KENNEDY, JR., in his official capacity as
Acting Secretary of Health and Human Services,

                *Defendants*.

Case No. 2:25-cv-255-JNW

**PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION**

NOTE ON MOTION CALENDAR:
APRIL 11, 2025

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................. 2

    I.      The Refugee Ban EO and Its Subsequent Implementation by the Defendant
           Agencies ............................................................................................................ 2

    II.     The Refugee Funding Suspension & Termination ................................................. 3

    III.    The Representative Plaintiffs ................................................................................. 5

          A.     The Refugee and Family Member Subclass Representatives .................... 5

          B.     The FTJ Petitioner Subclass Representatives ......................................... 5

          C.     The Reception & Placement Subclass Representative .............................. 6

ARGUMENT ..................................................................................................................... 6

    I.      This action satisfies the class certification requirements of Rule 23(a) ................. 7

          A.     The proposed subclass members are so numerous that joinder is
              impracticable ........................................................................................ 7

          B.     This case presents common questions of law and fact. ............................ 9

          C.     Each subclass satisfies the typicality requirement of Rule 23(a)(3). ........ 11

          D.     The Representative Plaintiffs and class counsel will adequately
              represent the proposed Class and Subclasses ....................................... 12

    II.     This action satisfies the requirements of Rule 23(b)(2). ...................................... 13

CONCLUSION ................................................................................................................. 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

L

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4
*A.B.T. v. USCIS,*
  No. C11-2108, 2013 WL 5913323 (W.D. Wash. Nov. 4, 2013) ...............................7

5

6
*Ali v. Ashcroft,*
  213 F.R.D. 390 (W.D. Wash.), *aff'd,* 346 F.3d 873 (9th Cir. 2003), *vacated on*
  *other grounds,* 421 F.3d 795 (9th Cir. 2005)...........................................................7

7

8
*Armstrong v. Davis,*
  275 F.3d 849 (9th Cir. 2001) ...................................................................................9

9
*Does 1–10 v. Univ. of Wash.,*
  326 F.R.D. 669 (W.D. Wash. 2018) .........................................................................8

10

11
*Emami v. Mayorkas,*
  725 F. Supp. 3d 1046 (N.D. Cal. 2024) ...................................................................7

12
*Gorbach v. Reno,*
  181 F.R.D. 642 (W.D. Wash. 1998), *aff'd on other grounds,* 219 F.3d 1087
  (9th Cir. 2000)...........................................................................................................7

13

14
*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) ............................................................................9, 12

15

16
*Hanon v. Dataprods. Corp.,*
  976 F.2d 497 (9th Cir. 1992) .................................................................................11

17
*Harris v. Palm Springs Alpine Ests., Inc.,*
  329 F.2d 909 (9th Cir. 1964) ...................................................................................7

18

19
*In re Cooper Cos. Sec. Litig.,*
  254 F.R.D. 628 (C.D. Cal. 2009)...............................................................................8

20

21
*Inland Empire-Immigrant Youth Collective v. Nielsen,*
  No. EDCV 17-2048 PSG (SHKx), 2018 WL 1061408 (C.D. Cal. Feb. 26,
  2018)........................................................................................................................11

22
*Jane Doe 1 v. Nielsen,*
  357 F. Supp. 3d 972 (N.D. Cal. 2018) ...................................................................13

23

24
*Jordan v. Los Angeles County,*
  669 F.2d 1311 (9th Cir.), *cert. granted, judgment vacated on other grounds,*
  459 U.S. 810 (1982)................................................................................................12

25

26
*Just Film, Inc. v. Buono,*
  847 F.3d 1108 (9th Cir. 2017) .................................................................................11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Kincaid v. City of Fresno*,
    244 F.R.D. 597 (E.D. Cal. 2007) ...................................................................................7

*Mansor v. USCIS*,
    345 F.R.D. 193 (W.D. Wash. 2023) ...............................................................................6

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) .........................................................................................9

*McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*,
    268 F.R.D. 670 (W.D. Wash. 2010) ..............................................................................9

*Mendez Rojas v. Johnson*,
    No. C16-1024-RSM, 2017 WL 1397749 (W.D. Wash. Jan. 10, 2017).........................7

*Ms. L. v. U.S ICE*,
    331 F.R.D. 529 (S.D. Cal. 2018) ...................................................................................7

*Nak Kim Chhoeun v. Marin*,
    No. SACV 17-01898-CJC(GJSx), 2018 WL 6265014 (C.D. Cal. Aug. 14,
    2018) ............................................................................................................................10

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ...........................................................................9, 10–11, 14

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010) .....................................................................................11

*Santillan v. Ashcroft*,
    No. C 04–2686, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004) .....................................7

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010) ......................................................................................................6

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .......................................................................................12

*Unthaksinkun v. Porter*,
    No. C11-588JLR, 2011 WL 4502050 (W.D. Wash. Sept. 28, 2011) ...........................13

*Wagafe v. Trump*,
    No. C17-0094-RAJ, 2017 WL 2671254 (W.D. Wash. June 21, 2017) ..........................6, 13

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011).............................................................................9, 10–11, 13

*Walters v. Reno*,
    No. C94–1204C, 1996 WL 897662 (W.D. Wash. Mar. 13, 1996), *aff'd*, 145
    F.3d 1032 (9th Cir. 1998) ..............................................................................................7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**STATUTES**

Administrative Procedure Act...............................................................................3–4, 10–11

Immigration and Nationality Act .......................................................................................3

Refugee Act of 1980 .........................................................................................................10

**RULES**

Fed. R. Civ. P. 23 ....................................................................................................... passim

**OTHER AUTHORITIES**

*American and SIV Arrivals by Nationality and State Fiscal Year 2025,* Refugee
Processing Ctr., (Dec. 31, 2024) https://www.wrapsnet.org/documents/
Amerasian%20and%20SIV%20Arrivals%20by%20Nationality%20and%20St
ate%20as%20of%2031%20Dec%202024.pdf.................................................................8

7A Mary K. Kane, *Federal Practice & Procedure* § 1763 (4th ed. 2024 update) .........................9

*Refugee Admissions Report,* Refugee Processing Ctr., (Dec. 31, 2024) https://
www.wrapsnet.org/documents/Refugee%20Arrivals%20by%20State%20and
%20Nationality%20as%20of%2031%20Dec%202024.pdf .....................................................8

1 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 3:72 (6th
ed. 2024 update)...............................................................................................................12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

L

## **INTRODUCTION**

This Court is already well familiar with Defendants' unlawful dismantlement of the U.S. Refugee Assistance Program ("USRAP") by its systemwide ban on refugee admissions and processing and its halting of funding to resettlement partners. Eight of the individual Plaintiffs in this action represent subclasses of many thousands of refugees or their family members who are harmed by Defendants' actions to dismantle the USRAP, who are victims of the same statutory and constitutional violations, and who seek the same injunctive and declaratory relief. For that reason, under Federal Rules of Civil Procedure 23(a) and 23(b)(2), Plaintiffs now move to certify the following subclasses (together, "the Class"), with Plaintiffs Pacito, Esther, Josephine, Sara, Alyas, Marcos, Ahmed and Ali appointed as class representatives ("Representative Plaintiffs") and appointing their undersigned counsel as class counsel:

1.    **The Refugee and Family Member Subclass:** all persons who are being or will be processed for admission to the United States as a refugee or who have applied or will apply for a family member to be processed for admission as a refugee;

2.    **The Reception & Placement ("R&P") Subclass:** all refugees and Afghan and Iraqi Special Immigrant Visa ("SIV") holders resettled to the United States and within their first ninety days post-resettlement as of January 20, 2025, the issuance date of the Refugee Ban Executive Order, or who currently are, or will be, resettled in the United States and within their first ninety days post-resettlement; and

3.    **The FTJ Petitioner Subclass:** all persons in the United States who are currently petitioning or will petition for family members to be admitted to the United States under the follow-to-join ("FTJ") refugee program.

As explained in detail below, Representative Plaintiffs and the proposed subclasses satisfy the requirements of Rule 23(a) as they easily meet the numerosity, commonality, typicality and adequacy requirements. Furthermore, Defendants have acted, and refused to act, on grounds

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    generally applicable to Representative Plaintiffs and all proposed class members such that the

2    relief sought by Representative Plaintiffs would benefit the entire Class, meeting the requirements

3    of Rule 23(b)(2).

4           Accordingly, class certification is both appropriate and warranted.

5                              **FACTUAL BACKGROUND**

6           Defendants' actions to suspend refugee processing and admissions and halt USRAP-related

7    funding, along with Defendants' history of unlawful attacks on the refugee resettlement system in

8    the United States, are well-known to the Court and have been detailed in Plaintiffs' Motions for

9    Preliminary Injunction, Dkt. # 14 ("Mot. for Prelim. Inj.") and # 57 ("Second Mot. for Prelim.

10   Inj."). Nevertheless, a brief discussion of these actions is warranted to evaluate class certification.

11   **I.     The Refugee Ban EO and Its Subsequent Implementation by the Defendant
            Agencies**

12          During his campaign for a second term, President Trump promised to implement "brand

13   new crackdowns" on refugees and to suspend refugee resettlement in the United States. Dkt. # 56

14   ("Suppl. Compl.") ¶ 93; Dkt. # 15-11. Just hours into his second term, President Trump sought to

15   fulfill these promises by issuing the Refugee Ban EO, directing that the entry of refugees under

16   USRAP be suspended indefinitely until President Trump determines that resumption is in the

17   interests of the United States. Exec. Order No. 14163, 90 Fed. Reg. 8,459 (Jan. 20, 2025)

18   ("Refugee Ban EO") §§ 3, 4. The Refugee Ban EO seeks to justify its expansive scope with

19   reference to "record levels of migration." *Id.* § 1.

20          Under Section 4 of the Refugee Ban EO, the Secretaries of State and Homeland Security

21   must submit a report to the President within ninety days, detailing "whether resumption of entry

22   of refugees into the United States under the USRAP would be in the interests of the United States."

23   *Id.* § 4. Such reports are to continue every ninety days until President Trump decides that

24   resumption of the USRAP is in the United States' best interests in light of the Refugee Ban EO's

25   stated policies of "public safety and national security," ensuring that "only those refugees who can

26

MOT. FOR CLASS CERTIFICATION – 2
(No. 2:25-CV-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

fully and appropriately assimilate into the United States" are admitted, and that "the United States preserves taxpayer resources." *Id.* § 2.

Defendant agencies immediately moved to implement the Refugee Ban EO's suspension on refugee decisions and admissions and, in fact, expanded its scope. Suppl. Compl. ¶¶ 114–22; Dkt. # 15-23 ("Santos Decl.") ¶¶ 29–30; Dkt. # 15-24 ("Hetfield Decl.") ¶¶ 35–36. Although the Refugee Ban EO specifies that the suspension of all refugee admissions was to take effect on January 27, 2025, the State Department emailed refugee resettlement partners on January 21, 2025, stating that all previously scheduled travel of refugees to the United States was canceled effective immediately, and no new travel bookings would be made. Suppl. Compl. ¶¶ 116–17; Santos Decl. ¶¶ 29–30; Hetfield Decl. ¶¶ 35–36. The email further provided that all application processing, including new referrals to the USRAP and all active and previously submitted applications, was suspended. Suppl. Compl. ¶ 120; Santos Decl. ¶¶ 29–30; Hetfield Decl. ¶¶ 35–36. No processes were provided to request or receive a case-by-case waiver as contemplated by the Refugee Ban EO. Suppl. Compl. ¶ 122; Santos Decl. ¶ 28; Hetfield Decl. ¶ 40. On February 24, 2025, the Court granted Plaintiffs' motion for a nationwide preliminary injunction in an oral ruling, followed by a written order on February 28. Dkt. # 45 ("Order"). The Order enjoined Defendants from "enforcing or implementing" the Refugee Ban EO and "suspending or implementing the suspension of refugee processing, decisions and admissions." *Id.* at 61. The Court held that Plaintiffs were likely to succeed on the merits of their claims that the Refugee Ban EO is ultra vires, and that the Agency Suspension violates the APA and the INA. *Id.* at 21–53.

## II.    The Refugee Funding Suspension & Termination

On January 24, 2025, the State Department suspended immediately and without notice all funding to resettlement partners. *See* Hetfield Decl. ¶¶ 44–45; Santos Decl. ¶ 43. This action effectively stripped these partners of all funding for processing USRAP applications overseas and for providing R&P services and other integrative services for newly arrived refugees and SIV holders. Hetfield Decl. ¶ 47; Santos Decl. ¶¶ 50–53; Dkt. # 15-20 ("Ali Decl.") ¶ 24. Defendants

MOT. FOR CLASS CERTIFICATION – 3
(No. 2:25-CV-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

issued notices of suspension directing resettlement partners to "stop all work" under their cooperative agreements and "not incur any new costs." Santos Decl. ¶¶ 44–45; Hetfield Decl. ¶¶ 44–45. The notices also instructed partners to "cancel as many outstanding obligations as possible." Santos Decl. ¶ 43; Hetfield Decl. ¶¶ 44–45. Defendants sought to justify their action on the basis that the cooperative agreements "may no longer effectuate agency priorities" as expressed in President Trump's EO on Reevaluating and Realigning United States Foreign Aid. Santos Decl. ¶ 43; Hetfield Decl. ¶¶ 44–45.

Defendants' suspension of refugee funding has upended support systems for newly arrived refugees in the United States, depriving them of access to critical financial assistance and benefits that they are statutorily entitled to upon arrival. Prelim. Inj. Mot. at 9–11. As with the suspension of refugee processing and admissions, this Court held that Plaintiffs were likely to succeed on the merits of their claim that Defendants' suspension of refugee funding is unlawful and violates the APA, and enjoined Defendants from "suspending or implementing the suspension of" "refugee processing, decisions, and admissions" and "USRAP funds." Order at 32–51.

The day after this Court orally granted Plaintiffs' motion for a preliminary injunction, Defendants doubled-down on their dismantlement of the USRAP. They terminated several cooperative agreements with resettlement partners, including all cooperative agreements to provide R&P services to newly arrived refugees and SIV holders. *See* Dkt. # 58-2 ("Hetfield Decl. ISO Second Mot. for Prelim. Inj.") ¶¶ 4–9; Dkt. # 58-3 ("Santos Decl. ISO Second Mot. for Prelim. Inj.") ¶¶ 4–9, 14. And they also terminated many cooperative agreements of resettlement partners, including Plaintiff HIAS, for USRAP application processing. Santos Decl. ISO Second Mot. For Prelim. Inj. ¶¶ 5–9; Hetfield Decl. ISO Second Mot. for Prelim. Inj. ¶¶ 5–9. These actions rendered the former refugee funding suspension permanent. Consequently, on March 5, 2025, Plaintiffs filed a supplemental complaint and filed a motion for preliminary injunction on their supplemental pleading seeking to enjoin the Defendants from blocking their enforcement of the Funding Termination Second Mot. for Prelim. Inj. at 8.

MOT. FOR CLASS CERTIFICATION – 4
(No. 2:25-CV-255-JNW)

III.    **The Representative Plaintiffs**

Plaintiffs Pacito, Esther, Josephine, Sara, Alyas, Marcos, Ahmed and Ali, seek to represent the Class. Defendants' actions to suspend refugee processing and admissions and halt USRAP-related funding interfere with their ability to be resettled, their reunification with family members in the United States, and/or their ability to receive post-resettlement services to which they are entitled. *See* Dkt. # 15-14 ("Pacito Decl.") ¶¶ 25, 39, 42; Dkt. # 15-15 ("Esther Decl.") ¶¶ 22–23; Dkt. # 15-16 ("Josephine Decl.") ¶¶ 3, 27–28; Dkt. # 15-17 ("Sara Decl.") ¶¶ 17–18, 20–21; Dkt. # 15-18  ("Alyas Decl.") ¶¶ 18–22; Dkt. # 15-19 ("Marcos Decl.") ¶¶ 18–22; Ali Decl. ¶ 24; Dkt. # 15-21 ("Ahmed Decl.") ¶¶ 13–15.

A.    **The Refugee and Family Member Subclass Representatives**

Plaintiffs Pacito, Sara, Alyas, Marcos, Josephine, and Ahmed seek to represent the Refugee and Family Member Subclass. They each reside abroad and seek resettlement to the United States through the USRAP. Pacito Decl. ¶ 34; Sara Decl. ¶¶ 10–11; Alyas Decl. ¶¶ 2, 4; Ahmed Decl. ¶¶ 3, 10–12; Josephine Decl. ¶¶ 3, 4. Plaintiff Marcos filed a petition to sponsor his stepdaughter to apply for admission as a refugee. Marcos Decl. ¶ 11. Defendants' unlawful conduct has indefinitely stopped the processing of each of their refugee applications. In addition, each Representative Plaintiff or their family member now faces additional harms, including financial hardship, inability to work, and continued persecution in their countries of residence. Pacito Decl. ¶¶ 17–20, 34–37, 39; Sara Decl. ¶ 19; Alyas Decl. ¶¶ 10, 20–22; Ahmed Decl. ¶¶ 14–15; Marcos Decl. ¶¶ 9–10, 23; Josephine Decl. ¶ 31.

B.    **The FTJ Petitioner Subclass Representatives**

Plaintiff Esther seeks to represent the FTJ Petitioner Subclass. Esther is a U.S. citizen and former refugee living in Idaho who has petitioned to be reunited with her daughter, Plaintiff Josephine, in the U.S. through the follow-to-join program. Esther Decl. ¶ 17; Josephine Decl. ¶ 15. Defendants unlawful conduct has halted processing of her FTJ petition, leaving her indefinitely

1    separated from her daughter, who remains in limbo in South Africa, where she faces discrimination

2    and violence due to her refugee status. Esther Decl. ¶ 24; Josephine Decl. ¶ 31.

3    **C.    The Reception & Placement Subclass Representative**

4    Plaintiff Ali seeks to represent the R&P Subclass. Ali is a refugee who has been resettled

5    to the United States. Ali Decl. ¶ 2. He is within his first ninety days post-resettlement. Ali Decl.

6    ¶ 16. The post-resettlement services and assistance to which he is entitled have been withheld due

7    to Defendants' halting of USRAP-related funding. Ali Decl. ¶¶ 20–24; Dkt. # 68-2 ("Ali Decl. ISO

8    Second Mot. for Prelim. Inj.") ¶¶ 6–8; *see also* Hetfield Decl. ISO Second Mot. for Prelim. Inj.

9    ¶¶ 3–6, 13; Santos Decl. ISO Second Mot. for Prelim. Inj. ¶¶ 3–6, 14. Ali now faces threats to his

10   ability to meaningfully survive after being resettled in a new country. Ali Decl. ¶ 24; Ali Decl.

11   ISO Second Mot. for Prelim. Inj. ¶¶ 11–12.

12   **ARGUMENT**

13   A plaintiff who meets the threshold requirements of Federal Rule of Civil Procedure 23(a)

14   and fits into one of the three categories described in Rule 23(b) has a "categorical" right to "pursue

15   his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S.

16   393, 398 (2010). Specifically, Rule 23(a) requires that: (1) the class is so numerous that joinder of

17   all members is impracticable, (2) questions of law and fact are common to the class, (3) the claims

18   or defenses of the representative parties will fairly and adequately protect the interests of the class,

19   and (4) the representative parties will fairly and adequately protect the interests of the class. Rule

20   23(b)(2) requires a showing that defendants have "acted or refused to act on grounds that apply

21   generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate

22   respecting the class as a whole."[1] Courts within the Ninth Circuit have repeatedly found these

23   requirements satisfied in class actions brought on behalf of noncitizens challenging federal

24   immigration policies and practices. *See, e.g.*, *Wagafe v. Trump*, No. C17-0094-RAJ, 2017 WL

25   

26   _____

[1] Additionally, a "class may be divided into subclasses that are each treated as a class." Fed. R. Civ. P. 23(c)(5).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2671254, at *1 (W.D. Wash. June 21, 2017) (certifying two nationwide classes of immigration applicants challenging national security screening procedures); *Mansor v. USCIS*, 345 F.R.D. 193, 208 (W.D. Wash. 2023) (certifying nationwide class of noncitizens challenging government's temporary protected status policies*); Mendez Rojas v. Johnson*, No. C16-1024-RSM, 2017 WL 1397749, at *1 (W.D. Wash. Jan. 10, 2017) (certifying two nationwide classes of asylum seekers challenging defective asylum application procedures); *Emami v. Mayorkas*, 725 F. Supp. 3d 1046, 1059 (N.D. Cal. 2024) (certifying nationwide class of foreign nationals challenging President Trump's Proclamation 9645, which curtailed U.S. entry by nationals of eight countries).[2] The class action requirements are equally satisfied here.

## I. This action satisfies the class certification requirements of Rule 23(a).

### A. The proposed subclass members are so numerous that joinder is impracticable.

The subclasses easily satisfy the requirement that a class be sufficiently numerous such that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Because "impracticability" does not mean "impossibility," courts focus on whether class certification is appropriate due to "the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (citation omitted). Plaintiffs need not specify the exact number of class members, *Ms. L. v. U.S ICE*, 331 F.R.D. 529, 536 (S.D. Cal. 2018), and a

---

[2] *See, e.g.*, *A.B.T. v. USCIS*, No. C11-2108, 2013 WL 5913323, at *1 (W.D. Wash. Nov. 4, 2013) (certifying nationwide class and approving settlement amending practices by Executive Office for Immigration Review and USCIS that precluded asylum applicants from receiving employment authorization); *Santillan v. Ashcroft*, No. C 04–2686, 2004 WL 2297990, at *12 (N.D. Cal. Oct. 12, 2004) (certifying nationwide class of lawful permanent residents challenging delays in receiving documentation of their statuses); *Ali v. Ashcroft*, 213 F.R.D. 390, 409–11 (W.D. Wash.) (certifying nationwide class of Somalis challenging legality of removal to Somalia in absence of functioning government), *aff'd*, 346 F.3d 873 (9th Cir. 2003), *vacated on other grounds*, 421 F.3d 795 (9th Cir. 2005); *Gorbach v. Reno*, 181 F.R.D. 642, 644 (W.D. Wash. 1998) (certifying nationwide class of persons challenging validity of administrative denaturalization proceedings), *aff'd on other grounds*, 219 F.3d 1087 (9th Cir. 2000) (en banc); *Walters v. Reno*, No. C94–1204C, 1996 WL 897662, at *5–8 (W.D. Wash. Mar. 13, 1996) (certifying nationwide class of individuals challenging adequacy of notice in document fraud cases), *aff'd*, 145 F.3d 1032 (9th Cir. 1998).

1    "reasonabl[e] estimate" of the number of class members will suffice, *Kincaid v. City of Fresno*,

2    244 F.R.D. 597, 601 (E.D. Cal. 2007). While no specific number is needed, "numerosity is

3    presumed where the plaintiff class contains forty or more members." *In re Cooper Cos. Sec. Litig.*,

4    254 F.R.D. 628, 634 (C.D. Cal. 2009).

5         Publicly available data from the State Department confirms that each proposed subclass

6    satisfies the numerosity requirement. First, for the R&P Subclass, according to the government,

7    12,517 refugees and 3,543 SIV holders were resettled in the United States in December 2024 alone,

8    and each is either currently within their first ninety days post-resettlement, or was so as of the date

9    that the Refugee Ban EO was issued, and thus entitled to R&P services. *See Refugee Arrivals by*

10   *State    and    Nationality,* Refugee Processing Ctr., (Dec. 31, 2024) https://www.wrapsnet.org

11   /documents/Refugee%20Arrivals%20by%20State%20and%20Nationality%20as%20of%2031%

12   20Dec%202024.pdf; *Amerasian and SIV Arrivals by Nationality and State Fiscal Year 2025,*

13   Refugee    Processing    Ctr.,    (Dec. 31, 2024) https://www.wrapsnet.org/documents/Amerasian%

14   20and%20SIV%20Arrivals%20by%20Nationality%20and%20State%20as%20of%2031%20Dec

15   %202024.pdf.

16        Similarly, for the Refugee and Family Member Subclass, Defendants have represented that,

17   "between March 1, 2025 and March 7, 2025" alone, they processed 574 refugee applications. Dkt.

18   # 62 at 3. The FTJ Petitioner Subclass is similarly numerous. *See id.* at 3 (in the same six-day

19   period, 160 FTJ cases were processed).

20        Given that the subclasses easily meet the numerosity requirement based on available data,

21   additional factors showing impracticability of joinder need not be considered. Nevertheless,

22   Plaintiffs meet those too. Where, as here, plaintiffs "would have difficulty filing individual

23   lawsuits out of fear of retaliation, exposure, and/or prejudice" joinder may be impracticable. *Does*

24   *1–10 v. Univ. of Wash.*, 326 F.R.D. 669, 679 (W.D. Wash. 2018); Pacito Decl. ¶¶ 47–48; Sara

25   Decl. ¶¶ 22–23; Alyas Decl. ¶¶ 31–33; Ahmed Decl. ¶ 18; Esther Decl. ¶¶ 25–27; Josephine Decl.

26   ¶ 34; Marcos Decl. ¶¶ 25–27; Ali Decl. ¶¶ 27–29 (describing fear of harassment and retaliation in

1    their home countries). Moreover, the subclass members are geographically dispersed across the

2    United States and abroad and many lack the language skills or ability to navigate the U.S. legal

3    system well enough to pursue a complex lawsuit such as this or to retain legal counsel. *See* Exhibit

4    1 ("Alagesan Decl.") ¶ 10; *see also McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership

5    Plan & Tr.*, 268 F.R.D. 670, 674 (W.D. Wash. 2010) (courts may consider factors such as

6    "geographic dispersion of members of the proposed class," "financial resources" of class members,

7    and "the ability of the members to file individual suits" in assessing numerosity).

8          **B.    This case presents common questions of law and fact.**

9         Plaintiffs satisfy Rule 23(a)(2) when they show that there are "questions of law or fact

10   common to the class." Plaintiffs "need not show, however, that every question in the case, or even

11   a preponderance of questions, is capable of class wide resolution. So long as there is even a single

12   common question, a would-be class satisfies the commonality requirement." *Parsons v. Ryan*,

13   754 F.3d 657, 675 (9th Cir. 2014) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350

14   (2011)); *see also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (noting that

15   "commonality only requires a single significant question of law or fact"); *Hanlon v. Chrysler

16   Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) ("[E]xistence of shared legal issues with divergent

17   factual predicates is sufficient . . . ."). Class actions seeking injunctive or declaratory relief, like

18   this one, "by their very nature often present common questions satisfying Rule 23(a)(2)." 7A Mary

19   K. Kane, *Federal Practice & Procedure* § 1763 (4th ed. 2024 update).

20        "[C]ommonality is satisfied where the lawsuit challenges a system-wide practice or policy

21   that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir.

22   2001). That is the case here, where Representative Plaintiffs challenge Defendants' unlawful

23   policies, rather than their specific application to any individual subclass member. "In such

24   circumstance, individual factual differences among the individual litigants or groups of litigants

25   will not preclude a finding of commonality." *Id.* In any event, in this case, all members of each

26   subclass *do* present the same factual circumstances: for the Refugee and Family Member Subclass

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

and FTJ Subclass, each subclass member or their family member has had or will have their pending refugee application indefinitely halted by Defendants' suspension of the USRAP and halting of USRAP funding, interfering with their ability to resettle in the United States or reunify with family. *See* Pacito Decl. ¶¶ 17, 23–25; Sara Decl. ¶¶ 11, 17–18; Alyas Decl. ¶¶ 2–3, 17–18; Ahmed Decl. ¶¶ 2, 11–13; Esther Decl. ¶¶ 2–3, 20–21; Josephine Decl. ¶¶ 2–3, 25–26; Marcos Decl. ¶¶ 2–3, 13, 18. Or as in the case of the R&P Subclass, all subclass members have been or will be within their first 90 days after resettlement and subject to Defendants' suspension and/or termination of USRAP-related funding, depriving them of access to R&P services, Ali Decl. ¶¶ 16–17, 20–24; Ali Decl. ISO Second Mot. for Prelim. Inj. ¶¶ 7–8.

Likewise, the class members' claims arise from common questions of law including, but not limited to, the following:

- Whether the Refugee Ban EO and suspension of refugee processing and admissions violate the Refugee Act and/or APA (common to Refugee and Family Member Subclass and FTJ Subclass);

- Whether the halting of USRAP-related funding violates the Refugee Act and the APA (common to all subclasses);

- Whether Defendants' suspension of the FTJ process violates FTJ Petitioners' due process rights under the Fifth Amendment to the U.S. Constitution (common to FTJ Subclass); and

- Whether Defendants' actions violate the separation of powers (common to all subclasses).

These issues can all be resolved "in one stroke," *Dukes*, 564 U.S. at 350. Through this action, all Plaintiffs and Class members share the common aim of challenging the Refugee Ban and the Funding Suspension—national policies that all Class members are subject to. As Defendants' unconstitutional and unlawful policies "are the 'glue' that holds together the . . . putative subclass[es]," the Court need not "determine the effect of those policies and practices

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

upon any individual class member (or class members) or to undertake any other kind of individualized determination." *Parsons*, 754 F.3d at 678. As such, there are numerous questions of law and fact common to the members of the class and subclasses, and commonality is satisfied. *See, e.g.*, *Nak Kim Chhoeun v. Marin*, No. SACV 17-01898-CJC(GJSx), 2018 WL 6265014, at *5 (C.D. Cal. Aug. 14, 2018) (commonality satisfied where "the central question in [the] case is whether the Government's policy of revoking proposed class members' release and re-detaining them without any procedural protections is unlawful"); *Inland Empire–Immigrant Youth Collective v. Nielsen*, No. EDCV 17–2048 PSG (SHKx), 2018 WL 1061408, at *9 (C.D. Cal. Feb. 26, 2018) (commonality satisfied where plaintiffs "challenge[d] Defendants' common termination policies and practices as categorically violating the APA and the Due Process Clause—not the agency's ultimate exercise of discretion with respect to each recipient").

### C.    Each subclass satisfies the typicality requirement of Rule 23(a)(3).

Typicality is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement seeks to ensure that the interests of the class representatives align with the interests of the class as a whole. *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality is satisfied if the class representatives' claims are "reasonably coextensive with those of the absent class members; they need not be substantially identical." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (quoting *Parsons*, 754 F.3d at 685). Commonality and typicality "tend to merge" because both "serve as guideposts for determining whether . . . a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 564 U.S. at 349 n.5.

All Representative Plaintiffs and class members have been equally impacted by Defendants' unlawful actions. Each subclass advances the same legal arguments, their claims "arise[ ] from the same course of events", and each seeks the same relief: an injunction and a declaration that Defendants' actions to suspend refugee processing and admissions and halt

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

USRAP-related funding are unlawful. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). Their claims are thus typical of the subclasses which they seek to represent. *Id.* (upholding typicality where plaintiffs "raise[d] similar constitutionally-based arguments and are alleged victims of the same practice of prolonged detention while in immigration proceedings").

> **D.    The Representative Plaintiffs and class counsel will adequately represent the proposed Class and Subclasses.**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class" they seek to represent. Fed. R. Civ. P. 23(a)(4). To determine whether representation is adequate, courts must consider two questions: (1) do the "representative plaintiffs and their counsel have any conflicts of interest with other class members" and (2) will the "representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon*, 150 F.3d at 1020) (internal citations omitted). Adequate representation is generally presumed absent contrary evidence. *See* 1 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 3:72 (6th ed. 2024 update). Both Representative Plaintiffs and their counsel satisfy these requirements.

**Representative Plaintiffs.** Each Representative Plaintiff will fairly and adequately protect the interests of their respective subclass. Each Representative Plaintiff is willing to serve as class representative on behalf of those similarly situated. Pacito Decl ¶ 49; Esther Decl ¶ 28; Josephine Decl. ¶ 36; Sara Decl. ¶ 25; Alyas Decl. ¶ 36; Marcos Decl. ¶ 28; Ali Decl. ¶ 31; Ahmed Decl. ¶ 20. Each understands the roles and responsibilities of a class representative and knows that if the class is certified, they will be representing more than just themselves in this case. Pacito Decl ¶ 50; Esther Decl ¶ 29; Josephine Decl. ¶ 37; Sara Decl. ¶ 26; Alyas Decl. ¶ 37; Marcos Decl. ¶ 29; Ali Decl. ¶ 32; Ahmed Decl. ¶ 21. Each is willing to be actively involved as a class representative and to work with counsel on behalf of their subclasses. Pacito Decl ¶ 51; Esther Decl ¶ 30; Josephine Decl. ¶ 38; Sara Decl. ¶ 27; Alyas Decl. ¶ 38; Marcos Decl. ¶ 30; Ali Decl. ¶ 33; Ahmed Decl. ¶ 22.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    There is no conflict because both Representative Plaintiffs and the absent subclass

2  members are experiencing the same fundamental injury and share the same goal: to enjoin and

3  declare unlawful Defendants' actions to suspend refugee processing and admissions and halt

4  USRAP-related funding. The requested remedy will apply equally to both Representative Plaintiffs

5  and the absent class members. Neither do Representative Plaintiffs have any interests that are, or

6  could potentially become, antagonistic to the absent subclass members. Instead, they have an

7  interest in vigorously pursuing the claims of their respective subclass members, which align

8  entirely with their own claims.

9    **Proposed Class Counsel.** Proposed class counsel are competent to prosecute this action

10  vigorously. Counsel's adequacy is shown where counsel is "qualified, experienced, and generally

11  capable to conduct the litigation." *Jordan v. Los Angeles County*, 669 F.2d 1311, 1323 (9th Cir.),

12  *cert. granted, judgment vacated on other grounds*, 459 U.S. 810 (1982). Plaintiffs are represented

13  by counsel from the International Refugee Assistance Project ("IRAP") and Perkins Coie LLP.

14  These counsel have extensive experience in handling complex and class action litigation, including

15  on behalf of refugees and other noncitizens. *See* Alagesan Decl. ¶¶ 6–9; Exhibit 2 ("Schneider

16  Decl.") ¶¶ 7–9. They have successfully sought class certification from courts in this circuit many

17  times in the past. *See, e.g.*, *Jane Doe 1 v. Nielsen*, 357 F. Supp. 3d 972, 990–91 (N.D. Cal. 2018)

18  (IRAP); *Wagafe*, 2017 WL 2671254, at *15 (Perkins Coie). They have more than sufficient

19  resources to litigate this matter vigorously. *See* Scheider Decl. ¶ 10; Alagesan Decl. ¶ 9. In sum,

20  class counsel have the experience and ability to continue to vigorously and effectively represent

21  both named and absent class members.

22  **II.    This action satisfies the requirements of Rule 23(b)(2).**

23    Rule 23(b)(2) permits class certification where defendants "ha[ve] acted or refused to act

24  on grounds that apply generally to the class, so that final injunctive relief or corresponding

25  declaratory relief is appropriate respecting the class as a whole." The underlying premise of

26  subsection (b)(2) is "the indivisible nature of the injunctive or declaratory remedy warranted—the

1   notion that the conduct [at issue] can be enjoined or declared unlawful only as to all of the class

2   members or as to none of them." *Dukes*, 564 U.S. at 360 (citation omitted). In other words,

3   subsection (b)(2) is met where "a single injunction or declaratory judgment would provide relief

4   to each member of the class." *Id.*

5          Rule 23(b)(2)'s requirements are met here. Through their suspension of refugee processing

6   and admissions and halting of USRAP-related funding Defendants have acted, and continue to act,

7   on grounds that are generally applicable to all class members. Defendants' blanket policies apply

8   uniformly to all subclass members, warranting certification under Rule 23(b)(2). *See, e.g.*,

9   *Unthaksinkun v. Porter*, No. C11-588JLR, 2011 WL 4502050, at *9 (W.D. Wash. Sept. 28, 2011)

10  (because all class members were subject to same process, ruling as to legal sufficiency of process

11  would apply to all).

12         Additionally, Plaintiffs ask the court to declare the Refugee Ban and Funding Suspension

13  and Termination unlawful and unenforceable and enjoin Defendants from enforcing these policies

14  against Plaintiffs and all members of the Class. Plaintiffs do not ask for any individual adjudication

15  of refugee status or services for any individual within their first ninety days in the United States.

16  Nor is any Plaintiff seeking damages. Rather, the requested injunctions and declaratory relief

17  would benefit Representative Plaintiffs and each subclass member equally, and no individual

18  subclass member would call for different or separate relief. The requested relief is, therefore, the

19  prototypical "uniform injunctive or declaratory relief from policies or practices that are generally

20  applicable to the class as a whole." *See Parsons*, 754 F.3d at 688 (citation omitted).

21         Because Defendants have subjected both Representative Plaintiffs and the proposed class

22  members to the same statutory and constitutional violations, and because they seek uniform relief,

23  certification under Rule 23(b)(2) is proper.

24                                          **<u>CONCLUSION</u>**

25         Plaintiffs respectfully request that the Court grant their motion and enter an order certifying

26  the proposed sub-classes under Rule 23(a) and (b)(2). Plaintiffs further request the appointment of

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  the Representative Plaintiffs as class representatives for their respective subclasses and the

2  appointment of Plaintiffs' counsel as class counsel for the Class.

3                                    *        *        *

4          The undersigned certifies that this motion contains 4,783 words, in compliance with the

5  Local Civil Rules.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: March 14, 2025

1

2    Deepa Alagesan*
     Mevlüde Akay Alp*
3    Linda Evarts*
     Ghita Schwarz*
4    **INTERNATIONAL REFUGEE**
     **ASSISTANCE PROJECT**
5    One Battery Park Plaza, 33rd Floor
     New York, New York 10004
6    Telephone: (646) 939-9169
     Facsimile: (516) 324-2267
7    dalagesan@refugeerights.org
     makayalp@refugeerights.org
8    levarts@refugeerights.org
     gschwarz@refugeerights.org
9
     Melissa Keaney*
10   **INTERNATIONAL REFUGEE**
     **ASSISTANCE PROJECT**
11   P.O. Box 2291
     Fair Oaks, California 95628
12   Telephone: (646) 939-9169
     Facsimile: (516) 324-2267
13   mkeaney@refugeerights.org

14   Laurie Ball Cooper*
     Megan McLaughlin Hauptman*
15   **INTERNATIONAL REFUGEE**
     **ASSISTANCE PROJECT**
16   650 Massachusetts Avenue NW, Suite 600
     Washington, D.C. 20001
17   Telephone: (516) 732-7116
     Facsimile: (516) 324-2267
18   lballcooper@refugeerights.org
     mhauptman@refugeerights.org

By:  s/ *Harry H. Schneider, Jr.*
     Harry H. Schneider, Jr., WSBA No. 9404
     Jonathan P. Hawley, WSBA No. 56297
     Shireen Lankarani, WSBA No. 61792
     Esmé L. Aston, WSBA No. 62545
     **PERKINS COIE LLP**
     1201 Third Avenue, Suite 4900
     Seattle, Washington 98101
     Telephone: (206) 359-8000
     Facsimile: (206) 359-9000
     HSchneider@perkinscoie.com
     JHawley@perkinscoie.com
     SLankarani@perkinscoie.com
     EAston@perkinscoie.com

     John M. Devaney*
     **PERKINS COIE LLP**
     700 Thirteenth Street NW, Suite 800
     Washington, D.C. 20005
     Telephone: (202) 654-6200
     Facsimile: (202) 654-6211
     JDevaney@perkinscoie.com

     Joel W. Nomkin*
     **PERKINS COIE LLP**
     2525 East Camelback Road, Suite 500
     Phoenix, Arizona 85016
     Telephone: (602) 351-8000
     Facsimile: (602) 648-7000
     JNomkin@perkinscoie.com

     Nicholas J. Surprise*
     **PERKINS COIE LLP**
     33 East Main Street, Suite 201
     Madison, Wisconsin 53703
     Telephone: (608) 663-7460
     Facsimile: (608) 663-7499
     NSurprise@perkinscoie.com

     *Counsel for Plaintiffs*

     * *Admitted pro hac vice*

MOT. FOR CLASS CERTIFICATION – 16
(No. 2:25-CV-255-JNW)