THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,

*Defendants*.

CASE NO. C25-255 JNW

**[PROPOSED] STIPULATED PROTECTIVE ORDER**[1]

1. PURPOSES AND LIMITATIONS

This matter is before the Court for entry of a Protective Order. The parties hereto have

---

[1] This Protective Order is based on the Court's Model Stipulated Protective Order. In general, the changes eliminate language that does not apply to the present case and adds terms to clarify the exact scope of the information protected.

agreed to the entry of this Protective Order to preserve the confidentiality of certain documents and information for the limited purpose of facilitating Defendants' identification of plaintiffs proceeding under pseudonyms in order to comply with (1) the Court's February 28, 2025, Preliminary Injunction Order, Dkt. # 45, (2) any other equitable relief entered in this action, and (3) the Court's March 4, 2025 Order, Dkt. #51 directing parties to file status reports or further status reports ordered in this action (together, "Court's Orders").

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following types of information produced or otherwise exchanged:

(a) any personally identifying information of plaintiffs proceeding under pseudonyms as identified in Dkt. 1 ("Compl.") 13-21, including names and contact information;

(b) any identifying information related to plaintiffs' cases or application with the Defendant agencies, including case numbers and addresses;

(c) any information that, either alone or in association with other related information, would allow the identification of the plaintiffs proceeding under pseudonyms to whom the information relates;

(d) any identifying information of plaintiffs' family members or sponsors, including case numbers, addresses, employer identity, or other information that would allow the identification of plaintiffs' family members or sponsors.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, or information

that is obtained outside of this litigation.

4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Plaintiffs and their counsel may provide Confidential information to help the Defendants implement this Court's Orders. Unless otherwise ordered by the court or permitted in writing by Plaintiffs, Defendants' counsel may disclose any Confidential material only to:

(a)     any support staff and other employees of such counsel assisting in this action with an appropriate need to know in order to facilitate discovery or compliance with any agreement or court order. If any of Defendants' counsel, support staff, or other employees cease to represent Defendants in this action for any reason, such counsel shall no longer have access to or be authorized to receive any Confidential information;

(b)     any support staff and other employees from the agreed-upon list of Defendants' departments or offices who need to know confidential information in order to process applications in compliance with this Court's Orders, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     the court, court personnel, and court reporters and their staff;

(d)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Use of Information Subject to Protective Order. Use of any information or

documents subject to this Protective Order, including all information derived therefrom, shall be restricted to use for the purposes set forth in Section 1 of this Protective Order (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of Section 1 of this Protective Order. Without limiting the generality of the foregoing sentence, no one subject to this Protective Order shall use Confidential information obtained in this litigation to retaliate against, intimidate, disclose information about, report or refer an individual to any governmental authorities, discriminate against any individual in any manner, or harass any other party or witness, relatives of any other party or witness, including domestic partners of a party or witness; or any individuals associated with the parties in any way. Notwithstanding the foregoing, nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation.

4.4     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the court's files.

5. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

6. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, and all steps to remediate that unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the protected material, or request that the unauthorized recipient delete and/or destroy the Confidential material (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

7. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving

[PROPOSED] STIPULATED PROTECTIVE ORDER
C25-255 JNW - 5

party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, consistent with 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. The Court retains jurisdiction following termination of this action, including all appeals, for purposes of enforcing this Protective Order and addressing any disputes or violations arising thereunder.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 14, 2025             */s/Harry H. Schneider, Jr.*
                                  Attorneys for Plaintiff

DATED: March 14, 2025             */s/ Nancy K. Canter*
                                  Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED:_____

                                  _____
                                  THE HONORABLE JAMAL N. WHITEHEAD
                                  United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Pacito et al v. Trump et al*., No. C25-255 JNW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

**Appendix A**

Pursuant to Section 4.2(b) of this Protective Order, the below represents the agreed-upon list of agencies and offices to whom Defendants' attorneys may disclose Confidential information to, and to whom this protective order will also apply.

1. The U.S. Department of Homeland Security and subagencies

2. The U.S. Department of State and subagencies (bureaus and offices) and non-U.S. Government USRAP partners

3. The U.S. Department of Justice and subagencies

4. The U.S. Department of Health and Human Services and subagencies