1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

PACITO, ESTHER, JOSEPHINE,
SARA, ALYAS, MARCOS, AHMED,
RACHEL, ALI, HIAS INC., CHURCH
WORLD SERVICE INC., LUTHERAN
COMMUNITY SERVICES
NORTHWEST,

CASE NO. 2:25-cv-255-JNW

ORDER DENYING MOTION TO STAY
PENDING APPEAL

11

Plaintiffs,

12

v.

13

14

15

16

DONALD J. TRUMP, President of the
United States, MARCO RUBIO,
Secretary of State, KRISTI NOEM,
Secretary of Homeland Security,
ROBERT R. KENNEDY JR., Secretary
of Health and Human Services,

17

Defendants.

18

## 1. INTRODUCTION

19

20

21

Defendants move to stay the Court's Preliminary Injunction issued last
month. Dkt. No. 48. Having reviewed the papers filed in support of and opposition
to the motion, the Court denies the motion for the reasons below.

22

23

## 2. BACKGROUND

On February 25, 2025, the Court issued a preliminary injunction, followed days later by a written order, enjoining Defendants and their agents, save for President Trump individually, from: (1) enforcing or implementing Executive Order 14163 § 3(a), (b), and (c), and § 4 in its entirety; (2) suspending or implementing the suspension of refugee processing, decisions, and admissions; (3) suspending or implementing the suspension of USRAP funds, including implementing the Suspension Notices sent by the U.S. State Department to all refugee and resettlement partners on January 24, 2025; and (4) withholding reimbursements to resettlement partners for USRAP-related work performed pursuant to cooperative agreements before January 20, 2025. Dkt. No. 45 at 61–62.

Defendants appealed the injunction and now seek a stay pending that appeal. Dkt. Nos. 46, 48.

## 3. DISCUSSION

### 3.1 Legal standard.

In the Ninth Circuit, courts use almost the same test for deciding whether to issue a stay pending appeal as they do when deciding whether to issue a preliminary injunction—the moving party must show: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) lack of substantial harm to other parties; and (4) the public interest favors a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). "The first two factors . . . are the most critical." *Nken,* 556 U.S. at 434.

1    Whether to grant a stay is left to the court's discretion, but the party seeking

2    the stay must "'show[ ] that the circumstances justify an exercise of that discretion."

3    *Id.* at 433–34.

4    **3.2    Defendants fail to show that they are likely to succeed on appeal.**

5    Turning to the first *Nken* factor—likelihood of success—the Court has

6    already found that *Plaintiffs* are likely to succeed on the merits of their claims,

7    including their ultra vires and APA claims. *See* Dkt. Nos. 39; 45 §§ 3.3 ("Plaintiffs

8    are likely to succeed on the merits of their ultra vires claim."), 3.4. ("Plaintiffs are

9    likely to succeed on their APA claims against Secretary Rubio, Secretary Noem, and

10   Secretary Kennedy."). Defendants disagree with the Court's conclusion and largely

11   rehash their arguments about the proper interpretation of 8 U.S.C. § 1182(f) and

12   *Trump v. Hawaii*, 585 U.S. 667 (2018), which this Court already rejected when

13   granting the preliminary injunction. Dkt. No. 48 at 7. But they offer no new legal or

14   factual arguments that would justify reconsideration of the Court's ruling that

15   Plaintiffs are likely to succeed on their claims. *See* Dkt. No. 45 §§ 3.3, 3.4.

16
17   **3.3    Defendants fail to show that they will suffer irreparable harm absent a stay.**

18   Defendants have not met the second *Nken* factor either, as their claimed

19   harms do not constitute irreparable injury. First, they invoke *Maryland v. King*, 567

20   U.S. 1301 (2012), to argue they suffer irreparable harm whenever the government is

21   "enjoined by a court from effectuating statutes enacted by representatives of its

22   people." Dkt. No. 48 at 9. As the Ninth Circuit has held, however, "if we were to

23   adopt the government's assertion that the irreparable harm standard is satisfied by

1    the fact of executive action alone, no act of the executive branch asserted to be

2    inconsistent with a legislative enactment could be the subject of a preliminary

3    injunction. That cannot be so." *Doe #1 v. Trump*, 957 F.3d 1050, 1059 (9th Cir.

4    2020). In any event, Defendants seek not to "effectuate" Congressional statutes here

5    but to sidestep them through executive action that this Court has found likely

6    unlawful.

7         Next, Defendants argue the nationwide scope of the injunction causes

8    irreparable harm, Dkt. No. 48 at 9–10, but they fail to address the Court's prior

9    reasoning for why such relief is necessary to provide complete relief and maintain

10   uniform immigration law and policy. *See* Dkt. No. 45 at 59–60; *see also Washington*

11   *v. Trump,* 847 F.3d 1151, 1166-67 (9th Cir. 2017). Thus, Defendants identify no

12   compelling basis on which to deviate from the Court's previously established

13   reasoning.

14        Defendants also contend the injunction unlawfully intrudes on the Executive

15   Branch. Dkt. No. 48 at 10. But "claims that the Government has suffered an

16   institutional injury by erosion of the separation of powers" do not alone amount to

17   irreparable harm, because the Government may "pursue and vindicate its interests

18   in the full course of this litigation" by obtaining a ruling on the merits. *E. Bay*

19   *Sanctuary Covenant v. Trump*, 932 F.3d 742, 778 (9th Cir. 2018).

20        Finally, Defendants suggest that "the USRAP Order cannot be applied after

21   entry if the preliminary injunction is later overturned," Dkt. No. 70 at 3, referencing

22   a declaration stating that "USCIS can only terminate refugee status if it is

23   subsequently determined that the alien did not meet the definition of a refugee at

the time of admission." Dkt. No. 48-2 ¶ 4. This argument lacks merit. The record contains no evidence that refugees admitted through the normal statutory process pose any danger or detriment to the United States. Rather, as the Court previously noted, refugees undergo extensive vetting before admission.

### 3.4    Staying the injunction would substantially harm Plaintiffs and go against the public interest.

As the Court has already held, an injunction is necessary to protect Plaintiffs from immediate, irreparable harm. Dkt. No. 45 at 53–54. The irreparable harm to the Individual Plaintiffs includes being stranded abroad in physical danger, ongoing separation from family members, and deprivation of critical resettlement benefits and support services in the United States. *Id.* (citing *Washington v. Trump*, 847 F.3d at 1169 ("separated families" constitute irreparable harm); *Leiva-Perez v. Holder*, 640 F.3d 962, 969–70 (9th Cir. 2011) (per curiam) (recognizing that "important [irreparable harm] factors include separation from family members" (cleaned up)); *Al Otro Lado, Inc. v. McAleenan*, 423 F. Supp. 3d 848, 876–77 (S.D. Cal. 2019) (threat of physical danger to refugees is irreparable harm); *Doe v. Trump*, 288 F. Supp. 3d 1045, 1082 (W.D. Wash. 2017) (prolonged family separation, including in context of refugee suspension, constitutes irreparable harm)). And the Organizational plaintiffs face financial collapse and devastating staff layoffs. *Id.* at 54 (citing *HiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022) ("[T]he threat of being driven out of business is sufficient to establish irreparable harm[.]" (cleaned up)); *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975) ("a substantial loss of business" and prospect of "bankruptcy" constitute

irreparable harm)). These harms compound daily, and a stay would only exacerbate these harms indefinitely.

In the face of these concrete, immediate, and irreparable harms to Plaintiffs the Government argues in the abstract that the injunction threatens executive authority over immigration matters. But as this Court has already held, that authority cannot exceed Congress's carefully crafted statutory schemes and the public interest is not served in maintaining executive actions that conflict with federal law. Dkt. No. 45 at 57 (citing *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (no legitimate government interest in violating federal law)). Defendants claim the public interest supports enforcing the President's order, but this argument only works if the order is lawful in the first place—and this Court has already determined the order and its implementation are likely unlawful.

### 4. CONCLUSION

Because Defendants have not made the required showing on any of the four *Nken* factors, their motion to stay the preliminary injunction pending appeal is DENIED. Dkt. No. 48.

Dated this 21st day of March, 2025.

Jamal N. Whitehead
United States District Judge