District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State, KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,

*Defendants*.

CASE NO. 2:25-cv-00255

MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL

NOTE ON MOTION CALENDAR: April 18, 2025

---

Motion to Stay Preliminary
Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

Pursuant to Federal Rule of Civil Procedure 62, Defendants hereby respectfully move for a stay pending appeal of the Court's March 24, 2025 Order granting Plaintiffs' motion for preliminary injunction on supplemental pleading. ECF No. 79 (Findings of Fact, Conclusions of Law, and Order Issuing Second Preliminary Injunction).

Defendants respectfully request a ruling by the close of business on April 4, 2025. After that time, if relief has not been granted, Defendants may elect to seek relief from the U.S. Court of Appeals for the Ninth Circuit.

## BACKGROUND

In its March 24, 2025 Order, the Court entered a nationwide injunction prohibiting Defendants from enforcing or implementing any portion of Defendants' termination of USRAP-related funding provided to resettlement partners through cooperative agreements with the U.S. Department of State, including as reflected in the State Department's February 26, 2025 Termination Notices. ECF No. 79 at 36. The Court also ordered Defendants to reinstate all cooperative agreements terminated pursuant to the February 26, 2025 Termination Notices and prohibited Defendants from terminating any cooperative agreements without complying with the Court's understanding of applicable statutory requirements. *Id.* The Court's order was premised upon its determination that Plaintiffs' funding claims are not contract claims subject to the exclusive jurisdiction of the Court of Federal Claims, *id.* at 8-14, and its conclusion that Plaintiffs presented a cognizable APA claim, *id.* at 16.

One day following the Court's March 24, 2025 order, the Ninth Circuit Court of Appeals stayed, in large part, the Court's February 25, 2025 nationwide injunction prohibiting Defendants from implementing §§ 3(a), (b), (c), and 4 of Executive Order 14163; suspending or implementing the suspension of refugee processing, decisions, and admissions and suspending or implementing the suspension of USRAP funds. *Pacito v. Trump*, Case No. 25-

Motion to Stay Preliminary
Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

1

1313 (9th Cir. March 25, 2025). As to funding issues, the Ninth Circuit stayed all aspects of this Court's February 25 injunction.

On March 25, 2025, Defendants filed a notice of appeal of the Court's March 24, 2025 Order. *Pacito v. Trump*, Case No. 25-1939.

## ARGUMENT

Courts consider four factors in assessing a motion for stay pending appeal: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable harm absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008). When the government is a party, its interests and the public interest "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### I.  The Stay Factors Warrant a Stay

The Court of Appeals' grant of Defendants' request for an immediate stay pending appeal indicates that Defendants are likely to succeed on appeal in seeking review of the Court's February 25, 2025 order, in which Defendants argued, among others, that this Court erred with respect to Plaintiffs' funding claims. *See also U.S. Conference of Catholic Bishops v. U.S. Dep't of State*, No. 25-465, 2025 WL 763738, at * 5 (D.D.C. Mar. 11, 2025) ("a request for an order that the government 'must perform' on its contract is one that 'must be resolved by the Claims Court'"), appeal docketed, No. 25-5066 (D.C. Cir. Mar. 14, 2025), *motion for injunction pending appeal denied*, No. 25-5066 (D.C. Cir. Mar. 28, 2025)).  In any event, Defendants are likely to prevail on appeal for all of the reasons explained in their prior briefing in this Court.

The Ninth Circuit's stay order further establishes that the equities favor staying this Court's intrusion into the Executive's management of the refugee program, and that further

Motion to Stay Preliminary
Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

2

intervention by this Court should await the outcome of the government's appeals of this Court's orders.

Because the Court's March 24, 2025 order is premised upon the same erroneous interpretation of Plaintiffs' funding claims as its earlier February 25, 2025 injunction, Defendants respectfully request that the Court stay its March 24, 2025 preliminary injunction order pending resolution of the government's appeals of both orders. *See Pacito v. Trump*, Case Nos. 25-1313, 25-1939. Additionally, given the Ninth Circuit's stay with respect to funding suspensions and refugee admissions, this Court's latest preliminary injunction is unlikely to address any alleged harm by Plaintiffs.

## II.   Practical Considerations Also Warrant a Stay

Defendants further request that the Court stay its March 24, 2025 order as the Department of State can not unilaterally reinstate a terminated cooperative agreement. Indeed, the State Department may only do so with consent of the other party. *See* 48 C.F.R. § 49.102(d). Furthermore, now that the Ninth Circuit has stayed all aspects of this Court's February 25 injunction as to funding, the Department of State would be able to reinstate all terminated cooperative agreements only to suspend those agreements in light of the Ninth Circuit's stay. *Pacito v. Trump*, Case No. 25-1313 (9th Cir. March 25, 2025).

A stay of the Court's March 24 preliminary injunction pending resolution of the government's appeal of both the February 25 and March 24 injunctions would streamline this litigation and prevent additional confusion to the status of cooperative agreements without any harm to Plaintiffs.

## **CONCLUSION**

Defendants request that the Court stay all pending deadlines before the Court, including the obligation to file a status report on March 31, 2025 and a joint status report on April 7, 2025, ECF No. 79 at 37, as well as the April 4, 2025 deadline for Defendants to

Motion to Stay Preliminary  
Injunction Pending Appeal  

No. 2:25-cv-00255-JNW

U.S. Department of Justice  
Civil Division, Office of Immigration Litigation  
P.O. Box 878, Ben Franklin Station  
Washington, DC 20044  
(202) 305-7234

3

respond to Plaintiffs' class certification motion, ECF No. 71, and the April 14 Answer deadline. And, at a minimum, this Court should delay the effective date of its injunction so that Defendants can, if necessary, seek an orderly stay pending appeal from the Ninth Circuit before any compliance obligations are triggered. Such restraint is particularly warranted considering the Ninth Circuit's determination that Defendants are likely to prevail on their challenge to the first injunction, upon which the second injunction is significantly predicated.

Defendants further respectfully request a ruling by the close of business on April 4, 2025, after which time Defendants may seek relief from the U.S. Court of Appeals for the Ninth Circuit.

DATED this 28th day of March, 2025.

        Respectfully submitted,

        YAAKOV M. ROTH
        Acting Assistant Attorney General
        Civil Division

        AUGUST FLENTJE
        Acting Director

        */s/ Nancy K. Canter*
        NANCY K. CANTER
        (CA Bar No. 263198)
        Senior Litigation Counsel

        LINDSAY ZIMLIKI
        JOSEPH MCCARTER
        ALEXANDRA YEATTS
        Trial Attorneys
        U.S. Department of Justice
        Civil Division, Office of Immigration Litigation
        Washington, DC 20005
        Phone: 202-305-7234
        Email: nancy.k.canter@usdoj.gov

        *Attorneys for Defendants*

Motion to Stay Preliminary
Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

4

I certify that this memorandum contains 1,021 words, in compliance with the Local Civil Rules.

Motion to Stay Preliminary
Injunction Pending Appeal

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7234

5