THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>*Defendants*. | Case No. 2:25-cv-255-JNW<br><br>**PLAINTIFFS' MOTION FOR EMERGENCY CONFERENCE OR SHOW CAUSE HEARING TO ADDRESS DEFENDANTS' INTENT TO RE-SUSPEND USRAP COOPERATIVE AGREEMENTS**<br><br>NOTE ON MOTION CALENDAR: APRIL 3, 2025 |

Plaintiffs respectfully request an emergency conference or show cause hearing to address the State Department's announced intention to once again—unlawfully—suspend the cooperative agreements that are necessary to ensure that the U.S. Refugee Admissions Program ("USRAP") is administered as this Court and the Ninth Circuit have required.

PLS.' MOT. FOR EMERGENCY CONF.
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

On April 2, 2025, Plaintiffs Church World Service, Inc. ("CWS") and HIAS, Inc. received letters from the State Department's Bureau of Population, Refugees, and Migration notifying them of the agency's "intent to reinstate the referenced terminated award(s) . . . . in accordance with the [Court's] March 24 preliminary injunction." Exs. 1–2.* The letters also announced, however, that, "[u]pon reinstatement, the referenced award(s) will be suspended immediately." *Id.*

In issuing its first preliminary-injunction order, the Court determined that Defendants' suspension of USRAP cooperative agreements was unlawful and enjoined "Defendants, except for President Trump individually," from "[s]uspending or implementing the suspension of USRAP funds." Dkt. No. 45 at 31–51, 61. Defendants' intended re-suspension of the cooperative agreements does not merely run afoul of that first preliminary injunction—it also constitutes an end-run around the Court's *second* preliminary injunction, which requires Defendants to "reinstate the cooperative agreements" because such relief "is necessary to prevent permanent damage and preserve the status quo while the parties litigate the merits of this lawsuit." Dkt. No. 79 at 3.

The State Department's letters, like Defendants' latest stay motion, *see* Dkt. No. 82, justify the re-suspension of cooperative agreements based only on a reference to "the [Ninth Circuit's] March 25 partial stay of the February 28 preliminary injunction." Exs. 1–2. But, like Defendants' stay motion, the State Department's letters conspicuously ignored critical context and details.

*First*, the initial funding suspensions addressed by the Court in its first preliminary-injunction order ended—by Defendants' own admission—with the conclusion of the agency's review on February 26 and its decision to terminate the cooperative agreements outright. Specifically, Defendants' sworn evidence demonstrates that, consistent with the wording of Executive Order 14169—which Defendants cite as the basis for the initial USRAP funding suspensions—the "pause" on funding was for purpose of review such that the suspensions ended when Secretary Rubio concluded his review of the relevant grants on February 26, 2025. Dkt.

---

* Exhibits are attached to the previously filed declaration of Jonathan P. Hawley. *See* Dkt. No. 86.

PLS.' MOT. FOR EMERGENCY CONF. – 2
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

No. 49 at 5–6. In response to Plaintiffs' first motion for an emergency hearing, Defendants filed declarations from State Department officials averring that "the processing for individually reviewing each outstanding State Department grant and federal assistance award obligation has concluded" and that "Secretary Rubio has now made a final decision with respect to each such award, affirmatively electing to either retain the award or terminate as inconsistent with the national interests and foreign policy of the United States." Dkt. No. 49-1 ¶¶ 1–2; *see also* Dkt. No. 49-2 ¶ 4. One State Department official specifically affirmed that "no USAID obligations [i.e., grants subject to the 'pause' directed by Executive Order 14169] will remain in a suspended state." Dkt. No. 49-1 ¶ 1.

*Second*, the Ninth Circuit's stay order did *not* endorse a renewed suspension of the cooperative agreements—and, in fact, didn't address the funding suspension at all. Given that the funding suspensions ended with the termination of the cooperative agreements, Defendants informed the Ninth Circuit that Plaintiffs' challenges to the funding suspensions were "irrelevant," Reply in Support of Emergency Motion Pursuant to Circuit Rule 27-3 at 10–11, *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 18, 2025), Dkt. No. 17.1, such that "[a]ny injury Plaintiffs might have suffered . . . no longer exists . . . and [is] therefore no longer redressable," Emergency Motion Pursuant to Circuit Rule 27-3 for Stay Pending Appeal at 17, *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 8, 2025), Dkt. No. 5.2. In short, Defendants instructed the Ninth Circuit to treat the USRAP funding suspension as moot. Consequently, the Ninth Circuit's stay order neither analyzed nor even mentioned Plaintiffs' Administrative Procedure Act ("APA") challenge to Defendants' suspension of USRAP funding from January 24 through February 26. *See* Order, *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 25, 2025), Dkt. No. 28.1 ("Ninth Circuit Order"). Instead, the Ninth Circuit discussed *only* the President's power under section 212(f) of the Immigration and Nationality Act, *see* 8 U.S.C. § 1182(f)—which, as this Court previously noted, has no bearing on Defendants' funding suspension and Plaintiffs' APA claims challenging it. *See* ECF No. 45 at 41–

PLS.' MOT. FOR EMERGENCY CONF. – 3
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

42. Indeed, Executive Order 14169, which Defendants cite as their authority for the USRAP funding suspension, does not even reference section 212(f). *See* 90 Fed. Reg. 8,619 (Jan. 20, 2025).

*Third*, the State Department's letters ignore what the Ninth Circuit *did* order: in expressly declining to stay the processing of refugees conditionally approved for refugee status prior to January 20, 2025, the Ninth Circuit mandated that Defendants continue "refugee processing, decisions, and admissions" for individuals who were conditionally approved for refugee status at the time the Refugee Ban EO was issued. Ninth Circuit Order 1; *see also* Dkt. No. 45 at 61. But the continued processing of refugees conditionally approved prior to January 20 cannot be effectuated now without resettlement partners. Indeed, as Defendants conceded to the Court in their status report of March 10, there has been "significant deterioration of functions throughout the USRAP." Dkt. No. 62 at 2. As further discussed in the parties' joint status report, because of the termination of the cooperative agreements, the State Department has no currently operative infrastructure to process refugee admissions. *See* Dkt. No. 75 at 11 (stating that "major portions of the [USRAP] that is operated through cooperative agreements have been terminated"); *id.* at 12 (noting that "IOM and CWS *may* resume operating the RSCs" and that the "State Department is also exploring the feasibility of transferring files for refugees covered by terminated RSCs to operative RSCs" (emphasis added)). By Defendants' own admission, it will take "at least three months" to arrange for a new resettlement agency "to provide reception and placement benefits aligned with administration policies." *Id.* at 13–14.

Put plainly, without resettlement partners like CWS and HIAS, Defendants *cannot* comply with the Ninth Circuit's stay order. Enforcement of this Court's second preliminary injunction requiring reinstatement of the cooperative agreements, *see* Dkt. No. 79 at 3, is therefore the only practicable way for the still-active portions of the Court's first preliminary injunction to take effect.

\* \* \*

Given these developments, Plaintiffs respectfully ask the Court for an emergency conference or show cause hearing to address (1) Defendants' apparent plan to immediately re-

PLS.' MOT. FOR EMERGENCY CONF. – 4
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  suspend any reinstated USRAP cooperative agreements and (2) Defendants' compliance with the
2  Court's preliminary-injunction orders.
3      Relatedly, Plaintiffs also plan to request an emergency conference as part of their
4  forthcoming motion to seek enforcement of the Court's preliminary injunctions.
5                    *       *       *
6      I certify that this motion contains 1,143 words, in compliance with the Local Civil Rules.

PLS.' MOT. FOR EMERGENCY CONF. – 5
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: April 3, 2025

Linda Evarts*
Deepa Alagesan*
Mevlüde Akay Alp*
Ghita Schwarz*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
levarts@refugeerights.org
dalagesan@refugeerights.org
makayalp@refugeerights.org
gschwarz@refugeerights.org

Melissa Keaney*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
P.O. Box 2291
Fair Oaks, California 95628
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
mkeaney@refugeerights.org

Laurie Ball Cooper*
Megan McLaughlin Hauptman*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Avenue NW, Suite 600
Washington, D.C. 20001
Telephone: (516) 732-7116
Facsimile: (516) 324-2267
lballcooper@refugeerights.org
mhauptman@refugeerights.org

By: *s/ Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Shireen Lankarani, WSBA No. 61792
Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
SLankarani@perkinscoie.com
EAston@perkinscoie.com

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

Nicholas J. Surprise*
**PERKINS COIE LLP**
33 East Main Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
NSurprise@perkinscoie.com

*Counsel for Plaintiffs*

*\* Admitted pro hac vice*

PLS.' MOT. FOR EMERGENCY CONF. – 6
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000