1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC., and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>Defendants. | CASE NO. 2:25-cv-255-JNW<br><br>ORDER |

ORDER - 1

## 1.  INTRODUCTION

Defendants move to stay the Court's Preliminary Injunction issued on March 24, 2025. Dkt. No. 82. Having reviewed the parties' briefing, the record, and the law, the Court DENIES the motion for the reasons explained below.

## 2.  BACKGROUND

On February 25, 2025, the Court issued a preliminary injunction enjoining the Government from: (1) enforcing or implementing Executive Order 14163 § 3(a), (b), and (c), and § 4; (2) suspending refugee processing, decisions, and admissions; (3) suspending USRAP funding under cooperative agreements; and (4) withholding reimbursements to USRAP partners for work performed under cooperative agreements before January 20, 2025. Dkt. No. 45 at 61–62.

Between February 26 and 27, the Government terminated (i) all cooperative agreements with agencies providing domestic USRAP reception and placement (R&P) services, including Plaintiffs HIAS, Inc. and Church World Services, Inc. (CWS), and (ii) all but one cooperative agreement with agencies providing international USRAP case processing services, including HIAS and CWS ("Funding Termination"). *See* Dkt. No. 49-2 ¶¶ 4–5; 75 at 2. The Funding Termination induced what the Government calls a "significant deterioration of functions throughout the USRAP." Dkt. No. 62 at 3.

On March 3, the Government appealed this Court's February 25 injunction to the Ninth Circuit, then moved—in both this Court and, on March 8, in the Ninth Circuit—for a stay of the injunction pending appeal. Dkt. Nos. 46, 48; *Pacito et al. v. Trump et al.*, Case No. 25-1313 (9th Cir.) ("*Pacito v. Trump*"), Dkt. No. 28.

On March 4, the Court held an emergency status conference to address the Funding Termination and, from the bench, granted Plaintiffs leave to amend their complaint and to file a new motion for preliminary injunctive relief, which they promptly did. Dkt. Nos. 51, 54, 56, 57.

On March 19, the Ninth Circuit requested that the Court resolve the Government's motion to stay the February 25 preliminary injunction before the motion's March 24 noting date. Dkt. No. 77. On March 21, complying with the Ninth Circuit's request, the Court issued an order denying the motion to stay. Dkt. No. 78.

On March 24, the Court granted Plaintiffs' motion for a preliminary injunction on their revised pleading, finding that they were likely to succeed on their Administrative Procedure Act (APA) challenge to the Funding Termination. Dkt. No. 79. In this Order, the Court (1) affirmed that the terms of the February 25 injunction remain in effect; (2) enjoined the Government from enforcing or implementing the Funding Termination or otherwise terminating any USRAP cooperative agreements in violation of law; and (3) ordered the Government to reinstate the terminated agreements. *Id.* at 36.

On March 25, the Ninth Circuit issued an order denying in part and granting in part the Government's motion to stay the February 25 injunction. *Pacito v. Trump*, Dkt. No. 28. The Ninth Circuit "denied [the stay] to the extent the district court's preliminary injunction order applies to individuals who were conditionally approved for refugee status by the United States Citizenship and Immigration Services before January 20, 2025." *Id.* at 1. The court granted the stay "[i]n all other respects[.]" *Id.* at 2.

ORDER - 3

On March 25, the Government filed a notice of appeal to the Ninth Circuit of the Court's March 24 injunction. Dkt. No. 80. The Government now seeks a stay of that injunction pending this new appeal. Dkt. No. 82.

## 3. DISCUSSION

To obtain a stay pending appeal, the moving party must show: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) lack of substantial harm to other parties; and (4) the public interest favors a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). "The first two factors . . . are the most critical." *Nken*, 556 U.S. at 434.

The Government fails to show that it is likely to succeed on the merits of its appeal. The Government provides no new analysis on the merits, arguing only that it is "likely to prevail on appeal for all of the reasons explained in [its] prior briefing in this Court." Dkt. No. 82 at 3. The Court has already addressed and rejected those reasons and need not do so again here. *See* Dkt. Nos. 45, 79.

The Government's argument that the Ninth Circuit's partial stay order indicates a likelihood of success on appeal is unpersuasive for several reasons. First, the Ninth Circuit's order only addresses the President's power to impose entry restrictions under 8 U.S.C. § 1182(f) and makes no comment about the APA issues also at the heart of this case. *See Pacito v. Trump*, Dkt. No. 28. Second, far from supporting the Government's position, the Ninth Circuit's order reinforces this Court's conclusion about the Funding Termination by explicitly keeping in place portions of the February 25 injunction. Specifically, the Ninth Circuit maintained the injunction against suspending USRAP funding, processing, and admissions for

"individuals who were conditionally approved for refugee status . . . before January 20, 2025." *Id.* at 1. This means the Government must continue processing, admitting, and providing resettlement support to this group of refugees—the very obligations that the March 24 injunction reinforces by prohibiting the Funding Termination. Thus, the Government's claim that "the Ninth Circuit has stayed all aspects of this Court's February 25 injunction as to funding," *see* Dkt. No. 82 at 4, is simply not supported by the Ninth Circuit's actual order.

The Government also fails to satisfy the remaining *Nken* factors. Neither the Government nor the public interest face injury from the Court's preliminary injunction compelling the Government to meet its statutory obligations. Plaintiffs, by contrast, suffer escalating irreparable harm absent injunctive relief, as discussed extensively in the Court's prior orders. *See, e.g.*, Dkt. Nos. 45 at 53–56; 78 at 5–6; 79 at 27–29. None of the *Nken* factors are met, and no stay is warranted.

Finally, the Government's argument that practical considerations warrant a stay is unavailing. The Government emphasizes that "the Department of State can not [sic] unilaterally reinstate a terminated cooperative agreement." Dkt. No. 82 at 2. But as Plaintiffs explain, "the organizational Plaintiffs and fellow resettlement agencies are highly unlikely to refuse the full reinstatement of their abruptly terminated agreements." Dkt. No. 85 at 7. And the Government's assertion that "the Ninth Circuit has stayed all aspects of this Court's February 25 injunction as to funding," as discussed above, is unsupported and false. *See* Dkt. No. 82 at 4.

ORDER - 5

## 4. CONCLUSION

Because the Government has not made the required showing on any of the *Nken* factors, its motion to stay the Court's March 24, 2025, preliminary injunction pending appeal is DENIED. Dkt. No. 82.

Dated this 4th day of April, 2025.

_____
Jamal N. Whitehead
United States District Judge