District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State, KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services,<br><br>*Defendants*. | CASE NO. 2:25-cv-00255<br><br>MOTION TO RECONSIDER DENIAL OF STAY AND MOTION FOR AN INDICATIVE RULING<br><br>NOTE ON MOTION CALENDAR: April 7, 2025 |

1 Motion to Reconsider Denial of Stay
And Motion for an Indicative Ruling

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537

# INTRODUCTION

The Court's February 25 and 28, 2025 universal preliminary injunction order ("First Preliminary Injunction") has been stayed in large part by the Court of Appeals. The Ninth Circuit explained that other than preserving the status of individuals who were conditionally approved for refugee status prior to January 20, 2025, this Court's First Preliminary Injunction order is stayed "[*i*]n *all other respects*." *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 25, 2025) ("Stay Order") (emphasis added). In so doing, the Ninth Circuit observed that "Executive Order No. 14163 does not purport to revoke the refugee status of individuals who received that status under the United States Refugee Admissions Program prior to January 20, 2025." *Id.* at 1. Accordingly, "individuals who were conditionally approved for refugee status…before January 20, 2025" remain conditionally approved. *Id.* at 1. "*In all other respects*," however, the First Preliminary Injunction was stayed, including with respect to managing USRAP funding. *Id.* at 2 (emphasis added).

Based on this clear directive from the Ninth Circuit, Defendants asked this Court to stay its March 24, 2025 second preliminary injunction that enjoined Defendants' termination of cooperative agreements ("Second Preliminary Injunction"). Dkt. No. 82. Defendants advised this Court of the Government's view that "[a]s to funding issues, the Ninth Circuit stayed all aspects of this Court's [First Preliminary Injunction]." *Id.* at 3. Defendants also asked this Court to hold this matter in abeyance pending resolution of the Government's appeal, which this Court denied on April 4, 2025, See Dkt. No. 92.

On April 2, 2025, pursuant to the Second Preliminary Injunction order, the Government issued organizational Plaintiffs notices of intent to reinstate the terminated cooperative agreements to their status immediately before February 26. Dkt. Nos. 86-1, 86-2. Given the Ninth Circuit's Order staying this Court's injunction of the suspension of the cooperative agreements, the Government stated in the notices that it intended to immediately suspend the cooperative agreements once reinstated. *Id.* In response, Plaintiffs filed two motions collectively seeking to enforce the First Preliminary Injunction,

2 Motion to Reconsider Denial of Stay
And Motion for an Indicative Ruling

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537

which they argue the Government is violating by re-suspending the reinstated cooperative agreements. Dkt. Nos. 87 and 89.

Pursuant to Local Rules 7(d)(1) and (h), Defendants respectfully request that the Court reconsider its April 4, 2025 ruling and decline to take further action in this matter until the Court of Appeals has resolved the Government's appeal. Plaintiffs' (and this Court's) interpretation of the Ninth Circuit's ruling cannot be squared with the plain language of the Stay Order. Put simply "all other respects" means just that—all other respects, not just those that the Ninth Circuit stay panel specifically discussed. By reading "all" as "some," this Court's April 4 ruling squarely contravened the Ninth Circuit's Stay Order. Moreover, if Plaintiffs believe the Government's interpretation is in error, they should seek clarification from the Ninth Circuit or wait for its ruling on the Government's appeals.

In addition, under the Ninth Circuit's Stay Order and the Supreme Court's recent decision in *Dep't of Educ. v. California*, 604 U.S. ___ (U.S. 2025), the government is now plainly likely to prevail on appeal under its Tucker Act arguments. As a result, this Court should also issue an indicative ruling under Rule 62.1 reconsidering its Second Preliminary Injunction.

## LEGAL STANDARD

Under Western District Local Civil Rule 7(h), granting of a motion for reconsideration is warranted upon "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LRC 7(h); *Humphreys v. Burgher*, No. 18-cv-5736, 2021 WL 1019630, at *1 (W.D. Wash. Mar. 17, 2021). While a motion for reconsideration should not be granted in ordinary circumstances, reconsideration is warranted when a district court has "committed clear error." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

3 Motion to Reconsider Denial of Stay
And Motion for an Indicative Ruling

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537

# ARGUMENT

**I. The Ninth Circuit's Order stayed this Court's February 28 injunction in all respects but for a narrow carveout prohibiting revocation of conditionally-approved-refugee status.**

As discussed above, the Ninth Circuit Stay Order denied the Government's stay request only "to the extent the district court's preliminary injunction order applies to individuals who were conditionally approved for refugee status [by USCIS] before January 20, 2025." Stay Order at 1 (explaining "Executive Order No. 14163 does not purport to revoke the refugee status of individuals who received that status under the [USRAP] prior to January 20, 2025"). In other words, this narrow carveout merely precludes the Government from revoking the conditional approval of individuals who received that status before January 20. It does not require the Government to take steps to facilitate the entry of such conditionally approved individuals.

This reading of the Stay Order is consistent with the balance of the Stay Order. Immediately following the paragraph concerning the narrow carveout, the Ninth Circuit explained that this Court's First Preliminary Injunction is stayed "[i]n all other respects" because, under *Trump v. Hawaii*, 585 U.S. 667, 684 (2018), "8 U.S.C. § 1182(f) 'exudes deference' to the President and 'vests [him] with ample power to impose entry restrictions in addition to those elsewhere enumerated in the INA.'" Stay Order at 2 (emphasis added). After requiring conditional approvals to remain intact, the Ninth Circuit intentionally and explicitly recognized the President's power to suspend entry of any alien or class of aliens whose entry he deems detrimental to the interests of the United States. By staying the First Preliminary Injunction in *all* respects other than revocation of pre-January 20 conditional refugee status, the Stay Order necessarily stays the Injunction as to refugee application processing, decisions, and admissions, as well as funding to organizational Plaintiffs through cooperative agreements. As a matter of plain language, that is the only defensible reading of the word "all." Construing "all other respects" to mean "only those matters explicitly discussed by the Ninth Circuit" is not tenable.

4 Motion to Reconsider Denial of Stay
And Motion for an Indicative Ruling

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537

The Stay Order thus allows for re-suspension of further processing and entry as to conditionally-approved individuals, since it is one of the "other respects" of this Court's first preliminary injunction was the injunction against the funding suspension. Under the Stay Order's "all other respects language," that aspect of the injunction has been stayed by the Ninth Circuit. That Stay Order is thus consistent with the Government's position that such individuals, who are conditionally approved to receive refugee *status upon entry to the United States*, remain subject to inadmissibility bars when they attempt to physically enter the country. *See, e.g.*, Dkt. No. 48 at 6. The Government's reading of the Stay Order is also consistent with both Plaintiffs' and this Court's acknowledgment that "conditional approval" by USCIS is an intermediate step in a prospective refugee's path that does not ensure entry into the country. *See, e.g.*, Dkt. No. 75 at 2, 7 (explaining that conditional approval does not equate to being "travel-ready," as conditionally approved individuals still must complete medical examinations and security checks); Dkt. No. 45 at 6-7.

## II. Plaintiffs and the Court's April 4, 2025 Order misread the Ninth Circuit Stay Order.

Notwithstanding the plain text of the Stay Order and the Ninth Circuit's invocation of *Hawaii* (as well as Plaintiffs' own stated understanding of conditional approval as a preliminary step in the refugee application process), the Plaintiffs and the Court nevertheless reads the Stay Order as requiring the government to continue to facilitate the admission of individuals who were conditionally approved for refugee status before January 20. Dkt. No. 92 at 3-4.

*First*, the Court asserts that "the Government must continue processing, admitting, and providing resettlement support [for individuals who were conditionally approved for refugee status at the time the USRAP EO was issued].'" Dkt. No. 94 at 4. But the Stay Order contains no such requirement. *See* Stay Order at 1. The Stay Order merely provides that individuals whom USCIS conditionally approved for refugee status before January 20 may not have that status revoked. The Ninth Circuit said nothing about admitting such individuals and, instead, reaffirmed that the President

5 Motion to Reconsider Denial of Stay
And Motion for an Indicative Ruling

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537

may impose entry restrictions on such individuals under 8 U.S.C. § 1182(f) and *Hawaii*. *See* Stay Order at 1-2. The Court's reading of the Stay Order not only inserts nonexistent language, but it also omits crucial contextual language. Indeed, the Court declined to mention that the Ninth Circuit stayed the First Preliminary Injunction in all respects other than one narrow carveout and the Circuit's reaffirmation of the President's authority under 8 U.S.C. § 1182(f) to impose entry restrictions on any class of aliens. Dkt. No. 92 at 4-5. This Court, therefore, clearly erred in its reading and application of the Stay Order.

*Second*, the Court maintains that the Stay Order does not stay the enjoining of the suspension of funds to organizational Plaintiffs through cooperative agreements. Dkt. No. 94 at 5. That is clearly wrong; beyond the Stay Order's narrow carveout locking in place conditional-refugee-status-approvals, the Ninth Circuit stayed the First Preliminary Injunction "[*i*]*n all other respects*." Stay Order at 2 (emphasis added). The First Preliminary Injunction's suspension of funds to organizational Plaintiffs is plain. Thus, even assuming *arguendo* Plaintiffs (and the Court) are correct (which they are not) that the Stay Order requires continued processing and admission of conditionally approved refugees, the Ninth Circuit stayed the injunction halting the funding suspension. The only basis Plaintiffs give for why they believe the Stay Order does not apply to that aspect of the injunction is that the Ninth Circuit did not analyze Plaintiffs' APA challenge explicitly. Dkt. No. 87 at 3. But the Ninth Circuit did not need to do so because the Circuit stayed the First Preliminary Injunction "in all other respects," which clearly encompasses the funding aspect of the Injunction. Stay Order at 2. Further, the Circuit's citation to the *Nken* standard for stays pending appeal after stating that its Order stays the First Preliminary Injunction in all respects other than one narrow carveout indicates that the phrase "all other respects" includes Plaintiffs' APA challenge. *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

*Third*, Plaintiffs appear to contend that the Stay Order does not allow the Government to re-suspend the reinstated cooperative agreements because the agreements were terminated by the

6 Motion to Reconsider Denial of Stay
And Motion for an Indicative Ruling

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537

Government on February 26. Dkt. No. 87 at 2. But Plaintiffs conveniently ignore that, at their request, this Court enjoined those terminations. When the Ninth Circuit stayed this Court's First Preliminary Injunction enjoining the suspension of cooperative agreements, this Court's Second Preliminary Injunction became the relevant direction to Defendants. The Second Preliminary Injunction ordered the Government to reinstate all terminated cooperative agreements "to their status as they existed *immediately before February 26, 2025*." Dkt. No. 79 at 36 (emphasis added). Given the Ninth Circuit's Stay Order permitting the suspension of cooperative agreements, the agreements had already been stayed before February 26. In other words, this Court's Second Preliminary Injunction Order enjoining the terminations read in conjunction with the Ninth Circuit's Stay Order permitting the suspensions requires the cooperative agreements to be returned to their suspended status.

### III. Additionally, this Court should issue an indicative ruling reconsidering its Second Preliminary Injunction Order.

Given that the Ninth Circuit's Order stayed this Court's injunction as to funding organizational Plaintiffs through cooperative agreements, this Court should issue an indicative ruling reconsidering the Second Preliminary Injunction. The Ninth Circuit's Order indicated that Defendants are likely to succeed on their Tucker Act argument on appeal as the Circuit stayed the First Preliminary Injunction in "all other respects," which included Plaintiffs' funding claims. Stay Order at 2. In granting the Second Preliminary Injunction, this Court rejected the same Tucker Act argument the Ninth Circuit found likely to succeed on appeal. *See* Dkt. No. 79 at 8-14. Thus, the Court's Second Preliminary Injunction conflicts with the Ninth Circuit's findings and will likely be reversed on appeal.

This Court's Second Preliminary Injunction order has further been rendered untenable by the Supreme Court's recent decision in *Department of Educ. v. California*, 604 U.S. ___, 2025 WL 1008354 (U.S. 2025), which was released on Friday. There, the Supreme Court reaffirmed that "the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to

7 Motion to Reconsider Denial of Stay
  And Motion for an Indicative Ruling

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537

pay money.' … Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* at *3.

Under that binding holding, this Court's Second Preliminary Injunction order is plainly invalid. This Court should therefore reconsider its Second Preliminary Injunction under *Department of Education v. California* and issue an indicative ruling under Rule 62.1 that it would dissolve that injunction if the Ninth Circuit were to remand for that purpose.

## **CONCLUSION**

For the foregoing reasons, this Court should reconsider its denial of Defendants' stay motion and issue an indicative ruling reconsidering its Second Preliminary Injunction order.

8 Motion to Reconsider Denial of Stay
And Motion for an Indicative Ruling

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537

DATED this 7th day of April, 2025.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

MICHELLE LATOUR
Deputy Director

NANCY K. CANTER
Senior Litigation Counsel

*/s/ Joseph McCarter*
JOSEPH MCCARTER
Maryland Bar No. 2311290014
ALEXANDRA YEATTS
Trial Attorneys
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
Washington, DC 20005
Phone: 202-746-8537
Email: Joseph.A.McCarter@usdoj.gov

*Attorneys for Defendants*

I certify that this memorandum contains 2,128 words, in compliance with the Local Civil Rules.

9 Motion to Reconsider Denial of Stay
And Motion for an Indicative Ruling

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 746-8537