District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State, KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services,

*Defendants*.

CASE NO. 2:25-cv-00255-JNW

DEFENDANTS' STATUS REPORT REGARDING SECOND PRELIMINARY INJUNCTION COMPLIANCE

DEFENDANTS' STATUS REPORT

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

On February 26, Defendant State Department terminated all USRAP-related cooperative agreements for each of the ten national resettlement agencies, except Plaintiff CWS' cooperative agreement for operation of the Resettlement Support Center ("RSC") in Africa (which remained under a suspension notice). On March 24, 2025, the Court granted Plaintiffs' motion for a preliminary injunction on supplemental pleadings, enjoining Defendants, except for President Trump individually, from "enforcing or implementing any portion of Defendants' termination of USRAP-related funding provided to resettlement partners through their cooperative agreements with the U.S. State Department, including as reflected in the Termination Notices the U.S. State Department sent to resettlement partners beginning on February 26, 2025." Dkt. No. 79 ("Second Preliminary Injunction") at 36. The Court further ordered Defendants to "reinstate all cooperative agreements terminated pursuant to the Termination Notices to their status as they existed before February 26, 2025" and "prohibited [Defendants] from terminating any USRAP cooperative agreements without complying with applicable statutory requirements and administrative procedures mandated by the Administrative Procedures Act." *Id.* The Order also directed the parties to submit a joint status report on the steps taken to comply with the Second Preliminary Injunction by April 7, 2025. *Id.* at 37.[1]

Simultaneously, on March 8, 2025, following this Court's denial of the Government's Motion to Stay enforcement of the First Preliminary Injunction, Dkt. No. 48, the Government moved in the Ninth Circuit for a stay pending appeal of the First Preliminary Injunction. On March 25, 2025, the Ninth Circuit issued a Stay Order granting in part and denying in part the

---

[1] Defendants submit this unilateral status report following Plaintiffs' April 4th filing of a Motion for Emergency Conference or Show Cause Hearing and a Motion to Enforce the First Preliminary Injunction, Dkt. Nos. 87 and 89, and this Court's Minute Order requiring Defendants to respond to these motions in a unified brief due April 8th, Dkt. No. 91. Despite that, in their response due April 8, Defendants will outline the scope of the Ninth Circuit's Stay Order and its impact on this Court's First Preliminary Injunction, as well as their compliance with this Court's First Preliminary Injunction, Defendants submit this unilateral status report in order to comply with this Court's order requiring the submission of a status report, Dkt. No. 79.

DEFENDANTS' STATUS REPORT

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

Government's request to stay this Court's First Preliminary Injunction. *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 25, 2025) ("Stay Order").

The Ninth Circuit's March 25 Stay Order explains that, other than preserving the status of individuals who were conditionally approved for refugee status prior to January 20, 2025, this Court's First Preliminary Injunction order is stayed "[*i*]*n all other respects*." The Ninth Circuit further observed that "Executive Order No. 14163 does not purport to revoke the refugee status of individuals who received that status under the United States Refugee Admissions Program prior to January 20, 2025." *Id.* at 1. Accordingly, "individuals who were conditionally approved for refugee status…before January 20, 2025" remain conditionally approved. *Id.* at 1. "*In all other respects*," however, the First Preliminary Injunction is stayed, including with respect to managing USRAP funding. *Id.* at 2 (emphasis added).

On April 2, 2025, pursuant to the Second Preliminary Injunction order, the Government issued organizational Plaintiffs and additional resettlement agencies notices of intent to reinstate the terminated cooperative agreements to their status immediately before February 26. Dkt. Nos. 86-1, 86-2. Given the Ninth Circuit's Order staying this Court's injunction of the suspension of the cooperative agreements, the Government stated in the notices that it intended to immediately suspend the cooperative agreements once reinstated. *Id.* Because the Department of State cannot unilaterally reinstate a terminated cooperative agreement, these notices of intent to reinstate and subsequently suspend require the consent of the award recipient before the reinstatement and suspension can take effect. Parties to all thirty-one terminated cooperative agreements received these notices of intent to reinstate and subsequently suspend their awards. As of today, award recipients have countersigned for twenty previously-terminated cooperative agreements. This includes organizational Plaintiffs CWS and HIAS, who countersigned for each of their terminated agreements.

DEFENDANTS' STATUS REPORT

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

DATED this 7th day of April, 2025.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General

ERNESTO H. MOLINA, JR.
Deputy Director

*/s/ Alexandra L. Yeatts*
ALEXANDRA L. YEATTS
(CA Bar No. 358762)
Trial Attorney

NANCY K. CANTER
Senior Litigation Counsel

JOSEPH MCCARTER
LINDSAY ZIMLIKI
Trial Attorneys
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
Washington, DC 20005
Phone: 202-353-5677
Email: alexandra.yeatts@usdoj.gov

*Attorneys for Defendants*

| | |
|---|---|
| DEFENDANTS' STATUS REPORT | U.S. Department of Justice |
| | Civil Division, Office of Immigration Litigation |
| | P.O. Box 878, Ben Franklin Station |
| No. 2:25-cv-00255-JNW | Washington, DC 20044 |
| | (202) 353-5677 |