District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State, KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services, <br><br> *Defendants*. | CASE NO. 2:25-cv-00255 <br><br> RESPONSE TO PLAINTIFFS' MOTION (1) FOR EMERGENCY CONFERENCE OR SHOW CAUSE HEARING TO ADDRESS DEFENDANTS' INTENT TO RE-SUSPEND USRAP COOPERATIVE AGREEMENTS AND (2) TO ENFORCE THE FIRST PRELIMINARY INJUNCTION AND EMERGENCY SHOW CAUSE HEARING |

Response to Plaintiffs' Motions

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

## INTRODUCTION & BRIEF BACKGROUND

This Court's February 25 and 28, 2025 universal preliminary injunction order ("First Preliminary Injunction") has been stayed in large part by the Court of Appeals. The Ninth Circuit explained that other than preserving the status of individuals who were conditionally approved for refugee status prior to January 20, 2025, this Court's First Preliminary Injunction order is stayed "[*i*]*n all other respects[.]*" *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 25, 2025) ("Stay Order") (citing *Trump v. Hawaii*, 585 U.S. 667, 684 (2018) as "explaining that 8 U.S.C. § 1182(f) 'exudes deference' to the President and 'vests [him] with ample power to impose entry restrictions in addition to those elsewhere enumerated in the INA'") (emphasis added) (edits in original). In so doing, the Ninth Circuit observed that "Executive Order No. 14163 does not purport to revoke the refugee status of individuals who received that status under the United States Refugee Admissions Program prior to January 20, 2025." *Id*. at 1. Accordingly, "individuals who were conditionally approved for refugee status…before January 20, 2025" remain conditionally approved. *Id*. "*In all other respects*," however, this Court's injunction was stayed, including with respect to managing USRAP funding. *Id*. at 2 (emphasis added).

Based on this clear directive from the Ninth Circuit, Defendants asked this Court to stay its March 24, 2025 second preliminary injunction that enjoined Defendants' termination of cooperative agreements ("Second Preliminary Injunction"). Dkt. No. 82. Defendants advised this Court of the Government's view that "[a]s to funding issues, the Ninth Circuit stayed all aspects of this Court's February 25 injunction." *Id.* at 3. Defendants also asked this Court to hold this matter in abeyance pending resolution of the Government's appeal, which the Court denied on April 4, 2025. See Dkt. No. 92.

On April 2, 2025, pursuant to the Second Preliminary Injunction order, the Government issued organizational Plaintiffs notices of intent to reinstate the terminated cooperative agreements to their status immediately before February 26. Dkt. Nos. 86-1, 86-2. Given the Ninth Circuit's Order staying this Court's injunction of the suspension of the cooperative agreements, the Government

Response to Plaintiffs' Motions

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

2

stated in the notices that it intended to immediately suspend the cooperative agreements once reinstated. *Id.* In response, Plaintiffs filed two motions collectively seeking to enforce the First Preliminary Injunction, which they argue the Government is violating by re-suspending the reinstated cooperative agreements. Dkt. Nos. 87 and 89.

This Court should not take further actions in this matter until the Court of Appeals has resolved the Government's appeal. Plaintiffs read the Ninth Circuit Stay Order too narrowly. Plaintiffs' position that "*all* other respects" actually just means "*some* other respects (*i.e.*, only those discussed explicitly")" is simply not tenable as a matter of either law or language. And while the Government strongly disputes Plaintiffs' interpretation and believes it simply cannot be squared with the plain language of the Stay Order, the meaning of the Stay Order is a matter properly considered by the Ninth Circuit—and not this Court—given that proceedings there remain pending. If Plaintiffs believe the Government's interpretation is in error, they should seek clarification from the Ninth Circuit or wait for its ruling on the Government's appeals. And if this Court would like to weigh in on the meaning of the Stay Order, it should, at the very most, construe the instant motions as motions for an indicative ruling under Rule 62.1 and issue an indicative ruling—although even issuing an indicative ruling would be inappropriate as the Ninth Circuit is presently considering the issues underlying the Stay Order.

## LEGAL STANDARD

"A motion to enforce judgment is the 'usual method' for requesting a court to interpret its own judgment and compel compliance with a prior decision." *California by & through Becerra v. United States Dep't of the Interior*, No. C 17-5948 SBA, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citations omitted). "A motion to enforce the court's previous judgment may be granted when the prevailing party demonstrates its opponent has not complied with the judgment's terms." *State of California v. United States Dep't of Lab.*, 155 F. Supp. 3d 1089, 1096 (E.D. Cal. 2016) (citations omitted). "The court may grant the moving party only that relief to which it is entitled under the original judgment." *Id*.

Response to Plaintiffs' Motions

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

3

# ARGUMENT

### I. The Ninth Circuit Stay Order stayed this Court's February 28 injunction in all respects but for a narrow carveout prohibiting revocation of conditionally-approved-refugee status.

As discussed above, the Ninth Circuit Stay Order denied the Government's stay request only "to the extent the district court's preliminary injunction order applies to individuals who were conditionally approved for refugee status [by USCIS] before January 20, 2025." Stay Order at 1 (explaining "Executive Order No. 14163 does not purport to revoke the refugee status of individuals who received that status under the [USRAP] prior to January 20, 2025"). In other words, this narrow carveout merely precludes the Government from revoking the conditional approval of individuals who received that status before January 20. It does not require the Government to take steps to facilitate the entry of such conditionally approved individuals.

This reading of the Stay Order makes sense when read alongside the rest of the Order. Immediately following the paragraph concerning the narrow carveout, the Ninth Circuit explained that this Court's First Preliminary Injunction is stayed "[*i*]*n all other respects*" because, under *Trump v. Hawaii*, 585 U.S. at 864, "8 U.S.C. § 1182(f) 'exudes deference' to the President and 'vests [him] with ample power to impose entry restrictions in addition to those elsewhere enumerated in the INA.'" Stay Order at 2 (emphasis added). After requiring conditional approvals to remain intact, the Ninth Circuit intentionally and explicitly recognized the President's power to suspend entry of any alien or class of aliens whose entry he deems detrimental to the interests of the United States. By staying the First Preliminary Injunction in all respects other than revocation of pre-January 20 conditional refugee status, the Stay Order necessarily stays the Injunction as to refugee application processing, decisions, and admissions, as well as funding to organizational Plaintiffs through cooperative agreements. As a matter of plain language, that is the only defensible reading of the word "all." Construing "all other respects" to mean "only those matters explicitly discussed by the Ninth Circuit" is not tenable.

| Response to Plaintiffs' Motions | U.S. Department of Justice |
|---|---|
| | Civil Division, Office of Immigration Litigation |
| | P.O. Box 878, Ben Franklin Station |
| No. 2:25-cv-00255-JNW | Washington, DC 20044 |
| | (202) 353-5677 |

The Stay Order thus allows for re-suspension of further processing and entry as to conditionally-approved individuals, since one of the "other respects" of this Court's first preliminary injunction was the injunction against the funding suspension. Under the Stay Order's "all other respects language," that aspect of the injunction has been stayed by the Ninth Circuit. That Stay Order is thus consistent with the Government's position that such individuals, who are conditionally approved to receive refugee status *upon entry to the United States*, remain subject to inadmissibility bars when they attempt to physically enter the country. *See, e.g.*, Dkt. No. 48 at 6. The Government's reading of the Stay Order is also consistent with both Plaintiffs' and this Court's acknowledgment that "conditional approval" by USCIS is an intermediate step in a prospective refugee's path that does not ensure entry into the country. *See, e.g.*, Dkt. No. 75 at 2, 7 (explaining that conditional approval does not equate to being "travel-ready," as conditionally approved individuals still must complete medical examinations and security checks); Dkt. No. 45 at 6-7. Further, even those who are conditionally approved *and* travel-ready remain subject to the suspension of physical entry pursuant to Section 1182(f) and preserved by the Stay Order.

## II. Plaintiffs misread the Ninth Circuit Stay Order.

Notwithstanding the plain text of the Stay Order and the Ninth Circuit's invocation of *Hawaii* (as well as Plaintiffs' own stated understanding of conditional approval as a preliminary step in the refugee application process), Plaintiffs and the Court nevertheless read the Stay Order as requiring the Government to continue to facilitate the admission of individuals who were conditionally approved for refugee status before January 20. Dkt. No. 92 at 3-4.

*First*, Plaintiffs attempt to re-draft the Stay Order to support their preferred outcome. They assert that "the Ninth Circuit mandated that Defendants continue 'refugee processing, decisions, and admissions' for individuals who were conditionally approved for refugee status at the time the [USRAP] EO was issued.'" Dkt. No. 87 at 4 (purportedly citing Stay Order at 1). But the Stay Order contains none of the quoted language. *See* Stay Order at 1. The Stay Order merely provides

Response to Plaintiffs' Motions

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

5

that individuals whom USCIS conditionally approved for refugee status before January 20 may not have that status revoked. The Ninth Circuit said nothing about admitting such individuals and, instead, reaffirmed that the President may impose entry restrictions on such individuals under 8 U.S.C. § 1182(f) and *Hawaii*. *See* Stay Order at 1-2.

*Second*, Plaintiffs wrongly argue the Stay Order preserves the injunction on the suspension of funds to organizational Plaintiffs through cooperative agreements. Dkt. No. 87 at 3-4. This ignores that, besides the Stay Order's narrow carveout locking in place conditional-refugee-status-approvals, the Ninth Circuit stayed the First Preliminary Injunction "[*i*]n all other respects." Stay Order at 2 (emphasis added). The First Preliminary Injunction's enjoining of the suspension of funds to organizational Plaintiffs and other resettlement agencies is plain. Thus, even assuming *arguendo* Plaintiffs are correct (which they are not) that the Stay Order requires processing of conditionally approved individuals' refugee cases to resume, the Ninth Circuit still stayed the injunction halting the funding suspension. The only basis Plaintiffs give for why they believe the Stay Order does not apply to that aspect of the injunction is that the Ninth Circuit did not analyze Plaintiffs' APA challenge explicitly. Dkt. No. 87 at 3. But the Ninth Circuit did not need to do so because the Circuit stayed the First Preliminary Injunction "in all other respects," which clearly encompasses the funding aspect of the Injunction. Stay Order at 2. Further, the Circuit's citation to the *Nken* standard for stays pending appeal after stating that its Order stays the First Preliminary Injunction in all respects other than one narrow carveout indicates that the phrase "all other respects" includes Plaintiffs' APA challenge. *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

*Third*, Plaintiffs appear to contend that the Stay Order does not allow the Government to re-suspend the reinstated cooperative agreements because the agreements were terminated by the Government on February 26. Dkt. No. 87 at 2. But Plaintiffs conveniently ignore that, at their request, this Court enjoined those terminations. When the Ninth Circuit stayed this Court's First Preliminary Injunction enjoining the suspension of cooperative agreements, this Court's Second Preliminary Injunction became the relevant direction to Defendants. The Second Preliminary

Response to Plaintiffs' Motions

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

6

Injunction ordered the Government to reinstate all terminated cooperative agreements "to their status as they existed *immediately before February 26, 2025*." Dkt. No. 79 at 36 (emphasis added). Given the Ninth Circuit's Stay Order permitting the suspension of cooperative agreements, the agreements were in suspended status immediately before February 26. In other words, this Court's Second Preliminary Injunction Order enjoining the terminations read in conjunction with the Ninth Circuit's Stay Order permitting the suspensions requires the cooperative agreements to be returned to their suspended status.

**III.      This Court should hold the instant motions in abeyance until the Ninth Circuit rules on the Government's pending appeals.**

The Government acknowledges that this Court disagrees with its reading of the Stay Order. *See* Dkt. No. 92 at 4-5. The Government respectfully believes the Court's reading of the Order is incorrect and omits crucial contextual language. As such, the Government asks this Court to revisit its analysis here. *See id.* (declining to mention that the Ninth Circuit stayed the First Preliminary Injunction in all respects other than one narrow carveout and the Circuit's reaffirmation of the President's authority under 8 U.S.C. § 1182(f) to impose entry restrictions on any class of aliens). But should this Court decline to do so, it should hold the instant motions in abeyance pending the Ninth Circuit's resolution of the Government's appeals of the First and Second Preliminary Injunctions. The Ninth Circuit itself should clarify any ambiguity in the Stay Order, not this Court. Thus, this Court should require Plaintiffs to either wait for the Ninth Circuit to decide the merits of the Government's appeals or file a motion with the Circuit seeking clarification of any ambiguity in the Stay Order.

Lastly, should this Court wish to weigh in on the meaning of the Stay Order, it should at the very most construe the instant motions as motions for an indicative ruling pursuant to Rule 62.1 and issue such a ruling. *See Mendia v. Garcia*, 874 F.3d 1118, 1120 (9th Cir. 2017) (explaining that Rule 62.1 "permits a party to request an "indicative ruling" from the district court when that court lacks jurisdiction in the matter based on a pending appeal"). But even construed as motions for an

Response to Plaintiffs' Motions

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

7

indicative ruling, this Court should still deny the instant motions because they "are asking the Court to decide an issue that they have clearly put before the Court of Appeals." *Rabang v. Kelly*, No. 17-cv-88-JCC, 2018 WL 1737944, at *3 (W.D. Wash. Apr. 11, 2018).

## CONCLUSION

For the foregoing reasons, this Court should deny the instant motions or hold them in abeyance pending the Ninth Circuit's ruling on the Government's pending appeals.

DATED this 8th day of April, 2025.

    Respectfully submitted,

    YAAKOV M. ROTH
    Acting Assistant Attorney General
    Civil Division

    DREW ENSIGN
    Deputy Assistant Attorney General

    ERNESTO H. MOLINA, JR.
    Deputy Director

    */s/ Alexandra L. Yeatts*
    (CA Bar No. 358762)
    Trial Attorney

    JOSEPH MCCARTER
    LINDSAY ZIMLIKI
    Trial Attorneys
    U.S. Department of Justice
    Civil Division, Office of Immigration Litigation
    Washington, DC 20005
    Phone: 202-353-5677
    Email: Alexandra.yeatts@usdoj.gov

    *Attorneys for Defendants*

    I certify that this memorandum contains 1,502 words, in compliance with the Local Civil Rules.

Response to Plaintiffs' Motions

No. 2:25-cv-00255-JNW

U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 353-5677

8