THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,

*Defendants*.

Case No. 2:25-cv-255-JNW

**PLAINTIFFS' REPLY IN SUPPORT OF (1) MOTION FOR EMERGENCY CONFERENCE OR SHOW CAUSE HEARING TO ADDRESS DEFENDANTS' INTENT TO RE-SUSPEND USRAP COOPERATIVE AGREEMENTS AND (2) MOTION TO ENFORCE THE FIRST PRELIMINARY INJUNCTION AND EMERGENCY MOTION FOR SHOW CAUSE HEARING**

NOTE ON MOTION CALENDAR: APRIL 3, 2025

PLS.' REPLY ISO MOT. FOR EMERGENCY
CONF. & MOT. TO ENFORCE
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.     Defendants' interpretation of the Ninth Circuit's stay order is untenable. ............. 1

    II.    Defendants are violating this Court's preliminary injunctions and the Ninth Circuit's stay order ................................................................................................ 3

    III.   The Court can and should order further relief to enforce its orders ....................... 4

CONCLUSION ............................................................................................................................... 6

PLS.' REPLY ISO MOT. FOR EMERGENCY
CONF. & MOT. TO ENFORCE – ii
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**INTRODUCTION**

Defendants now admit that they are not complying and do not intend to comply with either of this Court's preliminary injunctions. To defend their open defiance, they splice together fragments of the Ninth Circuit's stay order to assert an interpretation so tortured as to defy basic logic and erase this Court's rulings from the books. Defendants also suggest that this Court is without the power to enforce its own preliminary-injunction orders until the Ninth Circuit addresses their appeals on the merits. *See* Dkt. No. 97 (Opp'n") at 3, 7. These efforts taken together are indicative of Defendants' intent to continue to suspend the USRAP one way or another, notwithstanding clear orders from this Court and the Ninth Circuit that they cannot do so.

This Court's orders were designed to restore the status quo and ensure that effective relief would remain available at the end of the case. That purpose is being undermined every day by Defendants' delay tactics and willful noncompliance. Further action from the Court is necessary to ensure that Defendants do not continue to defy court orders with impunity and that Plaintiffs are able to benefit from the relief this Court intended.

**ARGUMENT**

**I.    Defendants' interpretation of the Ninth Circuit's stay order is untenable.**

The Ninth Circuit's stay order, denying in part Defendants' request for a stay of the first preliminary injunction, is clear and unambiguous: "[t]he motion is denied to the extent the district court's preliminary injunction order applies to individuals who were conditionally approved for refugee status by [USCIS] before January 20, 2025." Order at 1, *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 25, 2025), Dkt. No. 28.1 ("Stay Order"). The order speaks for itself and leaves this Court's injunction in place as to refugees conditionally approved as of January 20, 2025. This Court's first preliminary-injunction order is no less clear: it enjoined Defendants from, among other things, "suspending or implementing the suspension of refugee processing, decisions, and admissions." Dkt. No. 45 at 61. Simply put, Defendants continue to be enjoined from suspending

PLS.' REPLY ISO MOT. FOR EMERGENCY
CONF. & MOT. TO ENFORCE – 1
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

processing, decisions, and admissions for refugees who were conditionally approved by USCIS before January 20, 2025.

Defendants attempt to rewrite the Ninth Circuit's stay order and this Court's first preliminary injunction by cherry-picking their preferred phrases.

*First*, they whittle the Ninth Circuit's order down to no more than "merely preclud[ing] the Government from revoking the conditional approval of individuals who received [refugee] status before January 20." Opp'n 4. But the Ninth Circuit said nothing about "preclud[ing]" Defendants from revoking conditional approval—unsurprisingly, given that the first preliminary injunction did not either. Rather, the Ninth Circuit's observation that the Refugee Ban EO did not "purport to revoke" the status of those conditionally approved, Stay Order 1, merely indicated that the discrete population to whom the injunction continues to apply is readily identifiable, *see* Dkt. No. 45 (describing conditionally approved refugees); Dkt. No. 51 at 3 (ordering status report on "[m]easures . . . taken or planned to facilitate travel for those who have already been conditionally approved"). Defendants might wish to transmogrify this Court's injunction into no more than a limitation on revoking conditional approvals, but wishing does not make it so. *See Haaland v. Brackeen*, 599 U.S. 255, 294 (2023) ("It is a federal court's judgment, not its opinion, that remedies an injury[.]").

*Second*, Defendants rely entirely on the Ninth Circuit's use of the phrase "in all other respects" to suggest that it silently blessed their suspension of USRAP-related funding. *See generally* Opp'n (referring to these four words in Ninth Circuit's stay order more than dozen times in their seven-page brief). But they ignore that, prior to the stay ruling, Defendants had concluded their review process, ended the suspensions, terminated the relevant cooperative agreements, and informed the Ninth Circuit that the suspension was therefore moot in light of those terminations. *See* Dkt. No. 87 at 3; *see also* Emergency Motion Pursuant to Circuit Rule 27-3 for Stay Pending Appeal at 17, *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 8, 2025), Dkt. No. 5.2. ("Any injury Plaintiffs might have suffered from a 'suspension of USRAP funds' no longer exists after

PLS.' REPLY ISO MOT. FOR EMERGENCY
CONF. & MOT. TO ENFORCE – 2
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

terminations of their contracts, and are therefore no longer redressable."). Accordingly, as this Court concluded, "the Government's claim that the Ninth Circuit has stayed all aspects of this Court's February 25 injunction as to funding is simply not supported by the Ninth Circuit's actual order." Dkt. No. 92 at 5 (cleaned up).

### II.     Defendants are violating this Court's preliminary injunctions and the Ninth Circuit's stay order.

Defendants do not dispute any of Plaintiffs' facts regarding Defendants' noncompliance or attempt to defend their failure to take concrete action to implement the first preliminary injunction prior to the Ninth Circuit's stay order. *See* Dkt. No. 89 at 3–4. As the unrebutted evidence makes clear, though it has been more than a month since the Court ordered Defendants to cease their suspension of refugee processing, decisions, and admissions, the only steps Defendants took to implement the injunction were to (1) permit a small subset of refugees—those seeking admission through the follow-to-join process—to continue processing and self-travel and (2) resume USCIS decision-making on refugee applications. *See id.* at 3. Now, based on their plainly unjustified interpretation of the Ninth Circuit's stay order, Defendants have reversed even these limited compliance measures. *See* Opp'n 5 (claiming that Ninth Circuit's stay order "allows for re-suspension of further processing and entry as to conditionally-approved individuals"); *see also* Dkt. No. 90-11 (email from U.S. embassy indicating that follow-to-join case has been re-suspended following Ninth Circuit's stay order).[1]

Defendants also openly defy this Court's second preliminary injunction, which enjoined their actions that "effectively dismantled the infrastructure necessary to fulfill the Government's statutory obligations" under the Refugee Act of 1980. Dkt. No. 79 at 22. No sooner had Defendants purportedly "reinstated" the USRAP cooperative agreements than they immediately suspended

---

[1] Notably, Defendants do not explain how, even if it were true that the Ninth Circuit stayed the first preliminary injunction as to the funding suspension, that order allowed re-suspension of processing and admissions for the very population for whom the Ninth Circuit explicitly left the injunction in place.

PLS.' REPLY ISO MOT. FOR EMERGENCY
CONF. & MOT. TO ENFORCE – 3
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

them again. Defendants did not provide any justification for the re-suspension—either in the new suspension notices themselves or their briefing—other than their unsupported and incredible assertion that the second preliminary injunction and the Ninth Circuit's stay order "*require*[] the cooperative agreements to be returned to their suspended status." Opp'n 7 (emphasis added). Even though this suspension is neither required nor endorsed by the Ninth Circuit's stay order or this Court's orders, see *supra* pp. 1–3, it is clear that Defendants will continue to violate the preliminary injunction absent further intervention from this Court.

### III. The Court can and should order further relief to enforce its orders.

Further relief is necessary to effectuate the Court's orders given Defendants' brazen noncompliance and lack of candor. Defendants' pending appeal is no obstacle. *Contra* Opp'n 7 (stating that if Court "would like to weigh in about the meaning of the Stay Order, it should at most construe the instant motions as motions for an indicative ruling").[2] The Court is not divested of the power to enforce its orders to preserve the status quo even as to orders that are subject to appeal. *See Armstrong v. Brown*, 732 F.3d 955, 959 n.6 (9th Cir. 2013) (citing current Federal Rule of Civil Procedure 62(d)); *United States v. PetroSaudi Oil Servs. (Venezuela) Ltd.*, 70 F.4th 1199, 1211 (9th Cir. 2023) ("[A] district court may retain jurisdiction when it has a duty to supervise the status quo during the pendency of an appeal[.]"). Defendants' cases are not to the contrary. *See* Opp'n 7–8. Defendants refer to *Mendia v. Garcia*, 874 F.3d 1118 (9th Cir. 2017), but that case simply stands for the proposition that parties may request indicative rulings under Rule 62.1 and does not address the present circumstances. And Defendants' reliance on *Rabang v. Kelly* fares no

---

[2] Nor does Defendants' motion for clarification or reconsideration of the stay order (untimely) filed with the Ninth Circuit earlier today change the analysis. *See* Motion for Clarification of Order Granting a Stay, or, in the Alternative, Reconsideration Under Circuit Rule 27-10, *Pacito v. Trump*, No. 25-1313 (9th Cir. Apr. 9, 2025), Dkt. No. 35.1. The unambiguous language of the Ninth Circuit's stay order leads directly back to this Court's first preliminary-injunction order, *see* Stay Order 1 (denying stay motion "to the extent the district court's preliminary injunction order applies" to refugees who were conditionally approved prior to January 20), both of which this Court unquestionably has the authority to construe and enforce, *see Hawaii v. Trump*, 863 F.3d 1102, 1104 (9th Cir. 2017).

PLS.' REPLY ISO MOT. FOR EMERGENCY
CONF. & MOT. TO ENFORCE – 4
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

better, as that case held only that an indicative ruling should be denied when plaintiffs "are asking the Court to decide an issue that they have clearly put before the Court of Appeals." No. 17-cv-88-JCC, 2018 WL 1737944, at *3 (W.D. Wash. Apr. 11, 2018). But here, Defendants' compliance with the Court's first preliminary-injunction order is not the subject of their appeal.

Not only does the Court have the authority to grant the relief Plaintiffs seek notwithstanding the pending appeal, but such relief is essential for the preliminary injunctions to have their intended effect. An order requiring Defendants to restore the status quo *ante litem* by a date certain is warranted because Defendants are stalwart in their noncompliance; they have never meaningfully complied with the first preliminary injunction, having used every possible excuse to delay implementation, *see* Dkt. No. 89 at 3–4, and now relied on fantastical interpretations to excuse themselves of their clear obligations, *see supra* pp. 1–3.

Indeed, Defendants are not just failing to comply with the Court's orders—the last six weeks have shown that they will not be forthright with the Court and Plaintiffs about their discharge of the preliminary injunctions unless expressly required to share updated information. As explained in Plaintiffs' motion to enforce, although Defendants reported to the Court that they were "work[ing] diligently to comply" with the first preliminary injunction and were waiting only for the relevant RSCs to respond, Dkt. No. 62 at 2, Plaintiff Church World Service, Inc. ("CWS") responded with the required concurrence the same day it was asked but heard nothing further from Defendants, *see* Dkt. No. 89 at 7. Since then, CWS has followed up to ask if anything else is needed and for the further guidance and access needed to reopen RSC Africa—again with no response from Defendants. Only in court filings have Defendants expressed that they construed CWS's concurrence as insufficient, *see* Dkt. No. 93 at 3 n.1—though they have not explained why, even though they accepted a virtually identical concurrence as sufficient to reinstate CWS's other terminated cooperative agreements, *see* Dkt. No. 96 at 2.

Most clearly, were it not for Plaintiffs' motion to enforce, Defendants would not have disclosed to the Court that they had re-suspended refugee processing, decisions, and admissions in

PLS.' REPLY ISO MOT. FOR EMERGENCY
CONF. & MOT. TO ENFORCE – 5
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

their entirety. In the joint status report to the Court, they stated that individuals with approved FTJ-R applications have received travel documents permitting self-travel to the United States and that they had negotiated a protective order with Plaintiffs to confirm case statuses for the individual Plaintiffs. *See* Dkt. No. 75 at 12–13. But unbeknownst to Plaintiffs or the Court, Defendants reversed course on even those limited measures following the Ninth Circuit's stay order. Notably, Plaintiffs contacted Defendants following the stay ruling to ask for information about what Defendants were doing to ensure the continued processing of conditionally approved refugees—including the individual Plaintiffs—but Defendants never responded. It was not until Defendants' filings this week that Plaintiffs learned of Defendants' interpretation of the stay ruling and re-suspension of the refugee program. The daily reporting requested by Plaintiffs is critical in the face of this information disparity and withholding to ensure that Defendants actually abide by the Court's orders.

## **CONCLUSION**

For the reasons set forth above and in their motion, Plaintiffs respectfully request that the Court enforce the first preliminary injunction as it applies to individuals who were conditionally approved for refugee status before January 20, 2025 and grant the relief outlined in Plaintiffs' proposed order.

*    *    *

The undersigned certifies that this motion contains 2,043 words, in compliance with the Local Civil Rules.

PLS.' REPLY ISO MOT. FOR EMERGENCY
CONF. & MOT. TO ENFORCE – 6
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: April 9, 2025

Deepa Alagesan*
Mevlüde Akay Alp*
Linda Evarts*
Ghita Schwarz*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
dalagesan@refugeerights.org
makayalp@refugeerights.org
levarts@refugeerights.org
gschwarz@refugeerights.org

Melissa Keaney*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
P.O. Box 2291
Fair Oaks, California 95628
Telephone: (646) 939-9169
mkeaney@refugeerights.org

Laurie Ball Cooper*
Megan Hauptman*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Ave. NW
Washington, D.C. 20001
Telephone: (646) 939-9169
lballcooper@refugeerights.org
mhauptman@refugeerights.org

By: s/ *Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Shireen Lankarani, WSBA No. 61792
Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
SLankarani@perkinscoie.com
EAston@perkinscoie.com

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

Nicholas J. Surprise*
**PERKINS COIE LLP**
33 East Main Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
NSurprise@perkinscoie.com

*Counsel for Plaintiffs*

*\* Admitted pro hac vice*

PLS.' REPLY ISO MOT. FOR EMERGENCY
CONF. & MOT. TO ENFORCE – 7
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000