UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC., and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>Defendants. | CASE NO. 2:25-cv-255-JNW<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION TO ENFORCE THE FIRST PRELIMINARY INJUNCTION AND EMERGENCY MOTION FOR SHOW CAUSE HEARING |

ORDER - 1

## 1. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Enforce the First Preliminary Injunction and Emergency Motion for Show Cause Hearing, Dkt. No. 89, and Plaintiffs' Motion for Emergency Conference or Show Cause Hearing to Address Defendants' Intent to Re-Suspend USRAP Cooperative Agreements, Dkt. No. 87. Having considered the papers submitted in support of and opposition to the motions, the relevant record, and the argument of counsel, the Court GRANTS IN PART the motions as explained below.

## 2. BACKGROUND

On February 25, 2025, this Court issued a preliminary injunction followed by a written order days later enjoining Defendants from, among other things, "suspending or implementing the suspension of refugee processing, decisions, and admissions" and "suspending or implementing the suspension of USRAP funds." Dkt. No. 45 ("First Injunction") at 61. On March 24, 2025, this Court issued a second preliminary injunction enjoining "Defendants, except for President Trump individually, from enforcing or implementing any portion of Defendants' termination of USRAP-related funding provided to resettlement partners through their cooperative agreements with the U.S. State Department." Dkt. No. 79 ("Second Injunction") at 36. The Court also ordered Defendants to "reinstate all cooperative agreements terminated pursuant to the Termination Notices to their status as they existed before February 26, 2025." *Id*.

On March 25, 2025, the Ninth Circuit issued an order denying in part Defendants' motion to stay the first preliminary injunction, specifically ruling that

"[t]he motion is denied to the extent the district court's preliminary injunction order applies to individuals who were conditionally approved for refugee status by the United States Citizenship and Immigration Services [USCIS] before January 20, 2025." *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 25, 2025), Dkt. No. 28.

Despite this Court's orders and the Ninth Circuit's partial denial of a stay, the Government has taken the position that it may suspend cooperative agreements and halt refugee processing for individuals conditionally approved before January 20, 2025. Twice now this Court has rejected this interpretation of the Ninth Circuit's stay order. *See* Dkt. No. 92 at 4–5; Dkt. No. 104 at 7.

## 3. DISCUSSION

Federal courts have "inherent power to enforce compliance with their lawful orders[.]" *California by & through Becerra v. United States Dep't of the Interior*, No. C 17-5948 SBA, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). A party who disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply" risks being held in civil contempt. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

The Government argues that this Court lacks jurisdiction to enforce its First Injunction because of the Government's pending appeal. *See* Dkt. No. 97 at 7. That is plainly wrong, as "district court[s] retain[ ] jurisdiction during the pendency of an appeal to act to preserve the status quo." *See E. Bay Sanctuary Covenant v. Barr*, 391 F. Supp. 3d 974, 978 (N.D. Cal. 2019) (quoting *Nat'l Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)). Preserving the "status quo"

means preserving "the state of affairs at the time the appeal was filed, i.e., the nationwide injunction originally issued by the Court." *Id.* (citing *Mayweathers v. Newland*, 258 F.3d 930 (9th Cir. 2001)). Thus, the Court finds that it has jurisdiction to enforce the portions of its injunction that the Ninth Circuit has not stayed.

The record shows that the Government has not complied with the First Injunction as it applies to individuals conditionally approved for refugee status before January 20, 2025. Indeed, the Government has effectively acknowledged its noncompliance through its interpretation of the Ninth Circuit's partial stay order, suggesting that the "in all other respects" language permits it to suspend processing for all refugees, including those conditionally approved before January 20, 2025. *See* Dkt. No. 97 at 4–5. As thoroughly explained at this point, the Court rejects this interpretation. *See* Dkt. No. 92 at 4-5; Dkt. No. 104 at 7. Despite the Ninth Circuit preserving the injunction for this specific population, the Government has not resumed processing their cases. State Department communications indicate that conditionally approved refugees have been informed that "the activities of the Program have been suspended." Dkt. No. 90-4 at 7–8. Plaintiff CWS has been unable to access the START database necessary for case processing, Dkt. No. 90-2 ¶¶ 14–15; cooperative agreements were re-suspended immediately after being reinstated, Dkt. Nos. 86-1, 86-2; and no alternative mechanisms appear to have been established for completing medical examinations, security clearances, or travel arrangements for conditionally approved refugees. These actions have effectively

ORDER - 4

halted processing, travel, admissions, and resettlement for the population specifically protected by the remaining portion of this Court's injunction.

Thus, the Court finds that additional measures are necessary to ensure Defendants' compliance with the Court's orders.

### 4. ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Court GRANTS IN PART Plaintiffs' motions to enforce the Court's preliminary injunction orders. Dkt. Nos. 87, 89.

2. The Court CONFIRMS that, consistent with the Ninth Circuit's stay order, Defendants remain enjoined from "suspending or implementing the suspension of refugee processing, decisions, and admissions" and "suspending or implementing the suspension of USRAP funds" for individuals who were conditionally approved for refugee status by USCIS before January 20, 2025.

3. Within seven (7) calendar days of this Order, the parties must meet and confer and file a joint status report proposing a schedule for Defendants to come into compliance with the Court's preliminary injunction orders as they apply to individuals who were conditionally approved for refugee status by USCIS before January 20, 2025. The joint status report must follow the format outlined below:

    a. Plaintiffs will prepare and circulate a draft joint submission to Defendants no later than 12:00 p.m. (PST) on Tuesday, April 15, 2025;

    b. The submission must:

      i. Identify specific compliance measures that Defendants must undertake to restore "refugee processing, decisions, and admissions" for individuals who were conditionally approved for refugee status by USCIS before January 20, 2025;

      ii. Propose specific deadlines for each compliance measure, accounting for the Supreme Court's guidance to show "due regard for the feasibility of any compliance timelines";[1]

      iii. Propose a reporting schedule for Defendants to provide updates to the Court on their compliance efforts; and

      iv. Address specific obstacles to compliance identified by either party.

c. Defendants must provide their response to Plaintiffs' draft submission by 12:00 p.m. (PST) on Thursday, April 17, 2025. If the parties disagree on any aspect of the compliance schedule, they must clearly identify their positions on each disputed issue.

d. Plaintiffs will file the completed joint submission with the Court by 2:00 p.m. (PST) on Friday, April 18, 2025.

e. Each side must limit their portions of the joint submission to no more than 4,200 words total.

---

[1] *Dep't of State v. AIDS Vaccine Advoc. Coal.*, 145 S. Ct. 753 (2025).

ORDER - 6

4. If the parties cannot agree on any aspect of the compliance schedule, the Court will resolve any such dispute in a way that ensures prompt compliance while accounting for practical limitations.

5. The Court will hold a status conference as soon as practicable to discuss the joint submission and establish a compliance framework.

6. Until the Court issues a compliance-framework order, Defendants are ORDERED to:

   a. Immediately cease implementation of any suspension of refugee processing, travel, admissions, and domestic resettlement support for individuals who were conditionally approved for refugee status by USCIS before January 20, 2025;

   b. Immediately resume processing, travel, admissions, and domestic resettlement support for individuals who were conditionally approved for refugee status by USCIS before January 20, 2025;

   c. Immediately cease implementation of any suspension of funding to USRAP partner agencies, including organizational Plaintiffs, as necessary to facilitate compliance with the Court's orders.

Dated this 11th day of April, 2025.

Jamal N. Whitehead
United States District Judge