THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC., CHURCH WORLD SERVICE, INC., GLOBAL REFUGE, and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Acting Secretary of Health and Human Services,<br><br>*Defendants*. | Case No. 2:25-cv-255-JNW<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>NOTE ON MOTION CALENDAR: APRIL 11, 2025 |

REPLY ISO MOT. FOR
CLASS CERTIFICATION
(No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 1

    I.      Each proposed subclass satisfies Rule 23's commonality requirement. ................. 1

    II.     The Representative Plaintiffs' claims are typical of the subclasses they represent. ................................................................................................................. 4

    III.    Plaintiffs Esther and Josephine will adequately represent the FTJ Petitioner Subclass and the Refugee and Family Member Subclass respectively ................. 5

    IV.    Plaintiffs have satisfied the requirements of Rule 23(b)(2). ................................. 7

    V.     Defendants' other arguments are unavailing. ......................................................... 8

CONCLUSION ......................................................................................................................... 9

REPLY ISO MOT. FOR
CLASS CERTIFICATION – i
(No. 2:25-CV-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds,*
　568 U.S. 455 (2013) ................................................................................................................8

*Anderson v. Evans,*
　371 F.3d 475 (9th Cir. 2004) ..................................................................................................6

*Betts v. Reliable Collection Agency,*
　659 F.2d 1000 (9th Cir. 1981) ................................................................................................2

*Buus v. WAMU Pension Plan,*
　251 F.R.D. 578 (W.D. Wash. 2008) .......................................................................................2

*County of Riverside v. McLaughlin,*
　500 U.S. 44 (1991) ..............................................................................................................5, 6

*Dep't of Educ. v. California,*
　No. 24A910, 2025 WL 1008534 (U.S. Apr. 4, 2025) (per curiam) ........................................8

*Doe #1 v. Trump,*
　957 F.3d 1050 (9th Cir. 2020) ................................................................................................8

*Doe v. Wolf,*
　424 F. Supp. 3d 1028 (S.D. Cal. 2020) ..................................................................................7

*E. Tex. Motor Freight Sys. Inc. v. Rodriguez,*
　431 U.S. 395 (1977) ................................................................................................................5

*Hanon v. Dataprods. Corp.,*
　976 F.2d 497 (9th Cir. 1992) ..................................................................................................4

*Haro v. Sebelius,*
　747 F.3d 1099 (9th Cir. 2014) ................................................................................................5

*Immigrant Defs. L. Ctr. v. Mayorkas,*
　No. CV 20-9893 JGB (SHKx), 2023 WL 3149243 (C.D. Cal. Mar. 15, 2023) ..................3, 6

*Mansor v. U.S. Citizenship & Immigr. Servs.,*
　345 F.R.D. 193 (W.D. Wash. 2023) ....................................................................................5, 6

*Padilla v. U.S. Immigr. & Customs Enf't,*
　No. C18-0928MJP, 2019 WL 1056466 (W.D. Wash. Mar. 6, 2019) .....................................7

REPLY ISO MOT. FOR
CLASS CERTIFICATION – ii
(No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Parra v. Bashas', Inc.*,
   536 F.3d 975 (9th Cir. 2008) ......................................................................................3

*Pitts v. Terrible Herbst, Inc.*,
   653 F.3d 1081 (9th Cir. 2011) ....................................................................................7

*Rivera v. Holder*,
   307 F.R.D. 539 (W.D. Wash. 2015) ...........................................................................6

*Rodriguez Diaz v. Garland*,
   53 F.4th 1189 (9th Cir. 2022) .....................................................................................3

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ............................................................................3, 4, 5

*Rojas v Johnson*,
   No. C16-1024RSM, 2017 WL 1397749 (W.D. Wash. Jan 10, 2017) .........................9

*Roy v. County of Los Angeles*,
   No. CV 12-09012-BRO (FFMx), 2016 WL 5219468 (C.D. Cal. Sept. 9,
   2016), aff'd sub nom. *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d
   788 (9th Cir. 2020).................................................................................................3, 6

*Wagafe v. Trump*,
   No. C17-0094-RAJ, 2017 WL 2671254 (W.D. Wash. June 21, 2017) ..................4, 9

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011).....................................................................................................2

**RULES**

Fed. R. Civ. P. 23 ................................................................................................... passim

REPLY ISO MOT. FOR
CLASS CERTIFICATION – iii
(No. 2:25-CV-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## INTRODUCTION

Plaintiffs have sought certification of three subclasses of similarly situated individuals who have been harmed by Defendants' unlawful suspension of refugee processing and admissions and defunding of the USRAP, each of which independently meets Rule 23's criteria for class certification. If, as Defendants wrongly suggest, there was any doubt as to the existence of commonality, typicality and whether relief could be granted on a class-wide basis, then that was put to rest by the Court's orders holding unlawful and preliminarily enjoining Defendants' refugee ban and defunding of USRAP. *See* Dkt. Nos. 45, 79. Defendants' remaining arguments challenging class certification fare no better: They mischaracterize Plaintiffs' claims by raising irrelevant factual distinctions, misconstrue this circuit's caselaw on exceptions to mootness, and ignore the fact that courts in this circuit routinely certify classes encompassing future members who will be impacted by challenged policies. Accordingly, the Court should certify each of Plaintiffs' proposed subclasses.

## ARGUMENT[1]

**I.  Each proposed subclass satisfies Rule 23's commonality requirement.**

Defendants argue that Plaintiffs have failed to establish commonality because (1) Plaintiffs have not pointed to a universal policy that applies to all class members and (2) there are factual differences between class members. Dkt. No. 93 ("Opp'n") at 7, 12. Both arguments rely on mischaracterizations of Plaintiffs' claims, the relief they seek, and the requirements of Rule 23.

As to Defendants' first argument, there is no requirement that Plaintiffs challenge only one policy in a lawsuit, and here Plaintiffs challenge several that apply uniformly to one or more of the proposed subclasses. That this lawsuit includes challenges to both the suspension of refugee processing and admissions and the defunding of the USRAP is unremarkable. And Plaintiffs have

---

[1] Defendants do not challenge the numerosity of the subclasses, conceding that tens of thousands of people are impacted by their unlawful actions. *See* Dkt. No. 71 ("Mot."). Nor do they contest under Rule 23(a)(4) that class counsel have no conflicts and will prosecute the action vigorously on behalf of the class.

REPLY ISO MOT. FOR
CLASS CERTIFICATION – 1
(No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  proposed three subclasses precisely because certain claims might be available only to certain
2  subclasses—for example, Plaintiff Esther brought a due-process claim that can be maintained on
3  behalf of only the FTJ Petitioner Subclass given that its members' statutory entitlement to the
4  admission of their close relatives. *See* Dkt. No. 56 ¶¶ 242–44; *see also* Fed. R. Civ. P. 23(c)(4)–
5  (5). Plaintiffs are not required to establish commonality across the three subclasses because they
6  are not seeking that the subclasses be certified together. Each subclass is treated as an individual
7  class that must independently meet the requirements of Rule 23. *See Buus v. WAMU Pension Plan*,
8  251 F.R.D. 578, 581–82 (W.D. Wash. 2008) (subclassing appropriate where each subclass
9  challenged different action (citing *Betts v. Reliable Collection Agency*, 659 F.2d 1000, 1005 (9th
10 Cir. 1981))).

11        The universal nature and class-wide impact of each of Plaintiffs' challenged policies is
12  only underscored by the Court's orders granting preliminary relief enjoining their implementation.
13  *See* Dkt. No. 45 at 61–62, Dkt. No. 79 at 36–37. Indeed, the injunctive relief that the Court has
14  already ordered enjoining the suspension of refugee processing and admissions and defunding of
15  the USRAP benefits *all* subclass members by affording them the opportunity to have their refugee
16  or FTJ applications processed for admission or receive assistance once resettled—demonstrating
17  that commonality is satisfied notwithstanding that class certification has yet to be formally ruled
18  on.[2] The preliminary-injunction orders demonstrate that there are common issues within each
19  subclass that can be resolved "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350
20  (2011).

---

[2] Defendants make vague allusions to "justiciability issues" that preclude certification, Opp'n 1, 6–7, but these arguments also fail. A putative class member's "stage[] in the refugee admissions process" is of no relevance in an action seeking to enjoin unlawful policies that harm all applicants. And it is clear from the definitions of the subclasses that a refugee applicant who received a final decision and was no longer harmed by the challenged policies would no longer be a member of the Refugee and Family Member Subclass or FTJ Petitioner Subclass. *Contra* Opp'n 6–7.

REPLY ISO MOT. FOR
CLASS CERTIFICATION – 2
(No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

As to Defendants' argument that factual differences among class members preclude commonality, they fail to explain how any of the factual distinctions they highlight, Opp'n 9–10, have any relevance in a class action challenging a "system-wide . . . policy." Mot. 9.[3] Defendants raise inevitable differences such as the different geographic locations, specific harms, and processing stages of each plaintiff, Opp'n 9–10, in a desperate attempt to differentiate Plaintiffs' identical claims against the same unlawful policies. In so doing, Defendants ignore the critical factual *commonalities* across the subclass members: each member of the Refugee and Family Member Subclass and the FTJ Petitioner Subclass have had their or their family members' refugee applications indefinitely halted by the refugee suspension and defunding of the USRAP, while each member of the R&P Subclass has been or will be denied the same benefits because of the defunding of the USRAP. The lawfulness of these policies is the common legal issue core to each subclass. *See Parra v. Bashas', Inc.*, 536 F.3d 975, 978–79 (9th Cir. 2008) (commonality exists where "circumstances of each particular class member vary" but they "retain a common core of factual or legal issues"); *Immigrant Defs. L. Ctr. v. Mayorkas*, No. CV 20-9893 JGB (SHKx), 2023 WL 3149243, at *47 (C.D. Cal. Mar. 15, 2023) ("if not for space limitations, Defendants could find a nearly endless series of distinguishable facts in the 100 pages of declarations submitted by Individual Plaintiffs" and "generate dozens of different relevant legal questions and answers[,] . . . [b]ut it does not follow that these differences defeat commonality").

Nor is commonality defeated by the inclusion of future class members. *See Roy v. County of Los Angeles*, No. CV 12-09012-BRO (FFMx), 2016 WL 5219468, at *14 (C.D. Cal. Sept. 9, 2016), *aff'd sub nom. Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788 (9th Cir. 2020). It is not "unusual or objectionable" to certify classes including individuals who might be subject to unlawful policies in the future. *Rodriguez v. Hayes*, 591 F.3d 1105, 1118 (9th Cir. 2010). Instead,

---

[3] Defendants themselves acknowledge that Plaintiffs' claims are policy challenges. Opp'n 9 (explaining that Plaintiffs "point to . . . the suspension of refugee processing and admissions and the halting of USRAP-related funding").

REPLY ISO MOT. FOR
CLASS CERTIFICATION – 3
(No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

"[w]hen the future persons referenced become members of the class, their claims will necessarily be ripe." *Id.* Commonality therefore exists here.

## II. The Representative Plaintiffs' claims are typical of the subclasses they represent.

Defendants' arguments against typicality rest on the same mischaracterization of Plaintiffs' claims that underpin the arguments against commonality. First, Defendants assert—without any explanation other than citations to Plaintiffs Esther's and Josephine's declarations—that Esther's and Josephine's situation was "not necessarily linked to any single challenged agency action or procedural change." Opp'n 10. But like all members of the FTJ Petitioner and Refugee and Family Member Subclasses, the policies challenged and harms suffered by Esther and Josephine are the suspension of processing of their refugee and FTJ applications through the suspension of the USRAP and related funding—*not* the particular hardships described in their declaration that are a "byproduct" of Defendant's unlawful policies. *Wagafe v. Trump*, No. C17-0094-RAJ, 2017 WL 2671254, at *13 (W.D. Wash. June 21, 2017). Second, Defendants argue that Plaintiff Ali's claims are not typical of the R&P Subclass because it is unclear whether he "sought and received alternative services." Opp'n 10–11. But where plaintiffs challenge an unlawful policy, typicality is not determined by the similarity in detail of the resultant harms suffered by each plaintiff, as Defendants suggest. *Id.* Instead, "[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Like all other R&P Subclass members, the deprivation of access to R&P benefits is the critical harm suffered by Plaintiff Ali.

The Representative Plaintiffs satisfy the typicality requirement because their claims arise from the same policies that give rise to the claims of all the other subclass members—the suspension of refugee processing and admissions and USRAP defunding. *See Rodriguez*, 591 F.3d at 1124 (typicality is satisfied "when each class member's claim arises from the same course of events"). Each has experienced interference with their ability to resettle or reunify with family in the United States or their ability to receive post-resettlement services due to these policies. All

REPLY ISO MOT. FOR
CLASS CERTIFICATION – 4
(No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Plaintiffs advance the same legal arguments that the challenged policies are unlawful, and the Representative Plaintiffs, like other subclass members, seek uniform relief: an injunction and a declaration that the suspension of refugee processing and admissions and defunding of USRAP are unlawful. Because Plaintiffs have suffered the same statutory and constitutional injuries as the proposed subclass members, their claims are typical of the subclasses which they propose to represent.

### III. Plaintiffs Esther and Josephine will adequately represent the FTJ Petitioner Subclass and the Refugee and Family Member Subclass respectively.

Defendants do not dispute that Plaintiffs Pacito, Sara, Alyas, Marcos, and Ahmed adequately represent the Refugee and Family Member Subclass, nor do they contest that Plaintiff Ali will adequately represent the R&P Subclass. Defendants contend only that Plaintiffs Esther and Josephine are inadequate representatives of the FTJ Petitioner Subclass and Refugee and Family Member Subclass respectively, purportedly because their claims are now moot. Opp'n 11–12. Following the Court's preliminary-injunction orders, Defendants processed and admitted Josephine, but this fact does not render either Plaintiff an inadequate class representative because Josephine's and Esther's claims and requested relief align with those of their subclasses and the inherently transient exception to mootness applies. *See, e.g.*, *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (class certified after named plaintiffs' claims had become moot under inherently transient exception); *Haro v. Sebelius*, 747 F.3d 1099, 1110 (9th Cir. 2014) (same).[4]

Contrary to Defendants' contention, the Court may fully certify the FTJ Petitioner Subclass under the transitory exception to the mootness doctrine. The transitory exception applies where "(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) it is certain that other persons similarly situated will have the same complaint." *Mansor v. U.S.*

---

[4] Defendants' sole case in support of its argument that Plaintiffs Esther and Josephine are inadequate case representatives, *East Texas Motor Freight System Inc. v. Rodriguez*, 431 U.S. 395 (1977), is inapposite. That case did not concern a class representative that was mooted out, but rather a proposed representative that did not meet the definition of the class in the first place. *See id.* at 404–05.

REPLY ISO MOT. FOR CLASS CERTIFICATION – 5 (No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Citizenship & Immigr. Servs.*, 345 F.R.D. 193, 202 (W.D. Wash. 2023) (cleaned up) (finding transitory exception to mootness applied where all named plaintiffs' claims were mooted by government defendants before class certified). Accordingly, "the court may invoke the relation back doctrine upon class certification and review the facts as they were at the time the complaint was filed, to preserve the merits of the case for judicial resolution." *Id.* (cleaned up). Courts in the Ninth Circuit regularly apply the transitory exception to class actions involving noncitizens, "consistently finding that the mootness of named plaintiffs' claims did not moot the controversy." *Immigrant Defs. L. Ctr.*, 2023 WL 3149243, at *42 (collecting cases); *see also Mansor*, 345 F.R.D. at 202; *Gonzalez*, 975 F.3d at 806; *Rivera v. Holder*, 307 F.R.D. 539, 548 (W.D. Wash. 2015).

It is well established that, where the court "will not have . . . time to rule on a motion for class certification before the proposed representative's individual interest expires," mootness is no basis for denial of class certification. *McLaughlin*, 500 U.S. at 52. Defendants argue that the FTJ application process "takes years" and thus Esther's and Josephine's claims do not warrant an exception. Opp'n 12. But this ignores the fact that the process is entirely "within the control of the Defendants," who determine when and how quickly FTJ petitions are processed. *Anderson v. Evans*, 371 F.3d 475, 479 (9th Cir. 2004) (exception to mootness applies where duration of controversy is solely within defendant's control). Where, as here, Defendants have control of the "duration of the controversy," it is entirely possible for the Representative Plaintiffs' claims to conclude before the Court has a reasonable amount of time to decide class certification. *See, e.g.*, *Mansor*, 345 F.R.D. at 202 ("A challenged action that lasts up to three years may be too short and therefore inherently transitory[.]" (cleaned up)).

The processing of FTJ petitions is not only exclusively in Defendants' control, but also "cannot be ascertained at the outset of a case and may be ended before class certification by various circumstances." *Rivera*, 307 F.R.D. at 548. Accepting Defendants' argument to the contrary would give free reign to manipulate the judicial process by selectively processing the Representative Plaintiffs' refugee applications in an effort to undermine class certification altogether—which is

REPLY ISO MOT. FOR
CLASS CERTIFICATION – 6
(No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

plainly impermissible. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090–91 (9th Cir. 2011) (explaining that plaintiffs' claims were "acutely susceptible to mootness in light of the defendant's tactic of picking off lead plaintiffs . . . to avoid a class action" and that "a claim transitory by its very nature and one transitory by virtue of the defendant's litigation strategy share the reality that both claims would evade review" (cleaned up)).

Moreover, it is all but certain here that others will have the same complaint. As detailed in Plaintiffs' motion and uncontested by Defendants, there are numerous members of the FTJ Petitioner Subclass who are impacted by the suspension of refugee processing. Mot. 8. Indeed, although Defendants complied with the Court's order briefly—during which time they admitted Josephine—they swiftly stopped complying. *See* Dkt. No. 89. Defendants' adjudication of Esther's FTJ petition in response to the Courts' preliminary injunctions requiring them to do so is no bar to certification, and Plaintiff Esther thus remains an adequate class representative. *Doe v. Wolf*, 424 F.Supp.3d 1028, 1043–44 (S.D. Cal. 2020) (rejecting argument that named plaintiffs, whose claims were moot, would not adequately represent class where inherently transitory exception to mootness applied); *Padilla v. U.S. Immigr. & Customs Enf't*, No. C18-0928MJP, 2019 WL 1056466, at *4 (W.D. Wash. Mar. 6, 2019) (same).[5]

## IV. Plaintiffs have satisfied the requirements of Rule 23(b)(2).

Defendants recycle the same arguments they make against commonality in arguing that Rule 23(b)(2)'s cohesiveness requirements have not been met, repeating that there is no "uniform policy applied across the proposed class." Opp'n 12. As explained above, and as the Court has already demonstrated in issuing two preliminary injunctions enjoining Defendants from implementing the refugee and funding suspensions, a "one-size-fits-all" injunction is precisely what would deliver relief "to the class as a whole," thus demonstrating cohesiveness. *Contra id.*

---

[5] For the same reason, notwithstanding her recent resettlement to the United States, Plaintiff Josephine joins Plaintiffs Pacito, Sara, Alyas, Marcos, and Ahmed as an adequate representative of the Refugee and Family Member Subclass.

REPLY ISO MOT. FOR
CLASS CERTIFICATION – 7
(No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Plaintiffs are not seeking adjudication of any single refugee or FTJ application, nor the receipt of resettlement services for any single individual within their first ninety days post-resettlement. Rather, each class member challenges Defendants' unlawful policies. As a result of the suspension of refugee processing and admissions and defunding of the USRAP, all members of the Refugee and Family Member Subclass have had their or their family members' processing and admission to the United States indefinitely suspended; any "[c]ase-specific factors," Opp'n 12, are irrelevant. Similarly, all members of the FTJ Petitioner Subclass have had the processing of their FTJ petitions suspended. And, as a result of the defunding of the USRAP, each R&P Subclass member has had their reception and placement services withdrawn.

Defendants repeat other flawed arguments. They either misunderstand or deliberately misconstrue Plaintiffs' request—which seeks certification for three separate subclasses independently—by making the confusing argument that claims brought by the R&P Subclass challenging the defunding of USRAP do not provide a remedy for Refugee and Family Member Subclass members overseas. Opp'n 6, 13. And they again take umbrage at the open nature of the subclasses, suggesting that they lack cohesiveness because future class members have not yet been impacted by the challenged policies, *id.* at 12–13—ignoring that courts in this circuit routinely certify subclasses in the immigration context encompassing such future class members. *See, e.g.*, *Wagafe*, 2017 WL 2671254, at *7; *Rojas v Johnson*, No. C16-1024RSM, 2017 WL 1397749, at *4 (W.D. Wash. Jan 10, 2017); *see also supra* pp. 3–4. Rule 23(b)(2) certification is appropriate for each subclass.

## V. Defendants' other arguments are unavailing.

Defendants briefly assert that the Court should not certify Plaintiffs who have funding-related claims in light of the U.S. Supreme Court's decision in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (U.S. Apr. 4, 2025) (per curiam). But this merits argument has no relevance at the class-certification stage. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging

REPLY ISO MOT. FOR
CLASS CERTIFICATION – 8
(No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."). In any event, the Supreme Court's decision in *Department of Education* is inapplicable, as no Representative Plaintiff seeks to enforce a contract through this action.

Defendants also assert that the Court should "hold off" on deciding class certification until after the Ninth Circuit decides its appeal of the Court's preliminary injunctions. Opp'n 1. But, for the same reason, any merits analysis by the Ninth Circuit has little bearing on whether the subclasses meet the procedural requirements of Rule 23. In any event, classes are often certified while merits appeals are pending. *See, e.g.*, *Doe #1 v. Trump*, 957 F.3d 1050, 1069 (9th Cir. 2020) (recognizing district court's certification of class during pendency of preliminary-injunction appeal).

## **CONCLUSION**

For the reasons set forth above and in their motion, Plaintiffs respectfully request that this Court certify the Refugee and Family Member Subclass, the R&P Subclass, and the FTJ Petitioner Subclass, each of which independently meets Rule 23's requirements for class certification.

\*   \*   \*

The undersigned certifies that this motion contains 3,060 words, in compliance with the Local Civil Rules.

REPLY ISO MOT. FOR
CLASS CERTIFICATION – 9
(No. 2:25-CV-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | | |
|---|---|---|
| 1 | Dated: April 11, 2025 | By: s/ *Harry H. Schneider, Jr.* |
| 2 | | Harry H. Schneider, Jr., WSBA No. 9404 |
|   | Deepa Alagesan* | Jonathan P. Hawley, WSBA No. 56297 |
| 3 | Mevlüde Akay Alp* | Shireen Lankarani, WSBA No. 61792 |
|   | Linda Evarts* | Esmé L. Aston, WSBA No. 62545 |
| 4 | Ghita Schwarz* | **PERKINS COIE LLP** |
|   | **INTERNATIONAL REFUGEE** | 1201 Third Avenue, Suite 4900 |
| 5 | **ASSISTANCE PROJECT** | Seattle, Washington 98101 |
|   | One Battery Park Plaza, 33rd Floor | Telephone: (206) 359-8000 |
| 6 | New York, New York 10004 | Facsimile: (206) 359-9000 |
|   | Telephone: (646) 939-9169 | HSchneider@perkinscoie.com |
| 7 | Facsimile: (516) 324-2267 | JHawley@perkinscoie.com |
|   | dalagesan@refugeerights.org | SLankarani@perkinscoie.com |
| 8 | makayalp@refugeerights.org | EAston@perkinscoie.com |
|   | levarts@refugeerights.org | |
| 9 | gschwarz@refugeerights.org | John M. Devaney* |
|   | | **PERKINS COIE LLP** |
| 10 | Melissa Keaney* | 700 Thirteenth Street NW, Suite 800 |
|   | **INTERNATIONAL REFUGEE** | Washington, D.C. 20005 |
| 11 | **ASSISTANCE PROJECT** | Telephone: (202) 654-6200 |
|   | P.O. Box 2291 | Facsimile: (202) 654-6211 |
| 12 | Fair Oaks, California 95628 | JDevaney@perkinscoie.com |
|   | Telephone: (646) 939-9169 | |
| 13 | Facsimile: (516) 324-2267 | Joel W. Nomkin* |
|   | mkeaney@refugeerights.org | **PERKINS COIE LLP** |
| 14 | | 2525 East Camelback Road, Suite 500 |
|   | Laurie Ball Cooper* | Phoenix, Arizona 85016 |
| 15 | Megan M. Hauptman* | Telephone: (602) 351-8000 |
|   | **INTERNATIONAL REFUGEE** | Facsimile: (602) 648-7000 |
| 16 | **ASSISTANCE PROJECT** | JNomkin@perkinscoie.com |
|   | 650 Massachusetts Avenue NW, Suite 600 | |
| 17 | Washington, D.C. 20001 | Nicholas J. Surprise* |
|   | Telephone: (516) 732-7116 | **PERKINS COIE LLP** |
| 18 | Facsimile: (516) 324-2267 | 33 East Main Street, Suite 201 |
|   | lballcooper@refugeerights.org | Madison, Wisconsin 53703 |
| 19 | mhauptman@refugeerights.org | Telephone: (608) 663-7460 |
|   | | Facsimile: (608) 663-7499 |
| 20 | | NSurprise@perkinscoie.com |
| 21 | | |
| 22 | | *Counsel for Plaintiffs* |
| 23 | | * *Admitted pro hac vice* |
| 24 | | |
| 25 | | |
| 26 | | |

REPLY ISO MOT. FOR CLASS CERTIFICATION – 10 (No. 2:25-CV-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000