1

2

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

| | |
|---|---|
| 8  PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC., and LUTHERAN COMMUNITY SERVICES NORTHWEST, | CASE NO. 2:25-cv-255-JNW |

8

PLAINTIFF PACITO; PLAINTIFF
ESTHER; PLAINTIFF JOSEPHINE;
PLAINTIFF SARA; PLAINTIFF
ALYAS; PLAINTIFF MARCOS;
PLAINTIFF AHMED; PLAINTIFF
RACHEL; PLAINTIFF ALI; HIAS,
INC.; CHURCH WORLD SERVICE,
INC., and LUTHERAN COMMUNITY
SERVICES NORTHWEST,

CASE NO. 2:25-cv-255-JNW

ORDER RESCINDING COMPLIANCE
FRAMEWORK ORDER

9

10

11

12
                    Plaintiffs,

13
          v.

14
DONALD J. TRUMP, in his official
capacity as President of the United

15
States; MARCO RUBIO, in his official
capacity as Secretary of State; KRISTI

16
NOEM, in her official capacity as
Secretary of Homeland Security;

17
ROBERT F. KENNEDY, JR., in his
official capacity as Secretary of Health

18
and Human Services,

19

20
                    Defendants.

21

22

23

ORDER RESCINDING COMPLIANCE FRAMEWORK ORDER - 1

1

2

3

4

5

6

7

On May 5, 2025, this Court issued a Compliance Framework Order, Dkt. No. 119, establishing specific measures and timelines for implementing its preliminary injunction, as narrowed by the Ninth Circuit's partial stay and April 21, 2025, clarification order. *Pacito et al. v. Trump et al.*, No. 25-1313 (9th Cir.), Dkt. Nos. 28, 46. That framework was based on this Court's understanding that approximately 12,000 refugees who had "arranged and confirmable travel plans" as of January 20, 2025, qualified as "Injunction-Protected Refugees."

8

9

10

11

12

13

On May 9, 2025, the Ninth Circuit issued a second clarification order that further refined its three-part test for determining which refugees remain protected by this Court's preliminary injunction. *Pacito v. Trump*, No. 25-1313, Dkt. 64.1. The Ninth Circuit explained that its prior order "should be interpreted narrowly, on a case-by-case basis, to apply to individuals with a strong reliance interest arising prior to January 20, 2025, comparable to Plaintiff Pacito." *Id.* at 2.

14

15

16

17

18

19

20

21

22

This additional refinement narrows the scope of refugees who remain protected by this Court's preliminary injunction, perhaps substantially so. The Court's May 5 Compliance Framework, which contemplated processing thousands of refugee applicants under a categorical approach, is no longer aligned with the Ninth Circuit's more limited construction. While the three-part test from the April 21 clarification remains intact, the May 9 clarification adds a qualitative assessment requiring individualized determination of reliance interests comparable to Plaintiff Pacito's circumstances. This case-by-case approach calls for a different implementation structure than what was previously contemplated.

23

ORDER RESCINDING COMPLIANCE FRAMEWORK ORDER - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

At the May 1, 2025, status conference, the Government represented that 160 refugees met the three-part criteria and had travel scheduled within two weeks of the January 20, 2025, USRAP Executive Order. The Government acknowledged that these individuals' circumstances closely parallel those of Plaintiff Pacito, effectively conceding that they qualify as Injunction-Protected Refugees under the Ninth Circuit's clarification orders. Thus, the Court will apply a rebuttable presumption that these 160 refugees qualify as "Injunction-Protected Refugees" under the Ninth Circuit's clarification orders. The Government must process, admit, and provide statutorily mandated resettlement support services to these Injunction-Protected Refugees immediately.

For all other refugee applicants who meet the three-part test but whose travel was scheduled more than two weeks after January 20, 2025, a case-by-case determination is now required. To efficiently conduct these individualized assessments, the Court believes that appointing a Special Master[1] is warranted.

---

[1] The Court uses the term "master" because that is the language of the Federal Rules of Civil Procedure. Recently, however, the American Bar Association recommended to the Judicial Conference of the United States that Rule 53 be amended to substitute the term "court-appointed neutral" for "court-appointed master" because "master" is a "very poor term," given its connotations, and an in-apt description of the actual role. Letter from Mary Smith, President, Am. Bar Assoc., to H. Thomas Byron III, Sec. Comm. on Rule Prac. & Procedure, Admin. Office of the United States Courts (Feb. 12, 2024) (available at https://www. uscourts.gov/sites/default/files/24-cv-a_suggestion_from_aba_-_rule_53.pdf). This Court would welcome the change.

ORDER RESCINDING COMPLIANCE FRAMEWORK ORDER - 3

Accordingly, the Court ORDERS:

1. The Court's May 5, 2025, Compliance Framework Order is RESCINDED. Dkt. No. 119.

2. The Court will apply a rebuttable presumption that the approximately 160 refugees who, according to the Government's representations, met the three-part test and had travel scheduled within two weeks of January 20, 2025, qualify as "Injunction-Protected Refugees" under the Ninth Circuit's clarification orders.

3. The Court intends to appoint a Special Master to assist in conducting case-by-case determinations for other refugee applicants who meet the three-part test but require individualized assessment of their reliance interests. The parties must submit, within SEVEN (7) days of this Order, their positions regarding:

    a. Proposed qualifications for the Special Master;

    b. Nominations for potential Special Masters; and

    c. Suggested procedures for the case-by-case evaluation process.

If the parties are unable to reach agreement on a joint submission, they may file separate briefs not to exceed 10 pages each.

Dated this 15th day of May, 2025.

Jamal N. Whitehead
United States District Judge

ORDER RESCINDING COMPLIANCE FRAMEWORK ORDER - 4