THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>*Defendants*. | Case No. 2:25-cv-255-JNW<br><br>**PLAINTIFFS' MOTION FOR EMERGENCY CONFERENCE TO ADDRESS DEFENDANTS' COMPLIANCE WITH PRELIMINARY INJUNCTION**<br><br>NOTE ON MOTION CALENDAR: JUNE 25, 2025 |

Plaintiffs respectfully request an emergency conference to address Defendants' latest attempts to circumvent this Court's first preliminary injunction (as narrowed by the Ninth Circuit's partial stay and clarification orders). In the last week, Defendants have asserted that (1) they are

PLS.' MOT. FOR EMERGENCY CONF. – 1
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

applying President Trump's June 4, 2025 executive order (the "June 4 travel ban")[1] to ban refugees from entering the United States, including up to two-thirds of the 160 injunction-protected refugees that Defendants have been ordered by the Court to continue processing; and (2) they have excluded from their identification of injunction-eligible cases refugees who fall within the Ninth Circuit's clarification orders (specifically, because they had confirmable travel to the United States scheduled on or before January 20, 2025) whose travel was postponed for reasons other than the Refugee Ban EO. As a result, refugee families meant to benefit from the Court's orders, whether now or following the reliance review process, are being denied judicially mandated relief, and the Court's intervention is necessary to forestall the compounding harms from this delay.

## RELEVANT BACKGROUND

The Court is aware of the procedural context for this motion. To summarize, following this Court's February 28, 2025 preliminary injunction preventing Defendants from implementing certain provisions of the Refugee Ban EO, Dkt. No. 45 at 61, the Ninth Circuit partially stayed the injunction, No. 25-1313 (9th Cir.), Dkt. No. 28.1 at 1, and issued clarifications thereafter. The preliminary injunction remains in effect for any individual who, on or before January 20, 2025, had an "approved refugee application that authorized Customs & Border Protection to admit them conditionally" as refugees, had been cleared by U.S. Citizenship & Immigration Services for travel to the United States, and had "arranged and confirmable travel plans to the United States." No. 25-1313 (9th Cir.), Dkt. No. 46.1 at 4. After Defendants sought to narrow this group of injunction-protected refugees to only those whose travel had been arranged and confirmed for the first two weeks after January 20, 2025, the Ninth Circuit rejected the government's proposal, instead clarifying only that its order "should be interpreted narrowly, on a case-by-case basis, to apply to

---

[1] *See Restricting the Entry of Foreign Nationals to Protect the United States from Foreign Terrorists and Other National Security and Public Safety Threats*, White House (June 4, 2025), https://www.whitehouse.gov/presidential-actions/2025/06/restricting-the-entry-of-foreign-nationals-to-protect-the-united-states-from-foreign-terrorists-and-other-national-security-and-public-safety-threats.

PLS.' MOT. FOR EMERGENCY CONF. – 2
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

individuals with a strong reliance interest arising prior to January 20, 2025, comparable to Plaintiff Pacito." No. 25-1313 (9th Cir.), Dkt. No. 64.1 at 2.

On May 15, 2025, this Court issued an order implementing its preliminary injunction as narrowed by the Ninth Circuit. Dkt. No. 126. The Court found a rebuttable presumption of sufficient reliance for 160 refugees[2] who met the Ninth Circuit's three-part test and had travel scheduled within two weeks of January 20, 2025, and required Defendants to "process, admit, and provide statutorily mandated resettlement support services to these Injunction-Protected Refugees *immediately*." *Id.* at 4 (emphasis added). The Court further determined to appoint a Special Neutral to assist in an unbiased case-by-case assessment of reliance interests of those whose travel had been scheduled for after February 3, 2025. *Id.*

Purporting to comply with the Court's still-in-effect preliminary injunction, on May 22, 2025, Defendants represented that they were "immediately evaluat[ing]" whether there were grounds sufficient to rebut the presumption that the 160 refugees satisfied the Ninth Circuit's three-part test. Dkt. No. 128 at 4. Defendants committed to processing, admitting, and providing statutorily mandated resettlement-support services to all qualifying individuals. *Id.* at 5. Defendants extended the medical exam validity period for some cases with expired clearances, but those clearances will again expire on August 1, 2025. Ex. 10.[3]

Notwithstanding their ongoing obligations under the Court's preliminary injunction, Defendants have now revealed that they will not schedule travel for or admit the majority of the 160 injunction-protected refugees, as ordered by this Court. Ex. 9. What's more, they have once again written unsupported words into the Ninth Circuit's partial stay and clarification orders to limit—unilaterally—the number of individuals who may undergo the reliance interest review to be protected by the preliminary injunction. Ex. 5 (Defendants limited the calculation of eligible

---

[2] According to Defendants, as of May 9, 2025, 136 of these 160 refugees remained outside the United States. Dkt. No. 124 at 9.

[3] Exhibits are attached to the declaration of Nicholas J. Surprise, filed concurrently.

PLS.' MOT. FOR EMERGENCY CONF. – 3
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

cases for reliance interest review to those cancelled "in preparation" for the Refugee Ban EO). The result for injunction-protected refugees is compounding and seemingly endless delay.

## ARGUMENT

**I.  Defendants have disclosed that they will not admit two-thirds of the 160 injunction-protected refugees, citing the June 4 travel ban.**

Defendants have informed Plaintiffs that they interpret the June 4 travel ban to prohibit admission of refugees from the countries targeted by the ban, *see* Dkt. No. 126—such that Defendants are refusing to admit to the United States approximately two-thirds of the 160 refugees (including people from Afghanistan and Somalia) who have a rebuttable presumption of protection under the narrowed injunction, pursuant to the Court's Order. This explanation came only after Plaintiffs and their counsel asked Defendants—repeatedly, over several weeks—whether the June 4 travel ban has impacted Defendants' processing of these cases.

The Court had previously made clear that there is a rebuttable presumption that these 160 refugees are injunction-protected, *see id.* at 4, such that Defendants must process them under the injunction, and Defendants represented to the Court that, "absent grounds to rebut the Court's presumption," they are "process[ing], admit[ting], and provid[ing] statutorily mandated resettlement support services to these individuals," Dkt. No. 128 at 5 (citation modified). In light of Defendants' belated disclosure that they are not actually processing the majority of the 160 injunction-protected refugees, and given that the medical exams for many injunction-eligible refugees are set to expire on August 1, 2025, *see* Ex. 10—after which those refugees will suffer from cascading delays impeding their travel—Plaintiffs respectfully request that the Court consider ordering Defendants to resume processing for refugee cases beyond the already-identified 160, such as minors traveling alone, refugees whom the government found qualified for expedited processing based on the urgency of their need to travel, and other cases or groups of cases that the Court deems to have a rebuttable presumption of sufficient reliance interests. *See* Dkt. No. 127 at 5–6. This would ensure additional injunction-protected refugees would be processed and could

PLS.' MOT. FOR EMERGENCY CONF. – 4
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

travel to safety under the narrowed preliminary injunction while the parties' dispute over the application of the June 4 travel ban is litigated.[4]

Moreover, although more than a month has passed since the Court determined there was a rebuttable presumption that the 160 refugees were injunction-protected and must therefore be processed (and Defendants in turn represented that those refugees would be processed, admitted, and provided resettlement benefits), Plaintiffs understand that very few—if any—of those refugees have been processed and admitted to the United States, including refugees who are *not* nationals of the banned countries. On May 9, Defendants advised the Court that, "of these 160 refugees, 11 [had] already been admitted as refugees as part of the Afghan cohort . . . , and 13 more [were] ready for departure and scheduled for travel" in May. Dkt. No. 124 at 9. Plaintiffs understand that very few (if any) refugees other than the twenty-four individuals Defendants referenced on May 9 have traveled to the United States.

## II. Defendants have disregarded the Ninth Circuit's and this Court's established criteria for determining injunction-protected refugees.

Meanwhile, it has come to Plaintiffs' attention that Defendants have not accurately represented to the Court the total number of refugees who are eligible for protection under the narrowed injunction based on there having been approved for admission with confirmable travel on or before January 20, 2025. Without informing the Court or Plaintiffs, Defendants omitted from their assessment refugees with travel scheduled prior to January 20 whose travel, in Defendants' determination, was cancelled for reasons *other* than the Refugee Ban EO—an additional limitation not present in any order from this Court or the Ninth Circuit. Plaintiffs understand that the number

---

[4] Plaintiffs intend to file a supplemental pleading addressing Defendants' application of the June 4 travel ban to refugees but will briefly address the issue here. By its express terms, the travel ban does *not* apply to refugees. *See* Proclamation No. 10949, 90 Fed. Reg. 24,497 (June 4, 2025) ("Nothing in this proclamation shall be construed to limit the ability of an individual to seek . . . refugee status[.]"). The only explanation Defendants have offered for nevertheless applying the ban to refugees is that, "although the Proclamation does not limit the ability of such nationals to *seek* refugee status overseas, their *entry* as refugees is suspended under the President's exercise of his 1182(f) authority while the Proclamation remains in effect." Ex. 9 (emphasis added).

PLS.' MOT. FOR EMERGENCY CONF. – 5
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

of impacted refugees may number in the hundreds or low thousands—but of course, this information is in the sole possession of Defendants.

In its May 15 order, the Court explained that refugees who are not included in the rebuttable presumption may still qualify as injunction-protected refugees if a to-be-appointed Special Neutral determines, on a case-by-case basis, that they satisfy the "reliance" interest requirement set forth in the Ninth Circuit's second clarification order. Dkt. No. 126 at 4. Defendants now take the position that, to be eligible for consideration by the Special Neutral, an individual must not only meet the conditions of the Ninth Circuit's three-part test but also have had their scheduled travel cancelled "*in preparation*" for the Refugee Ban EO. Ex. 5 (emphasis added). In other words, in their figures presented to Plaintiffs and the Court regarding the universe of potential injunction-protected refugees, Defendants have excluded refugee cases that had travel booked before January 20 that was cancelled for reasons other than the agencies' implementation of the Refugee Ban EO—at least, as determined by Defendants themselves.

The Ninth Circuit's first clarification order, which established the three-part criteria for injunction-protected refugees, speaks only in terms of refugee cases that had arranged and confirmable travel "on *or before* January 20, 2025," regardless of the timing or reason for the travel cancellation. *See* No. 25-1313 (9th Cir.), Dkt. No. 46.1 at 4. (emphasis added). Defendants have manufactured this additional limitation out of whole cloth and have not explained the basis for it other than to assert that it is based on a "comprehensive reading of both Ninth Circuit Clarification Orders," including that only "individuals with a strong reliance interest . . . comparable to Plaintiff Pacito" should be included in the universe of potentially injunction-protected individuals. Ex. 7. But whether a refugee whose travel was cancelled prior to January 20 has a sufficient reliance interest is precisely the question the Court has indicated should be determined through a process led by the Special Neutral, not an assessment unilaterally made by Defendants. Refugees whose travel was cancelled for reasons other than the Refugee Ban EO—for example, because of temporary illness, country conditions, or a family emergency—might also have significant reliance

PLS.' MOT. FOR EMERGENCY CONF. – 6
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

interests comparable to Plaintiff Pacito given that they also were planning to resettle imminently to the United States and the rescheduling of their travel in the ordinary course was also prohibited by the Refugee Ban EO. Defendants' exclusion of these individuals undermines the purpose of the Court's appointment of a Special Neutral to assist in conducting case-by-case determinations for refugee applicants who meet the three-part test. Defendants must not be allowed to disrupt the established conditions and protocol set by the Ninth Circuit and this Court.

## CONCLUSION

Defendants' continued lack of candor has slowed the implementation of the Court's orders to a near halt and threatens to further limit the protection available to eligible refugees. Time is of the essence for these individuals; they cannot afford the delay that, absent immediate intervention by the Court, will result from the new obstacles that Defendants are throwing in their paths (and failed to timely disclose). Effective relief cannot be provided, permanent and irreparable harm avoided, or the status quo maintained unless the Court's preliminary injunction protects these individuals against Defendants' continuing recalcitrance.

Accordingly, Plaintiffs respectfully request that the Court schedule an emergency conference to address these new obstacles to the discharge of the orders of this Court and the Ninth Circuit, including (1) the need for accurate identification of the universe of injunction-protected refugees for the Special Neutral's reliance-interests review and (2) potential steps to resume processing certain cases beyond the identified 160 injunction-protected refugees in light of Defendants' disclosure that they will not admit the majority of those families based on their nationalities.

Because lead counsel for Plaintiffs are currently on the East Coast, Plaintiffs also respectfully request that this emergency conference be conducted remotely.

\* \* \*

The undersigned certifies that this motion contains 2120 words, in compliance with the Local Civil Rules.

PLS.' MOT. FOR EMERGENCY CONF. – 7
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | | |
|---|---|---|
| Dated: June 25, 2025 | By: | s/ *Harry H. Schneider, Jr.* |

<div style="display: flex;">

Deepa Alagesan*
Mevlüde Akay Alp*
Linda Evarts*
Ghita Schwarz*
Pedro Sepulveda, Jr.*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
dalagesan@refugeerights.org
makayalp@refugeerights.org
levarts@refugeerights.org
gschwarz@refugeerights.org

Melissa Keaney*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
P.O. Box 2291
Fair Oaks, California 95628
Telephone: (646) 939-9169
mkeaney@refugeerights.org

Laurie Ball Cooper*
Megan Hauptman*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Ave. NW
Washington, D.C. 20001
Telephone: (646) 939-9169
lballcooper@refugeerights.org
mhauptman@refugeerights.org

</div>

Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Shireen Lankarani, WSBA No. 61792
Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
SLankarani@perkinscoie.com
EAston@perkinscoie.com

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

Nicholas J. Surprise*
**PERKINS COIE LLP**
33 East Main Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
NSurprise@perkinscoie.com

*Counsel for Plaintiffs*

* *Admitted pro hac vice*

PLS.' MOT. FOR EMERGENCY CONF. – 8
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000