District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST, | CASE NO. 2:25-cv-00255<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF ON *TRUMP V. CASA, INC.* |
| *Plaintiffs*, | |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State, KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services, | |
| *Defendants*. | |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5677

On February 28 and March 25, 2025, this Court granted universal injunctive relief that extends well beyond individual and organizational Plaintiffs and "purport[s] to directly benefit nonparties." *Trump v. CASA, Inc.* 606 U.S. ___ (June 27, 2025). The First Preliminary Injunction, Dkt. No. 45, was stayed to a large degree by the Ninth Circuit, but Plaintiffs now, in their Motion for an Emergency Conference, Dkt. No. 135, request that this Court's already overbroad order be stretched even further to (1) encompass *all* refugee applicants whose travel was cancelled at any point prior to the USRAP Executive Order, and (2) force the automatic processing of entire refugee applicant groups with little regard for the orderly administration of individualized reliance assessments ordered by the Ninth Circuit. The sweeping injunction that this Court issued—and the expansion that Plaintiffs presently seek—cannot stand under the key tenets outlined in *CASA*.

In *CASA*, the Supreme Court addressed "universal injunctions," or injunctions that bar the defendant from enforcing "a law or policy against *anyone*," in contrast to injunctions limited to the plaintiff. *CASA*, 2025 WL 1773631, at *4. The Supreme Court considered "whether Congress [] granted federal courts the authority to universally enjoin the enforcement of an executive or legislative policy," and found that the statutory grant of jurisdiction over suits "in equity" "encompasses only those sorts of equitable remedies traditionally accorded by courts of equity at our country's inception." *Id.* at *5–*6 (internal quotation marks omitted). The Court then determined that "[n]either a universal injunction nor any analogous form of relief was available . . . at the time of the founding." *Id.* at *6. Rather, "suits in equity were brought by and against individual parties." *Id.* That led the Supreme Court to conclude, "[b]ecause the universal injunction lacks a historical pedigree, it falls outside the bounds of a federal court's equitable authority under the Judiciary Act." *Id.* at *8.

At most, a court granting equitable relief "may administer complete relief *between the parties*." *Id.* at *11 (internal citation and quotation marks omitted). "Under this principle, the question is not whether an injunction offers complete relief to everyone potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the*

Defendants' Supplemental Brief on
*Trump v. CASA, Inc.*, 606 U.S. ___ (2025)

No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5677

1

*plaintiffs before the court*." *Id*. And even then, "[c]omplete relief is not a guarantee—it is the maximum a court can provide." *Id*. at 12.

     *CASA* bears directly on this case and forecloses any possibility of injunctive relief to a nonparty—let alone an unrestrained *expansion* of such relief, as Plaintiffs currently demand. This Court should reject that excessive overreach and allow the Government to abide by the Ninth Circuit's stay orders while the appeal runs its course.

## I.    This Court granted universal injunctive relief that is impermissibly overbroad under the Supreme Court's holding in *CASA*.

     The universal injunctive relief granted by this Court is overbroad, unnecessarily extending far beyond the parties involved. The Supreme Court confirmed as much in *CASA*, concluding that injunctive relief must be limited to the named plaintiffs in the specific case.[1] *CASA*, 2025 WL 1773631, at *8; *see* Dkt. No. 48 at 8–9 (Defendants arguing the injunction's overbreadth and this Court's disregard of Ninth Circuit precedent directing courts to limit relief to the parties in a suit). Indeed, a universal injunction as to all refugee applicants and resettlement agencies is wholly unnecessary to provide complete relief to the individual and organizational Plaintiffs in this case. 2025 WL 1773631, at *11. Contrary to those principles, this Court has required the Government to process the refugee cases of nonparty individuals and continue contracting with nonparty resettlement partners. *See* Dkt. Nos. 45, 79. *CASA* makes clear such a far-reaching judicial edict is prohibited. 2025 WL 1773631, at *8.

     Under *CASA*, relief in this case must be sharply limited. Named Plaintiffs Josephine and Esther have received complete relief, and individuals within the cohort of 160 with travel booked for the weeks of January 20 and January 27 have been processed and admitted into the

---

[1] The Supreme Court did not reach "the distinct question [of] whether the Administrative Procedure Act [(APA) authorizes federal courts to vacate federal agency action." *CASA*, 2025 WL 1773631, at *8 n.10 (citing 5 U.S.C. § 706(2) (authorizing courts to "hold unlawful and set aside agency action")).That is to say, the holding in *CASA* applies to preliminary injunctive relief that sounds in equity and not to the ultimate merits-based determination regarding whether an agency action violates the APA and must therefore be set aside pursuant to the statutory authority vested in courts by 8 U.S.C. § 706(2).

DEFENDANTS' SUPPLEMENTAL BRIEF ON
*Trump v. CASA, Inc.*, 606 U.S. ___ (2025)

No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5677

2

United States even without the complete reactivation of all USRAP resettlement partners. That success in according relief confutes Plaintiffs' repeated contentions that nonparty resettlement partners must also be included in any relief to allow for the full resumption of the USRAP. Dkt. No. 60, Plaintiffs' Opposition to Defendants' Motion to Stay the First Preliminary Injunction, at 6 (quoting Dkt. No. 45, First Preliminary Injunction Order, at 59). Nor have Plaintiffs provided any support for their naked assertion that "organizational plaintiffs are harmed by every fewer refugee they resettle" and "will thus be harmed if the [USRAP EO] is not enjoined in its entirety." Dkt. No. 60 at 6. At most, this Court should have only enjoined the suspension of processing the individual Plaintiffs and the contracts with the organizational Plaintiffs. Had it done so, it could have afforded complete relief to the named parties while avoiding irreparable harm to the Government—a position Defendants have maintained throughout this litigation and is now further supported by Supreme Court precedent. *See CASA*, 2025 WL 1773631, at *8.

**II.   This Court lacks authority to modify the injunction pending appeal and must deny Plaintiffs' requests to further expand the injunctive relief that this Court previously granted.**

To avoid contravening the clear directive against excessively broad injunctive relief any further, this Court should reject Plaintiffs' attempt to expand relief to various groups outside this litigation. Their request to sweep in such groups is not only inconsistent with *CASA*'s call for narrowly tailored injunctive relief, but also at odds with longstanding Ninth Circuit precedent prohibiting a district court from substantively modifying a preliminary injunction that has been appealed to a federal court of appeals.

Plaintiffs ask this Court to enlarge its largely stayed injunction to include additional groups of people never explicitly acknowledged by any party or this Court in prior filings. Dkt. No. 135 at 7. They also demand that the Government immediately resume processing cases beyond the 160 refugee applicants who had travel booked the weeks of January 20 and 27, sharply deviating from the narrow carveout of the Ninth Circuit's otherwise general stay. *Id.* at 4. Through each request—which essentially treats their proposed compliance framework as

DEFENDANTS' SUPPLEMENTAL BRIEF ON
*Trump v. CASA, Inc.*, 606 U.S. ___ (2025)

No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5677

3

a settled fact, *see* Dkt. No. 127—Plaintiffs urge this Court to greatly expand what is required under the First Preliminary Injunction—despite that injunction having been narrowed by the Ninth Circuit—in blatant disregard of the individualized and fact-specific reliance assessments required by the Ninth Circuit. *See Pacito, et al., v. Trump, et al.*, No. 25-1313, Dkt. No. 64.1 at 4 (9th Cir. May 9, 2025).

At bottom, Plaintiffs would have this Court depart even further from the foundational principles outlined in *CASA*, as well as from binding Ninth Circuit precedent. "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Indeed, "[w]hile a preliminary injunction is pending on appeal, a district court lacks jurisdiction to modify the injunction in such a manner as to finally adjudicate substantial rights directly involved in the appeal." *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) (quotation omitted). While there are exceptions that allow district courts to preserve the status quo among the parties or ensure compliance with its earlier orders, *see Natural Res. Def. Council*, 242 F.3d at 1166; Fed. R. Civ. P. 62(d), modifications to an injunction may not "materially alter the status of the case on appeal." *Natural Res. Def. Council*, 242 F.3d at 1166; *accord Doe v. Trump*, 284 F. Supp. 3d 1172, 1176 (W.D. Wash. 2018) (recognizing the court's exercise of its limited jurisdiction in either circumstance may "not materially alter the status of the case on appeal" (internal quotation marks omitted)).

Against Plaintiffs' unfounded demand for injunctive relief running far beyond the named parties, Defendants respectfully ask this Court to adhere to the constraints on its role while appellate review of the granted injunctive relief is ongoing. While this Court is divested of jurisdiction to substantively amend the injunction pending appeal, the Ninth Circuit will in due course answer the question before it on appeal regarding "whether the Government is likely to suffer irreparable harm from" the entry of a universal injunction. *CASA*, 2025 WL 1773631, at *15. In undertaking that inquiry, the Ninth Circuit may narrow the scope of this Court's First Preliminary Injunction by further staying the injunction "to the extent that the

DEFENDANTS' SUPPLEMENTAL BRIEF ON *Trump v. CASA, Inc.*, 606 U.S. ___ (2025)

No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5677

4

injunction[ is] broader than necessary to provide complete relief to each plaintiff[.]" *Id.* And the Ninth Circuit may order this Court to "move expeditiously to ensure that, with respect to each plaintiff, the injunction[] comport[s] with this rule and otherwise compl[ies] with principles of equity." *Id.* However it decides to proceed, the question is now before the Ninth Circuit, as the appeal is fully briefed and Defendants have appropriately filed a notice of supplemental authority pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure.[2] *See Pacito, et al. v. Trump, et al.*, No. 25-1313, Dkt. No. 101.1 (9th Cir. July 2, 2025). In this posture, there is no room for Plaintiffs to demand modification of the injunction from this Court.

## **CONCLUSION**

For the foregoing reasons, the Court should await guidance from the Ninth Circuit as to the appropriate scope of the injunctive relief previously granted. Additionally, the Court should deny Plaintiffs' attempts—disguised as accusations of non-compliance—to further expand the already overbroad injunction, as it lacks authority to modify the injunction pending appeal.

DATED this 2nd day of July, 2025.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

DAVID KIM
Senior Litigation Counsel

---

[2] In an appeal, if "a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied." *Carpenter v. Wabash*, 309 U.S. 23, 27 (1940).

DEFENDANTS' SUPPLEMENTAL BRIEF ON
*Trump v. CASA, Inc.*, 606 U.S. ___ (2025)

No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5677

1

2                                                        */s/ Alexandra L. Yeatts*
                                                         ALEXANDRA YEATTS
3                                                        (CA Bar No. 358762)
                                                         Trial Attorney
4
                                                         JOSEPH MCCARTER
5                                                        LINDSAY ZIMLIKI
                                                         JASON ZUBATA
6                                                        Trial Attorneys
                                                         U.S. Department of Justice
7                                                        Civil Division, Office of Immigration Litigation
                                                         Washington, DC 20005
8                                                        Phone: 202-353-5677
                                                         Email: Alexandra.Yeatts@usdoj.gov
9
10                                                       *Attorneys for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23    DEFENDANTS' SUPPLEMENTAL BRIEF ON                        U.S. DEPARTMENT OF JUSTICE
      *Trump v. CASA, Inc.*, 606 U.S. ___ (2025)       CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
24                                                               P.O. BOX 878, BEN FRANKLIN STATION
      No. 2:25-cv-00255-JNW                                          WASHINGTON, D.C. 20044
                                                                          (202) 353-5677