THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, <br><br> *Defendants*. | Case No. 2:25-cv-255-JNW <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JUNE 27, 2025 ORDER** |

    Plaintiffs submit the following supplemental brief in response to the Court's order of June 27, 2025, *see* Dkt. 137, to address the U.S. Supreme Court's ruling in *Trump v. CASA, Inc.*, No. 24A884, slip op. (U.S. June 27, 2025).

PLAINTIFFS' SUPPLEMENTAL BRIEF – 1
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**INTRODUCTION**

Although the Court has jurisdiction to enforce its preliminary injunctions "to preserve the status quo"—including by taking steps to ensure Defendants' compliance with the injunctions as ordered—it no longer has jurisdiction to narrow the scope of its previously granted relief because doing so would "materially alter the status of the case on appeal." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Regardless, no such narrowing is needed: The Supreme Court's *CASA* ruling affects neither the permissibility of the relief requested by Plaintiffs nor the relief already granted by the Court because this lawsuit involves relief granted to putative class members under the Administrative Procedure Act ("APA"). Further, as the Court has concluded, the relief ordered is necessary to provide complete relief to Plaintiffs.

**ARGUMENT**

**I.    The Court has jurisdiction to enforce its preliminary injunctions but *not* to narrow them in response to *CASA*.**

As a threshold matter, the Court retains jurisdiction to *enforce* its preliminary injunctions to preserve the status quo, but it no longer has jurisdiction to *narrow* the scope of previously granted relief based on the Supreme Court's decision in *CASA*.

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982). "[A]lthough Federal Rule of Civil Procedure 62(d) permits a district court to 'suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights' pending appeal from an interlocutory order that [rules on] an injunction, '[i]t does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court.'" *N.D. v. Reykdal*, No. 2:22-cv-01621-LK, 2023 WL 6557853, at *1 (W.D. Wash. Sept. 8, 2023) (third alteration in original) (first quoting Fed. R. Civ. P. 62(d); and then quoting *McClatchy Newspapers*, 686 F.2d at 734). Nor does Rule 62(d) allow a district court to make changes that

PLAINTIFFS' SUPPLEMENTAL BRIEF – 2
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

"materially alter the status of the case on appeal," *Nat. Res. Def. Council*, 242 F.3d at 1166—which is precisely what Defendants seek here. Whether the Court abused its discretion in granting nationwide relief is a key issue on appeal. *See* No. 25-1313 (9th Cir.), Dkts. 47.1 at 51–54, 97.1 at 33–34. The Ninth Circuit will determine whether Defendants are likely to succeed on the merits of their argument regarding the scope of relief; this Court no longer has jurisdiction over that issue. *See McClatchy Newspapers*, 686 F.2d at 734.

Moreover, a district court improperly alters the status of a case on appeal when it "remov[es] prohibition[s]" from an appealed preliminary injunction. *Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Loc. 200*, 611 F.3d 483, 495 (9th Cir. 2010); *see also, e.g.*, *Martinez Baños v. Godfrey*, No. C16-1454 JLR, 2019 WL 2357871, at *2 (W.D. Wash. June 4, 2019) (court lacked jurisdiction to "alter the status quo by removing certain requirements . . . under the injunction"). Defendants' suggestion that the Court modify the preliminary injunctions to narrow their scopes would materially alter the status of the case on appeal by removing the injunctions' nationwide prohibitions on Defendants' conduct. At this point, the Court cannot accept Defendants' invitation to limit the reach of its ordered injunctions based on their (mis)reading of *CASA*.

In contrast, a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Id.* This includes the power to "supervise compliance with an injunction," *Hawai'i v. Trump*, 871 F.3d 646, 654 (9th Cir. 2017) (per curiam), and "modify a preliminary injunction in consideration of new *facts*," *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (emphasis added). Accordingly, the Court has jurisdiction to issue further relief to secure Defendants' compliance with its preliminary injunctions, including by ensuring that Defendants do not artificially circumscribe the population of refugees to whom the narrowed first preliminary injunction applies. Far from "ask[ing] this Court to enlarge its largely stayed injunction to include additional groups of people," Dkt. 139 at 3, Plaintiffs merely seek confirmation that the preliminary injunction is applied and enforced *as the Court already ordered*.

PLAINTIFFS' SUPPLEMENTAL BRIEF – 3
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

These efforts would preserve the status quo, and it is readily within the Court's authority to supervise its preliminary injunctions while they are pending appeal. *See Nat. Res. Def. Council*, 242 F.3d at 1166; *Trump*, 871 F.3d at 654.

**II.    *CASA* does not affect the relief granted in this lawsuit or require that it be modified.**

The Supreme Court's *CASA* decision affects neither the relief requested nor the relief already granted by the Court for three main reasons: (1) Complete relief to both the named individual Plaintiffs and the organizational Plaintiffs requires nothing less than the preliminary injunction issued by the Court, (2) this case is brought on behalf of putative class members, and (3) vacatur remains available under the APA.

In *CASA*, the Supreme Court limited injunctions that provided relief beyond that required to remedy the harms faced by the parties before the district courts, holding only that those universal preliminary injunctions "likely exceed[ed] the equitable authority that Congress has granted to federal courts" under the Judiciary Act of 1789. Slip op. at 1–2, 4. The Court explicitly excepted from its holding cases where complete relief to litigating parties incidentally benefitted others, class-action cases, and vacatur under the APA. Each of these carveouts applies here.

**Complete relief.** This Court's preliminary injunctions are necessary to give Plaintiffs complete relief. "[T]he complete-relief principle has deep roots in equity," and while the principle by itself does not "justif[y] the award of relief to nonparties," nationwide relief is proper when "necessary to provide complete relief to each plaintiff with standing to sue"—even if it has the practical and incidental effect of benefitting nonparties. *Id.* at 15–16, 26. Moreover, nationwide relief is proper when there are "injuries for which it is all but impossible for courts to craft relief that is complete *and* benefits only the named plaintiffs." *Id.* at 16–17 n.12.

As the Court already found, "complete relief for the named plaintiffs entails enjoining portions of the USRAP EO." Dkt. 45 at 59; *see also* Dkt. 79 at 34. The organizational Plaintiffs and their affiliates sponsor and assist tens of thousands of refugees internationally and across the United States. Dkt. 45 at 17. Relief limited to the named *individual* Plaintiffs would therefore not

PLAINTIFFS' SUPPLEMENTAL BRIEF – 4
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

provide complete relief to the *organizational* Plaintiffs. Further, resettlement agencies participate in the USRAP as an "integrated whole, with interconnected processes spanning international borders and domestic agencies." *Id.* at 60. The individual Plaintiffs are sponsored and assisted not only by the three resettlement agencies before the Court, but also by other nonparty resettlement agencies. *See, e.g.*, Dkt. 68-2 ¶¶ 4–5. Given the nature of Plaintiffs' injuries and Defendants' unlawful actions, it is thus impossible to craft relief that is both complete and benefits only the named Plaintiffs. *See* Dkt. 45 at 60. Appropriate and complete relief here *must* be nationwide and universal, a result that does not conflict with *CASA*. "That the benefits or protections of such an injunction would flow to other, nonparties does not render such an injunction overbroad," Dkt. 45 at 59—a further point reiterated in *CASA*.

**Class action.** *CASA* is also inapposite because this case involves relief granted to putative class members. The *CASA* Court rejected the respondents' counterargument that universal injunctions were analogous to bills of peace, explaining instead that the "modern form" of the bill of peace is "the modern class action" governed by Federal Rule of Civil Procedure 23. Slip op. at 12–13. Because the procedural requirements of class actions are "virtually identical" to those of the bill of peace, class actions have a historical pedigree and therefore fall within a federal court's equitable authority under the Judiciary Act. *See id.* at 11–14. Cases involving a certified class might very well require nationwide relief. *See id. post* at 1–2 (Kavanaugh, J., concurring).

Plaintiffs in this case moved for class certification, demonstrating that the proposed subclasses satisfy the procedural requirements of numerosity, commonality, typicality, and adequacy. *See* Dkt. 71. As a result, the relief in this case does not present the same issues as the universal injunctions at issue in *CASA*.

**APA.** Finally, *CASA* is further inapposite because it did not address vacatur of federal agency action under the APA. The *CASA* Court expressly recognized that "[n]othing we say today resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action." Slip op. at 11 n.10 (citing 5 U.S.C. § 706(2)). Plaintiffs here

PLAINTIFFS' SUPPLEMENTAL BRIEF – 5
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

brought several claims for relief under the APA. *See* Dkt. No. 56 at 43–47. Specifically, Plaintiffs allege that Defendants' (1) implementation of the Refugee Ban EO, (2) failure to comply with applicable regulations in suspending the follow-to-join process, (3) defunding of the USRAP, and (4) implementation of the defunding of the USRAP *all* violate the APA, and Plaintiffs thus request that the court "set aside"—vacate—these unlawful agency actions. *See id.* (citing 5 U.S.C. § 706(2)). Because *CASA* left open the APA remedy of vacatur, which Plaintiffs have sought in this case, its holding does not implicate the relief granted here.

## **CONCLUSION**

The Court has jurisdiction to enforce its preliminary injunctions to preserve the status quo, but it does not have jurisdiction to narrow the scope of its preliminary injunctions (such as by limiting the scope of relief in light of *CASA*) because doing so would "materially alter the status of the case on appeal." *Nat. Res. Def. Council*, 242 F.3d at 1166. Regardless, the Supreme Court's *CASA* decision does not affect the permissibility of prior or future relief in this case because it involves relief granted to putative class members under the APA and such relief is necessary to provide complete relief to Plaintiffs.

\*   \*   \*

The undersigned certifies that this supplemental brief does not exceed seven pages, in compliance with the Court's order of June 27, 2025. *See* Dkt. 135 at 2.

PLAINTIFFS' SUPPLEMENTAL BRIEF – 6
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | |
|---|---|
| Dated: July 2, 2025 | By: s/ *Harry H. Schneider, Jr.* |
| | Harry H. Schneider, Jr., WSBA No. 9404 |
| Deepa Alagesan* | Jonathan P. Hawley, WSBA No. 56297 |
| Mevlüde Akay Alp* | Shireen Lankarani, WSBA No. 61792 |
| Linda Evarts* | Esmé L. Aston, WSBA No. 62545 |
| Ghita Schwarz* | **PERKINS COIE LLP** |
| Pedro Sepulveda, Jr.* | 1301 Second Avenue Suite 4200 |
| **INTERNATIONAL REFUGEE ASSISTANCE PROJECT** | Seattle, Washington 98101 |
| | Telephone: (206) 359-8000 |
| One Battery Park Plaza, 33rd Floor | Facsimile: (206) 359-9000 |
| New York, New York 10004 | HSchneider@perkinscoie.com |
| Telephone: (646) 939-9169 | JHawley@perkinscoie.com |
| Facsimile: (516) 324-2267 | SLankarani@perkinscoie.com |
| dalagesan@refugeerights.org | EAston@perkinscoie.com |
| makayalp@refugeerights.org | |
| levarts@refugeerights.org | John M. Devaney* |
| gschwarz@refugeerights.org | **PERKINS COIE LLP** |
| | 700 Thirteenth Street NW, Suite 800 |
| Melissa Keaney* | Washington, D.C. 20005 |
| **INTERNATIONAL REFUGEE ASSISTANCE PROJECT** | Telephone: (202) 654-6200 |
| | Facsimile: (202) 654-6211 |
| P.O. Box 2291 | JDevaney@perkinscoie.com |
| Fair Oaks, California 95628 | |
| Telephone: (646) 939-9169 | Joel W. Nomkin* |
| mkeaney@refugeerights.org | **PERKINS COIE LLP** |
| | 2525 East Camelback Road, Suite 500 |
| Laurie Ball Cooper* | Phoenix, Arizona 85016 |
| Megan Hauptman* | Telephone: (602) 351-8000 |
| **INTERNATIONAL REFUGEE ASSISTANCE PROJECT** | Facsimile: (602) 648-7000 |
| | JNomkin@perkinscoie.com |
| 650 Massachusetts Ave. NW | |
| Washington, D.C. 20001 | Nicholas J. Surprise* |
| Telephone: (646) 939-9169 | **PERKINS COIE LLP** |
| lballcooper@refugeerights.org | 33 East Main Street, Suite 201 |
| mhauptman@refugeerights.org | Madison, Wisconsin 53703 |
| | Telephone: (608) 663-7460 |
| | Facsimile: (608) 663-7499 |
| | NSurprise@perkinscoie.com |
| | |
| | *Counsel for Plaintiffs* |
| | |
| | *\* Admitted pro hac vice* |

PLAINTIFFS' SUPPLEMENTAL BRIEF – 7
(No. 2:25-cv-255-JNW)