

1300 Pennsylvania Avenue, NW
Washington, DC 20229

**U.S. Customs and Border Protection**

January 27, 2025

| | |
|---|---|
| MEMORANDUM FOR: | Executive Directors<br>Directors, Field Operations<br>Office of Field Operations |
| FROM: | Ray Provencio<br>Acting Executive Director, Admissibility and Passenger Programs<br>Office of Field Operations |
| SUBJECT: | Implementation of Active Executive Orders – January 27, 2025 |

This memorandum and accompanying muster update the guidance package of the same title, issued on January 21, 2025.

There are multiple active Executive Orders / Presidential Proclamations as of January 27, 2025, including:
- *Guaranteeing the States Protection Against Invasion* (January 2025)
- *Securing Our Borders* (January 2025)
- *Securing the Border* (September 2024)

Among other authorities, the *Guaranteeing the States Protection Against Invasion* and the *Securing the Border* Proclamations leverage INA 212(f) authorities. This authority provides the ability for U.S. Customs and Border Protection (CBP) personnel to immediately and efficiently repatriate undocumented aliens that are not excepted. **LEP** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

In alignment with the executive actions, the Department of Homeland Security has ceased actions on the following programs and processes:
- Uniting for Ukraine (U4U)
- Operations Allies Welcome (OAW)
- Family Reunification Parole (FRP) Processes
- Processes for Cubans, Haitians, Nicaraguans, and Venezuelans (CHNV)
- Safe Mobility Offices (SMOs)
- Central American Minor (CAM) Processes

For Official Use Only
Law Enforcement Sensitive

CAR 001



Recent changes have been implemented regarding the processing of arriving refugees, as well as expanded use of ER, both detailed in the attached muster. Active executive actions do not change existing policies on the identification and processing of unaccompanied alien children (UACs), the processing of children consistent with the *Flores* Settlement Agreement, requirements under *Orantes*, or requirements under the *Ms. L v. ICE* Settlement Agreement.

Please ensure this memorandum and the attached muster are distributed to port personnel. Should you require additional information, please contact Graham Dudley, Director, Enforcement Programs Division.

**Muster**

**Date**: January 27, 2025

**Topic**: Update: Implementation of Active Executive Orders – January 27, 2025

**Headquarters POCs**: Admissibility Policy Concerns: Enforcement Program Division (enforcementprogramsdivision@cbp.dhs.gov)

Secondary Processing Systems: Systems Enforcement Analysis and Review (SEAL@cbp.dhs.gov)

Operational Concerns: Law Enforcement Operations Division (FLDSouthwestRegion@cbp.dhs.gov)

*This guidance is updated from the initial muster, Implementation of Active Executive Orders, issued on January 21, 2025*

Overview:
- There are multiple active executive actions as of January 27, 2025, such as:
    - Presidential Proclamation *Guaranteeing the States Protection Against Invasion* (January 2025) suspends entry to the U.S. across the southern border pursuant to sections 212(f) and 215(a) of the Immigration and Nationality Act (INA) and restricts access to provisions of immigration law that would permit an alien's continued presence in the United States, including, but not limited to, Section 208 of the INA.
    - *Securing Our Borders* (January 2025) strengthens immigration response requirements and border security measures, ending "Catch and Release" practices, and reiterates the appropriate discretionary use of parole.
    - *Realigning the United States Refugee Admissions Program* (January 2025) suspends the entry of refugees under the U.S. Refugee Admission Program (USRAP) pursuant to sections 212(f) and 215(a) of the INA
    - *Securing the Border* (September 2024) suspends and limits the entry of certain aliens into the United States across the southern border with Mexico, maritime borders approximate to the southern border and the Gulf, the Virgin Islands, and Puerto Rico and does so during emergency border circumstances pursuant to sections 212(f) and 215(a) of the INA.
- Changes in the operational landscape due to the Executive Orders and the Proclamation will be addressed through strategic resource leveraging in the following areas of consideration: pre-processing steps, port security, inspecting travelers in the appropriate manner.

Scope:
- The following are not subject to the Proclamation *Guaranteeing the States Protection Against Invasion* (January 2025):
    - U.S. citizens (USCs) and Lawful Permanent Residents (LPRs);

CAR 003

Update: Implementation of Active Executive Orders
Page 2

- - Unaccompanied alien children (UAC);
  - Aliens with valid entry documents or authorizations (e.g., visa, ESTA); and
  - Aliens permitted to enter based on CBP officer discretion regarding the totality of circumstances, including consideration of significant law enforcement, public and officer safety, public health, or urgent humanitarian interests, or operational considerations.
- Travelers subject to the Proclamation shall not be permitted to cross the international boundary.
- An undocumented alien who claims or manifests a fear at the international boundary line to CBP personnel is not excepted from the Proclamation.
- Undocumented aliens who have evaded international boundary line operations, via vehicle or other means such as on foot or by rail, are not excepted from the Proclamation.
  - LEP
- Undocumented aliens using force against CBP personnel to evade international boundary line operations should be referred for prosecution.
- Once present in the United States, all applicants for entry must be inspected and processed by CBP officers.

Processing:
- LEP
  - LEP



LEP

For Official Use Only
Law Enforcement Sensitive

CAR 004

Update: Implementation of Active Executive Orders
Page 3



- Event Disposition (Summary)



- I-213



- I-862



- LEP

Update: Implementation of Active Executive Orders
Page 4

- In all cases, the appropriate processing disposition should be determined on a case-by-case basis, considering the totality of the circumstances. If there are indicators of fraudulent documents or fraudulent activity, LEP ▮
- Travelers not subject to the Proclamation will be processed in accordance with current policy and practices under Title 8.
- The Proclamation does not change existing policies on the identification and processing of UACs, the processing of children consistent with the *Flores* Settlement Agreement, requirements under *Orantes*, or requirements under the *Ms. L v. ICE* Settlement Agreement.

Port Security:
- LEP ▮
    - The use of LEP ▮ should be leveraged where available and appropriate.
    - Available law enforcement assets such as LEP ▮ be deployed where available and appropriate.
    - LEP ▮
- LEP ▮

Return or Transfer to Law Enforcement Partners:
- OFO only provides short-term holding of inadmissible aliens for processing, repatriation, transfer to other partner agencies.
- OFO turns inadmissible aliens, not amenable to immediate removal, over to law enforcement partners from POEs, such as U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO).
- LEP ▮

For Official Use Only
Law Enforcement Sensitive

CAR 006

Update: Implementation of Active Executive Orders
Page 5

Processing of Refugees:
- Beginning immediately, aliens previously admitted for refugee status and who are returning from foreign travel may not be admitted into the United States if a CBP officer determines the refugee is inadmissible for a security-related ground (Section 212(a)(3)) and the refugee's admission is not in the national interest.
  - The lawful admission of aliens previously admitted as a refugee must be conducted on a case-by-case basis.
- Beginning January 27th at 0001hrs, OFO may not admit refugees seeking admission for the first time under the U.S. Refugee Admissions Program (USRAP), as their entry is suspended pursuant to sections 212(f) and 215(a) of the INA.
  - If encountered, these aliens will be inspected as applicants for admission lacking proper documents sufficient for entry.
  - This would also apply to aliens deriving their status from a principal.

Cessation of "Catch and Release" and Use of Parole:
- The cessation of "Catch and Release" policies do not change any of the requirements of the *Ms. L v. ICE* Settlement or CBP policies governing the processing and separation of family units. Families may only be separated in accordance with the CBP *Family Unity* policy and the *Ms. L* Settlement. Similarly, the cessation of "Catch and Release" policies does not change any procedures governing the processing of UAC as codified in the Trafficking Victims Protection Reauthorization Act (TVPRA).
- CBP officers inspecting applicants for admission to the United States are reminded that aliens who are charged as inadmissible are expected to be detained until the conclusion of proceedings, pursuant to Section 235(b)(1) and (2) of the INA.
- LEP [redacted]
  - CBP retains discretion under Section 235(a)(4) of the INA to permit an alien to withdraw their application for admission.
- If an inadmissible applicant for admission is not able to immediately depart foreign, then CBP officers must take every reasonable action to detain the alien pending removal.
  - LEP [redacted]
- Title 6, United States Code Section 211(m) designates CBP ports of entry as short-term processing locations and defines short term as 72 hours or less.
  - Long term custody of inadmissible or removable aliens is the statutory responsibility of ICE/ERO.
- LEP [redacted]
- LEP [redacted]

For Official Use Only
Law Enforcement Sensitive

Update: Implementation of Active Executive Orders
Page 6



- LEP
- LEP
- LEP
  - LEP
  - LEP
  - LEP
  - Reporting must be completed in alignment with Operations Directorate guidance.
- This muster and the requirements herein may apply similarly to CBP encounters of non-arriving aliens who are inadmissible or removable including encounters of aliens returned to the U.S. under a Safe Third Country Agreement (STCA).



  - LEP
  - LEP
  - LEP
  - LEP

Expansion of Use of Expedited Removal:
- On January 24, 2025, the Acting Secretary of Homeland Security issued a Federal Register Notice (90 FR 8139) expanding the authority for CBP to process the following aliens for ER:
  - Aliens who did not arrive by sea, who are encountered anywhere in the United States more than 100 air miles from a U.S. international land border, and who have been continuously present in the United States for less than two years; and
  - Aliens who did not arrive by sea, who are encountered within 100 air miles from a U.S. international land border, and who have been continuously present in the United States for at least 14 days but for less than two years.
- Prior to this Federal Register notice, CBP officers were limited to processing ER cases for aliens who were found within 100 air miles of the U.S. border and in the United States for less than 14 days; and applicants for admission at port of entry.
- Inadmissible alien applicants for admission encountered at ports of entry and who meet the conditions listed in 8 CFR 235.3(b)(2) will not be impacted by this notice.
- Notwithstanding the processes and procedures applicable to the active Executive Orders discussed in this muster, claims of fear of return or intentions to apply for asylum are not changed by this notice and such instances should be referred for a Credible Fear screening

For Official Use Only
Law Enforcement Sensitive

CAR 008

Update: Implementation of Active Executive Orders
Page 7

    by USCIS and detained by ICE/ERO.

- **LEP** ███████████████████████████████████████
  ███████████████████████████████████████████████

- **LEP** ███████████████████████████████████████
  ███████████████████████████████

For Official Use Only
Law Enforcement Sensitive

CAR 009

| | |
|---|---|
| **From:** | Prelogar, Brandon B |
| **To:** | RAIO-IRAD-All |
| **Subject:** | Re: Executive Order on Refugee Admissions Program |

IRAD Colleagues,

In accordance with, and while we await further guidance related to, the Executive Order titled *Realigning the United States Refugee Admissions Program*, issued Jan. 20, 2025, do not make any final decisions (approval, denial, closure) on any refugee application, petition, or other request, specifically:

- I-590 refugee applications;
- Requests for Review (RFR);
- I-730 Follow-to-Join petitions for refugees (FTJ-R); and
- I-290B Notices of Appeal or Motion relating to I-730 FTJ-Rs.

As soon as we have additional information, we will share it.  Thank you,

Brandon

Brandon Prelogar
Chief, International and Refugee Affairs Division
U.S. Citizenship and Immigration Services
Department of Homeland Security
(202) 578-3639