District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services,

*Defendants*.

CASE NO.  2:25-cv-00255-JNW

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC  20044

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Defendants, DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services, by and through their undersigned counsel, hereby Answer and assert their affirmative defenses to Plaintiffs' First Supplemental Complaint (FSC) (ECF 56) as follows. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the FSC. Any allegation that is not specifically admitted is denied.

## INTRODUCTION

1.    This paragraph consists of Plaintiffs' characterization of the instant action, which requires no response. Defendants object to Plaintiffs' characterizations of Defendants' actions and to every legal conclusion set forth by Plaintiffs. To the extent a response is required, Defendants refer to the cited Executive Orders for a complete and accurate statement of their contents and deny any inconsistent allegations.

2.    This paragraph consists of Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

3.    This paragraph consists of Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

4.    This paragraph consists of Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants refer to the cited Executive Orders for a complete and accurate statement of their contents and deny any inconsistent allegations.

5.    This paragraph consists of Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants

admit that travel scheduled prior to January 27 was canceled, and admit that Plaintiff Pacito was scheduled to travel on January 22 and his travel was canceled. Defendants deny the remaining allegations in this paragraph.

6.  Admit that the Department of State suspended its processing of pending refugee applications it was handling on behalf of the Department of Homeland Security (DHS), U.S. Citizenship and Immigration Services (USCIS). Deny that USCIS suspended its processing of all pending refugee applications. Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations. Defendants deny the remaining allegations contained in this paragraph.

7.  This paragraph consists of Plaintiffs' characterization of the instant action and conclusions of law, which requires no response. To the extent a response is required, Defendants admit funding to the resettlement partners was temporarily suspended. Defendants deny the remaining allegations in this paragraph.

8.  Admit that the Department of State, Bureau of Population, Refugees, and Migration (PRM), issued letters to resettlement partners or that the Department of State issued an ALDAC directing resettlement partners or grant officers to "cancel as many outstanding obligations as possible" to allow for "review of foreign assistance programs," after which the relevant agencies would decide whether to "continue, modify, or terminate" those programs. Defendants refer to the quoted letters and ALDAC for a complete and accurate statement of their contents and deny any inconsistent allegations. The remainder of this paragraph consists of Plaintiffs' characterization of the instant action and conclusions of law, which requires no response. To the extent a response is required, Defendants deny those remaining allegations.

9.  Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

10. This paragraph contains Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

11. This paragraph contains Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

12. This paragraph consists of Plaintiffs' request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the requested relief or to any relief otherwise. Defendants refer to the cited statutory provisions for a complete and accurate statement of their contents and deny any inconsistent allegations.

## PARTIES

13. Defendants admit that Plaintiff Pacito is a refugee from the Democratic Republic of the Congo who was approved for resettlement to the United States and scheduled to travel with his family on January 22, 2025, and that their travel was canceled. Defendants deny the remaining allegations in this paragraph and aver that Plaintiff Pacito and his family were admitted to the United States on July 10, 2025.

14. Defendants admit that Plaintiff Esther is a U.S. citizen, who filed a Form I-730, Refugee/Asylee Relative Petition, for her daughter, Plaintiff Josephine. Defendants lack sufficient knowledge and information to form a belief as to the truth of whether Plaintiff Esther still lives in Boise, Idaho, but aver that agency records list her as living in Boise, Idaho. Defendants deny Plaintiff Josephine remains in South Africa and aver she was admitted to the United States on March 15, 2025.

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

15. Admit that Plaintiff Josephine is the beneficiary on her mother's, Esther's, Form I-730. Admit that Plaintiff Josephine was born in the Democratic Republic of the Congo. Defendants deny she currently lives in Durban, South Africa, and aver she was admitted to the United States on March 15, 2025.

16. Admit that Plaintiff Sara is a refugee from Iraq whose Form I-590, Registration for Classification as a Refugee, was conditionally approved. Deny that Plaintiff Sara's case was suspended, but admit her travel was suspended pursuant to Executive Order 14163. Per her case in START, Defendants admit that as of January 2025 she lived with her derivative son in Jordan.

17. Admit that Plaintiff Alyas's Form I-590 was conditionally approved. Admit the remainder of this paragraph is accurate as of January 2025 according to Plaintiff Alyas's case in START.

18. Admit that Plaintiff Marcos's beneficiary has a conditionally approved Form I-590 and approved Affidavit of Relationship. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remainder of the allegations in this paragraph.

19. Admit that Plaintiff Ahmed's Form I-590 was conditionally approved and, per his case in START, was living in Germany as of January 2025. Deny that Plaintiff Ahmed's case was suspended, but admit his travel was suspended pursuant to Executive Order 14163.

20. Admit that Plaintiff Rachel is a U.S. citizen and that, along with four others, she filed an application to sponsor an Afghan refugee family before processing was suspended pursuant to Executive Order 14163. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations as to where Plaintiff Rachel lives.

21. Admit that Plaintiff Ali was admitted to the United States as a refugee from Iraq in January 2025. Plaintiffs' allegation that he is statutorily entitled to benefits is a legal conclusion, which requires no response. Admit that Plaintiff

Ali lives in Dallas, Texas. Admit Plantiff Ali's resettlement benefits were briefly paused, but aver that Plaintiff Ali received a full year's worth of Refugee Cash Assistance payments. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

22. Admit that HIAS, Inc., is a 501(c)(3) organization that has held agreements with the Department of State for overseas processing for the USRAP and the provision of reception and placement services in the United States. Plaintiff's characterization of HIAS and its mission requires no response. Defendants deny any remaining allegations in this paragraph.

23. Admit that Church World Service, Inc., is a 501(c)(3) organization that has held agreements with the Department of State for overseas processing for the USRAP and the provision of reception and placement services in the United States. Plaintiff's characterization of Church World Service and its mission requires no response. Defendants deny any remaining allegations in this paragraph.

24. Admit that Lutheran Community Services Northwest is a 501(c)(3) organization that is an affiliate of a national resettlement agency. Plaintiff's characterization of Lutheran Community Services Northwest and its mission requires no response. Defendants deny any remaining allegations in this paragraph.

25. Admit.

26. Admit.

27. Admit.

28. Deny that Dorothy A. Fink is Acting Secretary of DHHS. Aver that Robert F. Kennedy, Jr., has been confirmed as Secretary. Admit the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

29.    This paragraph consists of legal conclusions relating to jurisdiction, which require no response. The statutory provisions referenced in this paragraph speak for themselves, and accordingly no response is required. To the extent a response is required, Defendants refer to the cited statutory provisions for a complete and accurate statement of their contents and deny any inconsistent allegations.

30.    This paragraph sets forth Plaintiffs' assertion of venue, which requires no response. The statutory provisions referenced in this paragraph speak for themselves, and accordingly no response is required. To the extent a response is required, Defendants admit venue is proper.

**FACTUAL ALLEGATIONS**

**Congress's Comprehensive System for Meeting the United States' Commitments to People Fleeing Persecution**

*The Refugee Act*

31.    The constitutional provision and case law referenced in this paragraph speak for themselves, and accordingly no response is required. To the extent a response is required, Defendants refer to the cited legal authorities for a complete and accurate statement of their contents and deny any inconsistent allegations.

32.    The statutory provisions referenced in this paragraph speak for themselves, and accordingly no response is required. To the extent a response is required, Defendants refer to the cited statutes for a complete and accurate statement of their contents and deny any inconsistent allegations.

33.    The statutory provisions referenced in this paragraph speak for themselves, and accordingly no response is required. To the extent a response is required, Defendants refer to the cited statutes for a complete and accurate statement of their contents and deny any inconsistent allegations.

34.    The statutory provisions referenced in this paragraph speak for themselves, and accordingly no response is required. To the extent a response is required, Defendants refer to the cited statutes for a complete and accurate statement of their contents and deny any inconsistent allegations.

35.    The statutory provisions referenced in this paragraph speak for themselves, and accordingly no response is required. To the extent a response is required, Defendants refer to the cited statutes for a complete and accurate statement of their contents and deny any inconsistent allegations.

36.    The statutory provision referenced in this paragraph speaks for itself, and accordingly no response is required. To the extent a response is required, Defendants refer to the cited statute for a complete and accurate statement of its contents and deny any inconsistent allegations.

### The U.S. Refugee Admissions Program

37.    This paragraph contains Plaintiffs' characterization of the USRAP, which requires no response. To the extent a response is required, Defendants admit that the USRAP offers a safe haven for people around the world fleeing persecution, but deny the remaining allegations contained in this paragraph.

38.    Admit.

39.    Admit that the Department of State works with resettlement agencies and other cooperating agencies to facilitate the overall refugee resettlement process. Admit as to DHS's responsibility for determining an applicant's eligibility for refugee status under U.S. law.

40.    The statutory provision referenced in this paragraph speaks for itself and accordingly requires no response. To the extent a response is required, Defendants refer to the cited statute for a complete and accurate statement of its contents and deny any inconsistent allegations.

41.    The statutory provisions referenced in this paragraph speak for themselves and accordingly require no response. To the extent a response is required,

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

Defendants refer to the cited statutes for a complete and accurate statement of their contents and deny any inconsistent allegations.

42. The Presidential Determination referenced in this paragraph speaks for itself and accordingly requires no response. To the extent a response is required, Defendants refer to the cited Presidential Determination for a complete and accurate statement of its contents and deny any inconsistent allegations. Defendants admit President Joe Biden set the refugee admissions ceiling in the three fiscal years prior to 2024. Defendants deny that the refugee admissions ceiling was set as high as 240,000 in 1980: that year, by Presidential Determination No. 80-17, President Jimmy Carter set a refugee admissions ceiling of 231,700. Defendants admit the remainder of the second sentence in this paragraph.

43. Admit and aver that, as of April 28, 2025, 37,629 refugees have been admitted to the United States for Fiscal Year 2025.

### *How Refugees Access the USRAP*

44. Defendants lack sufficient knowledge or information to admit or deny the allegations, as Plaintiffs provide no authoritative source for the allegation

45. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, as Plaintiffs provide no authoritative source for the allegations.

46. Admit that refugees are processed through the USRAP, that refugees processed through the USRAP are considered to be "of special humanitarian concern to the United States," and that processing categories ("priorities") are set out in reports to Congress. Defendants deny the remaining allegations in this paragraph.

47. Deny that a refugee must either be referred or belong to designated groups. Defendants aver that the system also provides for family reunification cases in "Priority 3."

48. Admit that some refugees can access the USRAP if they are spouses or children of refugees resettled in the United States. The remainder of this paragraph is Plaintiffs' characterization of the follow-to-join statutory provision, which requires no response. To the extent a response is required, Defendants refer to the cited statutory authority for a complete and accurate statement of its contents and deny any inconsistent allegations.

49. The statutory provision referenced in this paragraph speaks for itself and accordingly requires no response. To the extent a response is required, Defendants refer to the cited statute for a complete and accurate statement of its contents and deny any inconsistent allegations.

50. Defendants admit the allegations contained in the first sentence of this paragraph. The second sentence contains legal conclusions, which require no response.

51. This paragraph sets forth legal conclusions, which require no response.

**The Role of Resettlement Partners in USRAP Refugee Processing**

52. Admit.

53. Deny that the Department of State funded nine regional Resettlement Support Centers (RSCs) at the time the amended complaint was filed, and that the State Department manages nine regional RSCs. Admit that PRM currently has cooperative agreements with six regional RSCs that are operated by third parties and assist the government with certain aspects of refugee application processing. Admit that RSC support includes assisting applicants in preparing their refugee applications, conducting cultural orientations for approved applicants, and collecting information to assist in appropriate refugee placement in the United States. Admit that RSCs also directly assist in application processing by, for example, scheduling medical exams and uploading the results to a government system.

Defendants' Answer to Plaintiffs' First Supplemental Complaint
No. 2:25-cv-00255-JNW

54.    Defendants admit the allegations contained in the first sentence of this paragraph. The cooperative agreements referenced in this paragraph speak for themselves, and accordingly no response is required. To the extent a response is required, Defendants refer to the cited cooperative agreements for a complete and accurate statement of their contents and terms and deny any inconsistent allegations. Admit that, prior to the suspension of USRAP funding, HIAS had been receiving State Department funding through a cooperative agreement. The remaining allegations in the last sentence of this paragraph consist of Plaintiffs' characterization of HIAS's mission and operations, to which no response is required.

55.    Admit.

56.    This paragraph contains Plaintiffs' characterization of the USRAP process, and accordingly no response is required.

57.    Defendants admit the allegations contained in this paragraph, but aver that RSCs do not always collect this information from follow-to-join refugees.

58.    Admit that DHS, through USCIS, adjudicates refugee claims, but clarify that the Department of State at times assists with security screening and in-person interviews for follow-to-join refugees.

59.    Admit as to DHS's role in the conditional approval process. Admit that RSCs guide applicants through post-adjudication steps, but deny that RSCs obtain sponsorship assurance. Defendants aver that PRM facilitates domestic assurances. Admit that earlier in Fiscal Year 2025 there were ten U.S.-based national resettlement agencies, of which CWS and HIAS were two.

60.    Admit.

61.    Admit.

### The Role of Resettlement Agencies in Post-Arrival Refugee Services

1.    Admit, but aver that "economic self-sufficiency" is a term that appears in 8 U.S.C. § 1522.

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

2.    Admit, but aver that the one-year term agreement can be terminated by the State Department under the governing regulations.

3.    Admit that resettlement agencies, directly and through affiliates, provide resettlement support to refugees and their families. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

4.    Admit that local resettlement offices provide services to refugee families upon their arrival, including services related to housing, food, and use of interpreters and caseworkers. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

5.    Admit that refugees receive help from local resettlement offices with transitioning to life in the United States, including services related to transportation, socialization, learning the English language, and securing social security cards.

6.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

***Federal Funding for Refugee Assistance***

7.    This paragraph consists of Plaintiffs' characterization of the USRAP funding, to which no response is required.

8.    Admit.

9.    Admit that the Department of State administers the Reception and Placement Program. Plaintiffs' assertion in footnote 3 that the Department of State has a "responsibility" to make grants or contracts with resettlement agencies is a legal conclusion, which requires no response. The statutory provisions referenced in this paragraph and footnote 3 speak for themselves and do not require a response. To the extent a response is required, Defendants refer to the cited statutory provisions for a complete and accurate statement of their contents and deny any inconsistent allegations

Defendants' Answer to Plaintiffs' First Supplemental Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

10.     Admit.

11.     This paragraph consists of Plaintiffs' characterization of services they provide pursuant to the cooperative agreements they enter into with the Department of State, to which no response is required. To the extent a response is required, Defendants refer to the cited cooperative agreements for a complete and accurate statement of their contents and terms and deny any inconsistent allegations. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegation contained in the last sentence of this paragraph.

12.     The allegation that Afghan and Iraqi Special Immigrant Visa holders are entitled to reception and placement benefits is a legal conclusion, which requires no response. The statutory provisions referenced in this paragraph speak for themselves and do not require a response. To the extent a response is required, Defendants refer to the cited statutory provisions for a complete and accurate statement of their contents and deny any inconsistent allegations.

13.     Admit that ORR is a part of the Department of Health and Human Services and provides longer-term assistance to refugees. The statutory provisions referenced in this paragraph speak for themselves and do not require a response. To the extent a response is required, Defendants refer to the cited statutory provisions for a complete and accurate statement of their contents and deny any inconsistent allegations.

14.     Admit that ORR is responsible for administering federal cash and medical assistance. The statutory provisions referenced in this paragraph speak for themselves and do not require a response. To the extent a response is required, Defendants refer to the cited statutory provisions for a complete and accurate statement of their contents and deny any inconsistent allegations.

15.     Admit that ORR provides grant funding to resettlement agencies, including for refugees and SIVs assured to agencies.

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

16.  The statutory and regulatory provisions referenced in this paragraph speak for themselves and do not require a response. To the extent a response is required, Defendants refer to the cited provisions for a complete and accurate statement of their contents and deny any inconsistent allegations.

### History of President Trump's Attempts to Ban Refugees

17.  The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

18.  The case law referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited case law for a complete and accurate statement of its contents and deny any inconsistent allegations.

19.  The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

20.  The case law referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited case law for a complete and accurate statement of its contents and deny any inconsistent allegations.

21.  The case law, Presidential Proclamation, and agency memorandum referenced in this paragraph and in the corresponding footnote speak for themselves and do not require a response. To the extent a response is required, Defendants refer to the cited case law, Presidential Proclamation, and agency memorandum for a complete and accurate statement of their contents and deny any inconsistent allegations.

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

22.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

23.    The agency memorandum referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited agency memorandum for a complete and accurate statement of its contents and deny any inconsistent allegations.

24.    The case law referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited case law for a complete and accurate statement of its contents and deny any inconsistent allegations.

25.    Defendants admit the allegations contained in the first sentence of this paragraph. Admit that a few cases subject to the settlement have not completed processing and that those remaining cases are subject to Executive Order 14163.

**History of President Trump's Attacks on Refugee Infrastructure**

26.    This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

27.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

28.    This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendants aver that agencies were required to obtain written consent from states and localities before they could propose refugee resettlement in those states and localities.

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

29.     The case law referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited case law for a complete and accurate statement of its contents and deny any inconsistent allegations.

### President Trump's Current Executive Order Banning Refugees

30.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendants admit that in Fiscal Year 2024 more than 100,000 refugees were admitted to the United States, and deny the remaining allegations in this paragraph.

31.     This paragraph consists of Plaintiffs' characterization of past experiences of unidentified individuals in relation to other Executive Orders, which requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

32.     This paragraph and corresponding footnote do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Defendants lack sufficient knowledge and information to form a belief as to the truth of the contents alleged in the media article. The article cited by Plaintiffs does not appear to be admissible as they have not set forth any basis for its exception to hearsay rules pursuant to Federal Rule of Evidence 803.

33.     Admit that President Trump signed a number of Executive Orders on January 20, 2025, including the USRAP Order.

34.     The statutory provisions and Executive Order referenced in this paragraph speak for themselves and do not require a response. To the extent a response is required, Defendants refer to the cited statutory provisions and Executive Order for a complete and accurate statement of their contents and deny any inconsistent allegations.

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

35.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

36.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

37.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

38.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

39.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

40.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

41.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

42.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

43.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations. Defendants aver that Executive Order 14163 suspended entry of refugees.

44.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

45.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

46.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

47.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

48.    The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the

cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

49. The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

50. The Executive Order referenced in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

51. The Executive Order and webpage referenced in this paragraph and the corresponding footnote speak for themselves and do not require a response. To the extent a response is required, Defendants refer to the cited Executive Order and webpage for a complete and accurate statement of their contents and deny any inconsistent allegations.

52. The Executive Order and press release referenced in this paragraph and the corresponding footnote speak for themselves and do not require a response. To the extent a response is required, Defendants refer to the cited Executive Order and press release for a complete and accurate statement of their contents and deny any inconsistent allegations.

**The Agencies' Implementation of the Refugee Ban and Related Orders**

53. Admit that Defendants began to implement Executive Order 14163 shortly after it was issued.

54. Admit that the State Department's PRM sent an email to refugee resettlement partners, including Plaintiffs CWS and HIAS, dated January 21, 2025. The email cited in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited email (ECF

154-1) for a complete and accurate statement of its contents and deny any inconsistent allegations.

55. The email cited in this paragraph speaks for itself and does not require a response. To the extent a response is required, Defendants refer to the cited email (ECF 154-1) for a complete and accurate statement of its contents and deny any inconsistent allegations.

56. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because it is not clear when such questions were asked, by whom, or via what method of communication. Defendants aver that travel cancellations applied to cases where a refugee was scheduled to travel prior to January 27, 2025, at 12:01 am. Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

57. Admit that the State Department canceled travel for refugees who were scheduled to travel to the United States prior to January 27, 2025, to prevent refugees from being stranded en route to the United States. Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

58. Admit that the State Department canceled scheduled travel for Plaintiff Pacito and his family. Defendants deny the remaining allegations in this paragraph. Defendants aver that Plaintiff Josephine was an FTJ-R, and State Department policy, as reflected in the Foreign Affairs Manual (FAM) at 9 FAM 203.6-15(a), requires that IOM arrange travel for FTJ-Rs. Defendants aver that later Plaintiff Josephine was allowed to self-travel in order for Defendants to comply with this Court's preliminary injunction.

59. Defendants refer to the cited email (ECF 154-1) for a complete and accurate statement of its contents and deny any inconsistent allegations.

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

60.     Defendants refer to the cited email for a complete and accurate statement of its contents and deny any inconsistent allegations. Defendants deny that Section 3(c) of Executive Order 14163 creates a "waiver."

61.     Defendants lack sufficient knowledge and information to form a belief as to the truth of whether Plaintiffs have received any information regarding a "case-by-case waiver." Defendants aver that they have not sent written guidance to Plaintiff Resettlement Agencies regarding Section 3(c) of the USRAP Order. Executive Order 14163 speaks for itself and accordingly requires no response. To the extent a response is required, Defendants refer to the Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations, including that Section 3(c) of the USRAP Order creates a "waiver."

**The Trump Administration's Unprecedented Attack on the Refugee Resettlement Infrastructure**

62.     Deny.

63.     Defendants admit that PRM issued stop work orders on all awards on January 24, 2025. Defendants deny the remaining allegations in this paragraph.

64.     Defendants admit that PRM issued stop work orders to Plaintiffs HIAS and CWS. Defendants deny the remaining allegations contained in this paragraph.

65.     The Suspension Notices referenced in this paragraph speak for themselves and accordingly require no response. To the extent a response is required, Defendants refer to the cited Suspension Notices (ECF 154-2, 154-3) for a complete and accurate statement of their contents and deny any inconsistent allegations.

66.     The Suspension Notices and Executive Order referenced in this paragraph speak for themselves, and as such require no response. To the extent a response is required, Defendants refer to the cited Suspension Notices (ECF 154-2, 154-

3) and Executive Order for a complete and accurate statement of their contents and deny any inconsistent allegations.

67.   The Executive Order referenced in this paragraph speaks for itself and accordingly requires no response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations. Defendants aver that the funding for the USRAP was part of the foreign aid account that was ordered to be suspended by the Foreign Aid Order, as clarified in 25 STATE ALDAC 6828.

68.   The Executive Order referenced in this paragraph speaks for itself and accordingly requires no response. To the extent a response is required, Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

69.   Admit, but aver that the link between the Foreign Aid Order and the suspension of USRAP funding is that foreign assistance was, in part, understood to mean accounts funded from accounts in titles III and IV of the Department of State, Foreign Operations, and Related Programs Appropriations Acts, which includes USRAP funding.

70.   Admit that funding for reception and placement services administered by the State Department was suspended and that funding for ORR's refugee resettlement funding was temporarily paused. Defendants deny the remaining allegations in this paragraph.

71.   Deny.

72.   Admit that refugee resettlement funding was temporarily paused without formal notice. Defendants deny the remaining allegations in this paragraph.

73.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

74.    Admit that several refugee resettlement grant recipients, including Catholic Charities-Fort Worth, did not receive funding as a result of a temporary pause in refugee resettlement funding. Defendants aver that for States and certain resettlement agencies any pause in payments was brief. Defendants possess insufficient knowledge to admit or deny the remaining allegations in this paragraph.

**The Refugee Ban and Refugee Funding Suspension Irreparably Harm Plaintiffs**

75.    This paragraph contains Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

***Individual Plaintiffs***

*Plaintiff Pacito*

76.    Defendants admit that Plaintiff Pacito is a refugee from the Democratic Republic of the Congo, who along with his wife and son, was scheduled to travel to the United States on January 22, 2025. Defendants refer to the cited Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

77.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

78.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

79.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

80.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

81.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

*Plaintiff Esther*

82.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

83.   Admit that Plaintiff Esther filed a Form I-730 for Plaintiff Josephine and later filed a mandamus lawsuit. Defendants aver that Plaintiff Josephine's petition was paused because, in response to a Request for Evidence, Plaintiff Esther chose to submit DNA tests to establish that Plaintiff Josephine was her biological daughter, and the U.S. Embassy in Johannesburg, South Africa, had not received the DNA kit from the lab and thus the processing of her case stalled. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

84.   Admit that Plaintiff Josephine's case began to move quickly once Plaintiff Esther requested that the lab send a DNA kit to the U.S. Embassy in Johannesburg, and her case was able to move forward. Admit that the consular office in the U.S. Embassy in Johannesburg prepared a visa foil for Plaintiff Josephine, and that she was awaiting travel booking confirmation when the USRAP Order was issued. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

85.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

*Plaintiff Josephine*

86.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph. Defendants aver that Plaintiff Josephine was admitted to the United States on March 15, 2025.

87.   Admit that Plaintiff Esther filed a Form I-730 for Plaintiff Josephine and later filed a mandamus lawsuit. Admit that the consular office in the U.S. Embassy in Johannesburg prepared a visa foil for Plaintiff Josephine, and that she was awaiting travel booking confirmation when the USRAP Order was issued.

Defendants are aware that Plaintiff Josephine elected to book her own travel to the United States and presented to the U.S. Embassy in Johannesburg on January 24, 2025, in order to obtain a boarding foil. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

88.    Defendants admit that the Department of State, Office of Chief Counsel, requested that the beneficiary wait for the U.S. Embassy in Johannesburg to receive guidance from D.C. on whether it was permissible to give her the boarding foil, and that she was not given her boarding foil at that time. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

89.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

*Plaintiff Sara*

90.    Admit.

91.    Admit that Plaintiff Sara's Form I-590 was conditionally approved and that she completed both her cultural orientation and medical exam, with the decision on the form being marked as approved in USCIS's systems on June 4, 2024. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, including what IOM might have communicated to Plaintiff Sara.

92.    Defendants lack sufficient knowledge or information to admit or deny the allegations, including what IOM might have communicated to Plaintiff Sara.

93.    Defendants lack sufficient knowledge or information to admit or deny the allegations.

94.    Defendants lack sufficient knowledge or information to admit or deny the allegations.

*Plaintiff Alyas*

Defendants' Answer to Plaintiffs' First Supplemental Complaint
No. 2:25-cv-00255-JNW

95.    Admit that Plaintiff Alyas is an Iraqi national and that he applied for refugee resettlement to the United States through the Iraqi P-2 direct access program. No response is required as to Plaintiffs' characterization of the Iraqi P-2 direct access program. As for the statutory provision referenced in this paragraph, it speaks for itself, and accordingly no response is required. To the extent a response is required, Defendants refer to the cited statute for a complete and accurate statement of its contents and deny any inconsistent allegations. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

96.    Admit that Plaintiff Alyas's I-590 was conditionally approved in December 2024 and had travel booked for February 3, 2025. Deny that Plaintiff Alyas's case was canceled, but admit that travel was suspended pursuant to Executive Order 14163. Defendants lack sufficient knowledge or information to admit or deny the remaining allegation relating to what IOM communicated to Plaintiff Alyas.

97.    Admit that Plaintiff Alya and his family are Yazidis, who comprise an ethno-religious minority that is targeted in Iraq. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

*Plaintiff Marcos*

98.    Admit that Plaintiff Marcos submitted an Affidavit of Relationship for his stepdaughter through the CAM program in or around November 2016. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

99.    Admit.

100.    Admit that the Form I-590 for Plaintiff Marcos's stepdaughter was conditionally approved. Defendants lack sufficient knowledge or information

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

to admit or deny the remaining allegations in this paragraph, including what IOM might have communicated to Plaintiff Marcos.

101. Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph.

*Plaintiff Ahmed*

102. Admit that Plaintiff Ahmed is an Afghan national and that he indicated in his Form I-590 that he had been involved in peace organizations. No response is required to Plaintiffs' characterization of historical developments in Afghanistan in recent years. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

103. Admit that Plaintiff Ahmed's Form I-590 was conditionally approved in or around January 2025. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

104. This paragraph contains Plaintiffs' characterization of the legal or practical effects of Executive Order 14163, which requires no response. To the extent a response is required, Defendants refer to the Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

105. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

*Plaintiff Rachel*

106. Admit that Plaintiff Rachel's sponsorship group was through a synagogue and consisted of four others. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

107. This paragraph consists of Plaintiffs' characterization of the Welcome Corps, which requires no response. To the extent a response is required, Defendants admit the contents of this paragraph, except that Defendants lack sufficient

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

knowledge or information to admit or deny that Americans in Wyoming or Puerto Rico applied to sponsor refugees through Welcome Corps.

108. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

109. Admit that Plaintiff Rachel formed a sponsorship group with four other people, completed background checks, signed guarantees that they would be responsible for the family they were looking to sponsor for the first three to six months after the family's arrival in the United States, and filed an application for the family in which they explained the basis of each family member's fear of returning to Afghanistan. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

110. Admit that, as of the summer of 2024, the family Plaintiff Rachel was looking to sponsor had completed medical exams and interviews.

111. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

*Plaintiff Ali*

112. Admit that Plaintiff Ali was admitted as a refugee from Iraq and resettled in Dallas, Texas, in January 2025. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

113. Admit that Plaintiff Ali was admitted as a refugee from Iraq based on his persecution claim. This paragraph contains Plaintiffs' characterization of country conditions in Iraq, which requires no response. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

114. Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, but aver that Ali was referred to resettlement in the United States on the basis of the persecution he alleged.

115. Admit that Plaintiff Ali was admitted as a refugee from Iraq in January 2025 and assured to a local resettlement agency. Admit that Refugee Cash assistance is $726 per month for the first six months in Texas and a reduced amount for the following six months partially based on income. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

116. Admit Plantiff Ali's resettlement benefits were briefly paused, but aver that Plaintiff Ali received a full year's worth of Refugee Cash Assistance payments. Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

117. Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

*Impact of the Refugee Funding Suspension on Individual Plaintiffs*

118. This paragraph contains Plaintiffs' characterization of the instant action, which requires response. To the extent a response is required, Defendants deny the allegations in this paragraph.

119. This paragraph contains Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

120. This paragraph contains Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

121. This paragraph contains Plaintiffs' characterization of the instant action, which requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

*Organizational Plaintiffs*

122. Deny that LCSNW processes refugees abroad. Admit that the State Department currently has cooperative agreements with HIAS, CWS, and other

agencies that assist in refugee processing abroad and/or the domestic
resettlement of refugees through the Reception and Placement program. Deny
that there are ten active cooperative agreements with national resettlement
agencies, and aver that there are eight.

123. This paragraph contains Plaintiffs' characterization of the work and missions
of the Plaintiff Organizations, which requires no response.

124. Defendants lack sufficient knowledge or information to admit or deny the
remaining allegations in this paragraph.

125. Admit that in Fiscal Year 2025, HIAS actively operated 29 affiliates in 17
states. Defendants aver that one affiliate office in Delaware remained open
with no capacity in FY 2025.

126. This paragraph contains Plaintiff's description of HIAS and its operations,
which requires no response. Defendants aver that PRM Refugee Processing
Center data shows approximately 10,000 individuals located in Iran who have
active applications submitted to PRM. Defendants lack sufficient knowledge or
information to admit or deny the remaining allegations in this paragraph.

127. Admit that the State Department has a cooperative agreement with HIAS to
administer the Equitable Resettlement Access Consortium (ERAC). This
paragraph contains Plaintiff's description of HIAS and its operations, which
requires no response. Defendants lack sufficient knowledge or information to
admit or deny the remaining allegations, except that the cooperative agreement
at issue notes that ERAC operated in 12 countries: Aruba, Colombia, Egypt,
Greece, Guyana, Kenya, Lebanon, Nigeria, Peru, Poland, Romania, and
Maldova.

128. Admit that CWS works with 43 field offices or affiliates in 24 states. The
remainder of this paragraph consists of Plaintiff's description of CWS and its
operations, which requires no response.

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

129. Admit that USCIS conducts refugee eligibility interviews, conducts security vetting checks on applicants, and considers applicants for conditional approval for resettlement. Deny that the RSC obtains domestic sponsorship. Rather, Defendants aver that the RSC requests the case be ready for allocations and assurances, and then PRM facilitates domestic sponsorship. The remainder of this paragraph consists of Plaintiff's description of CWS and its operations, which requires no response.

130. Admit that LCSNW currently has a valid approved capacity to operate in three locations in Oregon and Washington. The remainder of this paragraph consists of Plaintiff's description of LCSNW and its operations, which requires no response.

131. This paragraph consists of Plaintiff's description of LCSNW and its operations, which requires no response.

132. This paragraph consists of Plaintiff's description of LCSNW and its operations, which requires no response.

133. Admit that refugee applicants had travel previously scheduled for January and February cancelled pursuant to Executive Order 14163. This paragraph contains Plaintiffs' characterization of the legal or practical effects of Executive Order 14163, which requires no response. To the extent a response is required, Defendants refer to the Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

134. This paragraph consists of Plaintiffs' characterization of the legal or practical effects of Executive Order 14163, which requires no response. To the extent a response is required, Defendants refer to the Executive Order for a complete and accurate statement of its contents and deny any inconsistent allegations.

Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

135. Admit that Plaintiff Organizations were instructed by the State Department to stop work on January 24, 2025. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

136. Admit that the order to stop work took effect immediately. Deny the remaining allegations in this paragraph.

137. Admit that DHHS refugee resettlement funding was temporarily paused without formal notification to Plaintiffs. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph because Plaintiffs do not identify the federal grants and reimbursements they allege have been made unavailable.

138. This paragraph contains Plaintiffs' characterization of this action, which requires no response. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

139. Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

140. Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

141. Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

142. Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

143. This paragraph contains Plaintiffs' characterization of this action, which requires no response. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

**Defendants Double Down on Defunding the USRAP, Even After This Court's Preliminary Injunction**

144.    Admit.

145.    The Court's ruling referenced in this paragraph speaks for itself, and accordingly no response is required. To the extent a response is required, Defendants refer to the ruling for a complete and accurate statement of its contents and deny any inconsistent allegations.

146.    The Court's ruling referenced in this paragraph speaks for itself, and accordingly no response is required. To the extent a response is required, Defendants refer to the ruling for a complete and accurate statement of its contents and deny any inconsistent allegations.

147.    Admit that the Department of State began terminating USRAP awards on February 26, 2025, pursuant to the terms of the cooperative agreements and governing regulations, but deny that such was a "permanent defunding of the USRAP."

148.    Admit that the Department of State sent termination notices on February 26–27, 2025, for reception, placement, and integrative services, and for processing services, but deny that the Department of State sent documents terminating all RSCs. The parenthetical in this paragraph is Plaintiffs' characterization of this action, to which no response is required.

149.    Deny.

150.    Deny.

151.    Deny.

152.    Admit that the State Department sent termination letters to resettlement partners with "Termination Notification of Award" in the subject line. The letters speak for themselves, and accordingly no response is required to the remaining allegations in this paragraph. To the extent a response is required, Defendants refer to the cited letters (ECF 154-4, 154-5, 154-6, 154-7) for a

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC  20044

complete and accurate statement of their contents and deny any inconsistent allegations.

153.    Admit that the State Department sent resettlement partners documents with the heading "NOTICE of TERMINATION" (ECF 154-4, 154-5, 154-6, 154-7). The documents speak for themselves, and accordingly no response is required to the remaining allegations in this paragraph. To the extent a response is required, Defendants refer to the cited documents for a complete and accurate statement of their contents and deny any inconsistent allegations.

154.    The termination notices cited in this paragraph speak for themselves, and accordingly no response is required to the remaining allegations in this paragraph. To the extent a response is required, Defendants refer to the cited notices (ECF 154-4, 154-5, 154-6, 154-7) for a complete and accurate statement of their contents and deny any inconsistent allegations.

155.    The suspension and termination notices cited in this paragraph speak for themselves, and accordingly no response is required to the remaining allegations in this paragraph. To the extent a response is required, Defendants refer to the cited notices (ECF 154-2, 154-3, 154-4, 154-5, 154-6, 154-7) for a complete and accurate statement of their contents and deny any inconsistent allegations.

156.    The termination notices cited in this paragraph speak for themselves, and accordingly no response is required to the remaining allegations in this paragraph. To the extent a response is required, Defendants refer to the cited notices (ECF 154-4, 154-5, 154-6, 154-7) for a complete and accurate statement of their contents and deny any inconsistent allegations.

157.    The termination notices cited in this paragraph speak for themselves, and accordingly no response is required to the remaining allegations in this paragraph. To the extent a response is required, Defendants refer to the cited

notices (ECF 154-4, 154-5, 154-6, 154-7) for a complete and accurate statement of their contents and deny any inconsistent allegations.

158. The termination notices and regulations cited in this paragraph speak for themselves, and accordingly no response is required to the remaining allegations in this paragraph. To the extent a response is required, Defendants refer to the cited notices (ECF 154-4, 154-5, 154-6, 154-7) and regulations for a complete and accurate statement of their contents and deny any inconsistent allegations.

## CLASS ALLEGATIONS

159. This paragraph and sub paragraphs (a)–(c) consist of Plaintiffs' characterization of this action, which requires no response.

160. This paragraph consists of a legal conclusion, which requires no response.

161. Admit that there were thousands in the earlier stages of USRAP refugee processing. The remainder of this paragraph consists of legal conclusions, which require no response.

162. This paragraph consists of a legal conclusion, which requires no response.

163. This paragraph consists of a legal conclusion, which requires no response.

164. This paragraph consists of a legal conclusion, which requires no response.

165. This paragraph consists of legal conclusions, which require no response.

166. This paragraph consists of legal conclusions, which require no response.

167. This paragraph consists of legal conclusions, which require no response.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Violation of the Refugee Act

### (On Behalf of All Plaintiffs, including the Class, Against All Defendants)

168. Defendants reassert their foregoing responses to the allegations in Plaintiffs' FSC to the extent those allegations are repeated and incorporated in this paragraph.

169. This paragraph consists of a legal conclusion, which requires no response.

170. This paragraph consists of a legal conclusion, which requires no response.

171. This paragraph consists of a legal conclusion, which requires no response.

172. This paragraph consists of a legal conclusion, which requires no response.

## SECOND CLAIM FOR RELIEF

## Violation of the Administrative Procedure Act

## (On Behalf of All Plaintiffs, including the Class, Against Defendants Rubio, Noem, and Fink)

173. Defendants reassert their foregoing responses to the allegations in Plaintiffs' FSC to the extent those allegations are repeated and incorporated in this paragraph.

174. This paragraph contains legal conclusions, which require no response.

175. This paragraph contains a legal conclusion, which requires no response.

176. This paragraph contains a legal conclusion, which requires no response.

177. This paragraph contains a legal conclusion, which requires no response.

## THIRD CLAIM FOR RELIEF

## *Accordi* Doctrine & Administrative Procedure Act

## (On Behalf of Plaintiffs HIAS, CWS, LCSNW, Esther, and Josephine, and the Class Against Defendants Rubio, Noem, and Fink)

178. Defendants reassert their foregoing responses to the allegations in Plaintiffs' FSC to the extent those allegations are repeated and incorporated in this paragraph.

179. This paragraph contains legal conclusions, which require no response.

180. This paragraph contains legal conclusions, which require no response.

## FOURTH CLAIM FOR RELIEF

## Violation of the Fifth Amendment Due Process Clause

## (On Behalf of Plaintiff Esther and the FTJ Petitioner Subclass, Against All Defendants)

181.    Defendants reassert their foregoing responses to the allegations in Plaintiffs' FSC to the extent those allegations are repeated and incorporated in this paragraph.

182.    This paragraph contains a legal conclusion, which requires no response.

183.    This paragraph contains a legal conclusion, which requires no response.

**FIFTH CLAIM FOR RELIEF**

**Violation of the Administrative Procedure Act and Immigration and Nationality Act**

**(On Behalf of All Plaintiffs, including the Class, Against Defendants Rubio, Noem, and Fink)**

184.    Defendants reassert their foregoing responses to the allegations in Plaintiffs' FSC to the extent those allegations are repeated and incorporated in this paragraph.

185.    This paragraph contains legal conclusions, which require no response.

186.    This paragraph contains legal conclusions, which require no response.

187.    This paragraph contains legal conclusions, which require no response.

188.    This paragraph contains a legal conclusion, which requires no response.

189.    This paragraph contains a legal conclusion, which requires no response.

**SIXTH CLAIM FOR RELIEF**

***Accardi* Doctrine and Administrative Procedure Act**

**(On Behalf of All Plaintiffs, including the Class, Against Defendants Rubio, Noem, and Fink)**

190.    Defendants reassert their foregoing responses to the allegations in Plaintiffs' FSC to the extent those allegations are repeated and incorporated in this paragraph.

191.    Paragraph 252 contains legal conclusions, which require no response.

192.    Paragraph 252 contains legal conclusions, which require no response.

**SEVENTH CLAIM FOR RELIEF**

**Violation of Separation of Powers**

1

**(On Behalf of All Plaintiffs, including the Class, Against All Defendants)**

2

193.    Defendants reassert their foregoing responses to the allegations in Plaintiffs'

3

FSC to the extent those allegations are repeated and incorporated in this

paragraph.

4

194.    Paragraph 255 contains legal conclusions, which require no response.

5

195.    Paragraph 256 contains a legal conclusion, which requires no response.

6

196.    Paragraph 257 contains a legal conclusion, which requires no response.

7

**PRAYER FOR RELIEF**

The remainder of Plaintiffs' FSC consists of their request for relief, which requires no

8

response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to

9

any of the requested relief or to any relief otherwise.

10

11

DATED this 13th day of August, 2025.

12

                                        Respectfully submitted,

13

                                        BRETT A. SHUMATE
                                        *Assistant Attorney General*

14

15

                                        YAAKOV M. ROTH
                                        *Principal Deputy Assistant Attorney*
                                        *General*

16

17

                                        DREW C. ENSIGN
                                        *Deputy Assistant Attorney General*

18

August 13, 2025                         */s/ David Kim*

19

                                        DAVID KIM
                                        *Senior Litigation Counsel*

20

                                        U.S. Department of Justice
                                        Civil Division

21

                                        Office of Immigration Litigation

22

                                        Washington, DC 20001
                                        david.kim4@usdoj.gov

23

                                        (202) 598-0114

24

Defendants' Answer to Plaintiffs' First Supplemental
Complaint
No. 2:25-cv-00255-JNW

JOSEPH A. MCCARTER
LINDSAY ZIMLIKI
JASON ZUBATA
*Trial Attorneys*

*Attorneys for Defendants*

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, DC 20044

1

**CERTIFICATE OF SERVICE**

2

    I HEREBY CERTIFY that on August 13, 2025, I electronically file the foregoing

3

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing

4

document is being served this day on all counsel of record or pro se parties via transmission

of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner

5

for those counsel or parties who are not authorized to receive electronically filed Notices of

6

Electronic Filing.

7

8
                                     */s/ David Kim*
                                     DAVID KIM
9                                    *Senior Litigation Counsel*
                                     Office of Immigration Litigation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    Defendants' Answer to Plaintiffs' First Supplemental          U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
    Complaint                                                          P.O. BOX 868, BEN FRANKLIN STATION
    No. 2:25-cv-00255-JNW                                                  WASHINGTON, DC  20044