District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER;
PLAINTIFF JOSEPHINE; PLAINTIFF
SARA; PLAINTIFF ALYAS; PLAINTIFF
MARCOS; PLAINTIFF AHMED;
PLAINTIFF RACHEL; PLAINTIFF ALI;
HIAS, INC.; CHURCH WORLD SERVICE,
INC.; and LUTHERAN COMMUNITY
SERVICES NORTHWEST,

               *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity
as President of the United States, MARCO
RUBIO, in his official capacity as Secretary of
State, KRISTI NOEM, in her official capacity
as Secretary of Homeland Security;
DOROTHY A. FINK, in her official capacity
as Acting Secretary of Health and Human
Services,

               *Defendants*.

CASE NO. 2:25-cv-00255

DEFENDANTS' MOTION TO STAY
DISCOVERY INCLUDING SCHEDULING
DEADLINES SET FORTH IN AUGUST 15,
2025 ORDER

NOTE ON MOTION CALENDAR:
SEPTEMBER 16, 2025

DEFENDANTS' MOTION TO STAY
DISCOVERY DEADLINES
[CASE NO. 2:25-CV-00255]

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5950

1

2

**DEFENDANTS' MOTION TO STAY DISCOVERY**
**INCLUDING SCHEDULING DEADLINES SET FORTH IN AUGUST 15 ORDER**

3

4         On August 15, 2025, this Court issued an Order setting deadlines for the Parties to hold a

5    26(f) Conference, submit Initial Disclosures, and file a Combined Joint Status Report and

6    Discovery Plan. Dkt. No. 157 at 1. Pursuant to Local Rule 7 (d)(2), Defendants hereby move the

7    Court to stay discovery, including the deadlines set forth in the August 15th Order, pending the

8    Ninth Circuit's resolution of Defendants' appeal of this Court's preliminary injunctions. Plaintiffs

9    would not suffer any harm or prejudice from this stay of discovery, particularly where the Ninth

10   Circuit is set to hear oral argument from the parties this Wednesday, September 3— two weeks

11   earlier than the initially scheduled oral argument date. The Government, conversely, would

12   experience hardship were it to be forced to engage in the discovery process before the Ninth Circuit

13   has ruled on the substantive issues raised on appeal (e.g., the scope of 8 U.S.C. § 1182(f) and

14   various threshold requirements under the Administrative Procedure Act) and before it has clearly

15   defined the scope of the case. Such premature and potentially unnecessary discovery is especially

16   discouraged where it would implicate voluminous records, many of them privileged or already

17   produced as part of the Government's Certified Administrative Records. Ultimately, a stay of

18   discovery pending the Ninth Circuit's imminent resolution of key issues, including the scope of

19   the "carveout" from the Ninth Circuit's stay, would not only conserve the parties' resources but

20   also advance judicial economy and efficiency by reducing the potential for any protracted

21   discovery disputes requiring this Court's intervention. Defendants sought Plaintiffs' position on

22   this motion via email on August 29, 2025. Plaintiffs' counsel indicated via email on August 30,

23   2025, that they oppose this motion.

24

DEFENDANTS' MOTION TO STAY
DISCOVERY DEADLINES
[CASE NO. 2:25-CV-00255]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5950

1

2                                **BACKGROUND**

3        Defendants' appeals of this Court's February 28th and March 24th preliminary injunctions

4   are currently pending before the Ninth Circuit Court of Appeals. *Pacito v. Trump*, No. 2:25-CV-

5   255-JNW, 2025 WL 655075 (W.D. Wash. Feb. 28, 2025), *appeal filed* (9th Cir. Mar. 3, 2025),

6   *Pacito v. Trump*, No. 25-1313; *Pacito v. Trump*, 772 F. Supp. 3d 1204 (W.D. Wash. 2025), *appeal*

7   *filed* (9th Cir. Mar. 25, 2025), *Pacito, v. Trump*, No. 25-1939.

8        On March 25, 2025, the Ninth Circuit in *Pacito v. Trump*, No. 25-1313, Dkt. Entry 28.1,

9   issued a ruling on an emergency motion filed by the Government, staying in large part this Court's

10  February 28, 2025 Order, and finding the Government likely to succeed on the merits of the case.

11  On April 21, the Ninth Circuit further clarified that the Government's previous stay request was

12  denied *only* "to the extent that the district court's preliminary injunction order applies to

13  individuals who met the following conditions on or before January 20, 2025: (1) the individual

14  had an approved refugee application authorizing Customs and Border Protection to admit the

15  individual 'conditionally as a refugee upon arrival at the port with four months of the date the

16  refugee application was approved,' 8 C.F.R. § 207.4; (2) the individual was cleared by USCIS for

17  travel to the United States; and (3) 'the individual had arranged and confirmable travel plans to the

18  United States.'" *Pacito v. Trump*, No. 25-1313, Dkt. Entry 46.1 at 4. The Ninth Circuit emphasized

19  that "the preliminary injunction remains in effect for these individuals only." *Id*.

20       Then, on May 9, the Ninth Circuit provided further clarification, holding that with respect

21  to the carveout from the stay, the "order should be interpreted narrowly, on a case-by-case basis,

22  to apply to individuals with a strong reliance interest arising prior to January 20, 2025, comparable

23

24  DEFENDANTS' MOTION TO STAY                    2        U.S. DEPARTMENT OF JUSTICE
    DISCOVERY DEADLINES                                    Civil Division, Office of Immigration Litigation
    [Case No. 2:25-cv-00255]                               P.O. Box 878, Ben Franklin Station
                                                           Washington, D.C. 20044
                                                           (202) 353-5950

1

2    to Plaintiff Pacito." *Pacito v. Trump*, No. 25-1313, Dkt. Entry 64.1 at 2 (9th Cir. May 9, 2025), J.

3    Bade, *concurring in part, and dissenting in part*.

4         Lastly, on July 19, the Ninth Circuit issued an administrative stay of this Court's July 14,

5    2025 order that established an injunction implementation framework and appointed a magistrate

6    judge to oversee compliance, ECF No. 145. *Pacito v. Trump*, No. 25-1313, Dkt. Entry No. 111.1.

7         Oral argument is scheduled for this Wednesday, September 3.[1] *Pacito v. Trump*, No. 25-

8    1313, Dkt. Entry No. 139 (Aug. 26, 2025).

9                                   **ARGUMENT**

10    **I.    The Court should stay all Rule 26 discovery until the Ninth Circuit resolves
         Defendants' consolidated appeals of this Court preliminary injunctions.**

11         This Court should stay all Rule 26 discovery, including the scheduling deadlines set forth

12    in the August 15th Order, until the Ninth Circuit resolves Defendants' appeals of this Court's

13    reliminary njunctions. The Court's authority "to stay proceedings is incidental to the power

14    inherent in every court to control the disposition of the causes on its docket with economy of time

15    and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

16    The Supreme Court has explained that this power grants the Court "broad discretion to stay

17    proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681,

18    706 (1997). "How this can best be done calls for the exercise of judgment, which must weigh

19    _____

20    [1] The Ninth Circuit additionally ordered briefing on the effect of the Supreme Court's decision in
     *Trump v. CASA, Inc.*, 606 U.S. ---, 145 S.Ct. 2540, 2025 WL 1773631 (2025) ("*CASA*") on the

21    case. *Pacito, , v. Trump*, No. 25-1313 (9th Cir.), Dkt. Entry No. 102. The parties subsequently
     submitted supplemental briefs. *Id.*, Dkt Entry Nos. 104 and 106. This briefing is also pending

22    before the Ninth Circuit and will likely be addressed at the oral argument.

23

24    DEFENDANTS' MOTION TO STAY              3        U.S. DEPARTMENT OF JUSTICE
     DISCOVERY DEADLINES                                CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
     [CASE NO. 2:25-CV-00255]                           P.O. BOX 878, BEN FRANKLIN STATION
                                                        WASHINGTON, D.C. 20044
                                                        (202) 353-5950

competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id*.

**A. Plaintiffs will suffer no damage if discovery is stayed until the Ninth Circuit issues its decision.**

Plaintiffs will suffer no damage if this Court stays discovery until the Ninth Circuit has issued a decision on Defendants' appeals of this Court's preliminary injunctions. As stated above, the Ninth Circuit has scheduled oral argument on those appeals for this Wednesday, September 3. The oral argument had initially been set for September 19, but the Ninth Circuit recently moved the date up by more than two weeks—which speaks to its close attention to and interest in this case and the core issues presented on appeal. Further, the Ninth Circuit has on several occasions issued orders in this case in a prompt manner, indicating that it is unlikely that a lengthy period of time will elapse between oral argument and the resolution of the issues before it. Further, Defendants recently filed Certified Administrative Records in this case, Dkt. Nos. 152-154. Thus, Plaintiffs are already in possession of documents that reflect agency decision-making in this case.

In sum, because oral argument will take place tomorrow, the Ninth Circuit is likely to issue a decision shortly after argument, and Plaintiffs are already in possession of relevant agency documents, they would not suffer any damage should this Court grant a stay in light of the Ninth Circuit's impending decision on issues sure to affect any further exchange of relevant information

1

2  between the parties. *Taylor v. McDonough*, No. 20-5471 RJB, 2021 WL 9649333, at *2 (W.D.

3  Wash. May 17, 2021) ("Damage from a brief stay–likely a few weeks' time–is slight.").

4      **B. The Government will suffer hardship if discovery proceeds before the Ninth Circuit has decided the core issues on appeal.**

5      The Government, in contrast to Plaintiffs, will suffer hardship if it is compelled to proceed

6  with potentially burdensome discovery before the Ninth Circuit has had a chance to fully hear and

7  rule on the various issues and arguments raised by both parties on appeal. While this Court has

8  previously issued rulings on many of those substantive matters—including questions of

9  jurisdiction and justiciability—the Ninth Circuit will soon issue its own decision on those same

10  matters. This decision would be binding on this Court and potentially allow the parties to avoid

11  lengthy and contentious discovery based on the Ninth Circuit's view of the underlying merits.

12  *Pacito v. Trump*, No. 25-1313, Dkt. Entry No. 46.1 (holding that "the government is likely to

13  succeed on the merits" and citing as support the holding in *Trump v. Hawaii*, 585 U.S. 667, 684

14  (2018), that "'§ 1182(f) exudes deference to the President in every clause'"); *see also* <u>Nat'l</u>

15  <u>Institutes of Health v. Am. Pub. Health Ass'n</u>, No. 25A103, 2025 WL 2415669, at *4 (U.S. Aug.

16  21, 2025) (Gorsuch, J. concurring) ("[E]ven probabilistic holdings–such as [the] top-line

17  conclusion [in *Department of Ed. v. California*, 604 U. S. ___, 145 S. Ct. 966 (2025),] that the

18  Government is likely to succeed in showing the District Court lacked jurisdiction to order the

19  payment of money under the APA, must inform how a [lower] court proceeds in like cases."

20  (internal quotation marks omitted)).

21      Not only that, the Ninth Circuit has had need to clarify the scope of the "carveout" from its

22  stay of this Court's injunction—what this Court refers to as the "Injunction Protected Refugees"—

23

24  DEFENDANTS' MOTION TO STAY
DISCOVERY DEADLINES
[CASE NO. 2:25-CV-00255]

    5

1

2    on three separate occasions. *Pacito v. Trump,* No. 25-1313, Dkt Entry Nos. 43.1, 46.1 64.1, and

3    64.2. In fact, the Ninth Circuit issued an administrative stay of this Court's implementation

4    framework order, indicating once more that the scope of the carveout may not be as clear or as

5    settled a question as Plaintiffs or this Court believe. The Ninth Circuit's resolution of the core

6    issues before it thus will be critical in setting the precise scope of this litigation, even beyond the

7    specific matter of the injunction implementation. Indeed, if the extensive stay orders are any guide,

8    it is entirely possible that the Ninth Circuit will further narrow this Court's preliminary injunctions,

9    as it has done with each of its prior clarification decisions. All to say, the Government will suffer

10   hardship if it is forced to engage in the discovery process when the scope of the preliminary

11   injunctions (and *CASA*'s effect on this case, no less)–as well as what compliance with such

12   injunctions will look like–remains unresolved.

13        Moreover, the discovery process will be even more burdensome on the Government, given

14   the significant privilege concerns that would arise if the parties are unable to agree on the

15   appropriate scope of discovery. Plaintiffs' requests are likely to be broad and voluminous based

16   on the sweeping claims they have made against the Government in their First Supplemental

17   Complaint. Many of the documents they may demand the Government produce would qualify as

18   pre-decisional and deliberative and thus be subject to the deliberative process privilege. *See NLRB*

19   *v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 n.18 (1975). Additionally, based on their claims,

20   Plaintiffs' discovery requests could implicate the Executive Office of the President and thus run

21   up against the presidential communications privilege. The Supreme Court has expressly stated that

22   district courts must account for separation-of-powers and privilege concerns when setting the

23   timing and scope of civil discovery implicating the Executive Office of the President. *See Cheney*

24

DEFENDANTS' MOTION TO STAY                    6          U.S. DEPARTMENT OF JUSTICE
DISCOVERY DEADLINES                                      CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
[CASE NO. 2:25-CV-00255]                                 P.O. BOX 878, BEN FRANKLIN STATION
                                                         WASHINGTON, D.C. 20044
                                                         (202) 353-5950

*v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385 (2004) ("The high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery.").

So again, the Government will suffer hardship if it is forced to begin what will no doubt be a burdensome discovery process—almost certainly implicating a number of established governmental privileges—before the core issues on appeal have even been decided by the Ninth Circuit.

**C. Staying discovery pending the Ninth Circuit's decision will serve judicial efficiency.**

At a minimum, it would be efficient and economical for the Court to wait for the Ninth Circuit to rule on the validity and scope of the injunctions on appeal, render a decision on the effect of *CASA*, and resolve any other outstanding issues prior to expending further judicial resources or having the parties and Court engage in costly discovery disputes and litigation. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."). The Ninth Circuit's decision is more likely than not to significantly affect how this entire case proceeds—on its own a compelling reason for this Court to grant a stay.

As noted above, the procedural history of this case thus far is instructive. The very fact that the Ninth Circuit has issued three clarifying orders on its "carveout," administratively stayed this Court's injunction implementation framework, and requested briefing on *CASA* is evidence that moving forward with discovery at this juncture would very likely cause unnecessary cost for the Court and the parties and would be anything but judicially efficient. *See In re Google Digit. Advert.*

DEFENDANTS' MOTION TO STAY
DISCOVERY DEADLINES
[CASE No. 2:25-CV-00255]

7

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5950

1

2    *Antitrust Litig.*, No. C20-3556, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020) ("This limited

3    stay of discovery [for several months] does not unduly prejudice Plaintiffs and allows all parties

4    to commence discovery with a better understanding of which claims, if any, they must answer.").

5    Even if the Ninth Circuit does not end up ruling decisively in the Government's favor, waiting for

6    that ruling before rushing headlong into discovery is a prudent course of action, given all that is at

7    stake in the appeal. *See also Subspace Omega, LLC, v. Amazon Web Services, Inc.*, 2024 WL

8    4451404, at *2 (W.D. Wash.) ("[E]ven if the motion does not result in dismissal of all claims, "the

9    Parties will have a greater understanding of the claims as they engage in discovery.").

10                                         **CONCLUSION**

11        For these reasons, the Court should stay discovery, including the deadlines set forth in the

12    August 15 Order, until the Ninth Circuit issues its decision.

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' MOTION TO STAY
DISCOVERY DEADLINES
[CASE NO. 2:25-CV-00255]

8

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-5950

1

2    DATED this Thursday, August 28, 2025.    Respectfully submitted,

3                                            BRETT A .SHUMATE
                                             Assistant Attorney General
4                                            Civil Division

5                                            YAAKOV M. ROTH
                                             Principal Deputy Assistant Attorney General
6                                            Civil Division

7                                            DREW ENSIGN
                                             Deputy Assistant Attorney General
8                                            Civil Division

9                                            AUGUST FLENTJE
                                             Special Counsel
10
                                             DAVID KIM
11                                           Senior Litigation Counsel

12                                           */s/ Lindsay W. Zimliki*
                                             LINDSAY W. ZIMLIKI
13                                           U.S. Department of Justice
                                             Civil Division
14                                           Office of Immigration Litigation
                                             P.O. Box 878
15                                           Ben Franklin Station
                                             Washington, D.C. 20044
16                                           Phone: (202) 353-5950
                                             Email: Lindsay.Zimliki@usdoj.gov
17                                           JOSEPH MCCARTER
                                             JASON ZUBATA
18                                           Trial Attorneys

19                                           *Attorneys for Defendants*

20                                           I certify that this memorandum contains 2,252
                                             words, in compliance with the Local Civil Rules.
21

22

23

24
      DEFENDANTS' MOTION TO STAY              9          U.S. DEPARTMENT OF JUSTICE
      DISCOVERY DEADLINES                         CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
      [CASE NO. 2:25-CV-00255]                          P.O. BOX 878, BEN FRANKLIN STATION
                                                           WASHINGTON, D.C. 20044
                                                               (202) 353-5950