THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, <br><br> *Defendants*. | Case No. 2:25-cv-255-JNW <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY** <br><br> NOTE ON MOTION CALENDAR: SEPTEMBER 16, 2025 |

## INTRODUCTION

The Ninth Circuit's pending ruling on this Court's non-dispositive preliminary injunctions does not warrant an indefinite stay of discovery. Defendants' motion relies on the erroneous assumption that the Ninth Circuit's ruling on interim relief will alter the course of discovery on the merits. And their claimed harms—which amount to no more than the quotidian burdens of

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY – 1
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

discovery in *any* action—will not be diminished by a delay until the Ninth Circuit rules. These are fatal shortcomings given the "heavy burden" that accompanies a request to pause discovery.

Plaintiffs, in contrast, will be significantly harmed by a stay: Any delay in the resolution of this action will in turn further delay the processing, admission, and resettlement of refugees. In addition, a stay of discovery could also lead to the loss of critical evidence or witnesses as Defendants' agencies undergo personnel changes within the first year of this (strikingly transitory) administration.

For these reasons, Plaintiffs respectfully urge the Court to deny Defendants' motion and allow discovery to proceed as scheduled.

## ARGUMENT

While courts exercise broad discretion over discovery matters, a party seeking a stay of discovery bears a "heavy burden" and must make a "strong showing" justifying a stay. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In determining whether to grant a stay of discovery, the Ninth Circuit has instructed courts to weigh the competing interests that will be affected by the stay, including

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). A stay might be prudent when, for example, there is a likelihood of expensive discovery (such as in an antitrust case), *HUB Int'l Nw. LLC v. Larson*, No. 2:22-cv-01418-TL, 2023 WL 2527150, at *3–4 (W.D. Wash. Mar. 15, 2023), or where a complaint is "utterly frivolous, or filed merely for settlement value," *Turner Broad. Sys., Inc. v. Tacinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

**I.    Defendants have not shown that staying discovery pending resolution of the preliminary-injunction appeals will serve judicial efficiency.**

Despite the significant hurdle Defendants must clear, they have made no showing as to why a stay is necessary merely because the Ninth Circuit is considering the appeals of this Court's

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY – 2
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  preliminary injunctions. Indeed, the Ninth Circuit generally *discourages* district courts from staying cases because of appellate review of preliminary injunctions. *See, e.g.*, *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018) ("We have repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction."); *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012) ("Because of the limited scope of our review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits." (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982))).

Defendants' motion reads as though a dispositive motion were pending rather than appeals of non-dispositive preliminary injunctions. For example, when arguing that a stay would serve judicial efficiency, Defendants repeatedly cite cases where district courts stayed discovery pending motions to dismiss—but fail to cite *any* instance where a pending appeal of a preliminary injunction justified a stay. *See* Dkt. 159 at 7–8 (citing *In re Google Digit. Advert. Antitrust Litig.*, No. 20-cv-03556-BLF, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020); *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, No. 2:23-cv-01772-TL, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024)). No dispositive motion is pending before the Court, and the Ninth Circuit's ruling on the injunctions will not necessarily "provide [] guidance as to the appropriate disposition on the merits." *Melendres*, 695 F.3d at 1003 (citation modified). And even if a dispositive motion were pending, that alone would not justify a discovery stay. *See Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 WL 6060434, at *1 (W.D. Wash. Oct. 14, 2020).

Instead, judicial efficiency will be *served*, not hampered, by continuing with discovery as scheduled. Courts have recognized that discovery stays often lead to unnecessary and prejudicial delays. *See, e.g.*, *HUB Int'l Nw.*, 2023 WL 2527150, at *2–3. As Defendants note (and Plaintiffs acknowledge), discovery in this action might well raise privilege disputes requiring conferral between the parties and potential judicial intervention. *See* Dkt. 159 at 6. The Court should ensure

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY – 3
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

ample time and opportunity to negotiate and potentially litigate these issues, especially given the compounding harms Plaintiffs are suffering and the risk that locating evidence and witnesses will become more difficult as Defendants' agencies undergo personnel changes. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 707–08 (1997) (district court abused discretion in ordering stay that "delay[ed] trial" and "increase[d] the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts"). Here, this risk is particularly significant: Defendants laid off eighty-nine people at the Bureau of Population, Migration, and Refugees as recently as July 2025. *See* Jory Heckman, *These Are the State Department Offices Hit Hardest by Widespread Layoffs*, Fed. News Network (July 25, 2025), https://federalnewsnetwork.com/workforce/2025/07/these-are-the-state-department-offices-hit-hardest-by-widespread-layoffs. The more time elapses, the more difficult it will become to seek discovery from knowledgeable government witnesses who have been separated from employment.

## II. Plaintiffs will suffer ongoing, irreparable injury if an indefinite stay of discovery is granted.

"[I]f there is even a fair possibility that [a] stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("If in fact there is a fair possibility that a stay of the district court proceeding will result in irreparable injury and a miscarriage of justice, [the] prospect of showing an abuse of discretion would be considerably increased.").

Defendants' bald statement that Plaintiffs will "suffer no damage if this Court stays discovery," Dkt. 159 at 4, rings decidedly hollow given the unrebutted record in this case and the Court's previous findings:

> [T]he USRAP EO, Agency Suspension, and Refugee Funding Suspension have caused [] irreparable harm—plaintiffs stranded abroad face physical danger and financial hardship after cancelling travel plans and selling their possessions; several plaintiffs suffer ongoing separation from family members in the U.S.; and plaintiffs who have recently arrived to the U.S. have been cut off from critical resettlement

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY – 4
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

benefits and support services needed to establish their new lives in America. These harms compound daily and cannot be remedied after the fact.

Dkt. 45 at 53–54. The Court has already found that Plaintiffs continue to suffer irreparable harm while awaiting resolution of this case, and a stay is inappropriate in "a case in which the alleged wrongful acts and harm are ongoing, rather than a case in which the allegations are fixed in the past. Therefore, there is reason to avoid delays in the litigation, if possible, and a stay of discovery at this time may be contrary to the interests of justice." *HUB Int'l Nw.*, 2023 WL 2527150, at *4 (footnote omitted). There is not only "a fair possibility" here that Plaintiffs will suffer compounding harms, *Landis*, 299 U.S. at 255, but a clear record attesting to it.

Moreover, as discussed above, lengthy and indefinite stays inherently run the risk of increased challenges to discovery. *See, e.g.*, *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 723–24 (9th Cir. 2007) ("Even if litigation may eventually resume, such stays create a danger of denying justice by delay." (citation modified)). The more time passes, the more challenging it might become to locate evidence or key testifying personnel—especially given the "rapid comings and goings" in the current administration. Cecelia Smith-Schoenwalder, *Trump Turnover 2.0: Who's out of Trump's Second Term*, U.S. News & World Rep., https://www.usnews.com/news/politics/articles/trump-turnover-2-0-tracking-whos-out-of-trumps-second-term (June 4, 2024). A stay of discovery would not only impose additional harms on Plaintiffs, but also jeopardize their ability to litigate their claims.

Defendants' basis for suggesting that Plaintiffs would suffer no harm if an indefinite (or at least indeterminate) stay were ordered is that "it is unlikely that a lengthy period of time will elapse between oral argument [before the Ninth Circuit] and the resolution of the issues before it." Dkt. 159 at 4. To reach this conclusion, they discuss at length the procedural history of this matter and read tea leaves to assume the Ninth Circuit will not only rule completely in their favor, but also do so promptly. This Court should not indulge Defendants' feint towards divination. *See HUB Int'l Nw.*, 2023 WL 2527150, at *4 ("While the Court appreciates [movant's] confidence in the

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY – 5
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Court's ability to speedily resolve the Motion to Dismiss, there is no guarantee that a stay would
2  be 'short.'"); *Fin. Pac. Leasing Inc. v. RVI Am. Ins. Co.*, No. C21-0756-LK, 2022 WL 4120168,
3  at *1 (W.D. Wash. Sept. 9, 2022) (noting that "[s]peculation does not satisfy Rule 26(c)'s good
4  cause requirement" and is "insufficient to warrant staying discovery" (quoting *Rosario v.
5  Starbucks Corp.*, No. 2:16-cv-01951 RAJ, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18,
6  2017))). This case is one of national and international import; thousands of lives will be impacted
7  by the ruling, and the Ninth Circuit's hearing last week surpassed ninety minutes, demonstrating
8  that court's thorough engagement with and consideration of the issues before it. It is impossible to
9  predict how the Ninth Circuit will rule and how long it will take to do so. Discovery should not be
10 stayed indefinitely, at a tremendous cost to Plaintiffs, based on Defendants' soothsaying about the
11 Ninth Circuit's resolution of the pending (and, again, non-dispositive) appeals.

12 **III.   Defendants will suffer no hardship or inequity if discovery proceeds as scheduled.**

13        Lastly, Defendants fail to explain how they will suffer harm (beyond the general burdens
14 that litigation and discovery always impose) if discovery proceeds as scheduled. Where the
15 nonmoving party demonstrates "a fair possibility" of harm (here, Plaintiffs more than meet that
16 standard), the party seeking a stay must in turn "make out a clear case of hardship or inequity."
17 *Landis*, 299 U.S. at 255. Defendants have failed to do so. The burden and expense of discovery
18 alone are *not* sufficient reasons to stay discovery. *See, e.g.*, *Lockyer*, 398 F.3d at 1112 ("[B]eing
19 required to defend a suit, without more, does not constitute a clear case of hardship or inequity
20 within the meaning of *Landis*." (citation modified)); *Rosario*, 2017 WL 4122569, at *1 (party
21 failed to show good cause when arguing only that a stay would "free the parties from the burden
22 and expense of unnecessary discovery"). And yet that is all Defendants offer here. Their
23 speculation that Plaintiffs' requests "are likely to be broad and voluminous" and discovery will
24 "no doubt be [] burdensome"—notwithstanding that discovery has not yet commenced—ignores
25 the fact that a stay will only *delay* discovery. Dkt. 159 at 6–7. And, as Defendants note, they have
26

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY – 6
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

already produced the certified administrative record, *id.* at 4, demonstrating their current ability to gather and produce responsive documentation.

Though discovery in this action might well raise privilege disputes requiring conferral and potential motions practice, Defendants cannot reasonably assert that such activity would be unduly burdensome. (And again, a stay will only delay resolution of privilege disputes, not eliminate them.) Nor do "separation-of-powers and privilege concerns," *id.* at 6, provide Defendants the requisite hardship to justify a stay. Notably, the language Defendants quote from *Cheney v. U.S. District Court* regarding "the high respect that is owed to the office of the Chief Executive," 542 U.S. 367, 385 (2004) (citation modified), actually originated in *Clinton v. Jones*—where the U.S. Supreme Court held that a district court abused its discretion in issuing a lengthy and categorical *stay* of trial, in part because mere inconvenience to the President did not justify such action, *see* 520 U.S. at 708 ("Other than the fact that a trial may consume some of the President's time and attention, there is nothing in the record to enable a judge to assess the potential harm that may ensue from scheduling the trial promptly after discovery is concluded.").

In sum, weighed against the demonstrated and unrebutted harms currently imposed on Plaintiffs, Defendants have fallen far short of establishing "a clear case of hardship or inequity" supporting a stay. *Landis*, 299 U.S. at 255.

## CONCLUSION

Plaintiffs respectfully ask the Court to deny Defendant' motion and allow discovery to proceed.

\* \* \*

The undersigned certifies that this opposition contains 2,161 words, in compliance with the Local Civil Rules.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY – 7
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: September 11, 2025

Mevlüde Akay Alp*
Linda Evarts*
Ghita Schwarz*
Pedro Sepulveda, Jr.*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
makayalp@refugeerights.org
levarts@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Melissa Keaney*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
P.O. Box 2291
Fair Oaks, California 95628
Telephone: (646) 939-9169
mkeaney@refugeerights.org

Laurie Ball Cooper*
Megan Hauptman*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Ave. NW
Washington, D.C. 20001
Telephone: (646) 939-9169
lballcooper@refugeerights.org
mhauptman@refugeerights.org

By: s/ *Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Shireen Lankarani, WSBA No. 61792
Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
1301 Second Avenue Suite 4200
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
SLankarani@perkinscoie.com
EAston@perkinscoie.com

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

*Counsel for Plaintiffs*

* *Admitted pro hac vice*

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY – 8
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000