District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services,<br><br>*Defendants*. | CASE NO. 2:25-cv-00255<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY, INCLUDING SCHEDULING DEADLINES SET FORTH IN AUGUST 15, 2025 ORDER<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 16, 2025 |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY
[CASE NO. 2:25-CV-00255]

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

# INTRODUCTION

Plaintiffs' opposition downplays the Ninth Circuit appeal as an ancillary matter and assumes discovery will proceed regardless. That is wrong. One day after Plaintiffs filed their brief, the Ninth Circuit stayed the February 28 and March 24 preliminary injunction orders almost entirely and found the Government likely to prevail on the challenge to the President's 8 U.S.C. § 1182(f) suspension, noting that a merits opinion will issue "in due course." *Pacito, et al. v. Trump, et al.*, Case Nos. 25-1313/1939, ECF No. 149.1 at 5. Those determinations go to the core of this case and directly inform whether any discovery is appropriate, the answer to which is a resounding no. *See Trump v. Hawaii*, 585 U.S. 667, 683–88 (2018); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–56 (1936).

Plaintiffs argue that pausing discovery will delay "processing, admission, and resettlement of refugees." ECF No. 160 at 2. But admissions are precluded by the Ninth Circuit's stay, and the appeals court directed a narrow exception for refugees already in the country to receive domestic resettlement benefits. Plaintiffs therefore face no litigation prejudice from a brief pause, whereas moving forward on discovery now would impose substantial, nonrecoverable burdens on the Government, including extensive cross-agency review, contested privilege determinations, and necessary screening of sensitive national-security and foreign-relations information.

For these reasons, the Court should grant a brief stay pending the Ninth Circuit's merits opinion.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
[CASE NO. 2:25-CV-00255]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

# ARGUMENT

**I.  The Ninth Circuit appeal is not ancillary, but central to the resolution of threshold issues that will define the scope of this case and determine whether discovery is appropriate.**

Since Defendants filed their initial motion to stay discovery, the Ninth Circuit has issued an interim opinion staying this Court's preliminary injunctions "in their entirety," save for a narrow exception, and finding the Government likely to prevail on the validity of Executive Order 14163's suspension of refugee admissions. *Pacito,* Case Nos. 25-1313/1939, ECF No. 149.1. While the Ninth Circuit stated it will issue an opinion "on the merits," the interim opinion itself offers much needed clarity as to how this case should proceed. *Id.* at 5. Importantly, the Ninth Circuit recognized that 8 U.S.C. § 1182(f) vests broad presidential discretion not subject to a "searching" judicial reassessment of policy rationale," and that the sole prerequisite set forth in § 1182(f)—a finding of detriment to the interest of the United States—has been "undoubtedly fulfilled." *Id.* at 5–6 (citing *Trump v. Hawaii*, 585 U.S. 667, 686 (2018)). Further, it found that the Government would likely succeed on the merits, where (1) the text of Executive Order 14163 does not exceed any textual limit on the President's § 1182(f) authority, and (2) the remaining stay factors, involving "both domestic and foreign interests of the United States, as determined by the 'broad discretion' conferred on the President," favor the United States as well. *Id.* at 6 (citing *Hawaii*, 585 U.S. at 683–84). There can be no doubt that the scope of this case has been significantly narrowed.

Notably, the Ninth Circuit stated—twice—that its merits opinion will issue "in due course," underscoring that appellate guidance is imminent. *Pacito*, Case Nos. 25-1313/1939, ECF No. 149.1 at 1, 5. Waiting for that opinion will clarify which claims, if any, remain and what topics are even discoverable. That is precisely what *Landis* authorizes district courts to do in the orderly

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
[CASE NO. 2:25-CV-00255]

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

course of justice. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–256 (1936) (holding that, "in case of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare *or convenience* will thereby be promoted (emphasis added)); *see also Flores v. Bennett*, 675 F. Supp. 3d 1052, 1063 (E.D. Cal. 2023) ("courts typically stay cases when the outcome of another proceeding will have preclusive effect on the pending issues" (collecting cases)). The Government's motion explained the same: discovery should not precede the Ninth Circuit's resolution of the § 1182(f) and related threshold questions that define the scope of the case. ECF No. 159 at 5–7.

The Ninth Circuit has already stayed the injunctions, applied *Nken*'s most critical factors, and articulated the governing *Hawaii* framework. Again, that guidance goes to justiciability, the scope of review, and whether discovery is at all appropriate. *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (protective order barring discovery may issue where the plaintiff is unable to state a claim for relief); *see also In re Graphics Processing Units Antitrust Litigation*, No. 06-cv-7417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) ("After full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow."). And it is uniquely case-dispositive here because the appeal turns on the President's § 1182(f) authority over admission—a context where deference to the Executive is at its apex—not on transitory preliminary injunction factors that leave the merits untouched. Plaintiffs' contrary framing that preliminary injunction appeals provide "little guidance" does not fit this record. ECF No. 160 at 3.

By the same token, the cases Plaintiffs invoke to resist a stay involve routine case-management or ordinary discovery burdens, not a merits-based ruling on the President's ample

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
[CASE NO. 2:25-CV-00255]

3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

and inherent powers to regulate the border. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005) (explaining that a *Landis* stay is inappropriate if another proceeding is "*unlikely* to decide, or to contribute to the decision of, the factual and legal issues before the district court" (emphasis added)); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (remanding to district court with instruction to allow deposition of a single individual based on possibility of obtaining new relevant information); *HUB Int'l Nw. LLC v. Larson*, No. 22-cv-1418, 2023 WL 2527150, at *3–4 (W.D. Wash. Mar. 15, 2023) (denying stay of discovery in part where case appeared "limited in its factual scope" and there were no "'pure' legal questions of subject matter jurisdiction, immunity, and the like"). Plaintiffs rely heavily on those cases, but none involved a binding appellate order finding that the Government would likely succeed on a presidential power question and signaling a merits opinion "in due course."

Nor does Plaintiffs' "personnel changes" rationale justify forcing discovery now. They note potential difficulties in "locating evidence and witnesses," ECF No. 160 at 4, but preservation protocols and custodial planning already exist to mitigate any turnover risk. And in any case the certified administrative records supply a robust paper record—undercutting any assertion that evidence will be lost without immediate merits discovery.

In short, there is much more at stake in this appeal than an ordinary, "non-dispositive" appeal of a limited preliminary injunction. The parties are before the Ninth Circuit, having squarely teed up foundational questions about presidential authority that will determine what, if anything, is left to discover.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
[CASE NO. 2:25-CV-00255]

4

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

## II. The balance of hardships favors a stay because immediate discovery would trigger substantial, irreversible burdens and separation-of-powers harms.

Plaintiffs claim that "[a]ny delay in the resolution of this action" will slow "processing, admission, and resettlement of refugees." ECF No. 160 at 2. The Ninth Circuit's stay, however, has ceased all aspects of the refugee program with the exception of the provision of resettlement benefits. That narrow directive to reinstate cooperative agreements necessary to provide reception-and-placement benefits for refugees *already* admitted to the United States further lessens the need for wide-ranging discovery. Discovery will not lift the suspension of new admissions or expand the resettlement benefits exception the Ninth Circuit has mandated in the interim. While the stay is in place, only the appeals court can provide the underlying relief Plaintiffs seek in the form of resumed admissions of refugees under the program. Forcing the Government into premature discovery would not change that fact, nor provide Plaintiffs with any more relief than the Ninth Circuit has already provided in the context of its broader § 1182(f) findings.

On the other side of the ledger, the Government's motion detailed the heavy costs and institutional risks of discovery here, including voluminous materials and predictable privilege disputes about Executive Branch deliberations and, potentially, presidential communications. ECF No. 159 at 5–7. Those concerns are heightened where § 1182(f) is at issue and the Ninth Circuit has recognized broad presidential discretion and likely success on the merits. *Flores*, 675 F. Supp. 3d at 1062 ("On the other hand, conducting substantial, unrecoverable, and wasteful discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." (internal quotation marks and citations omitted)).

Plaintiffs recast these concerns as mere inconvenience to the Government. They are not. When discovery threatens to intrude on core Executive deliberations—especially those near the

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY [CASE NO. 2:25-CV-00255]

5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

President—courts must shape the timing and scope of proceedings in light of "the high respect" owed that office. *See Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 385 (2004) (internal quotation marks omitted) That is *Cheney*'s command, not a courtesy meted out in a court's discretion. *Id.* (citing *Clinton v. Jones*, 520 U.S. 681, 707 (1997)).

The presidential communications privilege protects the confidentiality of the President's decisionmaking and extends to his close advisers, yielding only to a strong, particularized showing of need. *See United States v. Nixon*, 418 U.S. 683, 703–13 (1974). Launching full-blown discovery now—right after the Ninth Circuit stayed this Court's injunctions and found the Government likely to prevail on the merits of all but one claim (domestic resettlement benefits)—would force inquiry into communications central to presidential decisionmaking on an entry restriction ultimately ordered under the President's independent powers. That is exactly the zone protected by the privilege.[1] Further, the Ninth Circuit has made clear that courts may not delve into the President's justifications when it comes to actions taken under his inherent § 1182(f) powers in the national interest. Plaintiffs' right to discovery in this area is tenuous at best.

The deliberative process privilege likewise shields predecisional, consultative analyses so agencies can debate candidly, without fear that tentative positions and internal weighing of diverse

---

[1] Plaintiffs' reliance on *Clinton v. Jones*—a private damages suit about a categorical trial stay—cannot carry their point. *Clinton* did not involve demands for information drawn from Executive Branch deliberations on immigration or foreign affairs. *See* 520 U.S. 681, 706–08 (1997); *see also Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (admission and exclusion of aliens a "fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control"). By contrast, allowing Plaintiffs to conduct roving discovery over a months-long period outside the close supervision of a trial court would saddle the Government with significant, irreversible costs: prolonged debate over privilege assertions, not to mention required manual vetting of copious materials that might otherwise implicate national security and foreign relations sensitivities.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
[CASE NO. 2:25-CV-00255]
6
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

factors will be exposed in litigation. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–52 (1975). In the Ninth Circuit, courts balance that protection against an asserted need for specific materials, with sensitivity to the government interests at stake. *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Here, Plaintiffs do not identify any particular document or testimony they must have *now*. Nor do they explain why they cannot await the Ninth Circuit's ruling on the merits. On this record, there is no basis to pierce these privileges at this stage, or to mire the parties and this Court in protracted disputes over whether the privileges apply.

Again, this is not a typical case. Plaintiffs' opposition treats this as routine litigation with "general burdens." ECF No. 160 at 6. It is not. The President exercised § 1182(f) authority—"a sweeping proclamation power" grounded in the political branches' control over the admission of aliens—involving foreign affairs and national security judgments. *Hawaii*, 585 U.S. at 683–88. The Ninth Circuit has now stayed the injunctions almost entirely and found the Government likely to prevail on those core questions. Pressing forward with discovery before the Ninth Circuit's merits opinion has issued would disregard the separation-of-powers concerns underlying this entire case and risk needless battles over materials the appeals court may render irrelevant.

## CONCLUSION

For these reasons, the Court should stay discovery, including the deadlines set forth in the August 15 Order, until the Ninth Circuit issues its decision.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY
[CASE NO. 2:25-CV-00255]

7

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

September 16, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General
Civil Division

AUGUST FLENTJE
Special Counsel

*/s/ David Kim*
DAVID KIM
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 598-0114
Email: David.Kim4@usdoj.gov

LINDSAY W. ZIMLIKI
JOSEPH MCCARTER
JASON ZUBATA
Trial Attorneys

*Attorneys for Defendants*

I certify that this memorandum contains 2,093 words, in compliance with the Local Civil Rules.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY
[CASE NO. 2:25-CV-00255]

8

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044