THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,

*Defendants*.

Case No. 2:25-cv-255-JNW

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**

NOTE ON MOTION CALENDAR: OCTOBER 15, 2025

## INTRODUCTION

The government shutdown that began on October 1, 2025, does not warrant an indefinite stay of this entire case, especially under circumstances where federal law and the U.S. Department of Justice's own guidance clearly indicate that it should not be postponed. Plaintiffs thus oppose Defendants' request to indefinitely stay proceedings, including discovery, pending the end of the

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 1
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

shutdown. As already indicated, however, Plaintiffs are willing to agree to an extension of the deadline for the joint status report and discovery plan for fourteen days or the number days of the lapse of appropriations (whichever is shorter) and are prepared to meet and confer on the possibility of an additional reasonable extension if needed.

## ARGUMENT

Defendants assert this case should be stayed because Department of Justice attorneys and federal employees of Defendants' agencies are "prohibited from working, even on a voluntary basis," except in very limited circumstances. Dkt. 166 at 1. Defendants not only are wrong on the law but also misinterpret their own agencies' guidance, which clearly provides that the litigation activities necessary for this case are permitted under the Antideficiency Act and other contingency plans. Counsel for Defendants may lawfully continue working on this case, and an indefinite stay is therefore inappropriate.

As Defendants acknowledge, even during a lapse of appropriations, the Department of Justice is required to continue activities related to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342; *see also* Dkt. 166 at 1. The Department of Justice interprets this provision to mean cases "where there is a reasonable likelihood that the safety of human life or the protection of property would be compromised, in some significant degree, by delay in the performance of the function in question." *U.S. Department of Justice FY 2026 Contingency Plan*, U.S. Dep't of Just. 1 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl (the "DOJ Contingency Plan"). The DOJ Contingency Plan further states that civil litigation can be postponed only "to the extent" it can be done without compromising the safety of human life or the protection of property. *Id*. at 3.

Unquestionably, the purpose of this action is to safeguard human life and personal property. *See, e.g.*, Dkt. 14 at 1–2; Dkt. 56 ¶¶ 11–12. The record of imminent and irreparable harms faced by Plaintiffs and refugees across the globe is unrebutted, and the Court's previous findings and rulings readily establish a "reasonable likelihood" that the "safety of human life or the protection

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 2
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

of property" would be compromised to a "significant degree" by delay of these proceedings. *See, e.g.*, Dkt. 145 at 3 (recognizing that "real families remain in limbo while these legal processes unfold" and "[d]elays in implementation mean continued separation from safety for some of the world's most vulnerable people"); Dkt. 45 at 53–54 ("[P]laintiffs who have recently arrived to the U.S. have been cut off from critical resettlement benefits and support services needed to establish their new lives in America. These harms compound daily and cannot be remedied after the fact."). Moreover, the Ninth Circuit has refused to stay portions of this Court's preliminary injunctions, ordering Defendants to reinstate cooperative agreements to provide usual and customary reception and placement ("R&P") services. *Pacito v. Trump*, Nos. 25-1313, 25-1939, slip op. at 6, 9 (9th Cir. Sept. 12, 2025). As this Court has recognized and the record shows, Plaintiffs face irreparable harm without these "critical resettlement benefits and support services," Dkt. 45 at 54, and there is a "reasonable and articulatable connection" between compliance with the operative part of the injunctions and the protection of property, DOJ Contingency Plan 4. There is also a reasonable likelihood that class members who are entitled to R&P benefits under the preliminary injunctions—and the organizational Plaintiffs tasked with providing those benefits pursuant to cooperative agreements—would be compromised by a stay of this case, which would hinder any judicial recourse needed to ensure compliance.

Given this record, Defendants cannot argue this case does not fall squarely within the Antideficiency Act and the DOJ Contingency Plan's mandate to continue litigation activities involving the protection of human safety and property. This conclusion is bolstered by the Department of Justice's apparent belief that the government shutdown will only minimally impact the judicial machinery, *see* DOJ Contingency Plan 3 ("With respect to litigation, the Department's [contingency] plan assumes that the Judicial Branch will continue to operate, though possibly at a reduced level, through the lapse."), and its plan to except 89% of employees from furlough—92,733 of whom are excepted to continue activities that protect life and property, *id.* at 2, 13.

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 3
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Even if this case did not clearly pertain to human safety and the protection of property, Defendant's counsel must nonetheless continue litigation activities if the Court denies their motion. "If a court denies a litigator's request to postpone a case and orders it to continue, the litigation will become an excepted activity that can continue during the lapse." *Id.* at 7; *see also id.* at 3 ("If a court denies [] a [stay] request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."); *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (denial of stay amounted to legal authorization for Department of Justice attorneys to continue working). Courts regularly deny requests by the federal government to stay proceedings due to shutdowns[1] and have already denied several stays in the past two weeks.[2]

Notably, the furlough exception outlined in 31 U.S.C. § 1342 extends to Defendants' agencies as well. *See, e.g.*, *FY 2026 HHS Contingency Staffing Plan for Operations in the Absence of Enacted Annual Appropriations*, U.S. Dep't of Health & Hum. Servs. (Sept. 25, 2025), https://www.hhs.gov/about/budget/fy-2026-hhs-contingency-staffing-plan/index.html (excepting from furlough personnel who perform "[a]ctivities necessary to protect the safety of human life" and where "authorized by law"); *Guidance on Operations During a Lapse in Appropriations*, U.S. Dep't of State 7 (Oct. 1, 2025), https://www.state.gov/wp-content/uploads/2025/09/DOS-Lapse-Guidance-updated-29-September-2025.pdf (requiring consular operations domestically and abroad to remain operational as well as "[a]ctivities necessary for national security or protection of life and property"). And at least one contingency plan anticipates excepting activities that

---

[1] *See, e.g.*, *PETA v. U.S. Dep't of Agric.*, 912 F.3d 641, 641 (D.C. Cir. 2019) (per curiam); *Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642, 642 (D.C. Cir. 2019); *Priests for Life v. U.S. Dep't of Health & Hum. Servs.*, No. CV 13-1261, 2013 WL 5572730, at *1 (D.D.C. Oct. 2, 2013).

[2] *See, e.g.,* Text Order, *R.I. Coal. Against Domestic Violence v. Kennedy*, No. 1:25-cv-00342 (D.R.I. Oct. 1, 2025); Minute Order, *District of Columbia v. Trump*, No. 1:25-cv-03005 (D.D.C. Oct. 2, 2025); Order Granting Defendants' Administrative Motion for Stay of Deadlines and Proceedings in Light of Lapse of Appropriations, *AFGE v. Trump*, No. 3:25-cv-03698 (N.D. Cal Oct. 3, 2025); Order, *FreeState Just. v. EEOC*, No. 1:25-cv-02482 (D. Md. Oct. 3, 2025).

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 4
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

support litigation efforts. *See Procedures Relating to a Lapse in Appropriations*, U.S. Dep't of Homeland Sec. 26 (Sept. 29, 2025), https://www.dhs.gov/sites/default/files/2025-09/2025_0930_dhs_procedures_related_to_a_lapse_in_appropriations.pdf (recognizing that travel necessary for "ongoing litigation in Federal court for which a stay has not been issued" is excepted activity during lapse of appropriations).

## CONCLUSION

The Antideficiency Act and federal agencies' contingency plans—including the Department of Justice's—allow Defendants' counsel to lawfully continue working on this case. Plaintiffs acknowledge that the lapse of appropriations might result in delays despite Defendants' best efforts and due diligence, particularly if any critical agency personnel are subject to furlough notwithstanding the contingency plans described above. For this reason, Plaintiffs are willing to agree to an extension of the deadline for the joint status report and discovery plan for fourteen days or the number days of the lapse of appropriations, whichever is shorter. Plaintiffs are further willing to meet and confer on the possibility of additional extensions as needed. But notwithstanding the foregoing accommodations, Plaintiffs respectfully oppose Defendants' motion for an indefinite stay of the entire proceeding, including discovery deadlines.

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 5
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

\*   \*   \*

The undersigned certifies that this opposition contains 1,334 words, in compliance with the Local Civil Rules.

Dated: October 10, 2025

Mevlüde Akay Alp*
Ghita Schwarz*
Pedro Sepulveda, Jr.*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
makayalp@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Laurie Ball Cooper*
Megan Hauptman*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Ave. NW
Washington, D.C. 20001
Telephone: (646) 939-9169
lballcooper@refugeerights.org
mhauptman@refugeerights.org

By: s/ *Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Shireen Lankarani, WSBA No. 61792
Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
SLankarani@perkinscoie.com
EAston@perkinscoie.com

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

*Counsel for Plaintiffs*

*\* Admitted pro hac vice*

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 6
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000