District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER;
PLAINTIFF JOSEPHINE; PLAINTIFF
SARA; PLAINTIFF ALYAS; PLAINTIFF
MARCOS; PLAINTIFF AHMED;
PLAINTIFF RACHEL; PLAINTIFF ALI;
HIAS, INC.; CHURCH WORLD SERVICE,
INC.; LUTHERAN COMMUNITY
SERVICES NORTHWEST,

        *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity
as President of the United States; MARCO
RUBIO, in his official capacity as Secretary of
State; KRISTI NOEM, in her official capacity
as Secretary of Homeland Security;
DOROTHY A. FINK, in her official capacity
as Acting Secretary of Health and Human
Services,

        *Defendants*.

CASE NO. 2:25-cv-00255

REPLY IN SUPPORT OF MOTION FOR
STAY OF PROCEEDINGS, INCLUDING
DISCOVERY, IN LIGHT OF LAPSE OF
APPROPRIATIONS

NOTE ON MOTION CALENDAR:
OCTOBER 15, 2025

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

**INTRODUCTION**

The shutdown remains in effect. Appropriations lapsed at 11:59 pm ET, on September 30, 2025, and many Department of Justice ("DOJ") and agency personnel are furloughed under the Antideficiency Act and may not perform work that is not excepted from the Antideficiency Act's prohibitions, even on a voluntary basis.

Plaintiffs' opposition rests on a misreading of the Antideficiency Act and the government's contingency guidance, while overstating the risk to "human life" or "property" that might result from ordering a shutdown-related stay—as many courts across the country have already done. As explained below, this litigation does not qualify for the narrow life-or-property exception on the record presented. In particular, Plaintiffs' assertions regarding reception and placement benefits are incorrect and, in any event, provide no basis to compel non-excepted, otherwise routine litigation activities during a lapse in appropriations. Refugee admissions, moreover, are currently halted, and forcing furloughed federal attorneys to resume work in this case would not change that fact.

A stay until appropriations have been restored remains necessary and appropriate.

**ARGUMENT**

**I.    Plaintiffs have not carried their burden to show this case falls within the narrow "safety of human life or protection of property" exception during the shutdown.**

Defendants have moved for a stay because, absent appropriations, many DOJ attorneys and agency personnel "are prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" ECF 166 at 1 (citing 31 U.S.C. § 1342). Plaintiffs do not dispute that statutory command. Instead, they invoke language from the DOJ's FY 2026 Contingency Plan that litigation

REPLY IN SUPPORT OF MOTION FOR
STAY OF PROCEEDINGS, INCLUDING
DISCOVERY, IN LIGHT OF LAPSE OF
APPROPRIATIONS
[CASE NO. 2:25-cv-00255]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

may continue where there is a "reasonable likelihood that the safety of human life or the protection of property would be compromised, in some significant degree, by delay." ECF 168 at 2. But that guidance, if anything, confirms the exception's narrow scope and does not convert civil litigation into "excepted" work simply because a plaintiff emphasizes broadly sympathetic or equitable considerations. U.S. Dep't of Just., *U.S. Department of Justice FY 2026 Contingency Plan* (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl ("Civil litigation will be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property.").

Plaintiffs argue that the exception to the statutory prohibition on government work during the shutdown is "readily" met and that they would "face irreparable harm" unless the Court rejected Defendants' stay request. ECF 168 at 2–3. But the record does not support that claim. As Defendants have previously explained in this litigation, Plaintiffs have either been admitted to the United States or been residing for years in a third country—as opposed to their home countries, where they fear persecution—awaiting possible resettlement. ECF 31 at 24–25; ECF 135, ¶¶ 13–21. Plaintiffs identify no sudden change in conditions such that a temporary, shutdown-related pause in litigation would create imminent danger where none was previously shown. As the Ninth Circuit recently held in ordering a stay of the preliminary injunctions in this case, the governing factors—including "irreparable harm to the applicant, substantial injury to other interested parties, and the public interest"—all "favor[] the United States." *Pacito v. Trump*, No. 25-1313 (9th Cir.), ECF 151.1 at 2.

Plaintiffs' appeal to general hardships refugees as a class might experience during a brief stay does not transform this litigation into an activity that is "excepted" from the Antideficiency

REPLY IN SUPPORT OF MOTION FOR
STAY OF PROCEEDINGS, INCLUDING
DISCOVERY, IN LIGHT OF LAPSE OF
APPROPRIATIONS
[CASE NO. 2:25-cv-00255]

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

Act's prohibitions. ECF 168 at 3 (referring in a parenthetical to refugees as "vulnerable people" and asserting that families "remain in limbo while these legal processes unfold" (internal quotation marks omitted)). The mere fact that this case concerns refugees, or that Plaintiffs characterize them as especially vulnerable, does not itself create the kind of immediate life-or-property emergency contemplated by § 1342. That exception applies only where delay would significantly endanger human life or property, as opposed to where plaintiffs invoke sympathetic circumstances or disputed policy concerns. *See* 31 U.S.C. § 1342. And, again, the Ninth Circuit stayed the preliminary injunctions previously ordered by this Court. Thus, Plaintiffs' suggestion that a pause of litigation during the shutdown would somehow imperil refugees "across the globe" misstates the current procedural reality. ECF No. 168 at 2. With the injunctions stayed, there is no remedial district court order whose immediate enforcement is required, nor one that could be affected by a temporary stay of proceedings—which in any case would resume as soon as appropriations are restored.

Plaintiffs suggest ongoing harm tied to reception and placement ("R&P") services. But other than their generalized description of these benefits as "critical" for refugees looking to settle in America, Plaintiffs cite no immediate threat to human life or personal property that would result from staying this case until appropriations have been restored. Not only that, all cooperative agreements with resettlement agencies, including organizational Plaintiffs, were reinstated and are currently in place to allow for administration of those benefits; indeed, Defendants were in compliance with the Ninth Circuit's instruction regarding R&P services months before the order even issued. ECF 155, ¶ 122; ECF 138 at 2. Thus, all individual Plaintiffs who entered under this Court's prior injunctions arrived by July 10 and received the maximum allowable services by

October 8. ECF 135, ¶¶ 13–21. As for the class more generally, other than a bald assertion that refugees who are due R&P benefits would somehow "be compromised by a stay," ECF 168 at 3, Plaintiffs fail to explain how "human life" or "property" in particular would be endangered by a mere stay of proceedings. Even with a potential pause in R&P benefits, refugees admitted to the country have been receiving an array of the longer-term benefits traditionally administered by the Office of Refugee Resettlement, including refugee cash assistance, medical assistance, and support services, beginning on the date of their arrival. *See* 45 C.F.R. pt. 400; ECF 155, ¶ 74; ECF 138 at 2. All to say, Plaintiffs' claimed urgency over resettlement benefits falls well outside the Antideficiency Act exception, and the Court should not compel Executive Branch employees to resume work that is not excepted in a case now stayed in significant part by the Ninth Circuit.

Finally, a temporary stay is warranted, where no refugees—parties or otherwise—are currently being admitted in the new fiscal year given that no congressional consultation has yet occurred, *see* 8 U.S.C. § 1157(a)(2), and there currently is no plan for such consultation to occur until after the shutdown. Thus, even apart from the case's appellate posture or any limited relief this Court might be inclined to grant in light of the Ninth Circuit's stay, refugee admissions are paused for reasons independent of this litigation during the lapse. Ordering furloughed federal attorneys to litigate a non-emergency civil matter in the midst of a temporary government shutdown cannot alter that reality.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion and stay all proceedings, including discovery, until appropriations are restored, with deadlines extended commensurate with the duration of the lapse.

REPLY IN SUPPORT OF MOTION FOR
STAY OF PROCEEDINGS, INCLUDING
DISCOVERY, IN LIGHT OF LAPSE OF
APPROPRIATIONS
[CASE NO. 2:25-cv-00255]

4

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

October 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General
Civil Division

AUGUST FLENTJE
Special Counsel

*/s/ David Kim*
DAVID KIM
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 598-0114
Email: David.Kim4@usdoj.gov

LINDSAY W. ZIMLIKI
JOSEPH MCCARTER
JASON ZUBATA
Trial Attorneys

*Attorneys for Defendants*

I certify that this memorandum contains 1,167 words, in compliance with the Local Civil Rules.

REPLY IN SUPPORT OF MOTION FOR
STAY OF PROCEEDINGS, INCLUDING
DISCOVERY, IN LIGHT OF LAPSE OF
APPROPRIATIONS
[CASE NO. 2:25-cv-00255]

5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044