1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER;
PLAINTIFF JOSEPHINE; PLAINTIFF SARA;
PLAINTIFF ALYAS; PLAINTIFF MARCOS;
PLAINTIFF AHMED; PLAINTIFF RACHEL;
PLAINTIFF ALI; HIAS, INC.; CHURCH
WORLD SERVICE, INC.; and LUTHERAN
COMMUNITY SERVICES NORTHWEST,

              *Plaintiffs*,

        v.

DONALD J. TRUMP, in his official capacity as
President of the United States; MARCO RUBIO,
in his official capacity as Secretary of State;
KRISTI NOEM, in her official capacity as
Secretary of Homeland Security; ROBERT F.
KENNEDY, JR., in his official capacity as
Secretary of Health and Human Services,

              *Defendants*.

Case No. 2:25-cv-255-JNW

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

Pursuant to the Court's order of August 15, 2025, Dkt. 157, the parties hereby submit this

joint status report as required by Federal Rule of Civil Procedure 26(f) and Local Rules W.D.

Wash. LCR 26(f).[1]

---

[1] The Court struck the parties' prior deadline to file the joint status report and discovery plan due to the lapse in appropriation of funds for the Department of Justice and the defendant

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1        **1.      Nature and Complexity of the Case:**

2        <u>Plaintiffs' Statement</u>: On January 20, 2025, President Trump issued an executive order

3    indefinitely suspending refugee entry to the United States and decisions on refugee applications

4    (the "Refugee Ban EO" or "EO"). Federal agencies charged with implementing the EO exceeded

5    this mandate by banning refugee entry prior to the EO's effective date, suspending refugee

6    processing entirely, and abruptly suspending (and later terminating) refugee-related funding to

7    resettlement partners. Following the issuance of the Refugee Ban EO, Plaintiffs—nine individual

8    refugees and their sponsors and three nonprofit refugee-serving organizations—filed this class-

9    action lawsuit challenging Defendants' actions as violative of the U.S. Constitution, the

10   Administrative Procedure Act ("APA"), and the Refugee Act.

11       A day after this Court granted a preliminary injunction barring Defendants from

12   suspending refugee processing and admissions and refugee-related funding, they abruptly

13   terminated all funding to provide Reception and Placement services to newly arrived refugees and

14   Special Immigrant Visa holders and terminated cooperative agreements with resettlement partners

15   for refugee processing across the world. Plaintiffs then filed a supplemental complaint challenging

16   the subsequent termination of refugee-related funding. The Court subsequently denied

17   Defendants' motion to dismiss and concluded that Plaintiffs had adequately pled their claims and

18   established the Court's jurisdiction. Dkt. 149.

19       Plaintiffs now seek discovery as to the merits of those claims. Defendants assert—

20   incorrectly—that the Ninth Circuit altered the scope of this case when it issued a non-dispositive

21   order largely staying this Court's preliminary injunctions. *See Pacito v. Trump*, Nos. 25-1313, 25-

22   1939 (9th Cir. Sept. 12, 2025), Dkt. 149.1. To the contrary, as Plaintiffs noted in their response to

23   Defendants' motion to stay discovery, Dkt. 160, an interim ruling on preliminary injunctions has

24   no bearing on Plaintiffs' entitlement to seek discovery as to the merits of their claims—which

25   _____

26   agencies. Dkt. 167. After the lapse in appropriations ended, the parties stipulated to a new filing
     deadline of December 5, 2025. Dkt. 172.

JOINT STATUS REPORT &
DISCOVERY PLAN – 2
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    remain live, notwithstanding the Ninth Circuit's order. Nor are Defendants correct to suppose that

2    a forthcoming merits opinion from the Ninth Circuit—concerning the preliminary injunctions—

3    would address whether discovery in the case is appropriate. Plaintiffs are *not* seeking discovery

4    related to the preliminary injunctions, and discovery as to the merits of this case should not be

5    stayed while the Ninth Circuit resolves the distinct appeal of the non-dispositive preliminary

6    injunctions.

7        <u>Defendants' Statement</u>: Plaintiffs allege the government violated the Refugee Act, the

8    APA, the Immigration and Nationality Act, the Fifth Amendment and the Separation of Powers

9    Clause when the President issued and defendant agencies implemented (1) Executive Order 14163,

10   *Realigning the United States Refugee Admissions Program*, 90 Fed. Reg. 8459 (Jan. 20, 2025)

11   (USRAP Order) and (2) Executive Order 14169, *Reevaluating and Realigning United States*

12   *Foreign Aid*, 90 Fed. Reg. 8619 (Jan. 20, 2025), **(**Foreign Aid Order). The USRAP Order

13   temporarily suspended the admission of refugees and decisions on applications for refugee status

14   under the U.S. Refugee Assistance Program (USRAP), pursuant to the President's broad

15   authorities under 8 U.S.C. §§ 1182(f) and 1185(a), and based on his finding of detriment to the

16   interests of the United States. USRAP Order §§1, 3(a) and 3(b). The USRAP Order indicates that

17   the Secretaries of Homeland Security and Department of State shall submit a report to the President

18   every 90 days, regarding whether resumption of the USRAP would be in the interests of the United

19   States. *Id.* at §4. The Foreign Aid Order temporarily suspended the funding for the USRAP,

20   requiring a 90-day pause in foreign development assistance to assess programmatic efficiencies,

21   and to ensure that all foreign aid is consistent with foreign policy. Foreign Aid Order §§ 2, 3.

22   Plaintiffs seek class-wide injunctive and declaratory relief. Defendants maintain that the USRAP

23   and Foreign Aid Orders are lawful. Additionally, though rejected by this Court, Defendants

24   maintain that Plaintiffs' funding suspension, reimbursement, and funding termination claims are

25   not properly before this Court because they seek specific performance and monetary

26

JOINT STATUS REPORT &
DISCOVERY PLAN – 3
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   compensation, and the Tucker Act forbids APA actions that are disguised contract performance

2   claims.

3          On September 12, 2025, the Ninth Circuit significantly narrowed the scope of this case

4   when it stayed this Court's February 28 and March 24 preliminary injunctions, Dkt. Nos. 39, 79.

5   *Pacito, et al. v. Trump, et al.*, Case Nos. 25-1313/1939, ECF No. 149.1. The Ninth Circuit found

6   "the government is likely to prevail on plaintiffs' challenge to the validity of [the USRAP Order's]

7   suspension of refugee admissions[,]" and noted that a merits opinion will issue "in due course."

8   *Id.* at 5. While this was a preliminary order, it found that the text of the USRAP Order does not

9   exceed any textual limit on the President's § 1182(f) authority. *Id.* at 6 (citing *Hawaii*, 585 U.S. at

10  683–84). Defendants do not believe any discovery is appropriate when the Ninth Circuit has yet

11  to issue its merits opinion, which will necessarily address issues of justiciability, the scope of

12  review, and whether discovery is at all appropriate. Defendants have filed a motion to stay

13  discovery on this ground, Dkt. No. 159, which remains pending. Defendants respectfully request

14  that the Court grant the motion and stay discovery pending further guidance from the Ninth Circuit.

15          **2.     Consent to Assignment of Magistrate Judge:** No.

16          **3.     Proposed Deadline for Joining Additional Parties:**

17         Plaintiffs' Statement: At this time, Plaintiffs do not anticipate joining any additional

18  parties. However, Plaintiffs propose that additional parties may be joined upon a showing of good

19  cause. Contrary to Defendants' assertion below, the certification of a class in this case does not

20  preclude the possibility that joinder of additional parties might be appropriate in the future.

21  Defendants provide no authority to support their argument that joinder of additional parties after

22  thirty days of class certification is improper. Nor do they explain their contention that, simply

23  because the certified class satisfies the numerosity requirement of Rule 23(a)(1)—based on the

24  impracticability of joinder of *all* class members—future joinder of any parties is somehow

25  precluded. Regardless, this case involves individual and organizational Plaintiffs who are *not*

26

1    members of a certified class, and there might be future instances where good cause exists to join

2    additional parties, either as non-class members or class representatives.

3         Defendants' Statement: As this is a certified class action, and 30 days have passed since

4    the Court certified the class, joining of additional parties is not proper. *See* Fed. R. Civ. Proc.

5    23(a)(1) (a class action may only be maintained if "the class is so numerous that joinder of all

6    members is impracticable."); *In re Phenylpropanolamine Prods. Liab. Litig.*, 227 F.R.D. 553, 560-

7    61 (W.D. Wash. 2004) (granting class certification based upon finding that joinder was

8    impracticable). Defendants respectfully disagree with Plaintiffs' assertion that they may join

9    additional parties at this point in the litigation and reserve the right to oppose any future request to

10   join additional parties. Joinder is not an available mechanism for expanding or modifying a

11   certified class, particularly a 23(b)(2) mandatory class.

12       **4.**    **Proposed Deadline for Class Certification:** The Court has certified a class

13   (composed of three subclasses) in this case. Dkt. 148 at 3-4 (defining subclasses).

14       **5.**    **Discovery Plan:** The parties conferred and propose the following discovery plan:

15       **A.**    **Initial Disclosures:** The parties exchanged initial disclosures on September

16   19, 2025, the deadline set by the Court. Dkt. 157.

17       **B.**    **Subjects, Timing, and Phasing of Discovery:**

18       Plaintiffs' Statement: Topics for discovery identified by Plaintiffs include, but are

19   not limited to, the issuance and implementation of the Refugee Ban EO; steps taken to

20   suspend the U.S. Refugee Admissions Program ("USRAP"), including refugee case

21   processing, decisions, and admissions; the state of the overseas and domestic refugee-

22   processing infrastructure; refugee admissions since the issuance of the Refugee Ban EO;

23   case-by-case exceptions to the bar on refugee entry granted under the EO; and the periodic

24   agency reports required under the EO.

25       Plaintiffs further note that this case involves both APA and non-APA claims and

26   emphasize that they are entitled to seek discovery on *both* sets of claims. Plaintiffs' non-

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    APA claims (First, Fourth, and Seventh Claims for Relief) are brought in part against a

2    party not subject to the APA—the President—and do not fundamentally overlap with the

3    APA claims. Consequently, prosecution of these claims necessarily requires discovery

4    beyond what is encompassed in the administrative record produced by Defendants.

5    Plaintiffs also reserve the right to seek extra-record discovery (beyond the administrative

6    record) as to their APA claims. *See Lands Council v. Powell,* 395 F.3d 1019, 1030 (9th Cir.

7    2005) (outlining circumstances where consideration of extra-record evidence is warranted

8    in APA cases).

9        Additionally, Plaintiffs have concerns about the limited documents produced in

10    Defendants' administrative record. In particular, the record produced by the Department of

11    Homeland Security is only *ten pages*. Plaintiffs have advised Defendants of several

12    documents missing from these records, including, for example, any documents related to

13    the decision to cancel pre-arranged refugee travel prior to the EO's issuance or effective

14    date and any documents pre-dating the EO's issuance. The parties are attempting to address

15    these issues and might need discovery related to these topics.

16        Timing-wise, Plaintiffs believe discovery in this matter can be completed in six

17    months, though additional time might be required depending on resolution of any privilege

18    issues or other disagreements about the scope of discovery.

19        Lastly, Defendants below repeat their refrain that discovery is inappropriate

20    pending a ruling by the Ninth Circuit on this Court's preliminary injunctions. But the Ninth

21    Circuit has made clear that district courts should not delay discovery pending an appellate

22    decision based on limited review of the record before the district court when it issued

23    preliminary relief. *See California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018) ("We have

24    repeatedly admonished district courts not to delay trial preparation to await an interim

25    ruling on a preliminary injunction."); *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir.

26    2012) ("Because of the limited scope of our review of the law applied by the district court

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    and because the fully developed factual record may be materially different from that

2    initially before the district court, our disposition of appeals from most preliminary

3    injunctions may provide little guidance as to the appropriate disposition on the merits.")

4    Plaintiffs are entitled to adjudication of all their claims—including their challenge to the

5    Refugee Ban EO—based on a fully developed factual record following discovery. And

6    contrary to Defendants' assertion below, judicial efficiency is *served*, not hindered, by

7    preventing any further delay in discovery. Dkt. 160 at 3–4.

8        <u>Defendants' Statement</u>: Defendants do not believe any discovery is appropriate

9    when appellate guidance is imminent, particularly when that guidance will address issues

10   of justiciability, the scope of review, and whether discovery is at all appropriate. As the

11   Government's motion to stay discovery explained: discovery should not precede the Ninth

12   Circuit's resolution of the § 1182(f) and related threshold questions that further define the

13   scope of the case. ECF No. 159 at 5–7.

14       The Ninth Circuit in its interim order recognized that 8 U.S.C. § 1182(f) vests broad

15   presidential discretion not subject to a "searching" judicial reassessment of policy

16   rationale, and that the sole prerequisite set forth in § 1182(f)—a finding of detriment to the

17   interest of the United States—has been "undoubtedly fulfilled." *Id.* at 6 (citing *Trump v.*

18   *Hawaii*, 585 U.S. 667, 686 (2018)). Further, it found that the Government will likely

19   succeed on the merits, where (1) the text of the USRAP Order does not exceed any textual

20   limit on the President's § 1182(f) authority, and (2) the remaining stay factors, involving

21   "both domestic and foreign interests of the United States, as determined by the 'broad

22   discretion' conferred on the President," favor the United States as well. *Id.* at 6 (citing

23   *Hawaii*, 585 U.S. at 683–84). The Ninth Circuit's merits opinion will further narrow the

24   scope of this case, potentially eliminating some if not all discoverable issues before this

25   Court. It is thus in the interest of judicial economy to wait until the Ninth Circuit has ruled

26

JOINT STATUS REPORT &
DISCOVERY PLAN – 7
(No. 2:25-cv-255-JNW)

1    on dispositive legal issues before proceeding with any discovery, as Defendants discussed

2    in their pending motion to stay discovery. ECF No. 159.

3         Because the Ninth Circuit has found the government likely to prevail on Plaintiffs'

4    challenge to the validity of the USRAP Order's suspension of refugee admissions, all that

5    is left is Plaintiffs' challenge to the agencies' implementation of the Order. This amounts

6    to a challenge to agency action under the APA, which should be reviewed on the certified

7    administrative records Defendants compiled. *See* 5 U.S.C. § 706. While Plaintiffs argue

8    they have also brought constitutional claims, these claims fundamentally overlap with their

9    APA claims. Their APA claims and their constitutional claims are not legally and factually

10   distinct. As such, these claims can be adequately reviewed on the administrative records.

11   *California v. U.S. Dept of Homeland Sec.,* 612 F. Supp. 3d 875, 897 (N.D. Cal. 2020)

12   (Discovery is unnecessary where APA claims and constitutional claims "fundamentally

13   overlap.") (collecting cases).

14        Plaintiffs voice concern as to the completeness of the certified administrative

15   records. Defendants are currently assessing what, if any, non-privileged documents exist

16   that could and should be included in the administrative records. Defendants reserved the

17   right to supplement the record, if appropriate.

18        Defendants reserve the right to propound discovery on Plaintiffs.

19        If the Court decides to establish deadlines at this time, and the Court further

20   determines that discovery is appropriate (notwithstanding Defendants' arguments to the

21   contrary), Defendants believe discovery can be completed in six (6) months.

22        **C.    Electronically Stored Information:**

23        <u>Plaintiffs' Statement</u>: Plaintiffs intend to seek discovery of ESI in the possession,

24   custody, or control of the other parties and/or third parties consistent with the scope of

25   discovery permitted under Federal Rules of Civil Procedure 26 and 45.

26

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  <u>Defendants' Statement</u>: Defendants do not believe that discovery is appropriate in

2  this case and particularly at this time. If the Court determines that discovery is appropriate,

3  the Western District of Washington's Model for Discovery of Electronically Stored

4  Information in Civil Litigation can be used as a guide and will be modified by the parties

5  given the needs of the case. Defendants agree to work together with Plaintiffs on necessary

6  modifications should the Court determine that discovery is appropriate.

7  **D.    Privilege Issues:**

8  <u>Plaintiffs' Statement</u>: As an initial matter, Plaintiffs have requested that Defendants

9  provide a privilege log for any materials omitted from the administrative records produced

10  by the agencies on the basis of any privilege. As of the date of this filing, Defendants have

11  not provided such a privilege log. As to Defendants' argument below that deliberative

12  materials are not properly included in the administrative record or any privilege log, this is

13  not a categorical rule. *See, e.g.*, *Nat'l TPS All. v. Noem*, No. 25-CV-05687-TLT (SK), 2025

14  WL 2419266, at *4 (N.D. Cal. Aug. 21, 2025) (ordering defendants to produce privilege

15  log of records withheld from administrative record). Plaintiffs note that there are indicia of

16  bad faith and improper behavior on the part of Defendants in this case that may warrant the

17  production of a privilege log and consideration of deliberative materials. *See, e.g.*, Dkt. 45

18  at 11 n.2 (termination of cooperative agreements within one day of this Court's verbal order

19  enjoining Defendants from suspending cooperative agreements).

20  <u>Defendants' Statement</u>: Regarding the redactions contained within administrative

21  record documents, Defendants do not believe a privilege log is necessary or appropriate.

22  *See e.g., Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024)

23  (absent "a showing of bad faith or improper behavior" deliberative materials are "not part

24  of the administrative record to begin with," and are "not required to be placed on a privilege

25  log."). Defendants refute Plaintiffs' assertion that there are "indicia" of bad faith because

26

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    the Department of State exercised its right under the terms of the cooperative agreements

2    to terminate such agreements with resettlement partners. *See* ECF No.61.

3        Parties' Statement: If the Court orders discovery, then the parties agree that

4    documents responsive to either parties' discovery requests withheld on the basis of

5    privilege will be recorded on a privilege log that complies with Rule 26(b)(5) or will be

6    handled in accordance with the terms of any protective order and claw back agreement the

7    parties negotiate. The parties agree that, if necessary, they will negotiate an appropriate

8    protective order and claw-back agreement concerning privilege issues, using Washington's

9    Model Stipulated Protective Order as modified by the parties to meet the needs of this case.

10   To the extent either party seeks to withhold responsive documents on the basis of privilege,

11   the parties will meet and confer and engage in motion practice as appropriate if they believe

12   that privilege has been inappropriately invoked or there is a basis to overcome the privilege

13   as to certain documents. Alternatively, such disputes will be handled in accordance with

14   the terms of any protective order and claw back agreement the parties negotiate.

15       **E.    Proposed Limitations on Discovery:**

16       Plaintiffs' Statement: At this time, Plaintiffs do not believe there is reason to deviate

17   from the limitations on discovery imposed under the Federal Rules of Civil Procedure and

18   the Local Civil Rules but agree any party may propose such limitation at later stages of this

19   litigation if appropriate, in which case the parties will meet and confer in attempt to reach

20   agreement.

21       Defendants' Statement: As discussed above, Defendants do not believe that

22   discovery is appropriate in this case. If the Court determines that discovery is appropriate,

23   Defendants reserve the right to limit the scope of discovery in accordance with applicable

24   rules and the Court's discretion.

25       **F.    Discovery-Related Orders:** The Court issued a limited stipulated

26   protective order. Dkt. 102. Should the Court allow discovery in this case, the parties will

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    work together to submit for the Court's approval a stipulated ESI agreement, proposed

2    protective order, and a clawback agreement.

3    **6.    LCR 26(f)(1):** The parties have the following recommendations regarding the

4    subjects in LCR 26(f)(1).

5         **A.    Prompt Case Resolution:** The parties are not amenable to settlement at this

6    time but will continue to discuss the possibility as appropriate.

7         **B.    Alternative Dispute Resolution:** The parties do not believe alternative

8    dispute resolution would be fruitful at this time.

9         **C.    Related Cases:** The parties are not aware of any related cases in this Court.

10        **D.    Discovery Management:**

11   Plaintiffs' Statement: Plaintiffs intend to engage in discovery and third-party

12   discovery according to the Federal Rules of Civil Procedure and the Local Civil Rules. The

13   parties will attempt to resolve discovery disputes by agreement and otherwise seek

14   guidance from the Court.

15   Defendants' Statement: Defendants do not believe that discovery is appropriate in

16   this case. If the Court determines that discovery is appropriate, then Defendants reserve the

17   right to limit the scope of discovery propounded by Plaintiffs in accordance with the

18   applicable rules.  Defendants further reserve the right to object to any third-party discovery

19   that Plaintiffs may seek.  The parties will attempt to resolve discovery disputes by

20   agreement and otherwise seek guidance from the Court.

21        **E.    Anticipated Discovery Sought:**

22   Plaintiffs' Statement: Plaintiffs anticipate seeking discovery as outlined above in

23   § 5.B.

24   Defendants' Statement: As Defendants indicated in § 5.B., Defendants do not

25   believe discovery is appropriate at this time. Should the Court allow discovery, Defendants

26   reserve the right to propound discovery on Plaintiffs.

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1        **F.**    **Phasing Motions:** At this time, the parties do not believe phasing motions

2   are necessary.

3        **G.**    **Preservation of Discoverable Information:** The parties are aware of their

4   preservation and discovery obligations under the Federal Rules of Civil Procedure. The

5   parties represent that they have taken reasonable measures to preserve relevant documents,

6   including electronically stored information that is maintained in locations and systems

7   where such relevant information is likely to be found is accordance with the Rules.

8        **H.**    **Privilege Issues:** The Parties anticipate privilege issues as outlined above

9   in § 5.D.

10       **I.**    **Model Procol for Discovery of ESI:** The parties anticipate using the

11  Court's model ESI order, modified as the parties agree, and will present that as needed.

12       **J.**    **Alternatives to Model Protocol:** Not applicable.

13    **7.**    **Completion of Discovery:**

14       <u>Plaintiffs' Statement</u>: Plaintiffs believe discovery in this case can be completed by June 5,

15  2026.

16       <u>Defendants' Position</u>: Defendants believe discovery should be stayed pending the Ninth

17  Circuit's merits opinion. Defendants do not believe the Court should establish any deadlines,

18  including a deadline for the completion of discovery, until after any stay is lifted, as the Ninth

19  Circuit's opinion will likely inform what deadlines, if any, are appropriate. If the Court decides to

20  establish deadlines at this time, and the Court further determines that discovery is appropriate,

21  Defendants believe any discovery can be completed in six (6) months, which would result in a

22  discovery completion date of June 5, 2026.

23       **8.**    **Bifurcation:** The parties reserve the right to seek bifurcation but agree that

24  bifurcation is not necessary at this time.

25       **9.**    **Pretrial Statement and Pretrial Order:** The parties do not believe that a pretrial

26  statement and pretrial order should be dispensed with in whole or in part.

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1      **10.     Individualized Trial Program:** The parties do not intend to utilize the

2    Individualized Trial Program.

3      **11.     Suggestions for Shortening or Simplifying the Case:** The parties believe some

4    or all of Plaintiffs' claims are amenable to disposition on summary judgment.

5      Plaintiffs' Statement: Plaintiffs do not have any further suggestions for shortening or

6    simplifying this case.

7      Defendants' Statement: Defendants, on the other hand, believe the scope of this case can

8    be narrowed. As Defendants stated in their motion to stay discovery, discovery should not precede

9    the Ninth Circuit's resolution of the § 1182(f) and related threshold questions that impact the scope

10   of this case. *See* ECF No. 159 at 5–7. The Court should await guidance from the Ninth Circuit as

11   to the scope of this case which will determine what, if any, discovery is appropriate. Defendants

12   believe this approach will advance judicial economy and efficiency by reducing the potential for

13   any protracted discovery disputes requiring the Court's attention.

14     **12.     Trial Date:**

15     Plaintiffs' Statement: Plaintiffs propose a trial date on or after September 7, 2026.

16     Defendants' Statement: Defendants, however, do not believe a trial is appropriate in this

17   record-review case. Defendants instead anticipate that this case can be resolved on a motion for

18   summary judgment.

19     **13.     Jury or Non-Jury Trial:** No party seeks a jury trial.

20     **14.     Trial Length:**

21     Plaintiffs' Statement: Plaintiffs believe this case can be tried in five-to-seven days.

22     Defendants' Statement: Defendants, however, believe that this case can be resolved on a

23   motion for summary judgment and thus a trial will be unnecessary.

24     **15.     Trial Counsel:** The parties are represented by the undersigned counsel.

25     **16.     Trial Conflicts:** The parties have no conflicts to raise at this time.

26     **17.     Service of Process:** Defendants have been served. Dkt. 117.

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

3

4

**18.     Scheduling Conference:** The parties do not believe a scheduling conference is needed at this time. Defendants request that, if the Court proceeds with a scheduling conference, the Court allow the government to address the motion to stay discovery at the conference. Dkt. 159.

5

6

**19.     Corporate Disclosure Statement:** Plaintiffs filed their corporate disclosure statement on February 10, 2025. Dkt. 2.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATUS REPORT &
DISCOVERY PLAN – 14
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    Dated: December 5, 2025

2        Mevlüde Akay Alp*
        Kimberly Grano*
3        Ghita Schwarz*
        Pedro Sepulveda, Jr.*
4        **INTERNATIONAL REFUGEE**
        **ASSISTANCE PROJECT**
5        One Battery Park Plaza, 33rd Floor
        New York, New York 10004
6        Telephone: (646) 939-9169
        Facsimile: (516) 324-2267
7        makayalp@refugeerights.org
        kgrano@refugeerights.org
8        gschwarz@refugeerights.org
        psepulveda@refugeerights.org
9
        Laurie Ball Cooper*
10        Megan Hauptman*
        **INTERNATIONAL REFUGEE**
11        **ASSISTANCE PROJECT**
        650 Massachusetts Ave. NW
12        Washington, D.C. 20001
        Telephone: (646) 939-9169
13        lballcooper@refugeerights.org
        mhauptman@refugeerights.org
14

15

16

17

18

19

20

21

22

23

24

25

26

By:  *s/ Harry H. Schneider, Jr.*
    Harry H. Schneider, Jr., WSBA No. 9404
    Jonathan P. Hawley, WSBA No. 56297
    Shireen Lankarani, WSBA No. 61792
    Esmé L. Aston, WSBA No. 62545
    **PERKINS COIE LLP**
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101
    Telephone: (206) 359-8000
    Facsimile: (206) 359-9000
    HSchneider@perkinscoie.com
    JHawley@perkinscoie.com
    SLankarani@perkinscoie.com
    EAston@perkinscoie.com

    John M. Devaney*
    **PERKINS COIE LLP**
    700 Thirteenth Street NW, Suite 800
    Washington, D.C. 20005
    Telephone: (202) 654-6200
    Facsimile: (202) 654-6211
    JDevaney@perkinscoie.com

    Joel W. Nomkin*
    **PERKINS COIE LLP**
    2525 East Camelback Road, Suite 500
    Phoenix, Arizona 85016
    Telephone: (602) 351-8000
    Facsimile: (602) 648-7000
    JNomkin@perkinscoie.com

    *Counsel for Plaintiffs*

    *\* Admitted pro hac vice*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

*s/ Lindsay W. Zimliki*
LINDSAY W. ZIMLIKI
*Senior Litigation Counsel*

JASON K. ZUBATA
JOSEPH A. MCCARTER
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Washington, DC 20044

*Counsel for Defendants*

JOINT STATUS REPORT &
DISCOVERY PLAN – 16
(No. 2:25-cv-255-JNW)