UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC., and LUTHERAN COMMUNITY SERVICES NORTHWEST, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the united States, et al., <br><br> Defendants. | CASE NO. 2:25-cv-255-JNW <br><br> ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY |

## 1. INTRODUCTION

The Government moves to stay discovery, including discovery deadlines contained in the Court's initial scheduling order, pending the Ninth Circuit's full decision on the Government's motion to stay this Court's preliminary injunction. Dkt. No. 159. The Court DENIES the motion for the reasons below.

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY - 1

## 2. BACKGROUND

The Court has outlined the factual and procedural background in this case numerous times and thus recites only the pertinent procedural background here.

The Court issued a preliminary injunction on February 28, 2025, and the Government filed an emergency motion to stay it in the Ninth Circuit. The Ninth Circuit stayed the preliminary injunction in part and later clarified its stay order. *See* Dkt. No. 113-1. The Government filed another emergency motion in the Ninth Circuit, asking the circuit to clarify its stay order or to reconsider it and fully stay this Court's preliminary injunction. On September 12, 2025, following oral argument on the issue, the Ninth Circuit issued a preliminary ruling staying this Court's injunction in its entirety except as otherwise noted. Dkt. No. 163 at 8, 11. The order explains that the circuit "heard oral argument in this case on an expedited basis" and that "[a]n opinion will issue in due course." *Id*. In short, the Circuit's order concludes that "the government is likely to prevail on plaintiffs' challenge to the validity of Executive Order No. 14163's suspension of refugee admissions," and "is not likely to prevail on at least one of the plaintiffs' challenges under the APA." *Id*. at 11, 12. The Ninth Circuit's full opinion is forthcoming.

## 3. DISCUSSION

The Government requests a stay of *all* discovery pending the Ninth Circuit's forthcoming, full opinion. Dkt. No. 159 at 4 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). District courts have discretionary power to stay their own proceedings. *Landis*, 299 U.S. at 254. The Ninth Circuit has established the following framework for deciding whether a stay is warranted:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962)). The Court considers these factors in turn.

The first factor asks whether granting a stay will cause damage to the opposing party. Here, the answer is plainly yes. "[I]f there is even a fair possibility that [a] stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("If in fact there is a fair possibility that a stay of the district court proceeding will result in irreparable injury and a miscarriage of justice, [the] prospect of showing an abuse of discretion would be considerably increased."). This matter impacts thousands of lives, and the Court has, on multiple occasions, found that Plaintiffs will suffer irreparable harm while awaiting resolution of this case:

> [T]he USRAP EO, Agency Suspension, and Refugee Funding Suspension have caused [] irreparable harm—plaintiffs stranded abroad face physical danger and financial hardship after cancelling travel plans and selling their possessions; several plaintiffs suffer ongoing separation from family members in the U.S.; and plaintiffs who have recently arrived to the U.S. have been cut off from critical resettlement benefits and support services needed to establish their new lives in America. These harms compound daily and cannot be remedied after the fact.

Dkt. No. 45 at 53–54. Thus, the first *Landis* factor weighs heavily against a stay.

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY - 3

Next, the Court considers the possible harm to the Government absent a stay. The Government's arguments on this point are vague. It asserts that it will suffer harm because discovery is burdensome, and the Ninth Circuit's forthcoming decision may help clarify which discovery is relevant. But the Ninth Circuit's decision will not dispose of any claims here. And as the Ninth Circuit has held in other instances, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.

Similarly, the Government argues that "the discovery process will be even more burdensome on the Government, given the significant privilege concerns that would arise if the parties are unable to agree on the appropriate scope of discovery," asserting that the deliberative process privilege will pose a particular challenge. Dkt. No. 159 at 7. The Court fails to see how the application of the deliberative process privilege—or any privilege for that matter—would be impacted by the Ninth Circuit's forthcoming opinion on this Court's preliminary injunction. And the Court is well-equipped to manage privilege disputes as they arise through the ordinary discovery process, including protective orders and in camera review if necessary. The existence of potential privilege issues is not a basis to stay discovery entirely.

Finally, the Court considers whether a stay will benefit the orderly course of justice and finds that it will not. The Ninth Circuit has already issued an interim order, explaining that Plaintiffs are likely to succeed on at least one of their APA claims. And again, the Ninth Circuit's order will not dispose of Plaintiffs' claims outright, as it is only a ruling on the Court's preliminary injunction. Accordingly,

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY - 4

Plaintiffs still have a right to discovery on their claims. The pace of this litigation has already been slower than the circumstances demand. The Court declines to delay it further, especially in light of Ninth Circuit authority instructing district courts to advance discovery while interlocutory appeals from preliminary injunctions remain pending. *See California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018) ("We have repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction.").

     Moreover, the Government's motion presumed that the Ninth Circuit's opinion was imminent. Nearly three months have now passed since the circuit announced an opinion would issue "in due course," and none has issued. The Court declines to impose an indefinite stay on Plaintiffs based on speculation about when—or how—the Ninth Circuit will rule. What was initially framed as a request for a modest delay has become a request for one of indefinite duration— Plaintiffs should not bear the cost of this uncertainty. Accordingly, the third *Landis* factor also weighs against a stay.

     Having considered the relevant factors, the Court concludes that staying this matter for the reasons articulated by the Government is inappropriate.

## 4. CONCLUSION

The Court DENIES the Government's motion to stay discovery until the Ninth Circuit's forthcoming opinion on the Court's preliminary injunction issues. Dkt. No. 159.

Dated this 9th day of December, 2025.

Jamal N. Whitehead
United States District Judge