District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> *Defendants*. | CASE NO. 2:25-cv-00255 <br><br> DEFENDANTS' MOTION FOR PROTECTIVE ORDER RELIEVING DEFENDANTS OF RESPONDING TO PLAINTIFFS' DISCOVERY <br><br> NOTE ON MOTION CALENDAR: March 3, 2026[1] |

The Court should enter a protective order relieving Defendants of any obligation to respond to Plaintiffs' discovery requests, propounded on January 26, 2026. Plaintiffs oppose this motion. The parties met and conferred in a good-faith effort to resolve this dispute.

## INTRODUCTION

Discovery is not available in an Administrative Procedure Act ("APA") case. Rather, factual development in APA actions is confined to certified administrative records ("CARs"). Defendants maintained this position in the parties' December 5 joint status report, and Defendants filed the agency CARs in August 2025 and supplemented them in December 2025 and February 2026 respectively.

---

[1] While this is a fourteen-day motion, Defendants file contemporaneously with this motion an unopposed motion to expedite the Court's consideration of this motion.

DEFENDANTS' MOTION FOR PROTECTIVE ORDER RELIEVING DEFENDANTS OF RESPONDING TO DISCOVERY
[CASE NO. 2:25-CV-00255]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

Yet, on January 26, Plaintiffs propounded written discovery, which Defendants are now obliged to respond to by February 25 absent this Court's intervention. But Plaintiffs cannot meet their burden of showing that an exception to the APA's record-review rule applies. And their two constitutional claims and one statutory claim provide no independent basis for extra-record discovery—those claims overlap with their APA claims and are pure questions of law for which no factual development is necessary. This Court should grant this motion for a protective order and order that no extra-record discovery is required here.

## FACTUAL BACKGROUND

Plaintiffs brought various claims under the APA, the Immigration and Nationality Act ("INA"), and the U.S. Constitution challenging the suspension of the U.S. Refugee Admission Program ("USRAP"), including the suspension of refugee processing, decisions on refugee applications, and refugee admissions, and the suspension and later termination of cooperative agreements with resettlement agencies. Dkt. No. 56 ("Suppl. Compl.") ¶¶ 229–57. In the parties' December 5 joint status report, Defendants posited that Plaintiffs' other claims overlap with their APA claims. Dkt. No. 176 at 8. As such, any factual development into Plaintiffs' claims is confined to the CARs that Defendants produced in August 2025 and supplemented in January and February of 2026. *Id.*; *see* Dkt. Nos. 152-1 ("DHS CAR"), 153-1 ("HHS CAR"), 154-1 ("State CAR"), 178-2 ("Corr. DHS CAR"), 184 ("Suppl. HHS CAR"), 186 ("Suppl. State CAR"). Between the three CARs, Defendants served over one thousand pages of records, including guidance, emails, and notices, which chronicle the reasons behind the actions the agencies took to implement the suspension of the USRAP and the suspension and later termination of cooperative agreements with

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER RELIEVING
DEFENDANTS OF RESPONDING TO
DISCOVERY
[CASE NO. 2:25-CV-00255]

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

resettlement agencies. *See, e.g.*, State CAR at 006–08, 014, 016-20, 022–26; Suppl. State CAR at 929–40; Corr. DHS CAR at 001–10; HHS CAR at 001–02.

On January 26, 2026, while the December 5 status report was pending, Plaintiffs served their first set of interrogatories and requests for production of documents, with Defendants' responses due on February 25, 2026. Exhibit A (Plaintiffs' First Set of Interrogatories); Exhibit B (Plaintiffs' First Requests for Production of Documents). On February 6, 2026, the Court issued an order on the December 5 status report and set discovery-related deadlines and a trial date. Dkt. No. 187. However, the Court did not address Defendants' position that factual development outside the CARs is inappropriate given the nature of Plaintiffs' claims. *See generally id.*

## ARGUMENT

Discovery is not appropriate in this record-review case. Plaintiffs brought most of their claims under the APA and no exception to the APA's record-review requirement applies. And Plaintiffs' claims under the INA and Constitution do not provide an independent basis for discovery because they overlap with the APA claims and are pure questions of law, not fact.

**I.     Plaintiffs are not entitled to discovery on their APA claims.**

**A.**     The APA's record-review requirement limits the Court's power to review agency action. "With a few exceptions . . . judicial review of agency action is limited to a review of the administrative record." *Friends of the Earth v. Hintz*, 800 F.2d 822, 828 (9th Cir. 1986); *see* 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party."). As the Supreme Court explained in *Florida Power and Light Company v. Lorion*, this record review requirement is one of the "fundamental principles of judicial review of agency action." 470 U.S. 729, 743 (1985). Indeed, the "focal point for judicial

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER RELIEVING
DEFENDANTS OF RESPONDING TO
DISCOVERY
[CASE NO. 2:25-CV-00255]

3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Id.* (citation omitted). "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power*, 470 U.S. at 743–44. "That principle reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." *DOC v. New York*, 588 U.S. 752, 781 (2019) (citation omitted).

Here, Plaintiffs brought various APA claims challenging the lawfulness of the USRAP suspension and the suspension and termination of cooperative agreements between the U.S. government and resettlement agencies. Suppl. Compl. (Claims Two, Three, Five, and Six). Defendants produced and supplemented the CARs, which contain the information Defendants relied on when taking those actions. *See generally*, DHS CAR; HHS CAR; State CAR; DHS Corr. CAR; HHS Suppl. CAR; State Suppl. CAR. Under the APA's record-review rule, this is the only factual development available to Plaintiffs.

**B.**     Plaintiffs cannot meet their burden of showing that any of the narrow exceptions to the record-review rule applies here. The "limited circumstances" where "district courts are permitted to admit extra-record evidence" are:

> (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (citation omitted). Plaintiffs satisfy none of these exceptions.

DEFENDANTS' MOTION FOR PROTECTIVE ORDER RELIEVING DEFENDANTS OF RESPONDING TO DISCOVERY
[CASE NO. 2:25-CV-00255]

4

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

*First*, the CARs sufficiently showed the information the agencies considered when implementing the USRAP suspension. *See, e.g.*, State CAR at 014, 023–26; Corr. DHS CAR at 001–10; Suppl. State CAR at 929–40. So too did the CARs show the information the agencies considered when suspending and later terminating cooperative agreements with resettlement agencies. *See, e.g.*, State CAR at 006–08, 016–20, 222–23; *see also, e.g.*, HHS CAR at 001–02 (pause in funding from U.S. Health and Human Services).

*Second*, the agencies did not rely on documents that are not in the record. While Plaintiffs expressed their concern in the December 5 status report that documents may not have been included in the CARs, Dkt. No. 176 at 6, Defendants conferred with Plaintiffs and supplemented the State Department and Health and Human Services CARs with additional documents, *see generally*, Suppl. HHS CAR and Suppl. State CAR. And Plaintiffs' requests for production do not militate against the conclusion that the CARs are complete: Plaintiffs ask for (a) categories of documents that postdate the actions challenged in this litigation, (b) documents Plaintiffs speculate have been left out of the CARs, and (c) statistics not currently in existence that Defendants would have to compile. *See* Exhibit B at 7–10.

*Third*, Plaintiffs do not assert, let alone make a showing of, agency bad faith and technical terms are not at issue here. Plaintiffs thus fail to show that extra-record discovery is required for their APA claims.

## II.     Plaintiffs are not entitled to discovery on their claims under the Constitution or INA because they overlap with the APA claims.

Where, as here, a plaintiff raises constitutional claims that "fundamentally overlap[]" with her APA claims, the APA's record-review rule still precludes extra-record discovery. *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 897 (N.D. Cal. 2020); *see Rueda Vidal v.*

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER RELIEVING
DEFENDANTS OF RESPONDING TO
DISCOVERY
[CASE NO. 2:25-CV-00255]

5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

*U.S. Dep't of Homeland Sec.*, 536 F. Supp. 3d 604, 612 (C.D. Cal. 2021); *see also State v. U.S. DOT*, No. 2:25-cv-848-TL, 2026 WL 183584, at *14 (W.D. Wash. Jan. 23, 2026). APA and constitutional claims must be "sufficiently distinct from each other to allow discovery regarding the constitutional claim to proceed beyond the confines of the APA framework." *Washington v. U.S. Dep't of Homeland Sec.*, No. 19-cv-5210-RMP, 2020 WL 4667543, at *6 (E.D. Wash. Apr. 17, 2020). Plaintiffs fail to do so here.

Plaintiffs contend in their Fourth Claim that barring follow-to-join refugees from entering the United States violates due process because they read 8 U.S.C. § 1157(c)(2)(A) as creating an entitlement to entry. *See* Suppl. Compl. ¶¶ 49, 242-43. And in their Seventh Claim, they assert that the USRAP suspension violates separation of powers principles. *Id.* ¶¶ 254–57. But those claims are not "sufficiently unique" from their APA claims, *Washington*, 2020 WL 4667543, at *6. *See Almaklani v. Trump*, 444 F. Supp. 3d 425, 434 (E.D.N.Y. 2020) ("[T]o allow broad ranging discovery under Rule 26, beyond the administrative record in every case where a plaintiff alleges a constitutional claim, would be inappropriate and render meaningless the APA's restriction of judicial review to the administrative record."). Rather, Plaintiffs' constitutional claims are just other ways of framing an APA claim challenging agency action that is "not in accordance with law," "contrary to constitutional right," or "in excess of statutory . . . authority." 5 U.S.C. § 706(2)(A)–(C).

Moreover, no discovery is needed to determine if barring follow-to-join refugees from entering the country violates § 1157(c)(2)(A) or if suspending the USRAP overrides Congress's statutory scheme—those are questions of law, not fact. *Cf. Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (holding discovery not permitted on Rule 12(b) motion because on legal questions were

DEFENDANTS' MOTION FOR PROTECTIVE ORDER RELIEVING DEFENDANTS OF RESPONDING TO DISCOVERY
[CASE NO. 2:25-CV-00255]

6

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

at issue). The same logic extends to Plaintiffs First Claim, which repackages their Fourth and Seventh Claims into a statutory claim. *See* Suppl. Compl. ¶¶ 229–33. Indeed, none of Plaintiffs' first set of interrogatories and requests for production of documents seek information related to a Constitutional or statutory claim. *See* Exhibit A at 5–6; Exhibit B at 7–11. Thus, Plaintiffs' two constitutional claims and one statutory claim are not a basis for extra-record discovery.

## CONCLUSION

The Court should grant this motion for a protective order and order that factual development beyond the CARs is not required in this case.

February 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN K. ROSS
Senior Litigation Counsel

*/s/ Joseph McCarter*
JOSEPH MCCARTER
ILANA KRAMER
JASON ZUBATA
Trial Attorneys
U.S. Dept. of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 746-8537
Email: Joseph.A.McCarter@usdoj.gov

*Attorneys for Defendants*

DEFENDANTS' MOTION FOR PROTECTIVE ORDER RELIEVING DEFENDANTS OF RESPONDING TO DISCOVERY
[CASE NO. 2:25-CV-00255]

7

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

## CERTIFICATION OF MEET & CONFER

Pursuant to Local Civil Rule 26(c)(1), I certify that, on February 13, 2026, Defendants met and conferred with Plaintiffs via video conference in a good faith effort to resolve this dispute without court action. Participants in the video conference included: Joseph McCarter, Ilana Kramer, and Jason Zubata, counsel for Defendants; and Mevlüde Akay Alp, John Devaney, and Pedro Supulveda, counsel for Plaintiffs.

/s/ Joseph McCarter
JOSEPH MCCARTER
Attorney for Defendants

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Civil Rule 7(d)(2) and 7(e)(2), I certify that this memorandum contains 1,704 words, which is less than the 4,200 word-count limit.

/s/ Joseph McCarter
JOSEPH MCCARTER
Attorney for Defendants

## CERTIFICATION OF SERVICE

I certify that, on February 17, 2026, Plaintiffs were served with a copy of this motion via the ECF system.

/s/ Joseph McCarter
JOSEPH MCCARTER
Attorney for Defendants

DEFENDANTS' MOTION FOR PROTECTIVE ORDER RELIEVING DEFENDANTS OF RESPONDING TO DISCOVERY
[CASE NO. 2:25-CV-00255]

8

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044