# EXHIBIT B

# Plaintiffs' First Requests for Production to Defendants

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 2:25-cv-255-JNW <br><br> **PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS** |

**TO:** Defendants Donald J. Trump, in his official capacity as President of the United States; Marco Rubio, in his official capacity as Secretary of State; Kristi Noem, in her official capacity as Secretary of Homeland Security; Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services

**AND:** Counsel for Defendants

Plaintiffs Pacito; Esther; Josephine; Sara; Alyas; Marcos; Ahmed; Rachel; Ali; HIAS, Inc.; Church World Service, Inc.; and Lutheran Community Services Northwest propound the following requests for production to Defendants pursuant to Federal Rules of Civil Procedure 26 and 34. The following definitions and instructions shall apply to each and every part of these first requests.

## INSTRUCTIONS

1. These requests are to be answered within thirty (30) days of the date of service. Unless otherwise agreed, you are to produce responsive documents and other tangible things that are within your possession, custody, or control at the offices of Perkins Coie LLP, 1301 Second Avenue, Suite 4200, Seattle, Washington 98101.

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION – 1
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2. Produce documents responsive to these requests for production in single page Group 4, 300 DPI, TIFF format, named according to the unique production number followed by the extension ".TIF". The TIFF images should be accompanied by an Opticon format image registration file that includes a first page "Y" flag to identify the logical document breaks.

3. Produce documents with the following metadata fields, subject to the exceptions noted parenthetically:

<u>Metadata from Emails</u>

a. Email subject (not to be produced for documents that are redacted);

b. Email author;

c. Email recipient(s);

d. Email received date;

e. Email sent date; and

f. Custodian

<u>Metadata from Electronic Files</u>

a. File name (not to be produced for documents that are redacted);

b. File author;

c. File created date;

d. File access date;

e. File modification date; and

f. Custodian

<u>Metadata for all Documents that Contain an Attachment</u>

a. Production number begin;

b. Production number end;

c. Production attachment range number begin; and

d. Production attachment range number end

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION – 2
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

4. Either identify the particular request for production to which each document is responsive or, alternatively, produce documents in the same manner as you keep them in the ordinary course of business.

5. Unless words or terms have been given a specific definition herein, each word or term shall be given its usual and customary dictionary definition.

6. The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

7. When producing documents and things, you are requested to furnish all documents or things in your possession, custody, or control, or known or available to you, regardless of whether such documents or things are possessed directly by you or your officers, directors, agents, employees, representatives, or investigators, or by your attorneys or their agents, employees, representatives, or investigators.

8. Documents attached to each other must not be separated.

9. If any portion of a document is responsive, produce the entire document.

10. If no documents are responsive to a particular request, so state in writing.

11. If any requested document or thing cannot be produced in full, please produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

12. If a document once existed but has been lost or destroyed or otherwise is no longer in your possession, custody, or control, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document if known.

13. If any request is deemed to call for privileged documents and such privilege is asserted in order to avoid production, provide a list with respect to each document withheld based on a claim of privilege, stating:

 a. Type of document withheld (e.g., letter, memorandum, or computer database);

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION – 3
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

b.    Author(s) of document withheld;

c.    Recipient(s) of document withheld;

d.    Date of document withheld;

e.    Subject matter of document withheld;

f.    Nature of privilege(s) claimed; and

g.    The paragraph(s) of these requests to which the document relates.

14.    If any responsive document contains both privileged and nonprivileged material, produce the entire document with the privileged material redacted and the fact of the redaction clearly indicated.

15.    You are requested to produce all original documents and all duplicate documents that were altered in any manner or added to after being duplicated and thus differ in some manner from the original.

16.    If you object to answering any of these requests or withhold documents from production in response to these requests in whole or in part, state your objections and/or reasons for not producing and state all factual and legal justifications that you believe support your objection or failure to answer or produce, and also state whether you are withholding documents pursuant to your objection.

17.    The timeframe for these discovery requests is from January 1, 2020, through present, unless otherwise stated.

18.    Seasonably and promptly supplement and/or correct your responses to these requests as this action continues to the extent required by Federal Rule of Civil Procedure 26(e)(1).

**DEFINITIONS**

As used in these requests for production, the following terms have the meanings described below:

1.    The term "**90-Day Reports**" refers to the reports created by the Secretary of Homeland Security in consultation with the Secretary of State regarding whether resumption of

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION – 4
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

entry of refugees into the United States under the USRAP would be in the interests of the United States, which are required by Section 4 of the USRAP Executive Order to be submitted to the President within 90 days of the issuance of the USRAP EO, and every 90 days thereafter.

2. The term "**Agencies Involved in the USRAP**" refers to all federal governmental agencies, state and local governmental agencies, nongovernmental organizations, and international organizations involved in the USRAP.

3. The word "**all**" shall be construed to include and encompass the words "each," "every," and "any."

4. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

5. The term "**Case-by-Case Exception**" refers to an exception or waiver under Section 3(c) of the USRAP EO that may be granted to permit the admission of individuals to the United States as refugees on a case-by-case basis, notwithstanding the suspension of the USRAP, so long as the Secretaries of State and Homeland Security determine that the entry of such person as a refugee is in the national interest and does not pose a threat to the security or welfare of the United States.

6. The word "**Correspondence**" refers to any communication, electronic or otherwise, including but not limited to email (whether from an official or personal account), phone logs, letters, postcards, faxes, text messages, voicemails, recorded conversations, and complaints.

7. The words "**Defendants**," "**You**," and "**Your**" refer to President Donald Trump, Secretary of State Marco Rubio, Secretary of Homeland Security Kristi Noem, and Secretary of Health and Human Services Robert F. Kennedy and their officers, agents, assigns, employees, insurers, attorneys, subsidiaries, successors, and predecessors, and anyone acting on their behalf.

8. The words "**Document**" and "**Documents**" shall be construed to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a),

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION – 5
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

in its broadest sense, and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, including Correspondence, both originals and copies, and all attachments and appendices thereto, that are in Your possession, custody, or control, or in the possession, custody, or control of Your attorneys. A draft of a nonidentical copy is a separate Document within the meaning of this term. Without limiting the term "control," a Document is deemed to be within Your control if You have ownership, possession, or custody of the Document or the right to secure the Document or copy thereof from any persons or public or private entity having physical control thereof.

9. The term "**Follow-to-Join Refugees**" refers to the beneficiaries (i.e., a petitioner's spouse and unmarried children under age twenty-one) of Form I-730 petitions filed by refugees residing in the United States seeking to reunite with their families pursuant to 8 U.S.C. § 1157(c)(2)(A).

10. The words "**including**" and "**includes**" shall be construed to mean "including, but not limited to," and "includes, but is not limited to," respectively.

11. The word "**Plaintiffs**" refers to Plaintiffs Pacito; Esther; Josephine; Sara; Alyas; Marcos; Ahmed; Rachel; Ali; HIAS, Inc.; Church World Service, Inc.; and Lutheran Community Services Northwest.

12. The term "**Processing of Applications**" refers to all stages of processing in the USRAP by Agencies Involved in the USRAP, including referring cases to the USRAP, preparing and storing files, collecting data, conducting pre-interviews and interviews, adjudicating applications, reviewing case decisions, conducting security checks and medical clearances, obtaining assurances, providing cultural orientation, and arranging travel to the United States.

13. The terms "**relates to**" and "**relating to**" shall be construed in the broadest sense and shall mean, without limitation, anything that, in whole or in part, directly or indirectly analyzes, comments upon, comprises, concerns, constitutes, contains, discusses, embodies,

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION – 6
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

evidences, explains, identifies, manifests, mentions, reflects, refers to, relates to, states, summarizes, or is in any way relevant to the particular subject matter identified.

14. The term "**USRAP**" refers to the United States Refugee Admissions Program.

15. The terms "**USRAP Executive Order**" and "**USRAP EO**" refer to Executive Order 14163, "Realigning the United States Refugee Admissions Program," which was published on January 20, 2025.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** All 90-Day Reports created by the Secretary of Homeland Security in consultation with the Secretary of State pursuant to Section 4 of the USRAP EO, including the reports disclosed to the news media and referenced in a *New York Times* article dated October 15, 2025. *See* Zolan Kanno-Youngs & Hamed Aleaziz, *Trump Considers Overhaul of Refugee System That Would Favor White People*, N.Y. Times (Oct. 15, 2025), https://www.nytimes.com/2025/10/15/us/politics/trump-refugee-white-people.html.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All policies, directives, instructions, guidelines, guidance, advisals, cables, notices, training, memoranda, decisions, Communications, and other similar Documents issued or sent by Defendants and Agencies Involved in the USRAP relating to the implementation of Section 3(c) of the USRAP EO and Case-by-Case Exceptions, including any application process, eligibility standards, eligibility assessment and adjudication process, and approval process related to Case-by-Case Exceptions (collectively "Case-by-Case Exception Documents") that have been produced and been in effect at any time since January 15, 2025.

**RESPONSE:**

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION – 7
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**REQUEST FOR PRODUCTION NO. 3:** Documents sufficient to show the categories of personnel of the Agencies Involved in the USRAP to whom the Case-by-Case Exception Documents have been distributed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** For the time period since January 20, 2025, Documents sufficient to show the following data related to the Case-by-Case Exceptions and admission of cases and refugees to the United States. For the following, data should be provided for each week within the time period identified above:

a. Number of individuals and cases approved for a Case-by-Case Exception, disaggregated by nationality;

b. Number of individuals and cases approved for a Case-by-Case Exception who were admitted into the United States, disaggregated by nationality; and

c. Number of individuals and cases denied a Case-by-Case Exception, disaggregated by nationality and underlying petition or application type (I-590 or I-730).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** For the time period since January 20, 2025, Documents sufficient to show the following data related to the Processing of Applications and admission of Follow-to-Join Refugees to the United States:

a. For the following, data should be provided for each month within the time period identified above:

  i. Number of pending I-730 refugee petitions, disaggregated by nationality of petitioner and beneficiary and stage of processing;

  ii. Number of I-730 refugee petitions filed each month, disaggregated by nationality of petitioner and beneficiary;

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION – 8
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

      iii.    Number of I-730 refugee petitions approved each month, disaggregated by nationality of petitioner and beneficiary;

      iv.    Number of I-730 refugee petitions forwarded to overseas posts each month, disaggregated by nationality of petitioner and beneficiary;

      v.    Number of I-730 refugee petitions for whom interviews were conducted each month, disaggregated by nationality of petitioner and beneficiary; and

      vi.    Number of Follow-to-Join Refugees who were admitted into the United States as refugees each month, disaggregated by nationality of petitioner and beneficiary and basis for admission (admitted pursuant to a Case-by-Case Exception or pursuant to a court order).

b.    For the following, data should be provided for the time period identified above:

      i.    Number of pending I-730 petitions for which Follow-to-Join Refugees are physically inside the United States; and

      ii.    Number of approved I-730 petitions for which Follow-to-Join Refugees are physically inside the United States.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** For the time period since January 20, 2025, Documents sufficient to show the following data related to the Processing of Applications and admission of cases and refugees to the United States:

a.    For the following, data should be provided for each month within the time period identified above:

      i.    Number of pending I-590 applications, disaggregated by nationality and stage of processing;

      ii.    Number of I-590 applications referred to the USRAP each month, disaggregated by nationality;

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION – 9
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

   iii. Number of I-590 applications conditionally approved each month, disaggregated by nationality;

   iv. Number of I-590 applications for whom interviews were conducted each month, disaggregated by nationality; and

   v. Number of approved I-590 individual applicants and cases who were admitted into the United States as refugees each month, disaggregated by nationality and basis for admission (admitted pursuant to a Case-by-Case Exception or pursuant to a court order).

 b. For the following, data should be provided for the time period identified above:

   i. Number of pending I-590 applications for which applicants are physically inside the United States; and

   ii. Number of approved I-590 applications for which applicants are physically inside the United States.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:** All policies, directives, instructions, guidelines, guidance, advisals, cables, notices, training, memoranda, decisions, communications and other similar Documents issued or sent by Defendants and Agencies Involved in the USRAP relating to the processing of refugee applications and petitions since January 20, 2025, including Documents applicable to beneficiaries located both overseas and within the United States.

**RESPONSE:**

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION – 10
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**REQUEST FOR PRODUCTION NO. 8:** All policies, directives, instructions, guidelines, guidance, advisals, cables, notices, training, memoranda, decisions, communications and other similar Documents issued or sent by Defendants and Agencies Involved in the USRAP relating to the implementation of the USRAP EO, including the cancellation of travel arrangements in anticipation of the USRAP EO, produced at any time prior to January 20, 2025.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All policies, directives, instructions, guidelines, guidance, advisals, cables, notices, training, memoranda, decisions, communications and other similar Documents issued or sent by Defendants and Agencies Involved in the USRAP relating to the implementation of Presidential Determination No. 2025-13 of September 30, 2025, titled "Presidential Determination on Refugee Admissions for Fiscal Year 2026," published in the federal register on October 31, 2025, see 90 Fed. Reg. 49005.

**RESPONSE:**

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION – 11
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | | |
|---|---|---|
| 1 | Dated: January 26, 2026 | By: *s/ Harry H. Schneider, Jr.* |
| 2 | | Harry H. Schneider, Jr., WSBA No. 9404 |
|   | Mevlüde Akay Alp* | Jonathan P. Hawley, WSBA No. 56297 |
| 3 | Kimberly Grano* | Shireen Lankarani, WSBA No. 61792 |
|   | Ghita Schwarz* | Esmé L. Aston, WSBA No. 62545 |
| 4 | Pedro Sepulveda, Jr.* | **PERKINS COIE LLP** |

Mevlüde Akay Alp*
Kimberly Grano*
Ghita Schwarz*
Pedro Sepulveda, Jr.*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
makayalp@refugeerights.org
kgrano@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Laurie Ball Cooper*
Megan Hauptman*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Ave. NW
Washington, D.C. 20001
Telephone: (646) 939-9169
lballcooper@refugeerights.org
mhauptman@refugeerights.org

By: *s/ Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Shireen Lankarani, WSBA No. 61792
Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
SLankarani@perkinscoie.com
EAston@perkinscoie.com

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

*Counsel for Plaintiffs*

* *Admitted pro hac vice*

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION – 12
(No. 2:25-cv-255-JNW)

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that, on January 26, 2026, I caused the foregoing document to be served on the following attorneys of record in the related federal-court action by the method(s) indicated:

August Flentje
Email: august.flentje@usdoj.gov
Benjamin Mark Moss
Email: benjamin.m.moss2@usdoj.gov
Jason Kyle Zubata
Email: jason.k.zubata@usdoj.gov
Joseph McCarter
Email: joseph.a.mccarter@usdoj.gov
US Dept. of Justice
P.O. Box 868/878
Washington, DC 20044

☐ Via hand delivery
☐ Via U.S. Mail, 1st Class, Postage Prepaid
☐ Via Overnight Delivery
☐ Via Facsimile
☒ Via Email
☐ Other: E-Service

*Attorneys for Defendants*

Dated: January 26, 2025

    *s/ Jonathan P. Hawley*
    Jonathan P. Hawley

CERTIFICATE OF SERVICE
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000