THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST, <br><br>*Plaintiffs*, <br><br>v. <br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, <br><br>*Defendants*. | Case No. 2:25-cv-255-JNW <br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER RELIEVING DEFENDANTS OF RESPONDING TO PLAINTIFFS' DISCOVERY** <br><br>NOTE ON MOTION CALENDAR: MARCH 3, 2026 |

## I. INTRODUCTION

Defendants' motion makes a sweeping request to preclude all discovery based on the erroneous assumption that this is merely an APA case and falls far short of meeting the heavy burden of establishing good cause for a protective order. Defendants' Certified Administrative Record ("CAR") is plainly not an illustrative "chronicle" of the reasons underlying the actions

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 1
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

Agency Defendants have taken to implement Executive Order No. 14163 ("EO" or "Refugee Ban EO"); Plaintiffs have presented ample justification for extra-record discovery on their APA claims. Plaintiffs also are entitled to discovery on their three non-APA claims. The limited discovery requests served by Plaintiffs are relevant to their claims and necessary to develop the factual record. More than a year after the President issued his Executive Order suspending refugee admissions, the refugee suspension remains in place. Given the importance of the issues in this lawsuit and the significant hardship to Plaintiffs and class members if denied the ability to seek discovery, the Court should deny Defendants' motion.

## II. FACTUAL BACKGROUND

On January 20, 2025, President Trump issued the EO indefinitely suspending refugee admissions and decisions on refugee applications. Exec. Order No. 14163, Realigning the United States Refugee Admission Program, 90 Fed. Reg. 8,459 (Jan. 20, 2025). Federal agencies charged with implementing the EO exceeded its mandate by banning refugee entry prior to the EO's effective date and suspending refugee processing entirely, while also suspending (and later terminating) refugee-related funding to resettlement agencies. Subsequently, on October 31, 2025, the President issued a new Presidential Determination limiting the refugee cap for fiscal year 2026 to 7,500, directing that admission numbers "primarily be allocated among Afrikaners from South Africa," and continuing the Refugee Ban EO. *See* Presidential Determination No. 2025-13, 90 Fed. Reg. 49005 (Sept. 30, 2025) ("FY26 PD"). Over a year after its issuance, the EO remains in effect. Plaintiffs' action challenges the President's issuance of the EO and the Agency Defendants' actions implementing it. *See* Suppl. Compl. ¶¶ 229-57.

In August 2025, Defendants produced CARs for each Agency Defendant. The initial CAR comprised of only ten pages of records for DHS, and while the DOS CAR totaled close to 1,000 pages of records, over 850 of those pages were comprised of suspension letters and funding

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 2
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

termination letters sent to organizations that are not parties to this litigation. *See* Dkt. Nos. 152-1 ("DHS CAR"), 153-1 ("DHHS CAR") 154-1 ("State CAR").

Following the production of the CARs, Plaintiffs objected to their incompleteness, including the lack of *any* records related to the decision to cancel pre-arranged travel prior to the EO's effective date. *See* Dkt. No. 176 ("JSR"), 6. In response, Defendants supplemented the State CAR with 12 pages of emails related to the agency's cancellation of already-booked refugee travel prior to the effective date of the EO, *See* Dkt No. 183-2 ("Suppl. State CAR).

On August 15, 2025, the Court issued a scheduling order setting discovery deadlines. *See* Dkt. No. 157, 1. On September 15, 2025, Defendants emailed the Court requesting that the case be exempt from Federal Rule of Civil Procedure 26, because in their view, discovery is limited to the CARs. The Court denied Defendants' request and advised Defendants to file a motion on the issue if they disagreed. The parties then exchanged initial disclosures per the Court's order and on December 5, 2025, they filed their joint status report and discovery plan, in which Defendants repeated their view that no discovery is appropriate. JSR 5, 7-8.

After Plaintiffs served their first set of interrogatories and requests for production ("RFPs")[1] Defendants filed this motion seeking to avoid responding to the discovery requests and an order prohibiting any discovery beyond the CARs. Dkt. No. 188, 7. On February 25, 2026, Defendants responded to Plaintiffs with their objections to Plaintiffs' discovery requests, partially based on their pending motion.

### III. LEGAL STANDARD

A party may seek discovery as to any matter that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Where a party from

---

[1] Plaintiffs discovery requests include three interrogatories and nine requests for production of records. *See* Dkt. No. 190, 191.

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 3
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

whom discovery is sought moves for a protective order "[t]he court may, for good cause, issue an order to protect a party ... from annoyance ... or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To establish "good cause," the moving party must establish that specific prejudice or harm will result absent a protective order. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Under the liberal discovery principles of the Federal Rules, the moving party carries a "heavy burden" of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The movant must "present a factual showing of a particular and specific need for the protective order." *Pulphus v. Compass Health*, No. 2:21-cv-00930-TL-BAT, 2022 WL 474081, at *3 (W.D. Wash. Feb. 16, 2022) (cleaned up) (quoting *Welsh v. City and Cnty. of San Francisco*, 887 F. Supp. 1293, 1297 (N.D. Cal. 1995)); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (internal quotations omitted). In determining whether to issue a protective order, courts must consider not only whether good cause has been established, but also "the relative hardship to the non-moving party should the protective order be granted." *Pulphus,* 2022 WL 474081 at *3 *quoting Gen. Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973).

      Here, Defendants have not met their "heavy burden" of demonstrating a "specific prejudice or harm" from discovery or "particular and specific need" for the requested protective order; indeed, they have identified no hardship whatsoever, unless the fact that Defendants are "obliged" to respond to Plaintiffs' discovery requests is a burden. Defs' Mot. Prot. Order. Dkt. No. 188 ("Mot.") at 2. On the contrary, as discussed *infra,* Plaintiffs will experience significant hardship in prosecuting their case if the protective order is granted.

(No. 2:25-cv-255-JNW)

# IV. ARGUMENT

**I.   Plaintiffs are entitled to discovery on their constitutional and statutory claims.**

Plaintiffs are entitled to discovery as to their constitutional and statutory claims, which are distinct from their APA claims. "Claims challenging agency actions – particularly constitutional claims – may exist wholly apart from the APA." *Sierra Club v. Trump,* 929 F.3d 670, 698-99 (9th Cir. 2019). And where plaintiffs assert "a constitutional claim that exists outside of the APA, then the APA's administrative record does not govern the availability of discovery." *California v. U.S. Dep't of Homeland Security* 612 F.Supp.3d 875, 895 (N.D. Cal. Apr. 1, 2020); *see also Grill v. Quinn*, No. CIV S-10-0757 GEB, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) ("A direct constitutional challenge is reviewed independent of the APA…[a]s such the court is entitled to look beyond the administrative record in regard to this claim"). Courts permit discovery even where "plaintiff's constitutional claims, in challenging the process by which the government made its decision, were ostensibly intertwined to the substantive APA claim challenging that decision." *United Farm Workers v. Noem*, No. 1:25-CV-00246-JLT-CDB, 2025 WL 1490131, at *5 (E.D. Cal. May 23, 2025) (*citing Grill,* 2012 WL 174873); *see also Yocom v. U.S. Citizenship & Immigr. Servs.*, No. 22CV0839 JO (BLM), 2025 WL 886957, at *3 (S.D. Cal. Mar. 21, 2025) (finding that Ninth Circuit decision to allow plaintiffs to amend constitutional due process claim connected to an APA claim was consistent with allowing extra-record discovery so as to develop the factual record of the non-APA claim).

Plaintiffs assert three claims separate from their APA claims: Claim 1 (violation of the Refugee Act); Claim 4 (violation of the Fifth Amendment Due Process Clause); and Claim 7 (violation of constitutional separation of powers). Defendants may argue that "the Ninth Circuit has found the government likely to prevail on Plaintiffs' challenge to the validity" of the EO and that "all that is left" are plaintiffs' APA claims. JSR 8. However, this court already denied Defendants' motion to stay discovery based on that argument: "the Ninth Circuit's order will not

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 5
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

dispose of Plaintiffs' claims outright, as it is only a ruling on the Court's preliminary injunction." Dkt. 177, 4. Each of Plaintiffs' non-APA claims require discovery beyond what is contained in the administrative record.

*First*, these claims are asserted against both the agencies and an additional party—President Trump—who is not subject to the APA. *See Franklin v. Massachusetts*, 505 U.S. 788, 800 (1992) (holding that actions of the President are not reviewable under the APA). Many of Plaintiffs' factual allegations challenging the unlawfulness of the EO relate to Presidential actions that are separate from the agencies' decision-making and not reviewable under the APA. *See* Suppl. Compl. Dkt. No. 56, ¶¶ 94-113. As such, the administrative record—which contains materials relevant to the *agency's implementation* of the EO, not the *President's issuance* of the EO itself—would not overlap with discovery into the President's decision to issue and maintain the Refugee Ban EO. For instance, Plaintiffs request production of the 90-day reports mandated by the Refugee Ban EO, Dkt. No. 191 ("RFPs"), RFP No. 1, which are required to address whether refugee admissions should resume or whether the EO should remain in effect. *See* EO, Sec. 4. These reports are not included in the administrative record because they were issued after the challenged agency actions, but they are necessary to develop the factual record as to the purpose and scope of the EO and are highly relevant to the question of whether the EO violates the Refugee Act, the Fifth Amendment, and constitutional separation of powers.

*Second*, even as to the Agency Defendants, Plaintiffs' non-APA claims are distinct and require discovery that extends "beyond the confines of the APA framework." *Washington v. U.S. Dep't of Homeland Sec.,* No. 4:19-CV-5210-RMP, 2020 WL 4667543 at *6 (E.D. Wash. 2020). Plaintiffs' requests as they relate to the agencies are specifically targeted to develop the factual record independent of their APA claims.

Plaintiffs argue that the EO constitutes an indefinite ban in violation of the Refugee Act and the Constitution, while Defendants argue that it is merely temporary. *See* Suppl. Compl. ¶¶ 4, 95, 101, 206, 232; Pls. Opp'n Mot. Dismiss, Dkt. No. 130, 13-14; Defs. Mot. Dismiss, Dkt. No.

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 6
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

115, 17; *Pacito v. Trump,* 25-1939 (9th Cir. Apr. 22, 2025), Dkt. No. 19.1 45-46. This is a factual question directly relevant to Plaintiffs' statutory and constitutional claims and requires discovery beyond the CARs. Plaintiffs' discovery requests seek to determine the precise nature and scope of the refugee suspension and are entirely relevant and necessary to prosecute their claims.

For example, Plaintiffs request discovery related to whether and how Agency Defendants are applying the case-by-case exception provision, and to whom the agency is making exceptions available. *See* RFPs No. 4-6 (requesting data and policy documents related to the case-by-case exception). Defendants do not disavow the existence of case-by-case exceptions where it serves their argument that the ban is merely temporary. *See e.g. Pacito v. Trump,* 25-1939 (9th Cir.) Dkt. No. 19.1, 2, 25. No information related to the adjudication of case-by-case exceptions is included in the administrative record, as it pertains to communications and guidance issued after the agency actions challenged in this case—but it remains highly relevant and necessary for the factual development of Plaintiff's standalone constitutional and statutory claims. Plaintiffs would be harmed in prosecuting their case if they were denied the opportunity to develop the factual record needed to determine whether exceptions are being lawfully applied on a case-by-case basis, or applied discriminatorily, while Defendants would be able to rely on the mere existence of a case-by-case exception – as they already have done – to attempt to justify the EO, without factual development into the provision's actual operation. *Cf. Trump v. Hawaii,* 585 U.S. 667 (2018) (upholding entry ban partially because it contained a waiver program open to *all* non-citizens).

In addition, Plaintiffs' request for documents relating to implementation of the FY26 PD, which remains subject to the EO, is necessary to develop the factual record regarding the permanence of the EO. *See* RFP No. 9. The FY26 PD explicitly provides that refugee admissions for the entirety of fiscal year 2026 "are in all respects subject to the requirements" of the EO. As such, documentation related to this determination is relevant to assessing whether the refugee suspension is temporary or intended to last indefinitely, and consequently whether it violates the Refugee Act and the Constitution.

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 7
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

Similarly, data related to the processing steps and admission of follow-to-join ("FTJ") refugees is necessary to establishing Plaintiffs' Fifth Amendment claim challenging the violation of FTJ petitioners' substantive due process rights. Contrary to Defendants' suggestion that only legal questions are at issue here, Dkt. No. 188, 6, there remain unresolved factual disputes, including the extent of Defendant USCIS's processing suspension. Plaintiffs argue that the Agency Suspension went beyond merely implementing the Refugee Ban EO and expanded the order's ban by terminating all case processing and operations, not just case decisions and admissions. *See* Suppl. Compl. ¶6; *see also* Dkt. No. 130, 23. Defendants deny Plaintiffs' allegation that Defendant USCIS suspended processing of all pending refugee applications. *See* Amend. Answer, Dkt. No. 156 ¶6. To resolve this factual dispute, it is necessary for Plaintiffs to understand whether and how many FTJ refugees have been processed and admitted since the issuance of the EO. Similarly, information regarding what, if any, processing of non-FTJ refugees is occurring is necessary and relevant to Plaintiffs' statutory claim.

## II. This Court should allow for extra-record discovery on Plaintiffs' APA claims because it is necessary to determine whether Defendant agencies considered all relevant factors and relied on documents not in the record.

Courts have repeatedly recognized that in an APA case, a court may consider evidence outside of the administrative record as to the APA claims under certain circumstances.[2] In the Ninth Circuit, district courts are permitted to admit extra-record evidence to "identify and plug

---

[2] *See e.g., Dep't of Com. v. New York*, 588 U.S. 752, 781 (2019) (Inquiring into "the mental processes of administrative decisionmakers" is appropriate based upon a strong showing of "bad faith or improper behavior" by an agency); *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 530 F.3d 925, 928 (D.C. Cir. 2008) (explaining a court may consider evidence outside of the administrative record where necessary to "ascertain the contours of the precise policy" challenged); *Saget v. Trump*, 375 F. Supp. 3d 280, 341 (E.D.N.Y. 2019) ("If a party shows the [certified administrative] record may be incomplete, additional discovery is appropriate").

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 8
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

holes in the administrative record." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Circumstances that give rise to the admission of extra-record evidence include:

> (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Id.* (citation omitted). When extra-record evidence is admissible under any of these criteria, it of course follows that discovery of extra-record documents and information should be permitted. *Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 1276229, at *2 (N.D. Cal. May 2, 2025) (citing *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988)).

### A. Discovery is necessary to determine whether Defendant Agencies have considered relevant factors and explained their decisions.

The "relevant factors" exception "permits a district court to consider extra-record evidence to develop a background against which it can evaluate the integrity of the agency's analysis," and therefore, assess "whether the agency complied with the APA's requirement that the agency's decision be neither arbitrary nor capricious." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014). This exception is founded on the principle that a court "cannot adequately discharge its duty to engage in a 'substantial inquiry' if it is required to take the agency's word that it considered all relevant matters." *Asarco, Inc. v. U.S. Env't Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980); *see also Wagafe v. Biden*, 764 F.Supp. 3d 980, 1006 (W.D. Wash. 2025) ("where…there are no formal contemporaneous administrative findings, consideration of extra-record evidence may be the only way there can be effective judicial review") (internal quotations omitted). Here, Defendants' CAR is devoid of any evidence showing what, if any, factors Defendants considered when deciding to i) terminate *all* case processing, not just decisions

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 9
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

and admissions, and ii) "discretionarily opt" not to create a system for case-by-case exceptions to the entry ban as called for by the EO. *See* Suppl. Compl. ¶¶ 120-22; *see also* Dkt. No. 45, 34-37, 48; *see also supra*, Section IV. I.

Further, Plaintiffs specifically allege that defendant agencies failed to consider relevant factors in its decision to defund the USRAP. Suppl. Compl. ¶ 247. Though Plaintiffs do not request discovery on the termination or suspension notices at this time, a protective order against any discovery, which is what Defendants request here, would preclude Plaintiffs from obtaining discovery in this action in the future.

### B. Defendant Agencies rely on documents not provided in the Certified Administrative Record.

The presumption that an agency's CAR is complete is overcome by "identify[ing] the allegedly omitted materials with sufficient specificity and identify[ing] reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (internal citation omitted). Agency behavior can support the inference that the record is incomplete. *Grill v. Quinn,* No. CIV S-10-0757 GEB, 2012 WL 174873, at *4 (E.D. Cal. Jan. 20, 2012) (finding the administrative record was incomplete where "not all the reasons for the [government's] decision [were] in the record" when the governments' "purported approval followed by a quick retraction" provided "a reasonable inference to support some behind-the-scenes decision making" which was itself "grounds for discovery in an APA action.").

Here, Plaintiffs have already identified specific documents containing pertinent information that were missing from the CARs. *See supra* Section II. Documents relating to the early mass cancellation of refugee travel arrangements prior to the EO's effective date were entirely absent from the original CAR, and Defendants only supplemented after Plaintiffs' request. *See* JSR at 8; Suppl. State CAR. Moreover, Defendants' assertion that they "served over 1,000

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 10
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

pages of records" is misleading, where more than 850 of these pages consisted of letters sent to organizations that are not parties to this case. Mot. 2.

In addition, as Plaintiffs highlighted in their JSR, the DHS CAR contained a mere ten pages and was limited to two documents. *See* Dkt. No. 178-2, DHS CAR; *see also* JSR 6. This thin submission does not provide a complete record. Indeed, one document was a one-page, undated email from a USCIS division chief directing agency personnel to suspend final decision-making on refugee applications and advising that additional information would be forthcoming. Dkt. 178-2 at 16. The parties dispute whether Defendant USCIS suspended refugee case processing, *see* Suppl. Compl. ¶ 6; Amend. Answer ¶ 6, and despite the reference to further guidance, the DHS CAR contains no further communication at all. Extra record-discovery, as requested in RFP No. 7, is therefore justified to complete this gap in the CAR and resolve the parties' factual dispute regarding the scope of the refugee suspension. *See, e.g.*, *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 530 F.3d 925, 928 (D.C. Cir. 2008) (holding that courts may consider evidence outside administrative record where necessary to "ascertain the contours of the precise policy" challenged).

Finally, in light of the incomplete record Defendants initially produced, which they supplemented only after prompting by Plaintiffs, their request for an "order that factual development beyond the CARs is not required in this case" would impose significant hardship on Plaintiffs and prevent them from seeking discovery should they identify further gaps in the CARs. Dkt. 188, 7.

## CONCLUSION

Defendants have failed to show good cause to support their motion for a protective order, and Plaintiffs have provided ample reasons as to why discovery is appropriate in this case. The Court should deny Defendants' motion for a protective order and allow plaintiffs to pursue their discovery requests.

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 11
(No. 2:25-cv-255-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2

* * *

The undersigned certifies that this opposition contains 3,535 words, in compliance with the Local Civil Rules.

Dated: February 26, 2025

By: s/ *Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Shireen Lankarani, WSBA No. 61792
Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
SLankarani@perkinscoie.com
EAston@perkinscoie.com

Mevlüde Akay Alp*
Ghita Schwarz*
Pedro Sepulveda, Jr.*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
makayalp@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Laurie Ball Cooper*
Megan Hauptman*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Ave. NW
Washington, D.C. 20001
Telephone: (646) 939-9169
lballcooper@refugeerights.org
mhauptman@refugeerights.org

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

*Counsel for Plaintiffs*

* *Admitted pro hac vice*

PLS.' OPP'N TO DEFS.' MOT. TO STAY – 12
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

185793082.2