District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, in his official capacity as Secretary of Health and Human Services,

*Defendants*.

CASE NO. 2:25-cv-00255

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING DEFENDANTS OF RESPONDING TO PLAINTIFFS' DISCOVERY

NOTE ON MOTION CALENDAR: MARCH 3, 2026

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING DEFENDANTS OF RESPONDING TO PLAINTIFFS' DISCOVERY
[CASE NO. 2:25-cv-00255]

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

Defendants submit this reply in support of their motion for a protective order relieving them of responding to Plaintiffs' discovery requests, Dkt. No. 188 ("Mot."). Plaintiffs opposed the motion. Dkt. No. 193 ("Opp.").

## INTRODUCTION

Plaintiffs fail to meet their burden of showing that extra-record discovery is required in this case. Plaintiffs' efforts to get extra-record discovery on the basis of their overlapping constitutional and statutory claims run headfirst into *Trump v. Hawaii* and *Pacito v. Trump*, which forbid looking behind the President's justifications for issuing an entry suspension under 8 U.S.C. § 1182(f). *See Trump v. Hawaii*, 585 U.S. 667, 686–87 (2018); *Pacito v. Trump*, 152 F.4th 1082, 1087 (9th Cir. 2025). And Plaintiffs do not identify any exception to the Administrative Procedure Act's ("APA") record-review rule. They point to facts that are either already documented in the certified administrative records ("CARs") or are beyond the scope of the claims they pled in their supplemental complaint. Indeed, many of the facts Plaintiffs seek discovery into concern events occurring *after* the President made the decision to suspend the U.S. Refugee Admissions Program ("USRAP") in Executive Order 14163 ("USRAP EO"). The Court should grant Defendants' motion and order that extra-record discovery is not required here.

## ARGUMENT

### I. It is *Plaintiffs'* burden to show that extra-record discovery is warranted.

Plaintiffs err in stating that Defendants have the burden of showing that discovery should be precluded. *See* Opp. at 4 (discussing legal standard). Rather, it is *Plaintiffs* who have the burden of showing that extra-record discovery is required. *See San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014) ("These exceptions [to the record-review rule] are to be

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING THEM OF RESPONDING TO PLAINTIFFS' DISCOVERY
[CASE NO. 2:25-CV-00255]

1

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

narrowly construed, and the party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies."). Plaintiffs fail to meet that burden for the reasons stated in Defendants' principal motion and as discussed further below.

Plaintiffs also err in stating that Defendants must demonstrate "specific prejudice or harm" that would flow from being required to respond to Plaintiffs' discovery requests, Opp. at 4. The cases Plaintiffs cite for that proposition concerned protective orders against public disclosure of discovery documents or against allowing depositions. *See id.* (citing, *e.g.*, *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The cited cases were not APA cases and did not, as here, involve the threshold question of whether any discovery is appropriate in the first place. *See, e.g.*, *Phillips*, 307 F.3d at 1210–11; *Blankenship*, 519 F.2d at 429. Thus, that case law is not relevant to the question of whether Plaintiffs meet *their* burden of showing extra-record discovery is warranted, which Plaintiffs do not.

## II. Plaintiffs fail to establish that their constitutional and statutory claims provide independent bases for extra-record discovery.

Plaintiffs' constitutional and statutory claims are not grounds for extra-record discovery because they overlap with Plaintiffs' APA claims and, moreover, they are questions of law for which no factual development is required. Mot. at 5–7. Plaintiffs argue that fact discovery is needed because (a) the validity of the USRAP suspension is purportedly a factual inquiry and (b) the President is a named defendant. *See* Opp. at 6–7. Both arguments fail.

**A.** Contrary to Plaintiffs' contention, Opp. at 6–7, no fact discovery is needed to determine if the USRAP suspension was a valid exercise of the President's authority under 8 U.S.C. § 1182(f). Rather, the only evidence that is needed to determine the suspension's validity

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING THEM OF RESPONDING TO PLAINTIFFS' DISCOVERY
[CASE NO. 2:25-CV-00255]

2

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

is the justifications the President gave in the text of the USRAP EO itself. *See Hawaii*, 585 U.S. at 686–87 ("Moreover, plaintiffs' request for a searching inquiry into the persuasiveness of the President's justifications is inconsistent with the broad statutory text and the deference traditionally accorded the President in this sphere."). Plaintiffs want a factual inquiry into: (i) the purpose and scope of the EO (which they argue they can glean from the 90-day reports that discuss whether resumption of the USRAP is in the national interest); (ii) whether and how the Government is making case-by-case exceptions; and (iii) extensive and detailed processing data on follow-to-join refugee ("FTJ-R") applications. *See* Opp. at 7–8. Plaintiffs reason that these facts will undermine the President's claim that the suspension is temporarily needed until the admission of refugees aligns with the national interest, Exec. Order 14163 § 1. *See* Opp. at 7–8. But 8 U.S.C. § 1182(f) does not require the President "to prescribe in advance a fixed end date for the entry restrictions." *Hawaii*, 585 U.S. at 687. And the Ninth Circuit rejected Plaintiffs' argument that a court may look behind the justifications the President gave for the suspension in the EO. *See Pacito*, 152 F.4th at 1087 ("The sole prerequisite set forth in § 1182(f) is that the President 'find[]' that the entry of the covered aliens 'would be detrimental to the interests of the United States.' The President has undoubtedly fulfilled that requirement here." (quoting *Hawaii*, 585 U.S. at 685)). Plaintiffs thus have no basis to seek extra-record discovery to contest the President's justifications, which accord with Ninth Circuit and Supreme Court precedent.

Regardless, even if Plaintiffs had a basis to seek extra-record discovery concerning the President's justification for the order (they do not), Plaintiffs have no basis to seek a factual inquiry unrelated to their claims. But that is what Plaintiffs do regarding their non-APA claims. In their Supplemental Complaint, Plaintiffs argue that the USRAP suspension violated the Refugee Act

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING THEM OF RESPONDING TO PLAINTIFFS' DISCOVERY
[CASE NO. 2:25-CV-00255]

3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

(Claim I), the suspension violated Fifth Amendment due process for FTJ-R applicants (Claim IV), and the Government's suspension and termination of cooperative agreements with USRAP implementers violated the separation of powers in the Constitution (Count VII). Dkt. No. 56 ¶¶ 229–33, 242–44, 255–57. These claims directly concern the USRAP *suspension*. Yet Plaintiffs' efforts to get fact discovery regarding the EO's purpose and scope, case-by-case exceptions, or FTJ-R processing data, which all concern events that occurred *after* the suspension issued, are not relevant to those claims.[1] *See* Opp. at 7–8; Dkt. Nos. 190, 191; *see also* Fed. R. Civ. Proc. 26(b)(1).

**B.** Likewise, no extra-record discovery is needed simply because Plaintiffs named the President as a defendant in addition to federal agencies. *Contra* Opp. at 6. Plaintiffs again reason that fact discovery into the President's justifications for *issuing* the USRAP EO is appropriate, *see id.*, but *Hawaii* and *Pacito* foreclose that argument because courts may not look behind those justifications, *see Hawaii*, 585 U.S. at 686–87, *Pacito*, 152 F.4th at 1087, *see also supra* pp. 2–3. Plaintiffs also reason that factual inquiry is needed into the President's decision to *continue* the USRAP suspension, and that the Court should allow them to seek the 90-day reports the Secretary of Homeland Security provides the President on the topic of resumption. *See* Opp. at 6; *see also* Exec. Order 14163 § 4. Setting aside that those reports are subject to the presidential communications privilege, that theory again runs headfirst into *Hawaii*, which made clear that "Section 1182(f) authorizes the President to suspend entry 'for such period as he shall deem necessary.'" 585 U.S. at 687 (quoting 8 U.S.C. § 1182(f)). *Hawaii* leaves no room for Plaintiffs to

---

[1] Indeed, Plaintiffs state that discovery is "needed to determine whether exceptions are being lawfully applied . . . or applied discriminatorily." Opp. at 7. But Plaintiffs do not challenge the legality of the application of exceptions to the USRAP suspension. *See* Dkt. No. 56 ¶¶ 229–57 (Claims for Relief).

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING THEM OF RESPONDING TO PLAINTIFFS' DISCOVERY
[CASE NO. 2:25-CV-00255]

4

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

look behind the President's decision to continue an entry suspension until he deems the underlying reason for the suspension is resolved. *See id.* Indeed, the Ninth Circuit already held that "the [USRAP EO] does not exceed any textual limit on the President's authority." *Pacito*, 152 F.4th at 1087.

**III. Plaintiffs fail to establish that an exception to the APA's record-review rule applies here.**

Plaintiffs contend that extra-record discovery is needed to show the factors the Defendant agencies relied on when deciding to (a) suspend refugee case processing and (b) not set up a formal system for case-by-case exceptions. Opp. at 9–10.[2] Plaintiffs also contend that discovery should be allowed because the Defendant agencies purportedly relied on documents that are not in the CARs that Defendants submitted and supplemented. *Id.* at 10–11. These contentions fail.

**A.** Plaintiffs are incorrect that fact discovery is needed to supplement the record on the suspension of refugee case processing and the existence of a so-called "system" for case-by-case exceptions. *See* Opp. at 9–10.

*First*, the CAR makes clear that the Department of State suspended all aspects of the USRAP, including its processing activities, following issuance of the USRAP EO. *See, e.g.*, Dkt. No. 154-1 at 002 (stating "all USRAP processing steps are suspended" hours after the USRAP EO issued), 007 (same); *see also id.* at 011 (explaining the USRAP EO "directs, among other things, that the [USRAP] be suspended effective on January 27, 2025"). Such action was consistent with

---

[2] Plaintiffs also contend that the Defendant agencies failed to consider the relevant factors in suspending and terminating the USRAP cooperative agreements. Opp. at 10. But the State Department CAR makes clear the relevant factors considered. *See* Dkt. No. 154-1 at 055–926. And the Department of State reinstated those cooperative agreements in late May 2025. *See* Dkt. No. 138-1 ¶¶ 4–7.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING THEM OF RESPONDING TO PLAINTIFFS' DISCOVERY
[CASE NO. 2:25-CV-00255]

5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

the text of the EO, which is not limited to only suspension of admissions and decisions. *See* Exec. Order 14163 § 1 ("This order suspends the USRAP . . . ."), § 4 (requiring submission of reports "until [the President] determine[s] that resumption of the USRAP is in the interests of the United States").

In addition, Defendants submitted a sworn declaration in support of their opposition to Plaintiffs' preliminary injunction motion that explained the factors the Department of State considered on when deciding to suspend its refugee case processing. *See* Dkt. No. 31-1 ("Zerbinopoulos Decl."). The Department did so based on the USRAP EO's directive to suspend the USRAP until the President deems resumption of the program to align with the national interest. *See* Zerbinopoulos Decl. ¶ 21. The Department reasonably read the EO's directive, along with its suspension of refugee admissions, to extend to program operations like pre-decisional refugee case processing. *See* Zerbinopoulos Decl. ¶ 21; *see also* Dkt. No. 31 at 30. The Department further justified its decision by explaining that it considered the inefficiencies and waste of government (and refugee applicant) resources that would result if its refugee case processing was not suspended while the USRAP EO is in effect. *See* Zerbinopoulos Decl. ¶ 22; *see also* Dkt. No. 30 at 7, 30.

*Second*, discovery into the existence of a system for case-by-case exceptions is not needed because it is not relevant to Plaintiffs' claims. *See* Fed. R. Civ. P. 26(b)(1). While Plaintiffs challenge the agencies' implementation of the USRAP EO, they make no claim that failure to establish an exception system is a violation of law or that the law requires an exception system to operate a certain way. *See* Dkt. No. 56 ¶¶ 229–57 (Claims for Relief). Nor could they, as the USRAP EO gives the Secretary of State and Secretary of Homeland Security complete discretion over any decision to grant case-by-case exceptions to refugees, the admission of whom the

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING THEM OF RESPONDING TO PLAINTIFFS' DISCOVERY
[CASE NO. 2:25-CV-00255]

6

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

Secretaries deem to be in the national interest and not a threat to national security. Exec. Order 14163 § 3(c).

**B.** Plaintiffs are also incorrect that the CARs Defendants submitted and supplemented do not sufficiently show what non-privileged documents the agencies considered when taking the challenged actions. *See* Opp. at 10–11. While Plaintiffs note that the CARs initially did not contain information on cancellation of refugee travel, Opp. at 10, Defendants' supplements show the documents that the agencies considered when taking the challenged actions, Mot. at 5. Regarding the Department of State's decision to suspend its refugee case processing, the Department's CAR shows the basis for that decision. *See* Dkt. No. 154-1 at 002, 011, 014, 021, 025, 051. And while the Department of Homeland Security's CAR is limited to one document regarding USCIS's decision to suspend decisions on refugee applications, it makes clear that the decision was based on the USRAP EO.

## CONCLUSION

For the reasons explained above and in Defendants' motion, the Court should grant Defendants' motion and order that discovery is not required in this case.

* * *

I certify that this reply memorandum contains 1,975 words, in compliance with Local Civil Rule 7(e)(2).

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING THEM OF RESPONDING TO PLAINTIFFS' DISCOVERY
[CASE NO. 2:25-CV-00255]

7

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

Dated: March 3, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Acting Director

CARA E. ALSTERBERG
Acting Assistant Director

*/s/ Joseph McCarter*
JOSEPH MCCARTER
ILANA KRAMER
JASON ZUBATA
Trial Attorneys
U.S. Dept. of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 746-8537
Email: Joseph.A.McCarter@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that, on March 3, 2026, I caused a copy of this filing to be served on attorneys for Plaintiffs via the ECF system.

*/s/ Joseph McCarter*
JOSEPH MCCARTER
Attorney for Defendants

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RELIEVING THEM OF RESPONDING TO PLAINTIFFS' DISCOVERY
[CASE NO. 2:25-CV-00255]

8

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044