UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, MARCO RUBIO, in his official capacity as Secretary of State, KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DOROTHY A. FINK, in her official capacity as Acting Secretary of Health and Human Services,<br><br>Defendants. | CASE NO. 2:25-CV-00255<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>[1]

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. This agreement incorporates by reference and does not supersede the Stipulated Protective Order entered by the Court on April 9, 2025. ECF No. 102.

2. "CONFIDENTIAL" MATERIAL

    2.1    "Confidential" material shall mean information that, at the time of its production in discovery in the action, or thereafter, is so designated by the Producing Party because the Producing Party possesses a good faith belief that the information:

        (a) is not in the public domain except through the Producing Party's voluntary or court ordered disclosure;

        and

        (b) constitutes

---

[1] The parties disagree over the scope of discovery. Plaintiffs' position is that they are entitled to seek discovery on both their Administrative Procedure Act ("APA") and non-APA claims. Plaintiffs' non-APA claims do not fundamentally overlap with their APA claims, *see* ECF No. 176 at 6, and Plaintiffs reserve the right to seek extra-record discovery on their APA claims as appropriate, *see id.*; *see also Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Defendants maintain their position that extra-record discovery is inappropriate because this is a record-review case under the APA, *see* ECF No. 176 at 8; *see also Lands Council*, 395 F.3d at 1029–30. This Protective Order is intended to provide safeguards for any discovery this Court orders outside of the Certified Administrative Records.

STIPULATED PROTECTIVE ORDER
2:25-CV-00255 - 2

(i) a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

(ii) contact information, and personal financial, medical or other private information relating to an individual, including dates of birth, that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

(iii) information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act") or any other federal law, including but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal, or employment history and that contains his or her name, or the identifying number symbol, or other particular identifier assigned to the individual, such as a finger or voice print or photograph;

(iv) information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to:

(1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and

(2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2);

(v) any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R.

§§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure; or

(vi) sensitive information about law enforcement or national security staffing, law enforcement or national security resources, law enforcement or national security intelligence, and/or law enforcement or national security methods, as well as confidential government personnel information, including identifying information, contact information, job titles, identifying numbers, duty locations, or other identifying details of non-public-facing supervisory and non-supervisory federal and non-federal employees and contractors involved in enforcement operations or custodial functions where disclosure of such information to the public may adversely affect identifiable law enforcement or national security interests, pose privacy or safety risks, or create operational concerns.

"Confidential Information" does not designate such information as classified under Executive Order 13526, *Classified National Security Information* (Dec. 29, 2009).

2.2   "Confidential–Attorneys' Eyes Only Information" shall mean Confidential Information that at the time of its production in discovery in the Action, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly sensitive that the disclosure to those identified in Section 4.2 below but not identified in Section 4.3 below would create a substantial risk of harm that could not be avoided by any less restrictive means. Examples of this information includes, but is not limited to, (b)(iv), (v), and (vi).

~~include the following documents and tangible things produced or otherwise exchanged:~~
~~[The parties must include a list of specific documents such as "company's customer list"~~

STIPULATED PROTECTIVE ORDER
2:25-CV-00255 - 4

1  ~~or "plaintiff's medical records;" do not list broad categories of documents such as~~
2  ~~"sensitive business material"].~~

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel—either through argument before or in pleadings filed in this Court—that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material in conformance with this Protective Order only to:

(a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Mediators or arbitrators assigned by the Court or engaged by the parties to the Action;

(i) This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

(j) Court reporters, videographers, interpreters, and their staff; and

(g)(k) Any other person agreed to by the parties.

4.3 Confidential–Attorneys' Eyes Only Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Counsel of record (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this action, such as litigation assistants,

STIPULATED PROTECTIVE ORDER
2:25-CV-00255 - 6

paralegals, law students, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

    (b)    Retained expert witnesses and consultants who are employed or retained by a party in connection with this action, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision. Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

    (c)    Witnesses affiliated with the Producing Party in their depositions, including their counsel, as reasonably necessary, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel; and

    (e)    Any other person agreed to by the parties.

    4.4    Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

    4.34.5 During the pendency of this Action, the Court shall retain jurisdiction over this

STIPULATED PROTECTIVE ORDER
2:25-CV-00255 - 7

Protective Order, and persons who receive Confidential Information or Confidential–Attorneys' Eyes Only Information shall be subject to this Protective Order. Properly designated Information shall remain protected after conclusion of this litigation.

5. DESIGNATING PROTECTED MATERIAL

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection,

the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

        (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

        (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED ~~MATERIAL~~INFORMATION

9.1     Generally. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

9.2     Protected Information. If a Receiving Party learns that, by inadvertence or otherwise, it~~,~~ or a person to whom it has disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information in accordance with this Protective Order, has disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

(a)     Promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information or Confidential–Attorneys' Eyes Only Information subject to this Protective Order;

(b)     Promptly make all reasonable efforts to obtain the return of the Confidential Information or Confidential–Attorneys' Eyes Only Information and to prevent further

unauthorized disclosures of the Confidential Information or Confidential–Attorneys' Eyes Only Information, including requesting that the person who received the unauthorized disclosure agree to be bound by the terms of this Protective Order and execute a declaration to that effect; and

(c)     Within (5) calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information or Confidential–Attorneys' Eyes Only Information that was the subject of the unauthorized disclosure.

9.3     **Privileged Information.** This Order applies to information subject to the attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure 26(b), Federal Rule of Evidence 502(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

(a)     The disclosure of any document or information in this Action does not operate as a waiver of any claim of privilege or protection from disclosure if:

(i)     the disclosure was inadvertent;

(ii)    the holder of the privilege or protection took reasonable steps to prevent disclosure; and

(iii)   the holder promptly took reasonable steps to rectify the error, including notifying any party that received the information of the claim and the basis for it.

(a)(b)  After being notified, a Receiving Party must promptly return, sequester, or destroy the specified documents or information and any copies in its possession; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the documents or information if the party disclosed it before being notified; and may promptly present

STIPULATED PROTECTIVE ORDER
2:25-CV-00255 - 12

the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

10.  **NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.  **DISPOSITION OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION OR CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION**

11.1  Conclusion of Litigation. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated under this Protective Order or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology ("IT") and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, the Receiving Party also will take reasonable steps to notify persons to whom

it distributed Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

      (a)    For material that contains or reflects Confidential Information or Confidential–Attorneys' Eyes Only Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order.

      (b)    Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits, motion papers, trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information or Confidential–Attorneys' Eyes Only Information. Even after the final disposition of this and any related actions, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information or Confidential–Attorneys' Eyes Only Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

      (c)    In particular, attorneys for the United States may maintain copies of any documents designated material in their case file for this Action, and may maintain copies of any notes or summaries containing such material in their case file for this Action, subject to 44 U.S.C. § 3101, et. seq., and 5 U.S.C. § 552 et. seq.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 4, 2026          /s/ Mevlüde Akay Alp
                              Attorneys for Plaintiff

DATED: March 4, 2026          /s/ Jason K. Zubata
                              Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED:_____

_____
[Name of Judge]
United States District Court Judge

STIPULATED PROTECTIVE ORDER
2:25-CV-00255 - 15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Pacito v. Trump*, 2:25-CV-00255 (W.D. Wa.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____