THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; and ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,

*Defendants*.

Case No. 2:25-cv-255-JNW

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND TO EXTEND CASE SCHEDULE**

NOTE ON MOTION CALENDAR: APRIL 28, 2026

## **INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 15 and 16; the Court's Order Setting Trial Date and Related Dates, *see* Dkt. 187 (the "Scheduling Order"); and the Court's Order Granting Plaintiffs' Unopposed Motion to Extend Deadline for Filing Amended Pleadings, *see* Dkt. 199, Plaintiffs respectfully request (i) leave to file a supplemented and amended complaint to address

PLS.' MOT. FOR LEAVE TO AMEND &
TO EXTEND CASE SCHEDULE – 1
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

actions taken by Defendants postdating the filing of the First Supplemental Complaint, *see* Dkt. 56, streamline the issues in this case based on the Ninth Circuit's decision in *Pacito v. Trump*, 169 F.4th 895 (9th Cir. 2026), add new Plaintiffs, and drop President Trump as a Defendant;[1] (ii) that the new Plaintiffs in the First Amended Complaint be allowed to proceed using pseudonyms; and (ii) postponement of the remaining dates in the Scheduling Order for sixty days.

Plaintiffs have met and conferred with Defendants, who oppose the filing of the First Amended Complaint and Plaintiffs' sixty-day extension request. Defendants do not oppose the use of pseudonyms for the additional Plaintiffs.

## BACKGROUND

On February 10, 2025, Plaintiffs filed this lawsuit against President Trump and the heads of federal agencies tasked with implementing the U.S. refugee admissions program ("USRAP"), challenging the lawfulness and implementation of Executive Order 14163 (the "Refugee Ban EO"). The actions challenged by Plaintiffs include the agencies decisions (i) to suspend all processing of refugee applications, despite this decision not being authorized or required by the Refugee Ban EO, and (ii) to suspend funding for refugee resettlement services.

After this Court granted Plaintiffs' first request for a preliminary injunction, Defendants moved to terminate the cooperative agreements that they had previously suspended with resettlement partners. Thereafter, Plaintiffs filed a First Supplemental Complaint, challenging the agency Defendants' subsequent actions to terminate cooperative agreements. This Court issued a second preliminary injunction enjoining Defendants' actions.

Since the filing of the First Supplemental Complaint, Defendants have taken further actions to implement the Refugee Ban EO and suspend refugee processing and admissions. The Refugee Ban EO provides that case-by-case exceptions may be granted by the Secretaries of State and

---

[1] Pursuant to Local Rules W.D. Wash. LCR 15, a redline of the First Amended Complaint showing changes from the First Supplemental Complaint, *see* Dkt. 56, is attached as Exhibit 2. A clean copy of the First Amended Complaint is attached as Exhibit 1.

PLS.' MOT. FOR LEAVE TO AMEND &
TO EXTEND CASE SCHEDULE – 2
(No. 2:25-cv-255-JNW)

Homeland Security where a refugee's entry is in the national interest. However, the agency Defendants have failed to create a process or guidance for refugees to request case-by-case exceptions and have implemented the exception provision to categorically exclude all refugees except white Afrikaners and a few non-Black South African minorities—all while granting exceptions to more than 3,000 white Afrikaners on a categorical basis. *See* Ex. 1 ¶¶ 75–86.

During the pendency of Defendant's appeals, two travel bans also went into effect. The June 4, 2025, travel ban fully or partially suspended entry of nationals from nineteen countries, while the December 16, 2025, expanded travel ban added restrictions for nationals of another twenty nations. Despite provisions in both travel bans stating that they do not apply to admitted refugees or individuals seeking to obtain refugee status, the agency Defendants have applied the travel bans to refugees. *See* Ex. 1 ¶¶ 225–37.

On October 31, 2025, the President issued a new presidential determination limiting the refugee cap for Fiscal Year 2026 to 7,500 and directing that admission numbers "primarily be allocated among Afrikaners from South Africa." 90 Fed. Reg. 49,005 (Sept. 30, 2025) (the "FY 2026 PD"). The FY 2026 PD explicitly states that it is subject to the Refugee Ban EO's case-by-case exception provision. Following the issuance of the FY 2026 PD, the agency Defendants announced their policy to not process or admit any refugees (except for white Afrikaners and some non-Black minorities in South Africa) in Fiscal Year 2026. Defendants' policy precludes the processing or admission of individuals designated as refugees of special humanitarian concern by Congress. *See* Ex. 1 ¶¶ 178–99.

On March 5, 2026, the Ninth Circuit issued a decision largely reversing the preliminary injunctions issued by this Court while affirming this Court's order that the government reinstate cooperative agreements to the extent necessary to provide statutorily required benefits for newly arrived refugees. *See Pacito*, 169 F.4th at 940.

Plaintiffs' First Amended Complaint includes allegations and claims challenging the agency Defendants' recent actions taken to implement the Refugee Ban EO, the application of the

PLS.' MOT. FOR LEAVE TO AMEND &
TO EXTEND CASE SCHEDULE – 3
(No. 2:25-cv-255-JNW)

travel bans to refugees, and the implementation of the FY 2026 PD to further the suspension of refugee processing and admissions. *See generally* Ex. 1.

<b><u>ARGUMENT</u></b>

**I.      Plaintiffs should be given leave to supplement and amend their complaint.**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Similarly, Rule 15(d) provides, that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Courts consider the same factors for both a Rule 15(a) motion to amend and a Rule 15(d) motion to supplement. *See, e.g.*, *Saber Interactive Inc. v. Oovee, Ltd.*, No. 21-cv-01201-JHC, 2022 WL 5247190, at *10 (W.D. Wash. Oct. 6, 2022) ("[W]hether [plaintiff's] new claims are evaluated under Rule 15(a) or Rule 15(d) makes no difference[.]"); *Yates v. Auto City 76*, 299 F.R.D. 611, 613–14 (N.D. Cal. 2013) ("[T]he legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion under Rule 15(a)" (citation modified)).

Under this standard, Plaintiffs' motion should be granted "subject to the qualification that the amendment [or supplementation] not cause undue prejudice to [Defendants], is not sought in bad faith, [] is not futile," and is not unduly delayed. *Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999). Prejudice carries the greatest weight in the Court's analysis. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. The same is true under Rule 15(d). *See LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986) ("Motions to amend pursuant to Rule 15(d) should be granted unless undue prejudice to the opposing party will result." (citation modified)).

Additionally, in considering a Rule 15(d) motion, a "court's focus is on judicial efficiency." *Yates*, 299 F.R.D. at 613 (citing *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th

PLS.' MOT. FOR LEAVE TO AMEND &
TO EXTEND CASE SCHEDULE – 4
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Cir. 1997) (per curiam)). Courts have "broad discretion" to allow supplemental pleadings under Rule 15(d), and its use is "favored" as "a tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (purpose of Rule 15(d) is to "enable[] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted" (citation modified)). "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Id.* at 474.

Here, Plaintiffs easily satisfy the standard for leave to amend and supplement a pleading, and the exercise of the Court's broad discretion is therefore warranted. As Plaintiffs explain in their First Amended Complaint, *see generally* Ex. 1, the FY 2026 PD is explicitly subject to the Refugee Ban EO, which provides for case-by-case exceptions. Defendants have failed to publish *any* information regarding a process or eligibility criteria for refugees to seek case-by-case exceptions to the Refugee Ban EO, despite having already admitted over 3,000 white Afrikaners under a categorial exception. The availability of case-by-case exceptions was one of the factors cited by the Ninth Circuit in finding that the Refugee Ban EO was likely not unlawful. *See Pacito*, 169 F.4th at 921. Defendants also maintain they have the right to enforce the Trump Administration's travel-ban proclamations against refugees, notwithstanding this Court's prior ruling on the subject. *See* Dkt. 145 at 10.

Overall, Plaintiffs allege that Defendants' actions violate the Administrative Procedure Act, the *Accardi* doctrine, and the Fifth Amendment's equal-protection guarantee. This conduct, all of which postdates Plaintiffs' First Supplemental Complaint and much of which occurred during the pendency of Defendants' appeals of this Court's preliminary injunctions to the Ninth Circuit, is nonetheless tied to the actions challenged in the First Supplemental Complaint, which sought to hold the agency Defendants accountable for their violation of Plaintiffs' statutory rights. The First Amended Complaint does the same for Defendants' implementation of the Refugee Ban EO's case-by-case exception provisions, which Defendants have used to admit white Afrikaners

on an extraordinarily speedy timeline while denying non-white refugees (including those expressly designated by Congress as raising special humanitarian concerns) any process for seeking case-by-case exceptions. Judicial economy will best be served by considering Defendants' violations of refugees' statutory and constitutional rights in a single action.

The First Amended Complaint also adds five new individual Plaintiffs who are all similarly situated to the current individual Plaintiffs but whose circumstances highlight the most recent ways in which Defendants' actions are unlawful. Specifically, the additional Plaintiffs assert similar claims as the current Plaintiffs, all of which arise from Defendants' implementation of the Refugee Ban EO, FY 2026 PD, and travel-ban proclamations. Common questions of law and fact between the original and additional Plaintiffs include whether Defendants took the actions alleged in the First Amended Complaint and whether such actions violated statutory and constitutional protections. *Cf., e.g.*, *Pablo Sequen v. Kaiser*, 810 F.Supp.3d 1076, 1082 (N.D. Cal. 2025) (permitting joinder of claims and additional parties where "common questions will arise as to all plaintiffs and defendants joined in each APA claim regarding whether the challenged policy is arbitrary and capricious" and "[c]ommon questions will also arise as to all parties joined in each constitutional … claim regarding whether" challenged policies deprived plaintiffs of certain rights). Leave to amend to add these individual Plaintiffs will serve judicial economy because their claims arise from the same unlawful conduct by Defendants and common questions of law and fact predominate.

Defendants will not be prejudiced by the granting of this motion. They have not provided discovery in this case (aside from the administrative record), pending their motion for a protective order. *See* Dkt. 188. Therefore, the parties will not need to renegotiate or produce duplicative discovery. Additionally, the Ninth Circuit adjudicated Defendants' appeals of this Court's preliminary injunctions and issued its decision on March 4. Consistent with that decision and in the interests of efficiency and judicial economy, Plaintiffs have streamlined the First Amended Complaint to remove claims that the Ninth Circuit found unlikely to succeed—further reducing

PLS.' MOT. FOR LEAVE TO AMEND &
TO EXTEND CASE SCHEDULE – 6
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the chance of any prejudice to Defendants. Similarly, the addition of five new similarly situated individual Plaintiffs poses no risk of unfairness or prejudice to Defendants, who will face the same claims regardless of whether these new Plaintiffs are added.[2]

In contrast, denying the motion would significantly and unfairly prejudice Plaintiffs. This Court and the Ninth Circuit have recognized that Defendants' actions caused Plaintiffs irreparable harm. Defendants' recent actions threaten to continue and compound those harms: If Plaintiffs are denied the opportunity to challenge the agencies' implementation of the Refugee Ban EO's case-by-case exception provision, the FY 2026 PD, and the application of the travel-ban proclamations to refugees, then they will be required to undergo the unnecessary expense of filing a new lawsuit challenging Defendants' latest actions, which will further prolong their ability to receive judicial relief. "Discovery has not started, the claims are related, and there is no reason to require the new claims to proceed in a separate lawsuit." *Saber Interactive*, 2022 WL 5247190, at *10. Plaintiffs should be given leave to amend.

None of the remaining factors—undue delay, bad faith, and futility—exists here. Plaintiffs file their motion to amend by the date set in the Scheduling Order and within a month of the Ninth Circuit's decision. This motion is not futile, as the First Amended Complaint contains only claims against the agency Defendants in recognition of the Ninth Circuit's decision that claims against President Trump are unlikely to succeed. Finally, allowing Plaintiffs to supplement their complaint promotes judicial economy and convenience by enabling the Court to award complete relief to Plaintiffs in one action.

## II.    The remaining dates in the Scheduling Order should be extended by sixty days.

Rule 16(b)(4) provides that the Scheduling Order "may be modified [] for good cause and with the judge's consent." The good-cause standard "primarily considers the diligence of the party

---

[2] The additional individual Plaintiffs request to proceed under pseudonyms. This Court previously granted a similar request from the current individual Plaintiffs in this matter. *See* Dkt. 45 at 13 n.3. Defendants do not object to this request.

PLS.' MOT. FOR LEAVE TO AMEND &
TO EXTEND CASE SCHEDULE – 7
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, aside from their request to extend the deadline to amend pleadings following the Ninth Circuit's decision, Plaintiffs have not requested any prior extensions of the discovery or trial dates in this matter. The timely filing of the First Amended Complaint on the schedule ordered by the Court is good cause for a modest extension to enable Plaintiffs to revise their discovery requests in line with the First Amended Complaint, which drops five of Plaintiffs' original claims and adds new claims. Plaintiffs have also demonstrated diligence in filing the First Amended Complaint within a month of the Ninth Circuit's decision and amending in line with that decision.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (i) grant them leave to file the First Amended Complaint, *see* Ex. 1; (ii) allow the new Plaintiffs to proceed using pseudonyms; and (iii) extend the outstanding deadlines in the Scheduling Order by sixty days.

*       *       *

The undersigned certifies that this motion contains 2,341 words, in compliance with the Local Civil Rules.

PLS.' MOT. FOR LEAVE TO AMEND &
TO EXTEND CASE SCHEDULE – 8
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: April 7, 2026

Mevlüde Akay Alp*
Hussein Elbakri*
Kimberly Grano*
Ghita Schwarz*
Pedro Sepulveda*
**INTERNATIONAL REFUGEE
ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
makayalp@refugeerights.org
helbakri@refugeerights.org
kgrano@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Laurie Ball Cooper*
Megan McLaughlin Hauptman*
**INTERNATIONAL REFUGEE
ASSISTANCE PROJECT**
650 Massachusetts Avenue NW, Suite 600
Washington, D.C. 20001
Telephone: (516) 732-7116
Facsimile: (516) 324-2267
lballcooper@refugeerights.org
mhauptman@refugeerights.org

By: s/ *Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Christine E. Gibbs, WSBA No. 62949
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
ChristineGibbs@perkinscoie.com

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
EAston@perkinscoie.com

*Counsel for Plaintiffs*

* *Admitted pro hac vice*

PLS.' MOT. FOR LEAVE TO AMEND &
TO EXTEND CASE SCHEDULE – 9
(No. 2:25-cv-255-JNW)