THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; and LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,

*Defendants*.

Case No. 2:25-cv-255-JNW

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND TO EXTEND CASE SCHEDULE**

NOTE ON MOTION CALENDAR: APRIL 28, 2026

## INTRODUCTION

Defendants fail to rebut the strong presumption favoring amendment, resorting instead to mischaracterizations of Plaintiffs' First Amended Complaint ("FAC") and controlling law. Neither Defendants' unconvincing arguments nor their procedurally and substantively improper request to strike allegations from the FAC should carry the day.

PLS.' REPLY IN SUPP. OF MOT. FOR LEAVE TO AMEND & TO EXTEND CASE SCHEDULE – 1 (No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

In particular, Defendants' doubling down on their suspension of refugee processing and admissions does not warrant a separate lawsuit, which would prejudice Plaintiffs and the Class by denying them complete relief and prolonging their ongoing injuries. Defendants certainly never explain how judicial economy—the primary rationale for Rule 15—would be served by litigating related and overlapping claims *in a separate lawsuit*, or how doing so would avoid any prejudice to them as a practical matter. Defendants concede that Plaintiffs filed their motion "timely under the scheduling order," Dkt. 206 at 14, foreclosing any finding of undue delay or lack of diligence. Defendants' futility arguments misread the authorities they cite and confuse applicable legal standards. And their proposed indefinite stay of discovery undermines their opposition to the modest sixty-day extension proposed by Plaintiffs. For these reasons and those that follow, the Court should grant Plaintiffs' motion.[*]

## **ARGUMENT**

### I.    **Amendment is proper and Defendants fail to establish prejudice.**

Plaintiffs' new claims challenge Defendants' continuing actions postdating the operative complaint, easily satisfying the standard for supplementation. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988) (supplementation proper where "some relationship" exists between new matter and original action, not identical claims). Both the prior and new claims are brought by similarly situated individual Plaintiffs belonging to the same Class, against the same agency Defendants, contesting implementation of the same EO. The new claims in the FAC challenge Defendants' implementation of the case-by-case-exception provision that the Ninth Circuit credited in upholding the EO. *See Pacito v. Trump*, 169 F.4th 895, 921 (9th Cir. 2026). Those claims are inextricably linked to Plaintiffs' challenge to the agencies' processing suspension, which prevents almost all refugees from even being considered for exceptions. And Defendants' implementation

---

[*] Plaintiffs will concurrently file a praecipe correcting a minor typographical error in the FAC.

PLS.' REPLY IN SUPP. OF MOT. FOR LEAVE TO
AMEND & TO EXTEND CASE SCHEDULE – 2
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

of the FY 2026 PD and travel bans creates additional barriers to refugee processing and admission, which Plaintiffs must challenge to obtain complete relief.

Against these facts, Defendants' opposition cannot be credited. Their argument that the FAC will serve to "transform[]" this case rings decidedly hollow—Plaintiffs' new claims are clearly related to their old ones, and besides, Defendants cannot claim that *their own actions* create prejudice. Defendants also overstate the "significantly advanced stage" of this case. Dkt. 206 at 9. Beyond the certified administrative records, no discovery has yet been produced. Moreover, several of Plaintiffs' existing discovery requests relate to their new claims. *See* Dkts. 190, 191 (requesting documents and posing interrogatories related to case-by-case exceptions and FY 2026 PD). In contrast, the cases Defendants cite involved wholly distinct transactions between different parties. *See* Dkt. 206 at 8. Defendants' suggestion that class certification forecloses "new class claims," *id.* at 10 n.1, wholly ignores Rule 23(c)(1)(A) and (C), which require class certification ruling "[a]t an early practicable time" and permit modification "before final judgment." Indeed, courts routinely adjust certification to account for supplemental and amended pleadings. *See, e.g.*, *Lyon v. U.S. ICE*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). Defendants' demand that Plaintiffs dismiss dropped claims with prejudice has been squarely rejected by the Ninth Circuit, which has held that "it is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005). District courts in the Ninth Circuit have rejected similar requests accordingly. *See, e.g.*, *Stanton v. Cutter Honolulu Inc.*, No. 19-00239 JAO-WRP, 2019 WL 11553474, at *2–3 (D. Haw. Oct. 15, 2019).

Additionally, Defendants fail to acknowledge the significant prejudice Plaintiffs would suffer if their motion were denied. Plaintiffs would be required to file a duplicative lawsuit with additional expense and delay, resulting in two class actions brought by identical classes challenging related actions—neither of which would afford complete relief. "[T]he interests of judicial economy favor allowing [Plaintiffs to] raise these claims: Discovery has not started, the

PLS.' REPLY IN SUPP. OF MOT. FOR LEAVE TO
AMEND & TO EXTEND CASE SCHEDULE – 3
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

claims are related, and there is no reason to require the new claims to proceed in a separate lawsuit." *Saber Interactive Inc. v. Oovee, Ltd.*, No. 2:21-cv-01201-JHC, 2022 WL 5247190, at \*10 (W.D. Wash. Oct. 6, 2022).

**II.     Defendants fail to make a showing as to the remaining *Foman* factors.**

*Undue delay.* Defendants acknowledge that Plaintiffs' motion is "timely under the scheduling order," Dkt. 206 at 14, undermining any claims of undue delay under Rule 15 or lack of diligence under Rule 16. Moreover, and contrary to Defendants' insistence, Plaintiffs do *not* challenge the FY 2026 PD of September 30, 2025, or the admission of Afrikaners beginning in May 2025. Rather, they challenge the agencies' implementation of the PD to exclude statutorily designated refugees, the failure to provide any guidance related to the EO's case-by-case-exception provision, and the discriminatory and arbitrary implementation of that provision. These decisions were made as late as February 12, 2026. FAC ¶¶ 184–92. And Plaintiffs, who had initially raised Defendants' application of the travel bans to refugees as an issue of injunction compliance, filed their proposed supplementation within thirty-three days of the Ninth Circuit's decision—again reflecting diligence, not delay. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

*Futility.* Each of Defendants' futility arguments lacks merit. The Ninth Circuit upheld the EO in part because of the case-by-case-exception provision, *see Pacito*, 169 F.4th at 921, and Plaintiffs' new claims challenge the categorical closure of exceptions to all but one favored group (as well as the implementation of the FY 2026 PD). These new claims readily withstand Rule 12(b)(6)'s plausibility standard. *See Potter v. Eaton Corp.*, 9 F.3d 1553, 1553 (9th Cir. 1993).

As to Plaintiffs' first claim, the Ninth Circuit's preliminary holding that Plaintiffs were unlikely to succeed on their APA processing-suspension challenge is narrowly defined. The panel ruled only that the agencies were not obligated *to fund RSCs* in order to process refugees abroad; it did not find lawful a total suspension of processing for refugees in the pipeline. To the contrary, the decision assumed that some refugees would continue to be processed either "by the State

PLS.' REPLY IN SUPP. OF MOT. FOR LEAVE TO
AMEND & TO EXTEND CASE SCHEDULE – 4
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Department itself or through future agreements to provide more limited services." *Pacito*, 169 F.4th at 932. In any case, that holding is a prediction, not a merits adjudication, and findings at the preliminary-injunction stage "are not binding at trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012). A preliminary ruling is certainly not a Rule 12 dismissal and cannot support denial of leave to amend.

Defendants' general assertion that Plaintiffs' APA claims are unreviewable, *see* Dkt. 206 at 12, gets the law wrong and mischaracterizes the nature of the claims. Plaintiffs nowhere challenge the decision to admit any given refugee, and thus dicta from *Kucana v. Holder*, 558 U.S. 233, 248 (2010), is inapposite. Instead, Plaintiffs' third claim challenges Defendants' failure to create or publish guidance related to case-by-case exceptions and their policy to deny access to almost all refugees except for Afrikaners. FAC ¶¶ 149–51, 175–77, 394–401. The APA's *reviewability bar* for action committed to agency discretion must be read narrowly, not the Court's authority to set aside agency action, as Defendants mistakenly assert. *See* Dkt. 206 at 12 (citing *Pacito*, 169 F.4th at 930).

As for Plaintiffs' claims challenging the FY 2026 PD, it is well established that final agency action implementing executive orders is reviewable under the APA. *See, e.g.*, *State v. Su*, 121 F.4th 1, 15 (9th Cir. 2024). Defendants' argument that Plaintiffs' challenge to *implementation* of the FY 2026 PD is actually a challenge to the PD itself ignores the independent decisions made by the implementing agencies. The PD directs that admissions be "primarily" (not exclusively) allocated to Afrikaners "*and other victims of illegal or unjust discrimination in their respective homelands.*" 90 Fed. Reg. 49,005 (emphasis added). Meanwhile—and contrary to Defendants' assertion, *see* Dkt. 206 at 13—the agency Defendants are statutorily obligated to process certain categories of refugees and lack authority to independently suspend their processing and admission. *See, e.g.*, Refugee Crisis in Iraq Act of 2007, Pub. L. No. 110-181, §§ 1242(a), 1243(a), 122 Stat. 3, 395 (2008) (State Department and DHS "*shall* establish … refugee processing mechanisms in Iraq" and "[r]efugees of special humanitarian concern … who may apply directly to the [USRAP] *shall*

PLS.' REPLY IN SUPP. OF MOT. FOR LEAVE TO
AMEND & TO EXTEND CASE SCHEDULE – 5
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

include" certain Iraqi refugees (emphasis added)); *see also* FAC ¶¶ 60–61. And while the Ninth Circuit held that FTJ beneficiaries are subject to entry restrictions by the President under 8 U.S.C. § 1182(f), federal agencies lack authority to impose independent restrictions on their admission. *See* 8 U.S.C. § 1157(c)(2)(A). Yet the agency Defendants have unlawfully prevented processing and admission of FTJ beneficiaries and Iraqi DAP refugees through their implementation of the PD and categorically barred them from seeking exceptions to the EO. *See* FAC ¶¶ 53–62, 193, 195. Agency action that is contrary to law is reviewable under the APA. Additionally, Defendants' speculation that claims related to the FY 2026 PD might become moot in the future is not a basis for futility, and Plaintiffs have accounted for future PDs by requesting that Defendants be enjoined from implementing them in the same unlawful manner. *See* FAC at 84.

Finally, Defendants' argument that Plaintiffs lack standing to challenge the application of the travel bans to refugees ignores that vacatur of this policy is necessary to remove an additional impediment to the entry of refugees from travel-ban-designated countries. Even if Plaintiffs prevail on their third claim, the bans would foreclose admission of any travel-ban-affected Plaintiffs under a potential case-by-case exception—requiring Plaintiffs to challenge application of the bans at this time and establishing their standing to do so.

**III.    A sixty-day extension of the Scheduling Order is the efficient course.**

Defendants' opposition to a sixty-day extension of the Scheduling Order is fatally undermined by their proposal of an *indefinite* stay and halt to all discovery. Dkt. 206 at 14–16. At any rate, if the Court grants leave to amend, a sixty-day extension is sufficient for Defendants to respond to the FAC and for the parties to conduct discovery on all claims, which overlaps substantially with the discovery already propounded by Plaintiffs. Given that the discovery contours are clear—and that Defendants have yet to produce any responsive materials to outstanding discovery requests—discovery should proceed even if Defendants move to dismiss rather than answer. A sixty-day extension affords time for the parties to meet and confer while encouraging diligence in moving this case forward.

PLS.' REPLY IN SUPP. OF MOT. FOR LEAVE TO
AMEND & TO EXTEND CASE SCHEDULE – 6
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**IV.    Defendants' request to strike is procedurally and substantively defective.**

Lastly, Defendants' request to strike certain paragraphs of the FAC is procedurally improper in an opposition brief. *See Wang v. United Healthcare of Wash., Inc.*, No. 2:23-cv-01434-LK, 2025 WL 593094, at *4 n.1 (W.D. Wash. Feb. 24, 2025) (refusing to consider similar request because "requests for affirmative relief must be made in a motion, not in the response" (citation modified)). Setting aside this procedural impropriety, Defendants do not even attempt to satisfy Rule 12(f), nor could they. Rule 12(f) permits the striking of "any redundant, immaterial, impertinent, or scandalous matter." Defendants, however, object to allegations that are directly relevant to Plaintiffs' claims. Recognizing this, Defendants instead suggest that the information they seek to strike is covered by the parties' Stipulated Protective Order ("PO"). But the PO applies only to information designated as confidential "at the time of its production in discovery in the action, or thereafter." Dkt. 196 § 2.1. The PO is thus inapplicable because Plaintiffs' allegations are *not* derived from information produced by Defendants in discovery. Even if they were, the proper course would be to redact or seal, not to strike. *See id.* §§ 4.4, 6.2.

"The First Amendment secures a right of timely access to publicly available civil complaints," *Courthouse News Serv. v. Planet*, 947 F.3d 581, 600 (9th Cir. 2020), and the public certainly has an interest in allegations concerning the federal government's implementation of a nationally significant policy. This interest outweighs any speculative interest in concealment, and the Court should not entertain Defendants' improper request.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion and deny Defendants' improper request to strike.

*        *        *

The undersigned certifies that this reply contains 2,091 words, in compliance with the Local Civil Rules.

PLS.' REPLY IN SUPP. OF MOT. FOR LEAVE TO
AMEND & TO EXTEND CASE SCHEDULE – 7
(No. 2:25-cv-255-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: April 28, 2026

By: _s/ Harry H. Schneider, Jr._

Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Christine E. Gibbs, WSBA No. 62949
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
JHawley@perkinscoie.com
ChristineGibbs@perkinscoie.com

Mevlüde Akay Alp*
Hussein Elbakri*
Kimberly Grano*
Ghita Schwarz*
Pedro Sepulveda*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
makayalp@refugeerights.org
helbakri@refugeerights.org
kgrano@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

John M. Devaney*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
JDevaney@perkinscoie.com

Laurie Ball Cooper*
Megan McLaughlin Hauptman*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Avenue NW, Suite 600
Washington, D.C. 20001
Telephone: (516) 732-7116
Facsimile: (516) 324-2267
lballcooper@refugeerights.org
mhauptman@refugeerights.org

Joel W. Nomkin*
**PERKINS COIE LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
JNomkin@perkinscoie.com

Esmé L. Aston, WSBA No. 62545
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

_Counsel for Plaintiffs_

_* Admitted pro hac vice_

PLS.' REPLY IN SUPP. OF MOT. FOR LEAVE TO
AMEND & TO EXTEND CASE SCHEDULE – 8
(No. 2:25-cv-255-JNW)