UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC., and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>Defendants. | CASE NO. 2:25-cv-255-JNW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |

## 1.  INTRODUCTION

Defendants move for a protective order relieving them of any obligation to respond to Plaintiffs' discovery requests, propounded on January 26, 2026. Dkt. No.

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 1

188. Defendants ask for more than relief from a handful of requests—they ask the Court to order that "factual development beyond the [certified administrative records] is not required in this case" because, Defendants say, discovery "is not available in an Administrative Procedure Act ('APA') case." Dkt. No. 188 at 2, 7.

That premise sweeps too broadly. Even the decision Defendants lead with rejects bright-line rules in this area, explaining that "[m]ost courts decline to draw a bright line or categorical rule and instead examine the particular facts of the claims involved and the discovery requested." *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 896 (N.D. Cal. 2020). Plaintiffs bear the burden of showing that extra-record discovery is warranted, and they have carried it.

Having reviewed the motion, the response, the reply, the relevant record, and all supporting materials, the Court DENIES the motion.

## 2.  DISCUSSION

A court may, for good cause, issue an order protecting a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Plaintiffs' requests are modest—three interrogatories and nine requests for production. Dkt. Nos. 190 at 6; 191 at 8–12. Defendants do not complain about the number of requests, though. They argue that they need not answer *any* requests because this is an APA case, in which factual development is confined to the certified administrative record ("CAR"), and because Plaintiffs' constitutional and statutory claims overlap with their APA claims, and so offer "no independent basis

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 2

for extra-record discovery" exists. Dkt. No. 188 at 3. The Court disagrees on both counts.[1]

## 2.1    Discovery of extra-record evidence is warranted in this matter under the "relevant factors" exception.

Courts reviewing agency action are generally limited to the administrative record. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.") (internal quotation marks omitted). But the Ninth Circuit has "crafted narrow exceptions to this general rule," exceptions that "operate to identify and plug holes in the administrative record." *Lands Council v. Forester of Region One of the U.S. Forest Serv.*, 395 F.3d 1019, 1030 (9th Cir. 2005). District courts may consider extra-record evidence: "(1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Id.* (quoting *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). "These exceptions are 'narrowly construed' and the party seeking to engage in extra-record discovery bears the burden of establishing that one or more such exception applies.

---

[1] The Court notes that after Defendants moved for a protective order and the parties briefed the issue, the Court granted Plaintiffs' motion for leave to amend and Plaintiffs filed an Amended Complaint. The Court cites the Amended Complaint as it is the operative pleading in this case.

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 3

*Familias Unidas por la Justicia, AFL-CIO v. U.S. Dep't of Lab.*, No. 2:24-CV-00637-JHC, 2024 WL 4858287, at *2 (W.D. Wash. Nov. 21, 2024). In addition, a court's "decision to permit limited extra-record discovery does not mean that all evidence gathered from that discovery will be admissible when evaluating the merits of [Plaintiffs'] claims." *Zirkle Fruit Co. v. U.S. Dep't of Lab.*, No. 1:19-CV-03180-SMJ, 2020 WL 1917343, at *4 (E.D. Wash. Jan. 27, 2020). And when extra-record evidence would be admissible under one of these exceptions, discovery of extra-record material follows. *Nat'l TPS All. v. Noem*, No. 25-cv-01766-EMC, 2025 WL 1276229, at *2 (N.D. Cal. May 2, 2025).

Plaintiffs contend they are entitled to discovery under the first exception—the "relevant factors" exception.[2] Dkt. No. 193 at 9–11. The Ninth Circuit cautions district courts to only use extra-record evidence "to develop a background against which it can evaluate the integrity of the agency's analysis"—district courts are not authorized to "to judge the wisdom of the agency's action." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014).

Plaintiffs challenge Defendants' implementation of Executive Order 14163 (the "Refugee Ban EO"), which suspends entry for all refugees under the United States Refugee Admissions Program ("USRAP"), except on a case-by-case basis. Dkt. No. 211 ¶ 1. They allege Defendants went beyond the EO by halting all refugee case processing rather than just decisions and admissions, and that the agencies

---

[2] Plaintiffs also argue for extra-record discovery under the second exception—the agency has relied on documents not in the record. Dkt. No. 193 at 10. Because the Court finds that the first exception applies, it does not evaluate whether the second exception also applies.

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 4

then declined to build any system for the case-by-case exceptions the EO contemplates. Dkt. No. 211 ¶ 399. What the agencies weighed in making those choices lies at the heart of Plaintiffs' arbitrary-and-capricious claim. Yet the CARs say nothing about it; the guidance and communications bearing on how the agencies have carried out the EO are absent. Dkt. No. 193 at 7. Where, as here, there are no contemporaneous administrative findings on the point, consideration of extra-record evidence may be "the only way there can be effective judicial review." *Wagafe v. Biden*, 764 F. Supp. 3d 980, 1006 (W.D. Wash. 2025) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

The presumption that a CAR is complete gives way when a party "identif[ies] the allegedly omitted materials with sufficient specificity and identif[ies] reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Oceana, Inc. v. Pritzker*, No. 16-cv-06784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (citation modified). Plaintiffs point to two omissions. The DHS record runs 10 pages and holds two documents, one of them a one-page, undated email from a USCIS division chief telling staff to stop deciding refugee applications and advising that more information would follow. Dkt. Nos. 178-2 at 16; 193 at 11. The promised follow-up appears nowhere, and a record that announces its own sequel and then omits it is not complete. Records of the decision to cancel already-booked refugee travel before the EO took effect were likewise missing altogether until Plaintiffs objected. Dkt. Nos. 176 at 6; 183-2. That sequence supports a reasonable inference that more is missing. *See Grill v. Quinn*, No. CIV S-10-0757 GEB GGH PS, 2012

WL 174873, at *4 (E.D. Cal. Jan. 20, 2012). Defendants answer that the CARs and a declaration filed with their opposition to preliminary injunctive relief already show what the agencies considered. Dkt. Nos. 188 at 5; 194 at 6–7. But a declaration prepared for litigation is not a contemporaneous administrative finding, and Defendants identify nothing in the CARs addressing the ongoing implementation Plaintiffs ask about.

## 2.2    Plaintiffs are entitled to discovery on their non-APA claims.

Where a plaintiff's APA and constitutional claims "fundamentally overlap" district courts have found discovery unnecessary. *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 897 (N.D. Cal. 2020) (collecting cases). But where "a constitutional claim . . . exists outside of the APA, then the APA's administrative record does not govern the availability of discovery." *Id.* The scope of discovery is, therefore, dependent upon the "'particular facts of the claims involved[,] and the discovery requested.'" *Olsen v. Becerra*, No. 2:21-cv-00326-SMJ, 2022 WL 4596664, at *1 (E.D. Wash. Aug. 11, 2022) (quoting *California*, 612 F. Supp. 3d at 896).

Plaintiffs argue they are entitled to discovery on their claims that Defendants violated the Refugee Act and the Fifth Amendment's equal-protection guarantee by adopting policies that make all refugees except white Afrikaners and other non-Black South African minorities per se ineligible both for admission and for case-by-

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 6

case exceptions.[3] Dkt. No. 193 at 5*; see also* Dkt. No. 211 ¶¶ 406–416, 420–423. This claim doesn't fundamentally overlap with Plaintiffs' APA claims. It turns on what motivated the policies, not on whether the agencies explained them—and the CARs, which document the agencies' implementation of the EO, shed no light on motive. *Cf. California*, 612 F. Supp. 3d at 897–98 (allowing discovery where allegations of racial and ethnic animus "are different than plaintiffs' APA allegations" and the record "sheds no light on actions taken by senior administration officials").

Specifically, Plaintiffs argue that discovery about how Defendants are applying the case-by-case exception and implementing President Trump's 2026 refugee cap is absent from the certified administrative record. Dkt. No. 193 at 6–7. The same is true of "follow-to-join" refugees. The CARs do not show how many have been admitted since the EO issued, and that number bears on Plaintiffs' claim that Defendants suspended a nondiscretionary statutory duty. Dkt. No. 211 ¶ 414. The Court agrees these documents are "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Defendants argue that Plaintiffs' Refugee Act and Fifth Amendment claims are questions of law, and thus, fact discovery is unnecessary. Dkt. No. 188 at 6. But whether the challenged policies were motivated by animus is a question of fact. The scope of the suspension is a question of fact too—Plaintiffs allege that USCIS halted

---

[3] One of Plaintiffs' arguments is that, because they sue President Trump and he is not subject to the APA, they need discovery about the President's issuance of the Refugee Ban EO outside the agencies' implementation. Dkt. No. 193 at 6. But in their Amended Complaint, Plaintiffs do not sue President Trump, so their argument is now moot.

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 7

processing of all pending refugee applications, and Defendants deny it. Dkt. Nos. 56 ¶ 6; 156 ¶ 6. Defendants' argument does not alter the Court's analysis.

### 3.  CONCLUSION

Accordingly, the Court DENIES Defendants' motion for a protective order relieving them of any obligation to respond to Plaintiffs' discovery requests, propounded on January 26, 2026.

Dated this 4th day of August, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 8