District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

MARCO RUBIO, in his official capacity as Secretary of State; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR, in his official capacity as Secretary of Health and Human Services,

*Defendants*.

CASE NO. 2:25-cv-00255

[OPPOSED] MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY UNTIL DEFENDANTS ANSWER THE FIRST AMENDED COMPLAINT

NOTE ON MOTION CALENDAR: SEPTEMBER 4, 2026



U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 26(c)(1), Defendants respectfully submit this motion to stay extra-record discovery until (i) the Court rules on Defendants' pending motion to dismiss and (ii) Defendants answer the first amended complaint ("FAC") (assuming any claims survive dismissal). Defendants acknowledge that the Court denied their prior motion for protective order and ordered that some extra-record discovery is permissible in this case. Plaintiffs, however, now demand that the parties proceed with discovery—including meeting and conferring on prior discovery requests and responding to a new set of requests—before the Court has ruled on the motion to dismiss and before Defendants have answered the FAC and produced the certified administrative records ("CARs") on the operative claims. Plaintiffs do so even though their first set of discovery requests are out of date given that they preceded both the Ninth Circuit's ruling and the FAC's dramatic alteration of this case.

Plaintiffs' demand is premature: The pending motion to dismiss could narrow the claims in this case, making some or all discovery production—which would be burdensome and costly for Defendants—unnecessary. And the documents in the CARs may address many of the discovery requests and the answer may narrow the factual disputes. The Court should therefore stay discovery until Defendants have answered the FAC and produced the CARs on Plaintiffs' new claims (assuming any survive), which necessarily would occur fourteen days after the Court rules on the motion to dismiss.

**RELEVANT BACKGROUND**

Plaintiffs propounded their first set of discovery requests on January 26. Dkt. Nos. 190, 191. At that time, the case had already passed the pleadings stage—Defendants' motion to dismiss the original complaint had been denied, Dkt. No. 149, Defendants had answered the original complaint, Dkt. No. 155, and Defendants had filed CARs concerning Plaintiffs' original claims, Dkt. Nos. 152, 153, 154. Plaintiffs' first set of discovery requests pertained to the claims they asserted in their then-operative first supplemental complaint, Dkt. No. 56, although Defendants' posit that some requests were outside the scope of those claims, *see* Exhibit A (Defendants' responses to Plaintiffs' first set of requests). Defendants then moved for relief from all extra-record discovery on the grounds that extra-record discovery is inappropriate because this is an Administrative Procedure Act ("APA") case and Plaintiffs' constitutional claim overlaps with their APA claims. Dkt. No. 188. On February 25, Defendants served Plaintiffs with Defendants' responses—consisting of objections only—to Plaintiffs' first set of discovery requests via email. *See* Exhibit A. Among other reasons, Defendants' objections included relevance, burden, and privilege. *See, e.g.*, Exhibit A at 15-16.

While the protective order motion was pending, the Ninth Circuit issued its decision reversing in part this Court's preliminary injunctions. *See* Dkt. No. 198. In response to the Circuit's decision, Plaintiffs moved for leave to amend their complaint, Dkt. No. 204, which the Court granted, Dkt. No. 210. In the FAC, Plaintiffs re-asserted two claims from the prior complaint but added eight new claims. *See* Dkt. No. 211. Defendants then moved

to dismiss all ten claims in the FAC, *see* Dkt. No. 212, and the motion to dismiss became fully briefed on August 11, *see* Dkt. No. 220.

Meanwhile, the parties stipulated to a modified case schedule so that, in the event any claims survive the motion to dismiss, discovery may proceed on a workable course. *See* Dkt. No. 215. The stipulation, which the Court granted, contemplates discovery deadlines beginning "from either the date the Court rules on Defendants' pending motion for protective order … *or* the date Defendants answer the FAC, *whichever occurs later*." Dkt. No. 218 at 6 (emphasis added). The Parties also flagged for the Court that they disagreed over whether, should the protective order motion be denied while the motion to dismiss is pending, discovery should be stayed pending resolution of the motion to dismiss:

> The Parties disagree whether proceeding with discovery during the pendency of Defendants' motion to dismiss is appropriate. Plaintiffs believe discovery (both new requests related to the FAC and their initial requests if the Court denies Defendants' pending motion for protective order) should proceed notwithstanding the motion to dismiss, while Defendants maintain discovery should be stayed until the motion to dismiss is resolved. The Court need not address this issue now, as the modified schedule proposed here is workable under either scenario. And Defendants can later seek relief if and when Plaintiffs propound new or existing discovery requests before the Court rules on the motion to dismiss.

Dkt. No. 215 at 3 n.*. As the stipulation shows, the parties agreed that Defendants can seek relief from responding to old and/or new discovery requests should that scenario occur. *Id.*

That scenario has now occurred. On August 4, the Court denied Defendants' protective order motion and ordered that extra-record discovery is permissible in this case, Dkt. No. 219, but the motion to dismiss is still pending. Plaintiffs then served Defendants

with a Rule 26(c) letter stating that Defendants now owe them documents that are responsive to the January 26 discovery requests. *See* Exhibit B (Plaintiffs' letter). Plaintiffs also propounded a second set of requests for production concerning the eight new claims they assert in the FAC. *See* Exhibit C (Plaintiffs' second set of requests for production). Plaintiffs stated in their Rule 26 letter that they would move to compel if Defendants do not agree to begin producing documents and answers responsive to their first set of discovery requests. *See* Exhibit B. And absent relief, Defendants must respond to Plaintiffs' second set of requests within 30 days of service, *see* Fed. R. Civ. P. 34(b), which here is September 9, *see* Exhibit C (served on August 10).

## ARGUMENT

The Court should stay discovery until (i) it rules on Defendants' pending motion to dismiss and (ii) Defendants answer the FAC (assuming any claims remain). This traditional procedural approach allows Defendants to first provide CARs on the operative claims and avoids imposing burdensome and potentially needless discovery obligations on Defendants relating to claims that may ultimately be dismissed.

Rule 26(c)(1) "permits a district court to stay discovery if it presents 'an unnecessary burden and expense [to the moving party] before threshold, dispositive issues … [are] resolved.'" *In re Amazon Video Litigation*, No. 25-cv-186-BJR, 2025 WL 254546, at *1 (W.D. Wash. Jan. 21, 2025) (quoting *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019)). The Ninth Circuit has observed that staying discovery pending a potentially dispositive motion to dismiss makes sense because "[t]he purpose of [Rule] 12(b)(6) is to

enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Indeed, the Supreme Court has stated that if a plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *see Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (explaining that Rule 12(b)(6)'s purpose is to "streamline[] litigation by dispensing with needless discovery and factfinding"). Thus, "[i]t is sound[] practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman*, 829 F.2d at 738; *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[A] motion to dismiss based on failure to state a claim for relief … should … be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." (footnote omitted)).

"District courts have broad discretion in determining whether to allow a stay of discovery pending resolution of potentially dispositive motions." *In re Amazon*, 2025 WL 254546, at *1 (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)). While courts in this district have not consistently applied the same test to determine whether to stay discovery pending a motion to dismiss, some courts apply a two-part test: (1) "the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed"; and (2) "the court must determine if the pending dispositive motion can be decided without additional discovery." *Id.* at *1; *see Travelers Prop. Cas. Co. of*

*Am. v. H.D. Fowler Co.*, No. 19-cv-1050-JCC, 2020 WL 83288, at *1 (W.D. Wash. Feb. 20, 2020). Other courts have considered additional factors, such as: (3) "the possible damage which may result from the granting of a stay"; (4) "the hardship or inequity which a party may suffer in being required to go forward"; and (5) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Taylor v. Zillow, Inc.*, No. 25-cv-1818-JLR, 2026 WL 799704, at *1 (W.D. Wash. Mar. 23, 2026) (cleaned up) (citation omitted); *see HUB Int'l Nw LLC v. Larson*, No. 22-cv-1418-TL, 2023 WL 2527150, at *3 (W.D. Wash. Mar. 15, 2023). Here, a stay is warranted no matter how many factors the Court considers.

### A. Defendants' motion to dismiss is potentially dispositive of the entire case, and discovery is not needed to resolve the motion.

Defendants moved to dismiss all Plaintiffs' claims: Claim One because the Ninth Circuit already rejected that claim; Claims Three through Ten for failure to state a claim and lack of redressability; and Claim Two as moot. Dkt. Nos. 212, 220. Defendants' motion may therefore obviate the need for discovery entirely. *See In re Amazon*, 2025 WL 254546, at *2 ("The pending Motion to Dismiss is one that is 'potentially dispositive of the entire case,' and neither party suggests any additional discovery is needed for its resolution.").

Further, no discovery is needed to resolve Defendants' motion because it raises purely legal arguments. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) ("[D]iscovery at the pleadings stage is only appropriate where factual issues are raised by a 12(b) motion."). Defendants' 12(b)(6) arguments assume the truth of Plaintiffs'



U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044

allegations, so fact discovery is unnecessary. *See Taylor*, 2026 WL 799704, at *2 ("[B]ecause the pending motions are motions to dismiss, they will be necessarily decided without additional discovery, as the [c]ourt is required to accept the complaint as true." (citation omitted)); *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, No. 23-cv-1772-TL, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024) (same). And Defendants' 12(b)(1) arguments—redressability and mootness—can be resolved by simply comparing the harms alleged to the relief requested, *see* Dkt. No. 212 at 8-11, and by looking at judicially noticeable public-facing information and data, *see id.* at 12-13.[1]

These factors thus strongly militate in favor of staying discovery. *See In re Amazon*, 2025 WL 254546, at *2; *Travelers Prop. Cas. Co.*, 2020 WL 832888, at *2; *Noland v. Organo Gold Int'l, Inc.*, No. 18-cv-1275-JAD, 2019 WL 1779568, at *2 (W.D. Wash. Apr. 23, 2019).

**B. Allowing discovery to proceed will impose hardship and inequity on Defendants, while staying discovery will not harm Plaintiffs.**

Allowing discovery to go forward before Defendants' motion to dismiss is resolved and the pleadings are set would result in Defendants expending limited resources producing burdensome discovery on claims that may ultimately not survive dismissal. *See In re Amazon*, 2025 WL 254546, at *2 ("[A] short stay may preserve the parties' resources in

---

[1] Further, Plaintiffs have not yet sought discovery on their funding claim (Claim Two), so examining whether discovery should be allowed to immediately go forward on that claim is not necessary for the resolution of this stay motion.

the event the Motion to Dismiss is granted."); *Taylor*, 2026 WL 799704, at *2 ("Proceeding with discovery may result in Defendants incurring costs related to claims or parties that are eventually dismissed."); *see also City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) ("[Rule 12(b)(6)] is designed to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery, the cost of which can be prohibitive." (citation omitted)). Defendants would also suffer the harm and inequity of being unable to "undisclose" their disclosure of sensitive documents on claims even if those claims are dismissed. *Cf. In re Accent Delight Int'l Ltd.*, No. 16-cv-125, 2018 WL 7473109, at *1 (S.D.N.Y. June 27, 2018) (finding a stay pending appeal warranted "to maintain the status quo" because "the proverbial bell cannot be unrung once Sotheby's discloses the information at issue").

Plaintiffs, meanwhile, would not be harmed by waiting until the Court determines if any of their claims survive dismissal. Nor would it be unfair for Plaintiffs to have to establish that their claims are plausible—as required under Rule 8, *see Iqbal*, 556 U.S. at 686—before getting to seek discovery. The case schedule gives Plaintiffs ample time to seek discovery after Defendants answer any surviving claims in the FAC and produce the CARs; the schedule provides that discovery deadlines begin "from either the date the Court rules on Defendants' pending motion for protective order … *or* the date Defendants answer the FAC, *whichever occurs later*." Dkt. No. 218 at 6 (emphasis added). Thus, Plaintiffs' ability to seek discovery will not be undermined by waiting for the Court to resolve the motion to dismiss. *See In re Google Digit. Advert. Antitrust Litig.*, No. 20-cv-3556, 2020

WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020) ("This limited stay of discovery [of several months] does not unduly prejudice Plaintiffs and allows the parties to commence discovery with a better understanding of which claims, if any, they must answer.").

Thus, these factors also militate in favor of a stay.

**C. Staying discovery promotes the orderly course of justice.**

In this context, the "orderly course of justice," or judicial efficiency, is "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Taylor*, 2026 WL 799704, at *1 (cleaned up) (citation omitted). A stay here would promote judicial efficiency because Defendants' motion to dismiss may significantly narrow, if not wholly dispose of, the issues. Indeed, "even if the motion does not result in complete dismissal of all claims, the issues are more likely to be simplified than complicated, and the Parties will have a greater understanding of the claims as they engage in discovery." *Subspace Omega*, 2024 WL 4451404, at *2; *see In re Graphics Processing Units Antitrust Litig.*, No. 06-cv-7417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) ("[A]djudicating the motions to dismiss will shed light on the best course for discovery.").

Likewise, waiting for Defendants to answer the FAC and produce the CARs, which necessarily will happen fourteen days after the Court rules on Defendants' motion to dismiss (assuming any claims survive), may further simplify the issues and promote judicial efficiency.

Accordingly, this factor also militates in favor of a stay.

**CONCLUSION**

The Court should stay discovery until (i) it rules on Defendants' pending motion to dismiss and (ii) Defendants answer the FAC (assuming any claims remain).

* * *

I certify that this brief contains 2,474 words, in compliance with Local Civil Rule 7(e)(2)'s 4,200-word limit.

Dated: August 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANTHONY P. NICASTRO
Director

AUGUST E. FLENTJE
Deputy Director

CARA E. ALSTERBERG
Assistant Director

*/s/ Joseph McCarter*
JOSEPH MCCARTER
JASON ZUBATA
TIA HOCKENBERRY
Trial Attorneys
U.S. Dept. of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 746-8537
Email: Joseph.A.McCarter@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATION OF MEET & CONFER**

Pursuant to LCR 26(c)(1), I certify that, on August 21, 2026, Defendants met and conferred with Plaintiffs via video conference in a good faith effort to resolve this dispute without court action. The parties were unable to resolve this dispute, and Plaintiffs' counsel informed the undersigned that Plaintiffs oppose this motion. Participants in the video conference included: Defendants' counsel, Joseph McCarter, Cara Alsterberg, and Tia Hockenberry; and Plaintiffs' counsel, Mevlüde Akay Alp, Ghita Schwarz, John Devaney, and Jonathan Hawley.

*/s/ Joseph McCarter*
JOSEPH MCCARTER
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I certify that, on August 21, 2026, I caused a copy of this filing to be served on attorneys for Plaintiffs via the ECF system.

*/s/ Joseph McCarter*
JOSEPH MCCARTER
Attorney for Defendants