# EXHIBIT B

ASHURST PERKINS COIE

Ashurst Perkins Coie US LLP
1301 Second Avenue
Suite 4200
Seattle, WA 98101-3804

T. +1.206.359.8000
F. +1.206.359.9000
ashurstperkinscoie.com

August 10, 2026

Jonathan Hawley
jonathan.hawley@ashurstperkins.com
D. +1.206.359.6469
F. +1.206.359.9000

**VIA EMAIL**

August Flentje
Joseph McCarter
Jason Zubata
Tia Hockenberry
Ilana Kramer
Benjamin Moss
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

**Re: *Pacito v. Rubio*, No. 2:25-cv-00255-JNW (W.D. Wash.)— Outstanding Discovery Requests**

Dear Counsel:

We write concerning Defendants' February 25, 2026, Responses and Objections to Plaintiffs' First Requests for Production ("RFPs") and First Interrogatories, both served January 26, 2026. Two developments since those objections require Defendants to respond on the merits.

*First*, the Court has denied Defendants' motion for a protective order (Dkt. 188) and motion to stay the scheduling order (Dkt. 159). *See* Dkt. 219. Defendants' threshold objections—that discovery "is not appropriate in this record-review case" and that factual development is limited to the Certified Administrative Records—have been rejected. Discovery is proceeding and Plaintiffs request that Defendants quickly respond to the discovery requests that have been outstanding for over seven months.

Even aside from the Court's denial of the protective order, several of Plaintiffs' operative claims cannot be litigated on the administrative record alone. For example, the Eighth Claim alleges that Defendants acted with discriminatory intent and animus based on race, ethnicity, and national origin, Dkt. 211 ("FAC") ¶¶ 420–23, and the indicia of intent it identifies is the kind of evidence ordinarily developed through extra-record discovery.

*Second*, on June 16, 2026, Plaintiffs filed their First Amended Complaint ("FAC"). Several of Defendants' earlier discovery objections have been mooted by the filing of the FAC. In particular, the relevance objections to RFP Nos. 2, 3, and 4 and Interrogatory No. 2 rest on the assertion that "Plaintiffs make no claim that any failure to establish an exceptions process or provide information on a process is a violation of law." The FAC's Third Claim alleges precisely that failure: that Defendants "failed to adopt or publicize eligibility standards for adjudicating case-by-case exceptions and have failed to adopt or promulgate procedures or guidance." *Id.* ¶ 398. Consistent with the FAC, Plaintiffs are not seeking discovery directed at the claims they have dismissed without prejudice, such as the overseas-funding claim. We trust that these developments will greatly simplify the course of discovery.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions.

Please confirm in writing by August 14, 2026, whether Defendants will produce documents responsive to Plaintiffs' RFPs and answer the outstanding Interrogatories in all other respects. To the extent Defendants believe any clarification or further discussion would be fruitful, please provide your availability for a meet-and-confer during the week of August 17. To the extent Defendants withhold any responsive documents on the basis of privilege, please also inform us by August 14 when Defendants will provide a log compliant with Federal Rule of Civil Procedure 26(b)(5)(A). If Defendants will not produce documents or substantively answer the Interrogatories as narrowed, Plaintiffs will move to compel.

We remain available to discuss any of these issues and would welcome a productive conference.

Sincerely,

Jonathan Hawley