THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO et al.,<br>*Plaintiffs*,<br>v.<br>MARCO RUBIO, in his official capacity as Secretary of State, et al.,<br>*Defendants*. | Case No. 2:25-cv-255-JNW<br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**<br>NOTE ON MOTION CALENDAR: SEPTEMBER 4, 2026 |



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**


INTRODUCTION ........ 1

BACKGROUND ........ 2

I. The Court set discovery deadlines a year ago and Plaintiffs first sought discovery seven months ago. ........ 2

II. The Court denied Defendants' prior motion for a protective order. ........ 3

III. Defendants responded by asking Plaintiffs to start over. ........ 3

IV. The parties agreed to an extended schedule to accommodate the pending motions. ........ 4

ARGUMENT ........ 4

I. Defendants' motion is an untimely and deficient request for reconsideration. ........ 4

II. Defendants fail to make the particularized showing Rule 26(c) requires. ........ 5

III. Factors considered in this district weigh against a stay. ........ 6

A. Defendants' motion to dismiss is unlikely to dispose of the entire case or the issues to which discovery is directed. ........ 7

B. A stay would cause substantial and compounding harm to Plaintiffs. ........ 9

C. Defendants face no hardship or inequity from meeting obligations that matured in February. ........ 10

D. A stay would complicate this litigation rather than simplify it. ........ 11

CONCLUSION ........ 12




**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# INTRODUCTION

On August 4, 2026—less than four weeks ago—this Court roundly rejected Defendants' request for a protective order relieving them of their obligations to respond to Plaintiffs' discovery requests, concluding that Plaintiffs' requests were relevant and proportionate to the case. *See* Dkt. 219. Nothing in the case posture has changed since then, and Plaintiffs' discovery requests have now been pending for *seven months*. And yet once again, Defendants boldly ask the Court to issue a protective order. The Court should reject Defendants' improper demand to reconsider its prior decision and deny the instant motion for at least three reasons.

*First*, Defendants' motion is an untimely request for reconsideration. *See* Local Rules W.D. Wash. LCR 7(h)(2). The pending motion seeks the same relief the Court already denied Defendants on the same record, and its principal justification—that Defendants' motion to dismiss remains pending—was plainly apparent to the Court when it denied the request for a protective order the first time around.

*Second*, Defendants have failed to make the particularized showing of good cause that Federal Rule of Civil Procedure 26(c) demands. They submit no declaration from any agency, identify no custodian, estimate no volume, describe no search, and quantify no cost. Instead, Defendants repeat the refrain that discovery would be "burdensome." Such bare assertions are insufficient to satisfy Rule 26.

*Third*, the factors governing a stay of discovery weigh against Defendants: Their motion to dismiss is unlikely to dispose of any claim, let alone the entire case; a stay would compound ongoing harms to Plaintiffs and the certified class; Defendants face no hardship from complying with obligations that matured in February; and, far from simplifying this litigation, a stay would needlessly defer inevitable discovery.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## BACKGROUND

### I. The Court set discovery deadlines a year ago and Plaintiffs first sought discovery seven months ago.

On August 15, 2025, the Court issued an order setting discovery deadlines in this case. Dkt. 157. Within weeks, on September 2, Defendants moved to stay all discovery pending the Ninth Circuit's decision on the preliminary injunctions. Dkt. 159. On October 2, with their first stay motion still pending, Defendants again moved to stay discovery in light of a lapse in appropriations. Dkt. 166. On December 9, the Court denied Defendants' motion to stay discovery, rejecting the government's "vague" assertions of harm and determining that a stay would hinder "the orderly course of justice" where "the pace of this litigation has already been slower than the circumstances demand." Dkt. 177 at 4–5.

On January 26, 2026, Plaintiffs served nine requests for production ("RFPs") and three interrogatories (collectively, the "First Requests"). Dkt. 218 at 2. Three weeks later, Defendants moved for a protective order relieving them of any obligation to respond. Dkt. 188. On February 25, Defendants served responses consisting solely of objections. Dkt. 221-1. Those objections rested primarily on two premises: (1) that "discovery is not appropriate in this record-review case" and (2) relevance when measured against Plaintiffs' then-operative complaint. *Id.* at 1. (Defendants also objected to producing any documents "while the protective order is not in place," *id.* at 2, but the stipulated protective order has since been entered, Dkt. 196.)

Nothing has been produced in the six months since Defendants served their objections in February. In the meantime, on March 5, the Ninth Circuit affirmed in part and reversed in part this Court's preliminary injunctions. Dkt. 198. On June 15, the Court granted Plaintiffs leave to amend over Defendants' opposition, Dkt. 210, and Plaintiffs filed their first amended complaint (the "FAC") the next day, Dkt. 211 ("FAC"). Defendants subsequently moved to dismiss the FAC in its entirety. Dkt. 212.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II. The Court denied Defendants' prior motion for a protective order.

On August 4, 2026, with all of these developments before it, the Court denied Defendants' motion for a protective order relieving them of "any obligation to respond to Plaintiffs' discovery requests, propounded on January 26, 2026." Dkt. 219 at 8. The Court concluded that Plaintiffs made the showing required for extra-record discovery in this case. It found the DHS record incomplete on its face: ten pages containing two documents, one of them an undated email promising a follow-up that appears nowhere in the record. *Id*. at 5. It observed that certain records were missing entirely until Plaintiffs objected. *Id*. It rejected Defendants' reliance on a declaration prepared for this litigation, holding that such a declaration "is not a contemporaneous administrative finding." *Id*. at 6. And it determined that Plaintiffs are entitled to discovery on their Fifth Amendment claim, including into "whether the challenged policies were motivated by animus." *Id*. at 6–7. The Court then compared the First Requests against the claims in the FAC, including the claims challenging implementation of the Refugee Ban EO's case-by-case-exception provision, *id*. at 5, 7; implementation of the FY 2026 PD, *id*. at 7; the suspension of processing and admission of follow-to-join refugees, *id*.; and the equal-protection claim, *id*. at 6–7. Having done so, the Court concluded that Plaintiffs' "modest" requests seek material "relevant to any party's claim or defense and proportional to the needs of the case." *Id*. at 2, 7 (quoting Fed. R. Civ. P. 26(b)(1)).

## III. Defendants responded by asking Plaintiffs to start over.

After the Court issued its order, Plaintiffs wrote to Defendants on August 10 seeking confirmation as to whether Defendants intended to serve substantive responses and produce documents responsive to the First Requests. Dkt. 221-2. Plaintiffs also served a second set of RFPs (the "Second Requests"). Dkt. 221-3. On August 14, Defendants responded by asking Plaintiffs to withdraw and re-serve the First Requests, hold the Second Requests in abeyance until Defendants answer the FAC and file supplemental certified administrative records ("CARs"), and agree to a



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

stay of all discovery in the meantime. Ex. 1.[1] Defendants also sought to defer any negotiation as to the scope of the requests until after supplemental CARs are filed. *Id*.

The parties conferred on August 21 pursuant to LCR 26(c)(1). At the meet and confer, counsel for Defendants stated the only route to narrowing the disputes would be an agreement to stay all discovery pending the motion to dismiss and declined Plaintiffs' offer to proceed on the First Requests while Defendants pressed their objections to the Second Requests. Defendants filed their motion for a protective order the same day. Dkt. 221 ("Mot.").

**IV. The parties agreed to an extended schedule to accommodate the pending motions.**

In parallel, on July 2—while Defendants' first protective-order motion and their motion to dismiss remained pending—the Parties stipulated to a 180-day extension of the case schedule. Dkt. 215. The stipulation reflected that Defendants had not served responses to the First Requests and that Defendants' protective-order motion had halted discovery. *Id*. at 2–3. Accordingly, rather than inconvenience the Court with repeated extension requests, the Parties sought to build flexibility into the schedule by keying each deadline to the later of the date (1) the Court ruled on Defendants' first protective-order motion or (2) Defendants answered the FAC. *Id*. at 6. The Parties also told the Court (in no uncertain terms) that the stipulation resolved nothing about whether discovery should proceed. *Id*. at 3. The Court entered the amended schedule on August 3.

## ARGUMENT

**I. Defendants' motion is an untimely and deficient request for reconsideration.**

The Court has already denied the relief sought by Defendants, and the instant motion is little more than a procedurally improper, recaptioned motion for reconsideration.

Motions for reconsideration are disfavored in this district, and courts will ordinarily deny them absent a showing of manifest error or new facts or legal authority that could not have been raised earlier with reasonable diligence. LCR 7(h)(1). In addition, such motions "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2).

[1] Exhibits are attached to the declaration of Jonathan P. Hawley, filed concurrently.



Ashurst Perkins Coie US LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

On August 4, 2026, the Court denied Defendants' motion requesting relief from responding to Plaintiffs' discovery requests and concluded that this case warranted extra-record discovery. Dkt. 219 at 2. Defendants now once again seek a protective order "to stay extra-record discovery." Mot. 1. Yet they fail to demonstrate any new facts to justify their request, and the principal facts they do point to—Defendants' pending motion to dismiss, the Ninth Circuit's decision, and the FAC, *id.* at 1–4—were all before the Court when it ruled last time. Indeed, the Court expressly recognized the FAC as "the operative pleading" and decided the motion accordingly. Dkt. 219 at 3 n.1. The only development postdating the Court's order is Plaintiffs' service of the Second Requests on August 10, and that development has nothing to do with the First Requests on which the Court already ruled.[2]

At bottom, Defendants do not assert new facts. Rather, they believe the Court should have weighed the facts that were before it differently. That is a request for reconsideration. *See, e.g.*, *Columbia Aluminum Emp. Stock Ownership Plan v. Columbia Aluminum Corp.*, 933 F.Supp. 999, 1001 (E.D. Wash. 1996) (denying second request for protective order after "a close examination of [the] submissions reveal[ed] a thinly veiled request for reconsideration of the Court's denial of defendants' original motion for protective order"). Indeed, Defendants concede the overlap between their motions, acknowledging that "the Court denied their prior motion for protective order and ordered that some extra-record discovery is permissible in this case." Mot. 1. Defendants cannot now obtain reconsideration of that adverse ruling by recaptioning the same request. Moreover, any motion for reconsideration was due on August 18—and thus Defendants' motion, filed on August 21, should be further denied as untimely.

## II. Defendants fail to make the particularized showing Rule 26(c) requires.

A party seeking a protective order under Rule 26(c) bears the burden of showing "good cause" through a particular and "specific" demonstration of harm. *Schreib v. Am. Fam. Mut. Ins.*

[2] If the Court is inclined to entertain this motion at all, any relief should extend no further than the Second Requests.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Co.*, 304 F.R.D. 282, 284 (W.D. Wash. 2014). The burden is a “heavy” one, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975), and “broad, conclusory allegations of potential harm” “unsubstantiated by specific examples” do not suffice, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003) (citation modified).

Defendants do not dispute the relevance of Plaintiffs’ requests because they cannot; the Court has already concluded that the First Requests are relevant and proportionate to the claims in the FAC. Dkt. 219 at 7. Defendants also fail to satisfy their burden of demonstrating harm. They submit no declaration from any agency and identify no custodian, no volume of material, no search already attempted, no cost, or no system to be queried. Instead, they simply repeat the bare assertion that discovery would be “burdensome and costly,” Mot. 1, 7–8, which is plainly insufficient.

Defendants’ vague assertion is difficult to credit in any event. The CARs Defendants themselves compiled identify the agency personnel who generated and received communications concerning the challenged conduct. Dkts. 152–54. The custodial universe is bounded and known to Defendants. Several of Plaintiffs’ requests, moreover, seek discrete and readily identifiable documents rather than broad categories—namely, the 90-Day Reports required by Section 4 of the Refugee Ban EO (RFP 1); the State Department cable described at paragraph 233 of the FAC (RFP 11); and the December 31, 2025, PRM “clean-up” email and the January 12 and February 12, 2026, transmittals described at paragraphs 184–85 and 189–91 of the FAC (RFP 14). Under these circumstances, Defendants have failed to make the required showing of good cause.

## III. Factors considered in this district weigh against a stay.

Courts in this district consider up to five factors when considering whether a stay is justified:

> (1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of a stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

> justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Taylor v. Zillow, Inc.*, No. C25-1818JLR, 2026 WL 799704, at *1 (W.D. Wash. Mar. 23, 2026) (citation modified). While Plaintiffs agree that no discovery is required to decide Defendants' motion to dismiss, all other factors militate against Defendants' motion.

**A. Defendants' motion to dismiss is unlikely to dispose of the entire case or the issues to which discovery is directed.**

Defendants' claim that their motion to dismiss may "obviate the need for discovery entirely," Mot. 7, does not withstand scrutiny. And their argument that the First Requests are "out of date," *id.* at 1, fares no better. The Court already considered Defendants' futility arguments, which were raised in their opposition to Plaintiffs' motion to amend, *see* Dkt. 206 at 1, 8, 12, and rejected those arguments when granting Plaintiffs leave to file their FAC, *see* Dkt. 210. Moreover, as Defendants recognized, a "proposed amended complaint should be denied as futile where it cannot withstand a motion to dismiss." Dkt. 206 at 12 (citing *Potter v. Eaton Corp.*, 9 F.3d 1553, 1553 (9th Cir. 1993)). While Plaintiffs will not repeat their opposition to Defendants' motion to dismiss in full, a claim-by-claim summary illustrates how far Defendants are from securing dismissal of any claim at issue.[3]

**First Claim.** Defendants argue this claim fails because "the Ninth Circuit already rejected" it. Mot. 6. But the Ninth Circuit confined its (preliminary) holding to "*the President's* decision to suspend entry" while expressly reaffirming that *agency* decisions implementing the EO remain subject to review. *Pacito v. Trump*, 169 F.4th 895, 930–31 (9th Cir. 2026) (emphasis added). Plaintiffs no longer challenge presidential action, and their First Claim challenging the processing suspension and early implementation of the EO involves "a question of fact" as to the "scope of the suspension," Dkt. 219 at 7, that will be resolved through Plaintiffs' First Requests, *see, e.g.*, RFPs 1, 6–8 (seeking data on refugee processing under EO, documents related to implementation

[3] Plaintiffs' Second Claim is not addressed here because none of their current discovery requests is directed to it.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

of EO, and reports created by agencies pursuant to EO). Each of these discovery requests is relevant and proportionate to Plaintiffs' First Claim.

**Third Claim.** Plaintiffs challenge both Defendants' failure to adopt or publicize any standards for exceptions under Section 3(c) of the EO and Defendants' categorical grant of thousands of exceptions to primarily white Afrikaners to the exclusion of all other refugees. FAC ¶¶ 149–51, 170–77, 394–401. These actions violate the APA's basic procedural requirements and are arbitrary and capricious and contrary to law. Dkt. 217 at 15–16. Plaintiffs' discovery requests seeking documents related to case-by-case exceptions (RFP 2), 90-Day Reports created by the agencies administering those exceptions (RFP 1), and data on the number and ethnicity of persons granted exceptions (RFPs 4, 12–14) are relevant and proportionate to this claim.

**Fourth through Seventh Claims.** These claims challenge the agencies' implementation of the FY 2026 PD based on four independent theories: (1) the arbitrary and pretextual exclusion of all refugees except for Afrikaners and non-Black South African minorities, (2) the suspension of processing and consideration for admission of Iraqi DAP refugees in violation of Defendants' mandatory statutory duty to process and interview such applicants, (3) the suspension of processing and consideration for admission of any follow-to-join refugees in violation of Defendants' nondiscretionary statutory duty, and (4) the departure from prior agency practice without the reasoned analysis the APA requires. Dkt. 217 at 18–19. All of Plaintiffs' Second Requests (and RFPs 4 and 9 of the First Requests) are directly relevant to these claims. *See* Dkt. 219 at 7.

**Eighth Claim.** Plaintiffs' equal-protection claim, brought on behalf of U.S.-based Plaintiffs, alleges that Defendants restructured the refugee system to permit resettlement of white Afrikaners and other non-Black South African minorities to the exclusion of eligible refugees of other races and ethnicities. Dkt. 217 at 21–23. Plaintiffs amply allege animus through "the full array of factors," including "the allocation of over 95% of exceptions to white South Africans" and contemporaneous statements that the program is now "for white people only." *Id.* at 23. The



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Court has already determined that Plaintiffs may take discovery into "whether the challenged policies were motivated by animus." *Id.* at 6–7. A claim on which the Court has authorized discovery into intent is a claim requiring factual inquiry and not likely to be resolved on the pleadings. Nor is anything in Defendant's answer or the supplemental CARs likely to be probative of this claim. And *all* of Plaintiffs discovery requests (except RFP 8 and Interrogatory 3) are relevant to their equal-protection claim.

**Ninth and Tenth Claims.** Finally, the Court has already construed the Travel Ban's carveout for refugees, concluding that, "by its plain terms, the [Travel Ban] exclude[s] refugees from [its] scope" and rejecting Defendants' contrary reading. Dkt. 145 at 8–10. Defendants' redressability arguments with respect to Third through Tenth Claims are baseless, as it is well established that the ability to effectuate a partial remedy by removing an unlawful barrier satisfies the redressability requirement. *See* Dkt. 217 at 9. Defendants' position would deprive courts of jurisdiction to review *any* unlawful barrier whenever the government erects a second one.

Even if Defendants partially prevail on their motion to dismiss, the first factor asks whether the motion is dispositive "of the entire case, or at least on the issue to which discovery is directed." Mot. 5. Plaintiffs' requests are directed at and tailored to the case-by-case-exceptions process, the implementation of the FY 2026 PD, follow-to-join processing, and evidence of discriminatory intent. Dkt. 219 at 5–7. Defendants do not explain how partial dismissal would eliminate discovery on all of those subjects. Nor can they, as the Court has already identified each as a proper subject of discovery under the operative pleading. *Id.*

**B. A stay would cause substantial and compounding harm to Plaintiffs.**

The risk of harm to Plaintiffs if a stay is granted is substantial. This case has now been pending for over eighteen months and Plaintiffs' discovery requests have been pending for over seven months. Defendants have now sought to stay discovery *four times*, *see* Dkts. 157, 166, 188, 221, and there is every indication they will continue to do so. Meanwhile, the conduct Plaintiffs challenge is ongoing and the attendant harms are accumulating while the case is stalled. *See* FAC



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

¶¶ 189–91. Indeed, the Court has already found "on multiple occasions" that "this matter impacts thousands of lives" and "Plaintiffs will suffer irreparable harm while awaiting resolution of this case." Dkt. 177 at 3.[4]

Defendants' response that "[t]he case schedule gives Plaintiffs ample time to seek discovery," Mot. 8, misses the point. Plaintiffs served their First Requests in January and, seven months later, Defendants have produced nothing and continue to engage in efforts to stall discovery. Defendants now propose that Plaintiffs wait for a ruling on their motion to dismiss, wait an additional fourteen days for an answer, and then wait for supplemental CARs to be filed—before even *beginning* negotiations over the scope of the First Requests, which the Court has already determined to be "relevant" and "proportionate" to the case. Mot. 2, 9. Defendants' demand needlessly prolongs harm to Plaintiffs, especially given further delay risks the loss of evidence due to the frequent changeover of government personnel with knowledge of the requested information.[5]

### C. Defendants face no hardship or inequity from meeting obligations that matured in February.

Defendants allege two hardships if discovery proceeds; neither survives scrutiny.

The first is expense. Defendants say they would expend "limited resources producing burdensome discovery on claims that may ultimately not survive dismissal." Mot. 7. As set out above, this assertion is unaccompanied by any evidence, and Rule 26(c) requires more. *Supra* pp. 5–6. Defendants have had the First Requests since January and have never once described what compliance would actually entail. A party cannot establish hardship by declining to measure it.

---

[4] To give but a couple examples, Plaintiff Alyas continues to face danger as a persecuted religious minority in Iraq and, despite having travel booked for February 2025, remains "deprived of any chance of an exception." FAC ¶¶ 14, 199. And Plaintiff Miriam's nine-year-old son is stranded alone in a refugee camp in Burundi, separated from his parents and siblings living in the United States, having been told the exceptions process "was not for" him. *Id.* ¶¶ 21, 174.

[5] Defendants cite *In re Google Digital Advertising Antitrust Litigation*, No. 20-cv-03556-BLF, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020), for the proposition that a limited stay of several months does not unduly prejudice plaintiffs. Mot. 8–9. But that case involved a stay at the outset of litigation, before any discovery had been served.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

The second is disclosure. Defendants argue they "would also suffer the harm and inequity of being unable to 'undisclose' their disclosure of sensitive documents on claims even if those claims are dismissed." Mot. 8 (citing *In re Accent Delight Int'l Ltd.*, Nos. 16-MC-125 (JMF), 18-MC-50 (JMF), 2018 WL 7473109, at *1 (S.D.N.Y. June 27, 2018)). But a stipulated protective order has been entered, Dkt. 196, and that is the mechanism the Federal Rules provide for exactly this concern—and upon which Defendants themselves conditioned production in their February objections, *see* Dkt. 221-1 at 2. *Accent Delight*, which concerned third-party disclosure with no comparable protection in place, is inapplicable where a negotiated protective order governs every document produced.

**D. A stay would complicate this litigation rather than simplify it.**

Defendants argue a stay would promote efficiency because their motion to dismiss might narrow or dispose of issues and their eventual answer and supplemental CARs might "further simplify the issues." Mot. 9. But as discussed above, Plaintiffs' claims are not likely to be dismissed, *supra* pp. 7–9, and Defendants nowhere suggest that their answer will admit anything obviating the need for discovery. To the contrary, Defendants' prior answer and litigation positions to date give every reason to doubt this assertion: Defendants have contested every claim, appealed the preliminary injunctions, and opposed amendment, leaving Plaintiffs hard-pressed to imagine any narrowing that might be achieved through a responsive pleading. Moreover, the supplemental CARs will not substitute for discovery. A CAR is a compilation Defendants assemble unilaterally, according to their own view of what the agencies considered. Neither a CAR nor an answer is a response to an RFP or interrogatory, and Defendants cite no authority holding otherwise.

The Court's prior ruling confirms as much. It found the existing DHS record incomplete on its face, observed that records of the decision to cancel already-booked refugee travel were missing until Plaintiffs objected, and concluded that a declaration prepared for litigation "is not a contemporaneous administrative finding." Dkt. 219 at 5–6. It further found that Defendants had identified nothing in the CARs addressing the ongoing implementation Plaintiffs now ask about.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Id*. at 6. There is no reason to expect that a not-yet-compiled supplemental record will cure a deficiency the Court has already identified in Defendants' prior effort. There is even less reason to expect it to contain evidence bearing on animus, a subject on which the Court expressly authorized discovery. *Id*. at 6–7.

Ultimately, a stay would merely delay proceedings, not streamline them. If Defendants' motion to dismiss is denied in whole or in part, then the Parties will return to the same disputes now before the Court—only later, with the same unresolved objections and uninitiated productions. Under Defendants' preferred schedule, the first document in this case would only be produced many months from now, and any negotiation or litigation over the scope of discovery would be deferred to an undetermined future date.[6] This course would not promote efficiency.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion.

[6] Defendants owe responses to the Second Requests on September 9, 2026, a deadline they concede. *See* Mot. 5. Their motion identifies no specific objection to RFPs 10 through 22, and objections not timely asserted are waived. *See* Fed. R. Civ. P. 33(b)(4), 34(b)(2)(A).



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

* * *

The undersigned certifies that this opposition contains 4,061 words, in compliance with the Local Civil Rules.

Dated: August 31, 2026

By: s/ *Harry H. Schneider, Jr.*

Harry H. Schneider, Jr., WSBA No. 9404
Jonathan P. Hawley, WSBA No. 56297
Christine E. Gibbs, WSBA No. 62949
**ASHURST PERKINS COIE US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Harry.Schneider@ashurstperkins.com
Jonathan.Hawley@ashurstperkins.com
Christine.Gibbs@ashurstperkins.com

Joel W. Nomkin*
**ASHURST PERKINS COIE US LLP**
2525 East Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
Joel.Nomkin@ashurstperkins.com

John M. Devaney*
**THE LAW OFFICE OF JOHN DEVANEY**
3428 Patterson Street NW
Washington, D.C. 20015
Telephone: (202) 285-3013
DevaneyJ07@gmail.com

Mevlüde Akay Alp*
Hussein Elbakri*
Kimberly Grano*
Ghita Schwarz*
Pedro Sepulveda*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 939-9169
Facsimile: (516) 324-2267
makayalp@refugeerights.org
helbakri@refugeerights.org
kgrano@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Laurie Ball Cooper*
Megan McLaughlin Hauptman*
**INTERNATIONAL REFUGEE ASSISTANCE PROJECT**
650 Massachusetts Avenue NW, Suite 600
Washington, D.C. 20001
Telephone: (516) 732-7116
Facsimile: (516) 324-2267
lballcooper@refugeerights.org
mhauptman@refugeerights.org

*Counsel for Plaintiffs*

* *Admitted pro hac vice*



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000