# EXHIBIT 1

## Hawley, Jonathan (SEA)

**From:** Zubata, Jason K. (CIV) <Jason.K.Zubata@usdoj.gov>
**Sent:** Friday, August 14, 2026 1:44 PM
**To:** Hawley, Jonathan (SEA); Flentje, August (CIV); McCarter, Joseph A. (CIV); Hockenberry, Tia (CIV); Alsterberg, Cara E. (CIV)
**Cc:** Schneider, Harry (SEA); Gibbs, Christine (SEA); Nomkin, Joel (PHX); John Devaney; Mevlüde Akay Alp; Hussein Elbakri; Kimberly Grano; Ghita Schwarz; Pedro Sepulveda; Laurie Ball Cooper; Megan Hauptman
**Subject:** RE: Pacito v. Rubio, No. 2:25-cv-255-JNW: Discovery Letter & Plaintiffs' Second Requests for Production

Hi Jonathan,

Defendants acknowledge receipt of Plaintiffs' second set of RFPs and the letter as to Plaintiffs' first set of RFPs and ROGs.

As for Plaintiffs' first set, Defendants believe it would be prudent for Plaintiffs to revise and reserve these requests in light of the procedural posture in this case. These requests were served before the Ninth Circuit's dispositive decision was issued and before Plaintiffs amended their complaint. Certainly, those changes would impact the scope of Plaintiffs' original requests. Please let us know if Plaintiffs intend to revise their requests as Defendants assess what revisions to their objections, if any, are required. As for Plaintiffs' second set, Defendants believe it would make sense for them to serve responses/objections after they have filed their answer and supplemental CARs, for the reasons detailed below.

Notwithstanding any potential impact the amended complaint may have on Defendants' initial response in February, objections on grounds of proportionality and undue burden still remain. Nevertheless, once the supplemental CARs are filed, Defendants would be amenable to discussing with Plaintiffs whether and how to narrow the RFPs and ROGs to a reasonably proportional degree that would not constitute an undue burden on Defendants.

Defendants intend to comply with their discovery obligations in good faith, but at this time, any discovery remains premature. With respect to the January discovery requests, the case has changed dramatically with respect to the Ninth Circuit decision, the amended complaint, and the renewed MTD. Defendants' motion to dismiss the amended complaint is pending before the Court. Should the Court grant dismissal of some or all of Plaintiffs' claims, such holdings would impact the scope of discovery and/or make discovery on those dismissed claims inappropriate. This inevitable, imminent development will also impact the extent to which Defendants must respond and, if necessary, object. Additionally, once the MTD is decided, Defendants will file their answer and supplemental CAR, to the extent claims have not been dismissed. Defendant agencies anticipate their answer and supplemental CAR will address many of the RFPs propounded to date. That being said, Defendants hope Plaintiffs will agree to stay discovery until the Court resolves the MTD and Defendants file their answer and supplemental CARs, as Defendants are considering moving to stay discovery during this interim period.

The latest scheduling order accounts for all of this by setting the deadline on discovery motions (presumably including motions to compel) six months after Defendants file their answer to the amended complaint, ECF No. 218. Thus, Defendants hope that the parties can continue to discuss the parameters for discovery in the meantime, including establishing an ESI protocol, which Defendants will need in place to begin production of documents. Defendants are actively working on a draft ESI protocol and can circulate that promptly.

Defendants look forward to continuing to discuss terms for discovery and please reach out with any questions.

Thank you,

Jason Zubata
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Jason.K.Zubata@usdoj.gov
P: (202) 532-4143 | F: (202) 305-7000

CONFIDENTIALITY NOTICE: This communication may contain law enforcement sensitive, privileged attorney/client communications or work product, and is not subject to disclosure. It is solely for the use of the intended recipients. Unauthorized interception, review, use or disclosure is prohibited. If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete the e-mail, any attachments, and all copies from your computer.

---

**From:** Hawley, Jonathan <jonathan.hawley@ashurstperkins.com>
**Sent:** Monday, August 10, 2026 9:41 PM
**To:** Flentje, August (CIV) <August.Flentje@usdoj.gov>; McCarter, Joseph A. (CIV) <Joseph.A.McCarter@usdoj.gov>; Zubata, Jason K. (CIV) <Jason.K.Zubata@usdoj.gov>; Hockenberry, Tia (CIV) <Tia.Hockenberry@usdoj.gov>; Kramer, Ilana R. (CIV) <Ilana.R.Kramer@usdoj.gov>; Moss, Benjamin M. (CIV) <Benjamin.M.Moss2@usdoj.gov>
**Cc:** harry.schneider@ashurstperkins.com; christine.gibbs@ashurstperkins.com; Joel Nomkin <joel.nomkin@ashurstperkins.com>; John Devaney <devaneyj07@gmail.com>; Mevlüde Akay Alp <makayalp@refugeerights.org>; Hussein Elbakri <helbakri@refugeerights.org>; Kimberly Grano <kgrano@refugeerights.org>; Ghita Schwarz <gschwarz@refugeerights.org>; Pedro Sepulveda <psepulveda@refugeerights.org>; Laurie Ball Cooper <lballcooper@refugeerights.org>; Megan Hauptman <mhauptman@refugeerights.org>
**Subject:** [EXTERNAL] Pacito v. Rubio, No. 2:25-cv-255-JNW: Discovery Letter & Plaintiffs' Second Requests for Production

Counsel,

Please find attached a letter addressing Plaintiffs’ outstanding discovery requests and Plaintiffs’ second requests for production in the above-captioned matter.

Many thanks,

**Jonathan Hawley** (he/him)
Counsel

**Ashurst Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
D: +1 206 359 6469
jonathan.hawley@ashurstperkins.com

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.