District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC.; LUTHERAN COMMUNITY SERVICES NORTHWEST,

*Plaintiffs*,

v.

MARCO RUBIO, in his official capacity as Secretary of State; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR, in his official capacity as Secretary of Health and Human Services,

*Defendants*.

CASE NO. 2:25-cv-00255

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY UNTIL DEFENDANTS ANSWER THE FIRST AMENDED COMPLAINT

NOTE ON MOTION CALENDAR: SEPTEMBER 4, 2026

## INTRODUCTION

Defendants moved for a protective order staying extra-record discovery until (i) the Court rules on Defendants' pending motion to dismiss and (ii) Defendants answer the first amended complaint ("FAC") (assuming any claims survive dismissal). Dkt.221 ("stay motion" or "Mot."). Defendants' answer and production of certified administrative records ("CARs") would occur fourteen days after the Court's decision on the motion to dismiss. Plaintiffs opposed the stay motion. Dkt.222 ("Opp.").

Plaintiffs misconstrue the standard for assessing whether to stay discovery pending resolution of a potentially dispositive motion. Courts assess whether a motion is *potentially* dispositive of the entire case. Defendants' motion to dismiss *is* potentially dispositive because it seeks dismissal of the FAC *in its entirety*. Yet Plaintiffs focus on the motion to dismiss' likelihood of success, which is not relevant to the analysis. Courts also assess whether allowing discovery to proceed before a dispositive motion is decided would be unfair and harmful to the movant. Yet Plaintiffs wrongly focus on a standard used to assess specific discovery objections *after discovery has begun*. And Plaintiffs claim a stay would harm them but overlook that this litigation will not end any sooner absent a stay because case deadlines are tied to the date Defendants *answer* the FAC (assuming any claims remain), not any earlier date. Lastly, courts assess whether staying discovery would promote efficiency given that a dispositive motion may narrow the issues. Yet Plaintiffs focus on their belief that Defendants' motion to dismiss will not succeed, not whether it would *narrow the issues* if it did succeed.

Plaintiffs also misconstrue how the instant stay motion is different from the protective order motion the Court denied, Dkt.219. The instant motion focuses on the timing of *when* extra-record discovery may begin in light of the motion to dismiss, whereas the prior motion focused on *whether* Defendants must respond at all to Plaintiffs' first set of extra-record discovery requests. Plaintiffs' theory that the instant stay motion is a motion for reconsideration of the prior ruling accordingly fails. That theory also conflicts with the parties' representation in the case schedule stipulation (Dkt.215 at 3 n.*) that Defendants can seek relief from any discovery propounded before the motion to dismiss is decided, which is what Defendants are now doing via the instant stay motion.

## ARGUMENT

The factors used in this district to determine whether to stay discovery pending resolution of a potentially dispositive motion all favor a stay. Additionally, the stay motion cannot be construed as a motion for reconsideration.

### I. All factors used to assess staying discovery pending a potentially dispositive motion favor a stay.

#### A. Defendants' motion to dismiss is potentially dispositive of the entire case, and discovery is not needed to resolve the motion.

"Plaintiffs agree that no discovery is required to decide Defendants' motion to dismiss." Opp. 7. But Plaintiffs argue that the motion to dismiss "is unlikely to dispose of the entire case." *Id.* That argument fails.

1. Plaintiffs misconstrue the purpose of this factor. Courts evaluating this factor do not predict the likelihood of a motion's success; rather, courts only decide whether the

motion—if successful—would dispose of the entire case. *See Subspace Omega, LLC v. Amazon Web Services, Inc.*, No. 23-cv-1772-TL, 2024 WL 451404, at *2 (W.D. Wash. Oct. 9, 2024) ("*Without commenting on the merits of Defendant's pending motion*, the Court notes that the motion is not frivolous and could dispose of the entire case, as Defendant seeks dismissal of all of Plaintiff's claims." (emphasis added)); *Travelers Prop. Casualty Co. of Am. v. H.D. Fowler Co.*, No. 19-cv-1050-JCC, 2020 WL 832888, at *2 (W.D. Wash. Feb. 20, 2020) (holding defendant's motion "could dispose of the entire case" because, *if defendant was correct* on any of its arguments, "then it would be unnecessary for the parties to engage in discovery about the circumstances [of the case]").

Plaintiffs themselves acknowledge that Defendants "moved to dismiss the FAC *in its entirety*," Opp. 2 (emphasis added), meaning Defendants' motion is potentially dispositive of the entire case, *see Subspace*, 2024 WL 4451404, at *2 (holding motion was potentially dispositive of entire case because "Defendant s[ought] dismissal of all of Plaintiff's claims"). This factor therefore weighs in favor of a stay.

2. While Plaintiffs' arguments regarding the likelihood of the motion to dismiss' success are irrelevant to evaluating this factor, their arguments nevertheless fail.

*First*, the Court's ruling when granting Plaintiffs' motion for leave to amend the complaint does not shed light on the likelihood of the motion to dismiss' success. *Contra* Opp. 6. The Court provided no analysis when it granted leave to amend. *See* Dkt.210. And even if the Court had analyzed futility, it would have done so under Rule 15's extremely liberal standard. Moreover, in the motion to dismiss, Defendants (i) expanded upon their

abbreviated arguments from the amendment opposition, and (ii) asserted additional arguments that they did not have space to make in their amendment opposition. *Compare* Dkt.206 at 12-14 *with* Dkt.212 at 8-27. The Court therefore did not have occasion to consider Defendants' complete dismissal arguments when ruling on Plaintiffs' amendment motion.

*Second*, Plaintiffs assert arguments they made in their opposition to Defendants' motion to dismiss, Dkt.217, which Defendants responded to in their reply, Dkt.220. Plaintiffs argue that the Ninth Circuit's decision is not dispositive of their re-asserted First Claim. Opp. 7-8. But Defendants explained in their reply why the Circuit's ruling is dispositive despite Plaintiffs dropping the President from this case. *See* Dkt.220 at 3. Plaintiffs also argue that this Court already construed the issue underlying Plaintiffs' Ninth and Tenth Claims—whether Presidential Proclamations 10949 and 10998 apply to refugees. *See* Opp. 9. But Defendants explained in their reply why the Court should reconsider its analysis on the issue in light of (i) internal inconsistency in its reasoning regarding the surplusage canon, and (ii) the additional reasons Defendants provided which the Court did not previously consider. *See* Dkt.220 at 14. These issues should be litigated in the motion-to-dismiss proceedings, not these stay-motion proceedings. That's why courts in this district assess whether a motion to dismiss is *potentially dispositive* of the entire case, not whether a potentially dispositive motion is likely to succeed. *See Travelers*, 2020 WL 832888, at *2.

*Third*, Plaintiffs argue that their discovery requests are relevant and proportional to their Third through Eighth Claims. *See* Opp. 8-9. That argument is irrelevant to whether discovery—relevant and proportional or not—should be stayed until the Court rules on Defendants' potentially dispositive motion to dismiss.

**B. Allowing discovery to proceed will impose hardship and inequity on Defendants, while staying discovery will not harm Plaintiffs.**

Defendants have adequately shown that they will experience hardship and inequity if forced to respond to discovery requests on claims that may be dismissed. *See* Mot. 7-8.

Plaintiffs, however, claim Defendants have not shown good cause for a stay because they did not detail the volume of potentially responsive material, the identities of relevant custodians, and the cost of production. *See* Opp. 5-6. But that argument conflates (i) the good cause inquiry used to evaluate objections to specific discovery requests, which varies based on the specific request and objection, *e.g.*, *Schreib v. Am. Family Mut. Ins. Co.*, 304 F.R.D. 282, 284-89 (W.D. Wash. 2014), with (ii) the good cause inquiry used to evaluate staying discovery while a dispositive motion is pending, which is the multi-factor test used in this district that Plaintiffs themselves concede is the correct framework, *see* Opp. 6-7.

Courts applying that framework have sensibly held that staying discovery while a potentially dispositive motion is pending is necessary to spare the parties from incurring costs that are inherent in discovery. *See In re Amazon Prime Video Litigation*, No. 24-cv-186-BJR, 2025 WL 254546, at *2 (W.D. Wash. Jan. 21, 2025) ("[A] short stay may preserve the parties' resources in the event the Motion to Dismiss is granted."); *Taylor v.*

*Zillow, Inc.*, No. 25-cv-1818-JLR, 2026 WL 799704, at *2 (W.D. Wash. Mar. 23, 2026) ("Proceeding with discovery may result in Defendants incurring costs related to claims or parties that are eventually dismissed."); *see also City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) ("[Rule 12(b)(6)] is designed to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery, the cost of which can be prohibitive." (citation omitted)).[1]

Plaintiffs also claim they face compounding harms because this case, along with their discovery requests, are "stalled." Opp. 9-10. But Plaintiffs overlook that the current posture of the case is due to their own choice to dramatically alter its scope by amending their complaint and adding eight new claims. And any harms individual Plaintiffs may be experiencing during this litigation will not be alleviated by discovery beginning right now as opposed to waiting until resolution of the motion to dismiss. *Contra id.* That's because the discovery completion date and subsequent case deadlines are tied to the date Defendants answer the FAC, not some earlier date. *See* Dkt.218 at 6. Thus, Plaintiffs would not be harmed by a stay, and a stay still allows them ample time to seek discovery after Defendants answer the FAC (assuming claims survive). *See* Mot. 8-9.

[1] The cases Plaintiffs cite are inapposite because they all pertain to protective orders against specific discovery requests, not protective orders staying discovery while a potentially dispositive motion is pending. *See* Opp. 5-6 (citing cases).

### C. Staying discovery promotes the orderly course of justice.

Staying discovery until resolution of the motion to dismiss will promote judicial efficiency because the motion to dismiss could narrow, if not wholly dispose of, the issues. Mot. 9.

Plaintiffs sidestep this point by arguing that Defendants' motion to dismiss is incapable of narrowing the issues because—in their view—it is unlikely to succeed. *See* Opp. 11. They then focus their argument entirely on whether Defendants' answer and CARs will narrow the issues. *See id.* at 11-12. But common sense dictates that it is more efficient to wait to see what claims, if any, survive Defendants' motion to dismiss before beginning discovery. *See* Mot. 9. And, while Defendants disagree with Plaintiffs' assessment of the merits of the motion to dismiss, the likelihood of its success is not relevant; the standard used in this district assesses whether efficiencies would be promoted *if* a motion to dismiss succeeds, even if it succeeds only in part. *See Subspace*, 2024 WL 4451404, at *2 ("And even if the motion does not result in complete dismissal of all claims, the issues are more likely to be simplified than complicated, and the Parties will have a greater understanding of the claims as they engage in discovery.").

Plaintiffs also claim that a stay "would merely delay proceedings, not streamline them." Opp. 12. Not so. As discussed, Plaintiffs will have ample time to seek discovery (and the parties will have time to resolve any disputes) after Defendants answer the FAC (assuming any claims remain) and provide the CARs because case deadlines are tied to the date Defendants answer, not an earlier date. *See* Dkt.218 at 6.

**II. The instant stay motion cannot be construed as a motion for reconsideration.**

Plaintiffs frame the stay motion as a motion for reconsideration of Defendants' earlier motion for a protective order, Dkt.188. But Plaintiffs misconstrue how the instant stay motion is different from the earlier protective order motion. *See* Opp. 4-5.

The basis for the earlier protective order motion was Defendants' position that extra-record discovery is not permissible *at all* in this case. *See* Dkt.219 at 1-2; Dkt.188 at 3-7. The instant stay motion, however, acknowledges that the Court is allowing some extra-record discovery to proceed on Plaintiffs' first set of requests; the motion is instead only about the timing of *when* that discovery should be allowed to begin. *See* Mot. 4 ("The Court should stay discovery until (i) it rules on Defendants' pending motion to dismiss and (ii) Defendants answer the FAC (assuming any claims remain)."). While the two motions were both brought under Rule 26(c), that is where the similarity ends.

Plaintiffs' framing of the stay motion as a motion for reconsideration also cannot be squared with the representation the parties made in their case schedule stipulation, Dkt.215. There, the parties acknowledged that "Defendants can later seek relief if and when Plaintiffs propound new or existing discovery requests before the Court rules on the motion to dismiss." *Id.* at 3 n.*. That is what Defendants are now doing via this stay motion.

Plaintiffs' remaining arguments on this point pertain to the standard for assessing motions for reconsideration. *See* Opp. 4-5. Those arguments are irrelevant since the stay motion cannot be construed as a motion for reconsideration.[2]

## CONCLUSION

The Court should stay discovery until (i) it rules on Defendants' pending motion to dismiss and (ii) Defendants answer the FAC (assuming any claims remain).

* * *

I certify that this brief contains 2,094 words, in compliance with Local Civil Rule 7(e)(2)'s 2,100-word limit.

Dated: September 4, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANTHONY P. NICASTRO
Director

AUGUST E. FLENTJE
Deputy Director

CARA E. ALSTERBERG
Assistant Director

*/s/ Joseph McCarter*
JOSEPH MCCARTER
JASON ZUBATA
TIA HOCKENBERRY
Trial Attorneys
U.S. Dept. of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 746-8537
Email: Joseph.A.McCarter@usdoj.gov

*Attorneys for Defendants*

---

[2] Plaintiffs appear to contend that Defendants have waived objections to Plaintiffs' second set of discovery requests because Defendants did not object to them in the instant stay motion. *See* Opp. 12 n.6. Not so. The stay motion is not a response to the second set of requests. Defendants' responses to the second set of requests are due on September 9, 2026. Fed.R.Civ.P. 34(b).

**CERTIFICATE OF SERVICE**

I certify that, on September 4, 2026, I caused a copy of this filing to be served on attorneys for Plaintiffs via the ECF system.

*/s/ Joseph McCarter*
JOSEPH MCCARTER
Attorney for Defendants